1  DAVID F. MCDOWELL (CA SBN 125806)
   DMcDowell@mofo.com
2  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard
3  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
4  Facsimile: 213.892.5454

5  Attorneys for Defendant
   S.C. JOHNSON & SON, INC.
6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

| 12 | ELIZABETH MAISEL, individually and on behalf of all others similarly situated, | Case No.       3:21-cv-00413-TSH |
|---|---|---|
| 13 | | **NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P 12(B)(1), 12(B)(2), 12(B)(6), AND 9(B); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| | Plaintiff, | |
| 14 | | |
| | v. | |
| 15 | | |
| | S.C. JOHNSON & SON, INC., a Wisconsin Corporation, | |
| 16 | | |
| 17 | Defendant. | Date:     April 15, 2021 |
| | | Time:     10:00 am |
| 18 | | Ctrm:     G |
| 19 | | Judge: Hon. Thomas S. Hixson |
| 20 | | Complaint Filed:  January 15, 2021 |
| | | Trial Date:  None Set |

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE THAT on April 15, 2021 at 10:00 am, or as soon therafter as the matter may be heard, Defendant S.C. Johnson & Son, Inc.("SC Johnson") will move this Court, before the Honorable Thomas S. Hixson, United States Magistrate Judge, at the San Francisco Courthouse, Courtroom G, 450 Golden Gate Avenue, San Francisco, CA 94102, for an order dismissing Plaintiff Elizabeth Maisel's Class Action Complaint ("Complaint") in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6) and 9(b).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of David F. McDowell, the Request for Judicial Notice and the exhibits attached thereto, the pleadings, records, and papers on file in this action, and such other written and oral argument as may be presented to the Court.

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................... 9

II.    FACTUAL BACKGROUND ................................................................................... 10

III.   LEGAL STANDARD ............................................................................................... 11

IV.    ARGUMENT ............................................................................................................ 12

    A.    Plaintiff Fails to Allege Fraud With Particularity. ................................................. 12

    B.    No Reasonable Consumer Would Be Misled by the Accurate Claim That
        the Products Contain Plant-Based and Mineral Ingredients. ................................. 13

    C.    Plaintiff Lacks Standing. ........................................................................................ 16

        1.    Plaintiff Cannot Challenge Labels of Products She Never
               Purchased. ............................................................................................. 17

        2.    Plaintiff Cannot Seek Injunctive Relief Where She Does Not Plan
               To Purchase the Products in the Future ................................................. 19

    D.    Plaintiff's Express Warranty Claim Fails Because Complaint Does Not
        Plead Facts Supporting a Breach .............................................................................. 20

    E.    Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law .............................. 22

    F.    Plaintiff's UCL, FAL, CLRA and Unjust Enrichment Claims Fail Because
        She Does Not Allege She Lacks an Adequate Remedy At Law ............................. 22

    G.    Plaintiff's Class Claims Are Facially Overbroad and Should Be Dismissed. ....... 23

V.     CONCLUSION .......................................................................................................... 25

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Ang v. Bimbo Bakeries USA, Inc.*,
   No. 13-CV-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014)................................18

6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................................11

7

8

*Becerra v. Dr Pepper/Seven Up, Inc.*,
   No. 17-cv-05921, 2018 WL 3995832 (N.D. Cal. Aug. 21, 2018) ............................................21

9

10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................................................11

11

*Bova v. City of Medford*,
   564 F.3d 1093 (9th Cir. 2009).....................................................................................................19

12

13

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
   137 S. Ct. 1773 (2017)............................................................................................................24, 25

14

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996).........................................................................................................11

15

16

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
   No. C 10-01044 JSW, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011), <u>aff'd</u>, 475
   F. App'x 113 (9th Cir. 2012) ......................................................................................................17

17

18

*Chowning v. Kohl's Dep't Stores, Inc.*,
   No. CV 15-08673 RGK, 2016 WL 1072129 (C.D. Cal. Mar. 15, 2016)...................................22

19

20

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,
   No. CV17-01875-MWF-(MRWx), 2017 WL 4286577 (C.D. Cal. Sept. 20,
   2017) ...................................................................................................................................*passim*

21

22

*Cordes v. Boulder Brands USA, Inc.*,
   No. CV 18-6534 PSG (JCX), 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) ...........................20

23

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014).....................................................................................................................23

24

25

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018).......................................................................................................19

26

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016).......................................................................................................13

27

28

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
   905 F.3d 597 (9th Cir. 2018)...............................................................................23

*Gasser v. Kiss My Face, LLC*,
   No. 17-CV-01675-JSC, 2017 WL 4773426 (N.D. Cal. Oct. 23, 2017)....................................19

*Gazillo v. Ply Gem Indus., Inc.*,
   No. 1:17-CV-1077, 2018 WL 5253050 ...................................................................24

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) .........................................................14, 16

*Henderson v. Gruma Corp.*,
   No. CV 10-04173 AHM, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ................................15

*Ivie v. Kraft Foods Glob., Inc.*,
   No. C–12–02554–RMW, 2013 WL 685372 (N.D. Cal. Feb. 25, 2013)...................................17

*Johns v. Bayer Corp.*,
   No. 09CV1935 DMS (JMA), 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) .............................17

*Joslin v. Clif Bar & Co.*,
   No. 4:18-CV-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ...........................20

*Jou v. Kimberly-Clark Corporation*,
   No. C-13-03075 JSC, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) ...................................15

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal.4th 1134 (2003) ...................................................................................22

*Khasin v. R.C. Bigelow, Inc.*,
   No. 12-cv-02204-WHO, 2016 WL 1213767 (N.D. Cal. Mar. 29, 2016)................................19

*Lanovaz v. Twinings N. Am., Inc.*,
   726 F. App'x 590 (9th Cir. 2018) ...............................................................18, 19

*Lanovaz v. Twinings N. Am., Inc.*,
   No. C–12–02646–RMW, 2013 WL 675929 (N.D. Cal. Feb. 25, 2013)..................................17

*Larsen v. Trader Joe's Co.*,
   No. C 11–05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012) .......................................17

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)........................................................................................17

*In re MacBook Keyboard Litig.*,
   No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ...........................22, 23

*Maclin v. Reliable Reports of Tex., Inc.*,
   314 F.Supp.3d 845 (N.D. Ohio 2018)...................................................................25

*Manchouck v. Mondelez Int'l Inc.*,
  No. C 13-02148 WHA, 2013 WL 5400285 (N.D. Cal. Sept. 26, 2013), aff'd,
  603 F. App'x 632 (9th Cir. 2015) ...........................................................................................15

*Oestreicher v. Alienware Corp.*,
  544 F. Supp. 2d 964 (N.D. Cal. 2008), aff'd, 322 F. App'x 489 (9th Cir. 2009) ...................22

*Prescott v. Nestle USA, Inc.*,
  No. 19-CV-07471-BLF, 2020 WL 3035798 (N.D. Cal. June 4, 2020) ...................................20

*Red v. Kraft*,
  No. 10–1028, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) ...................................................14

*Rugg v. Johnson & Johnson*,
  No. 17-cv-05010-BLF, 2018 WL 3023493 (N.D. Cal. June 18, 2018) ...................................21

*Shaker v. Nature's Path Foods, Inc.*,
  No. 13-cv-1138-GW(OPx), 2013 WL 6729802 ......................................................................13

*Simon v. Ultimate Fitness Grp., LLC*,
  No. 19 Civ. 890 (CM), 2019 WL 4382204 (S.D.N.Y. Aug. 19, 2019) ...................................25

*Smedt v. Hain Celestial Grp., Inc.*,
  No. 5:12-CV-03029-EJD, 2014 WL 2466881, at *5 (N.D. Cal. May 30, 2014) ......................17

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020)...........................................................................................22, 23

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) .............................................................................................................17

*Tabler v. Panera LLC*,
  No. 19-CV-01646-LHK, 2019 WL 5579529 (N.D. Cal. Oct. 29, 2019) ............................12, 19

*Vess v. Ciba-Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003)..................................................................................................12

*Viggiano v. Hansen Natural Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) ....................................................................................20

*Werbel v. Pepsico, Inc.*,
  No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) ......................................21

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008)...................................................................................................13

*Wilson v. Frito-Lay N. Am., Inc.*,
  961 F. Supp. 2d 1134 (N.D. Cal. 2013) ..................................................................................18

1

2

*Young v. Mophie*,
   No. SACV 19-827 ..................................................................................................23

3

*Zucco Partners LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009)..............................................................................12

4

**Statutes**

5

Cal. Bus. & Prof. Code § 17200, *et seq.* ........................................................................11

6

Cal. Bus. & Prof. Code §§ 17203 ..................................................................................22

7

Cal. Bus. & Prof. Code § 17500, *et seq.* ........................................................................11

8

Cal. Civ. Code § 1750, *et seq.* ......................................................................................11

9

**Other Authorities**

10

Fed. R. Civ. P. 9(b) ........................................................................................8, 11, 12

11

Fed. R. Civ. P 12(b)(2)......................................................................................8, 23

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**STATEMENT OF THE ISSUES TO BE DECIDED**

2

This motion raises the following issues:

3

1.      **Rule 8 Plausibility:** Are Plaintiff's claims implausible when they are based on an

4

idiosyncratic definition of "with plant-based ingredients," "plant-based ingredients," "with

5

plant-based and mineral ingredients," and "plant-based and mineral ingredients"?

6

2.      **Rule 9(b) Particularity:** Does Plaintiff plead her claims sounding in fraud with

7

the requisite particularity when she do not identify any false statements on the product

8

labels?

9

3.      **Article III/Standing:** Can Plaintiff challenge the labels of products she never

10

purchased?  Does Plaintiff have standing to seek injunctive relief when she does not have

11

concrete plans to purchase the product(s) in the future?

12

4.      **Express Warranty:** Does Plaintiff state a claim for breach of express warranty

13

when she do not allege facts establishing an express warranty or a breach of any express

14

warranty?

15

5.      **Unjust Enrichment:** Can Plaintiff bring a claim for unjust enrichment when she

16

received the benefit of the bargain?

17

6.      **Requests for Equitable Relief**: Can Plaintiff seek equitable relief for her UCL,

18

FAL, CLRA, and unjust enrichment claims when she asserts claims for damages and does

19

not allege that she lacks an adequate remedy at law?

20

7.      **Rule 12(b)(2) Personal Jurisdiction:** Does the Court lack personal jurisdiction

21

over the claims of non-California class members Plaintiff purports to represent?

22

23

24

25

26

27

28

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.   INTRODUCTION**

3    Plaintiff's Complaint does not identify a single false statement on the Ecover product

4    labels.  The Ecover products' "with plant-based ingredients," "plant-based ingredients," "with

5    plant-based and mineral ingredients," and "plant-based and mineral ingredients" labels truthfully

6    advertise that the products contain plant-based or plant-based and mineral ingredients and

7    Plaintiff **does not allege** otherwise.  Instead, to try to frame a claim, Plaintiff's Complaint is a

8    study in tortured definition interpretation and supposition.  She asserts the "plant-based

9    ingredients" and "plant-based and mineral ingredients" labels indicate that products (1) *only*

10   contain plant-based and/or mineral ingredients that have not been chemically modified or

11   processed; (2) only contain natural ingredients; and (3) do not contain synthetic, non-natural, or

12   highly processed ingredients.  That leap is unsupported by *any* statements on the Ecover product

13   labels that support her tortured view that "plant-based ingredients" has such an expansive

14   meaning.  Nor does she plausibly allege facts that would support the conclusion that reasonable

15   consumers interpret the "plant-based ingredients" and "plant-based and mineral ingredients"

16   labels to mean *any* of those things.

17   Plaintiff got what she paid for – Ecover Dishwasher Tablets that contain plant-based and

18   mineral ingredients.  Her claims stem from implausible interpretations of the Ecover product

19   labels, and the Court should dismiss them for seven separate and independent reasons.

20   <u>First</u>, Plaintiff does not identify any false claims on the Ecover product labels.  The

21   products contain plant-based and/or mineral ingredients, as advertised.  True statements about the

22   products cannot form the basis of a fraud claim.

23   <u>Second</u>, Plaintiff's personal interpretation of "plant-based ingredients" and "plant-based

24   and mineral ingredients" does not reflect a reasonable consumer's understanding of the terms.

25   The product labels do not claim the products contain a specific amount of plant-based or mineral

26   ingredients, and the vast majority clearly state the products contain water, which consumers know

27   is neither a plant nor a mineral.

28   <u>Third</u>, Plaintiff cannot challenge the labels on thirteen Ecover products she did not

1   purchase because she did not suffer any injury by them.  Nor can she cannot seek injunctive

2   relieve when she does not plan to purchase the products again, and can easily ascertain if the

3   products meet her understanding of "plant-based ingredients" and "plant-based and mineral

4   ingredients" by reading the product labels.

5          Fourth, Plaintiff's express warranty claim fails because the Product Labels are true, and

6   Plaintiff' implausible interpretation of "plant-based ingredients" and "plant-based and mineral

7   ingredients" cannot form the basis of an express warranty.

8          Fifth, Plaintiff's unjust enrichment claim fails because she received the benefit of the

9   bargain – a Product that contains plant-based and mineral ingredients – and it duplicates her other

10  claims.

11         Sixth, because Plaintiff asserts claims for damages, and does not allege that she lacks an

12  adequate remedy at law, her UCL, FAL, CLRA, and unjust enrichment claims fail.

13         Finally, Plaintiff's national class claims should be dismissed because this Court would

14  lack personal jurisdiction over the non-California class members Plaintiff purports to represent.

15  **II.  FACTUAL BACKGROUND**

16         Ecover develops and sells fourteen cleaning products.[1]  The Products bear labels stating

17  "plant-based ingredients," "plant-based and mineral ingredients," "with plant-based ingredients",

18  and "with plant-based and mineral ingredients" (the "Product Labels").  (Compl. ¶ 1.)  Plaintiff

19  does not allege the Products lack plant-based or mineral ingredients.  In fact, she concedes that

20  the Products *do* include plant-based ingredients.  *See* Compl. ¶¶ 35-48 (listing citric acid, lactic

21  acid, glycerin, xanthan gum, and amylase as ingredient in various Products).  The Product Labels

22  do not advertise that the Products have a specific amount of plant-based or mineral ingredients,

23  and each Product's back label clearly lists the Product's ingredients, including those that are not

24

25      [1] The products include: Ecover All Purpose Cleaner, Ecover Cream Scrub, Ecover

26  Delicate Wash, Ecover Dishwasher Powder, Ecover Dishwasher Tablets, Ecover Dishwasher Tablets Zero, Ecover Fabric Softener (Morning Fresh), Ecover Fabric Softener (Sunny Day), Ecover Floor Soap, Ecover Laundry Detergent (Alpine Mint), Ecover Laundry Detergent

27  (Lavender Field), Ecover Rinse Aid, Ecover Stain Remover, and Ecover Toilet Cleaner (collectively the "Products"). (Compl. ¶ 4.)

28

1   plant-based or mineral, such as water.   (Compl. ¶¶ 19-32, 35-48; RJN Exs. A-E.)  Although the

2   Products have similar Product Labels, they have distinct formulas, different ingredients, and

3   unique uses.  (Compl. ¶¶ 35-48.)

4           Despite the fact that the Product Labels truthfully advertise the presence of plant-based

5   and mineral ingredients in the Products, Plaintiff claims the labels are false and misleading.

6   (Compl. ¶ 1.)  She asserts the Product Labels indicate that Products (1) *only* contain plant-based

7   and/or mineral ingredients that have not been chemically modified or processed; (2) *only* contain

8   natural ingredients; and (3) do not contain synthetic, non-natural, or highly processed ingredients.

9   (Compl. ¶¶ 2, 33.)  She does not, however, identify *any* statements on the Ecover product labels

10   that assert the amount of plant-based or mineral ingredients in the products, that the ingredients

11   are not chemically modified or processed, that the ingredients are all-natural, or that the products

12   contain no ingredients that are synthetic, non-natural, or highly-processed.  *See* Compl. ¶ 1

13   (identifying the "plant-based representations").

14           Plaintiff asserts four causes of action against SC Johnson for: (1) violation of the Cal. Bus.

15   & Prof. Code § 17200, *et seq.* ("UCL"); (2) violation of Cal. Bus. & Prof. Code § 17500, *et seq.*

16   ("FAL"); (3) violation of the Cal. Civ. Code § 1750, *et seq.* ("CLRA"); (4) breach of express

17   warranty; and (5) unjust enrichment.  (Compl. ¶¶ 67-158.)  She seeks damages and injunctive and

18   other equitable relief on behalf of a putative class of "all residents of the United States who,

19   within the applicable statute of limitations period, purchased the Products," as well as a California

20   subclass.  (Compl. ¶ 56.)

21   **III.    LEGAL STANDARD**

22           A court must accept all factual allegations pled in the complaint as true, *Cahill v. Liberty*

23   *Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), but need not accept unreasonable inferences

24   or legal conclusions cast in the form of factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662,

25   681 (2009) ("[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the

26   elements' of a constitutional discrimination claim" are not entitled to an assumption of truth.

27   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Because Plaintiff's claims sound

28   in fraud (*e.g.* Compl. ¶ 1), the entire complaint must be pled with particularity under Rule 9(b).

1  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003); *Tabler v. Panera LLC*,

2  No. 19-CV-01646-LHK, 2019 WL 5579529, at *11 (N.D. Cal. Oct. 29, 2019)(finding CLRA,

3  FAL, and UCL claims based on alleged product misrepresentations must be pled with

4  particularity and dismissing the claims).

5        The Court may consider the facts alleged in the complaint, documents attached to the

6  complaint, documents relied upon but not attached to the complaint (when the authenticity of

7  such documents is not questioned), and other matters of which the Court can take judicial notice.

8  *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).

9        **IV.    ARGUMENT**

10            **A.    Plaintiff Fails to Allege Fraud With Particularity.**

11        Plaintiff's fraud claims necessarily fail because she does not allege the Products lack

12  plant-based or mineral ingredients.  In challenging the allegedly false and misleading Product

13  Labels, Plaintiffs must assert the "who, what, when, where, and how of the misconduct charged."

14  *Vess*, 317 F.3d at 1006 (internal quotation marks and citation omitted).  "The plaintiff must set

15  forth what is false or misleading about a statement, and why it is false." *Id*.  Plaintiff's allegations

16  do not meet Rule 9(b) because she fails to assert that the Products lack plant-based and mineral

17  ingredients.  In fact, she concedes that the Products *do* include plant-based ingredients.  *See*

18  Compl. ¶¶ 35-48 (identifying citric acid, lactic acid, glycerin, xanthan gum, and amylase as plant-

19  based ingredient in various Products).  Given this fact, the Court should dismiss Plaintiff's fraud

20  claims because the Product Labels are accurate.

21        In *Chuang v. Dr. Pepper Snapple Grp., Inc.,* the court dismissed nearly identical claims as

22  inadequate.  There, Plaintiff alleged the "Made with Real FRUIT!" and "Made with Real FRUIT

23  & VEGETABLE [or "VEGGIE"] Juice" labels on fruit snacks were false and misleading because

24  they conveyed to a reasonable consumer that the fruit snacks contain significant amounts of fruit

25  and are nutritious and healthful, when in fact the products were mostly sugar and juice.  *Chuang*

26  *v. Dr. Pepper Snapple Grp., Inc.,* No. CV17-01875-MWF-(MRWx), 2017 WL 4286577, at *4

27  (C.D. Cal. Sept. 20, 2017).  The court found plaintiffs "fail to point to any false statements on the

28  part of [d]efendants regarding the fruit snacks....because an independent review of the product

1   labels reveals that the statements are *not* false, as the products do contain the fruits and vegetables

2   depicted [and] are made with fruit and vegetable juice." *Id.* at *4.  The court explained "[w]here

3   statements or depictions of ingredients on packaging are truthful, as demonstrated by a review of

4   the packaging at issue here, courts may dismiss claims that those statements or depictions are

5   misleading."  Here, like in *Chuang*, an independent review of the Products' ingredients reveals

6   they do in fact contain plant-based or plant-based and mineral ingredients, and Plaintiff does not

7   assert otherwise.  *See* Compl. ¶¶ 35-48 (identifying plant-based ingredients in the Products).

8   Accordingly, because the Label Statements are accurate, the Court should dismiss Plaintiff's

9   claims.[2]

10  **B.    No Reasonable Consumer Would Be Misled by the Accurate Claim That the Products Contain Plant-Based and Mineral Ingredients.**

11  Plaintiff also fails adequately to allege the Product Labels are misleading because

12  Plaintiff's interpretations of "plant-based ingredients" and "plant-based and mineral ingredients"

13  do not reflect a reasonable consumer's understanding of the terms.  A statement is actionable only

14  if it is likely to deceive a reasonable consumer.  *See Williams v. Gerber Prods. Co.*, 552 F.3d 934,

15  938 (9th Cir. 2008) (California consumer protection statutes, including the UCL, FAL, and

16  CLRA, are governed by the "reasonable consumer" test).  Likely to deceive implies "more than a

17  mere possibility" that a statement "might conceivably be misunderstood by some few consumers

18  viewing it in an unreasonable manner."  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)

19  (internal quotations omitted).  "[T]he term 'likely' [to deceive] indicates that deception must be

20  probable, not just possible."  *Shaker v. Nature's Path Foods, Inc.*, No. 13-cv-1138-GW(OPx),

21  2013 WL 6729802, at *3 (internal quotations omitted).  "Thus, where a court can conclude as a

22  matter of law that members of the public are not likely to be deceived by the product packaging,

23

24  _____

25  [2] Plaintiff asserts the Product Labels are false and misleading because the Products contain allegedly "synthetic, non-natural, and highly processed ingredients." (Compl. ¶¶ 35-48.)  But Plaintiff does not point to any language on the Product labels advertising the Products as free of

26  synthetic, non-natural, or highly processed ingredients, and the Product labels make no such claims.  The presence of allegedly synthetic, non-natural, or highly processed ingredients in the

27  Products does not change the fact that Products *also* contain plant-based and mineral ingredients, as advertised.

28

1    dismissal is appropriate."  *Werbel ex rel. v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL

2    2673860, at *3 (N.D. Cal. July 2, 2010).  Plaintiff's Complaint fails to meet the reasonable

3    consumer standard.

4         Plaintiff premises her claim on the implausible theory that a reasonable consumer believes

5    the "plant-based ingredients" and "plant-based and mineral ingredients" labels imply a product

6    *only* contains ingredients that (1) come from plants or plants and minerals; and (2) "are not

7    subject to chemical modification nor processing, which materially alters the ingredients' original

8    plant-based or mineral composition."  (Comp. ¶ 2.)  This understanding of "plant-based

9    ingredients" and "plant-based and mineral ingredients" is unreasonable and contradicted by the

10   Product Labels' plain language.

11        As demonstrated by the Complaint, the Product Labels do not advertise that the Products

12   include a specific amount of plant-based on mineral ingredients.  Plaintiff's idiosyncratic

13   interpretation that everything in them must be plant or mineral based is particularly unreasonable

14   because most of the Product's back labels also clearly state the Products contain water, which all

15   consumers know is neither a plant nor a mineral.  *See e.g.* RJN Exs. A-E.  Courts in the Ninth

16   Circuit dismiss as unreasonable claims that a true statement about the presence of an ingredient

17   conveys to consumers that the product contains a significant amount of that ingredient.  *See e.g.*

18   *Chuang,* 2017 WL 4286577, at *4 (dismissing claim that "made with real fruit and vegetable

19   juice" label suggests the product contains significant amounts of fruits and vegetables when "the

20   statements are not false, as the products… are made with fruit and vegetable juice"); *Red v.*

21   *Kraft,* No. 10–1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (dismissing plaintiff's

22   claim that "made with real vegetables" label implies a product contains a significant amount of

23   vegetables because a reasonable consumer knows "that a cracker is not composed of primarily

24   fresh vegetables"); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1093 (N.D. Cal. 2017)

25   (dismissing claims that "Made with Real Fruit" is misleading and holding that "[i]t is not

26   misleading for a product to state it is made with real fruit when that statement accurately

27   represents that the product contains real fruit and does not misrepresent the type of fruit the

28   product contains").  When faced with a label that advertises that the Product contains plant-based

ingredients, mineral ingredients, and water, a reasonable consumer does not believe the Product *only* contains plants or minerals because the plain language of the label clearly states that the Product does not.

*Henderson* is on all fours here.  In *Henderson,* plaintiff alleged the label "with garden vegetables" is misleading because it implies the product contained significant vegetable content when it did not.  *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011).  The court dismissed plaintiff's claims because "the product does in fact contain vegetables that can be grown in a garden."  *Id*.  Therefore, "the phrase 'with garden vegetables' is accurate in the context of the label as a whole, and unlikely to deceive a reasonable consumer."  *Id*.  The court explained, "the labeling statement does not claim a specific *amount* of vegetables in the product, but rather speaks to their presence in the product, which is not misleading."  *Id*.  Here, the Product Labels are also unlikely to deceive a reasonable consumer because the Products *do* contain plant-based and/or mineral ingredients, and Plaintiff does not allege otherwise.  The Product Labels truthfully indicate that plant-based and mineral ingredients are present in the Products, which is not misleading.  *See also Jou v. Kimberly-Clark Corporation,* Case No. C-13-03075 JSC, 2013 WL 6491158, at *10 (N.D. Cal. Dec. 10, 2013) (granting motion to dismiss UCL, FAL, and CLRA claims based on "soft organic cotton" label because the phrase "does not in any way connote that the entire diaper is made of only that material; the phrase simply communicates the presence of that ingredient, which is true").

Plaintiff also does not plausibly allege that reasonable consumers interpret the Product Labels to mean the Products "only contain ingredients that are not subjected to chemical modification or processing, which materially altered the ingredients' original plant-based or mineral composition."  (Compl. ¶ 52.)  Contrary to Plaintiff's claims, "plant-*based* ingredients" implies to a reasonable consumer that the ingredients are not in their original plant form.  Otherwise, the Product Labels would advertise the ingredients as "plants."  The word "based" alerts reasonable consumers that a plant is an element of the ingredient, but not the entire ingredient.  *See Manchouck v. Mondelez Int'l Inc.*, No. C 13-02148 WHA, 2013 WL 5400285, at *3 (N.D. Cal. Sept. 26, 2013), aff'd, 603 F. App'x 632 (9th Cir. 2015) (implausible that accurate

1  "made with real fruit" statement does not include mechanically processed fruit because "[i]t is

2  ridiculous to say that consumers would expect snack food 'made with real fruit' to contain only

3  'actual strawberries or raspberries,' rather than these fruits in a form amenable to being squeezed

4  inside a Newton.")

5        Plaintiff's interpretation of the Product Labels is also implausible because the Product

6  Labels do not reference chemically modified or processed ingredients.  *Hadley* is instructive.

7  There, plaintiff alleged that a product's "MADE WITH Real Fruit" label was misleading because

8  the product contained trans-fat.  *Hadley v. Kellogg Sales Co.,* 243 F. Supp. 3d 1074, 1092 (N.D.

9  Cal. 2017).  Plaintiff did not dispute that the product contained real fruit.  *Id*. at 1093.  The court

10  dismissed plaintiff's claims because the true statement "MADE WITH Real Fruit" "does not

11  reference the presence, or lack thereof, of trans fat" and the label did "not mention trans fat at

12  all."  *Id*.  "Defendant's factually true statement would not cause a reasonable consumer to believe

13  that the Nutri-Grain Bars are free of trans fat."  *Id*.  Like in *Hadley*, it is unreasonable for Plaintiff

14  to assert the Product Labels imply the Product's ingredients are not chemically modified or

15  processed because the Product Labels do not advertise them as such.  The words "chemical

16  modification" and "processing" do not appear anywhere on the Product Labels.  The Products'

17  true "plant-based ingredients" or "plant-based and mineral ingredients" statement does not cause

18  a reasonable consumer to believe that the Product's ingredients are free of chemical modification

19  or processing.

20        Because the Product Labels accurately advertise that the Products contain plant-based,

21  mineral, and other ingredients like water, reasonable consumers do not believe the Products *only*

22  contain plants and minerals that are not chemically altered or processed.  Common sense dictates

23  the Court dismiss Plaintiff's claims as implausible.

24              **C.**    **Plaintiff Lacks Standing.**

25        Plaintiff also lacks standing to bring this action because she challenges Products she never

26  purchased and alleges far too speculative an injury to seek injunctive relief.  To establish Article

27  III standing, a plaintiff must plead and prove "injury in fact," causation, and redressability.

28  "[I]njury in fact" requires damage to "a legally protected interest which is (a) concrete and

MEMORANDUM ISO MOTION TO DISMISS
Case No. 3:21-cv-00413-TSH
sf-4428920

1  particularized, and (b) 'actual or imminent', not 'conjectural or hypothetical.'" *Lujan v. Defs. of*

2  *Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted).  "For an injury to be

3  'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v.*

4  *Robins*, 136 S. Ct. 1540, 1548 (2016) (citation omitted).  "The UCL and FAL incorporate the

5  Article III standing requirements, but additionally require that the plaintiff plead an economic

6  injury." *Smedt v. Hain Celestial Grp.*, Inc, No. 5:12-CV-03029-EJD, 2014 WL 2466881, at *5

7  (N.D. Cal. May 30, 2014).

8       The Complaint fails to establish the requisite standing because Plaintiff was not injured by

9  Products she did not buy, and she will not be misled by the Product Labels in the future.

### 1.   Plaintiff Cannot Challenge Labels of Products She Never Purchased.

12       Plaintiff cannot challenge the Product Labels on the Non-Purchased Products[3] because she

13  did not buy them.  She admits that she only purchased Ecover Dishwasher Tablets (Compl. ¶ 55),

14  and she "cannot expand the scope of [her] claims to include a product not purchased" because

15  "there can be no requisite *pecuniary* injury" as to those products.  *Lanovaz v. Twinings N. Am.,*

16  *Inc.*, No. C–12–02646–RMW, 2013 WL 675929, at *2 (N.D. Cal. Feb. 25, 2013); *Johns v. Bayer*

17  *Corp.,* No. 09CV1935 DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010).  District

18  courts throughout the Ninth Circuit prohibit plaintiffs from challenging products they never

19  purchased because they suffer no injury as to those products.  *See e.g. Carrea v. Dreyer's Grand*

20  *Ice Cream, Inc.,* No. C 10-01044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10,

21  2011), aff'd, 475 F. App'x 113 (9th Cir. 2012) (dismissing Plaintiff's claims against product he

22  did not purchase for lack of standing); *Larsen v. Trader Joe's Co.*, No. C 11–05188 SI, 2012 WL

23  5458396, at *5 (N.D. Cal. June 14, 2012) (plaintiffs could not have suffered a particularized

24  injury for products they did not purchase); *Ivie v. Kraft Foods Glob., Inc.*, No. C–12–02554–

---

25  [3] Plaintiff concedes that she did not buy thirteen of the Products whose labels she seeks to

26  challenge: Ecover All Purpose Cleaner, Ecover Cream Scrub, Ecover Delicate Wash, Ecover Dishwasher Powder, Ecover Dishwasher Tablets Zero, Ecover Fabric Softener (Morning Fresh),

27  Ecover Fabric Softener (Sunny Day), Ecover Floor Soap, Ecover Laundry Detergent (Alpine Mint), Ecover Laundry Detergent (Lavender Field), Ecover Rinse Aid, Ecover Stain Remover, or

28  Ecover Toilet Cleaner (the "Non-Purchased Products). (Compl. ¶ 55.)

1   RMW, 2013 WL 685372, at *5 (N.D. Cal. Feb. 25, 2013) (no requisite pecuniary injury where

2   plaintiff did not purchase the product at issue).  Plaintiff cannot challenge the Non-Purchased

3   Products because she did not buy them, and thus, did not suffer an economic injury by them.

4         Nor is this a case where courts have allowed plaintiffs to pursue claims against

5   "substantially similar" products.  Where "the actual composition or appearance of the [Products

6   are] legally significant to the claim at issue," courts have concluded that plaintiffs can only

7   "pursue claims for products with identical product composition and/or appearance."  *Ang v.*

8   *Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar.

9   13, 2014) (plaintiffs lack standing to challenge identical "fresh" and "baked daily" labels on

10  unpurchased products when fact-specific analysis will be required "to determine whether each is

11  in fact 'processed and preserved' to such a level that the use of the term 'fresh' becomes

12  misleading.")  The composition of each Product is critical to Plaintiff's claims because she argues

13  that each Product contains ingredients that do not come from plants or from plants and minerals,

14  which renders its label false and misleading. (Compl. ¶¶ 2-3.)  Plaintiff cannot challenge the Non-

15  Purchased Products because she concedes that the Products' compositions are not identical.  She

16  acknowledges the substantial dissimilarities between the Non-Purchased Products by highlighting

17  the different ingredients in each Product.  (Compl. ¶¶ 35-48.)  None of the complained of

18  ingredients are found in all the Products.  (*Id.*)  And Ecover Dishwasher Tablets only share ten

19  percent of the ingredients Plaintiff identifies with some of the other Products.  (*Id.*)  A fact-

20  specific analysis will be required to determine whether each of the Products' Labels are false and

21  misleading.  Accordingly, Plaintiff does not have standing to challenge the Non-Purchased

22  Products, and her claims should be dismissed.  *See Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp.

23  2d 1134, 1141 (N.D. Cal. 2013) (plaintiffs' claim "that all the Products are made by the same

24  manufacturer, and, with the exception of flavors, contain the same ingredients and implicate the

25  same concerns" is insufficient to confer standing for products they did not buy); *Lanovaz*, 2013

26  WL 2285221, at *3 (plaintiff lacks standing to challenge "natural source of antioxidants" labels of

27  products he did not purchased when unpurchased products are "made from a different plant and

28  [are] thus a significantly different product").

1

2. **Plaintiff Cannot Seek Injunctive Relief Where She Does Not Plan To Purchase the Products in the Future.**

2

3

Plaintiff also lacks standing to seek injunctive relief because she does not plan to purchase

4

the Product, as formulated, in the future.  Injunctive relief requires plaintiffs to plead a threat of

5

injury that is "actual and imminent, not conjectural or hypothetical."  *Davidson v. Kimberly-Clark*

6

*Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (internal citations omitted).  The threatened injury must

7

be certainly impending to constitute injury in fact and allegations of *possible* future injury are not

8

sufficient.  *Id.*  "A some day intention – without any description of concrete plans, or indeed even

9

any specification of *when* the some day will be – does not support a finding of the actual or

10

imminent injury that Article III requires."  *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590,

11

591 (9th Cir. 2018) (internal quotations omitted).  A plaintiff does not have Article III standing to

12

seek injunctive relief where her claims rest "upon contingent future events that may not occur as

13

anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th

14

Cir. 2009) (citation omitted).  This is because "if the contingent events do not occur, the plaintiff

15

likely will not have suffered an injury that is concrete and particularized enough to establish the

16

first element of standing."  *Id.*; *see Gasser v. Kiss My Face, LLC*, No. 17-CV-01675-JSC, 2017

17

WL 4773426, at *4 (N.D. Cal. Oct. 23, 2017) (allegation that plaintiffs "would purchase the

18

Products again if [defendant] changed the composition so that they conformed to their 'natural'

19

labeling and marketing" is insufficient to establish standing for injunctive relief).

20

Plaintiff does not allege that she intends to purchase the Products, as formulated, in the

21

future.  She asserts that she would purchase the Products again, *only if* they contain ingredients

22

that only come from plants or minerals and are not materially altered through chemical

23

modification and processing.  (Compl. ¶ 8.)   This hypothetical plan is not an actual or imminent

24

injury because Plaintiff will potentially buy the Products only if Ecover reformulates them.  *See*

25

*e.g. See Khasin v. R.C. Bigelow, Inc.*, No. 12-cv-02204-WHO, 2016 WL 1213767, at *4 (N.D.

26

Cal. Mar. 29, 2016) (finding plaintiff's assertion that he "would consider buying Bigelow tea

27

again if the antioxidant claims were removed from the packages" does not establish Article III

28

standing); *Tabler*, 2019 WL 5579529, at *8 (finding plaintiff failed to allege any future injury that

1   is certainly impending when she alleged that she "may" purchase the products again in the

2   future); *Prescott v. Nestle USA, Inc.,* No. 19-CV-07471-BLF, 2020 WL 3035798, at *6 (N.D. Cal.

3   June 4, 2020) (dismissing plaintiffs' claims for injunctive relief when they alleged the "would

4   purchase the Product again in the future if they could be sure that the Product was white

5   chocolate").

6          And, because the Products' Labels identify the Product's ingredients, the Product Labels

7   cannot mislead Plaintiff in the future.  Plaintiff's claim that she is "at risk" of "assuming that

8   Defendant fixed the formulation of the Products such that Plaintiff may buy them again, believing

9   they were no longer falsely advertised" rings hollow.  (Compl. ¶9.)  She can easily ascertain if the

10  Products satisfy her understanding of "plant-based ingredients" or "plant-based and mineral

11  ingredients" by looking at the ingredient lists on the back of the Products.  *See Joslin v. Clif Bar

12  & Co.*, No. 4:18-CV-04941-JSW, 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019) (finding

13  plaintiffs lack standing to seek injunctive relief when they allege they would like to purchase the

14  product again but cannot trust the accuracy of the label where the label lists the product

15  ingredients); *See also Cordes v. Boulder Brands USA, Inc.,* No. CV 18-6534 PSG (JCX), 2018

16  WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) (finding plaintiff can easily determine if a

17  defendant has cured previous misrepresentations without purchasing the product by reading the

18  label).  Plaintiff will not suffer a future injury sufficient to establish Article III standing, and the

19  Court should dismiss her request for injunctive relief.

20              **D.     Plaintiff's Express Warranty Claim Fails Because Complaint Does Not
                        Plead Facts Supporting a Breach.**

21
        The accurate "plant-based ingredients" and "plant-based and mineral ingredients"

22  statements cannot form the basis of an express warranty claim, and it should be dismissed.  "To

23  prevail on a breach of express warranty claim, a plaintiff must prove that the seller '(1) made an

24  affirmation of fact or promise or provided a description of its goods; (2) the promise or

25  description formed part of the basis of the bargain; (3) the express warranty was breached; and (4)

26  the breach caused injury to the plaintiff.'"  *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d

27  877, 893 (C.D. Cal. 2013) (citation omitted).  Plaintiff fails to state a claim for breach of express

28

1   warranty for two reasons.

2        First, "plant-based ingredients" and "plant-based and mineral ingredients" are true

3   statements about the Products, as the Products contain plant-based or plant-based and mineral

4   ingredients.  Plaintiff does not allege otherwise.  Plaintiff got what she paid for—dishwasher

5   tablets that contain plant-based and mineral ingredients.  (Compl. ¶¶ 8, 23).  Because the Product

6   included plant-based and mineral ingredients, as advertised, Plaintiff does not plead facts

7   supporting a breach.  *See Chuang,* 2017 WL 4286577, at *7 (no breach of express warranty when

8   statements that the products are "made with real fruit and vegetable juice" are true).

9        Second, Plaintiff's unreasonable interpretation of "plant-based and mineral ingredients"

10  cannot form the basis of any express warranty.  Courts dismiss breach of warranty claims where

11  the challenged phrase does not actually create the warranty alleged.  *See Becerra v. Dr*

12  *Pepper/Seven Up, Inc*., No. 17-cv-05921, 2018 WL 3995832, at *9 (N.D. Cal. Aug. 21, 2018)

13  (the term diet on label "does not create an express or implied warranty to consumers that the

14  product will lead to weight loss or healthy weight management" and the product "conform[s] to ...

15  the affirmation of fact made on the ... label"); *Rugg v. Johnson & Johnson*, No. 17-cv-05010-

16  BLF, 2018 WL 3023493 at *3 (N.D. Cal. June 18, 2018) (dismissing breach of express warranty

17  claim "because it depends on Plaintiff's implausible definition of "hypoallergenic").  The "plant-

18  based ingredients" and "plant-based and mineral ingredients" statements do not warrant to

19  consumers that the Products *only* contain ingredients that (1) come from plants and/or from plants

20  and animals; and (2) are not subject to chemical modification or processing, which materially

21  alters the ingredients' original plant-based or mineral composition.  The Product Labels do not

22  claim a specific *amount* of plant-based or mineral ingredients are in the product, and the term

23  "chemical modification or processing" does not appear on the labels.  *See, e.g.*, *Werbel*, 2010 WL

24  2673860, at *5 (dismissing breach of express warranty claim when the alleged warranties

25  "contains berries" and "substantially fruit-based product deriving nutritional value from fruit"

26  were not on product packaging).  Accordingly, the Court should dismiss Plaintiff's breach of

27  warranty claim.

28

1

### E.   Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law.

Plaintiff also cannot state a claim for unjust enrichment because she received the benefit

of the bargain – a Product that contains plant-based and mineral ingredients.  "A claim for unjust

enrichment, restitution and/or quasi-contract cannot lie where the plaintiff has received the benefit

of the alleged bargain."  *Chuang*, 2017 WL 4286577, at *8.  Ecover Dishwasher Tablets

truthfully advertise that the Product contains "plant-based and mineral ingredients." Plaintiff does

not allege the Dishwasher Tablets lack plant-based or mineral ingredients.  Because Plaintiff

received the Product as advertised, she cannot state a claim for unjust enrichment.  And, because

Plaintiff's other claims fail, her unjust enrichment claim fails as well.  *Oestreicher v. Alienware*

*Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008), aff'd, 322 F. App'x 489 (9th Cir. 2009)

(finding plaintiff has no basis for unjust enrichment claim when its fraud-based claims are

dismissed).

### F.   Plaintiff's UCL, FAL, CLRA and Unjust Enrichment Claims Fail Because She Does Not Allege She Lacks an Adequate Remedy At Law.

Plaintiff's UCL, FAL, and unjust enrichment claims must be dismissed in their entirety

under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020), because they provide

exclusively equitable relief, not damages, and Plaintiff does not and cannot establish she lacks an

adequate remedy at law.  *See* Cal. Bus. & Prof. Code §§ 17203 (UCL remedies), 17535 (FAL

remedies); *Chowning v. Kohl's Dep't Stores, Inc.*, No. CV 15-08673 RGK (SPx), 2016 WL

1072129, at *5 (C.D. Cal. Mar. 15, 2016) ("[D]amages . . . are not available under the UCL [or

FAL]" (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1148 (2003)

(alteration in original).).  *Sonner* further requires dismissal of Plaintiff's CLRA claim to the

extent it seeks injunctive and other equitable relief. *See, e.g., In re MacBook Keyboard Litig.*, No.

5:18-cv-02813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) ("[N]othing about the

Ninth Circuit's reasoning [in *Sonner*] indicates that the decision is limited to claims for

restitution.  In fact, numerous courts in this circuit have applied *Sonner* to injunctive relief

claims.")  In *Sonner*, the Ninth Circuit concluded that a plaintiff "must establish that she lacks an

adequate remedy at law before securing equitable restitution for past harm under the UCL and

1    CLRA." *Sonner,* 971 F.3d at 844.  The Court affirmed dismissal of plaintiff's UCL and CLRA

2    claims for equitable restitution because plaintiff's complaint did not plead "the inadequacy of

3    remedies at law," and plaintiff sought money damages under the CLRA.  *Id.*

4              Here, like in *Sonner*, Plaintiff does not assert that damages will not make her whole.

5    Indeed, the Complaint admits that damages are a viable remedy.  Plaintiff seeks "damages

6    including, but not limited to, the amounts paid for the Product, and any interest that would have

7    accrued on those monies."  (Compl. ¶ 149.)  She also asserts that she will amend the Complaint to

8    seek damages pursuant to the CLRA.  (Compl. ¶ 141.)  Because Plaintiff does not and cannot

9    plead that she lacks an adequate remedy at law, the Court should dismiss her UCL and FAL

10   claims.  The same is true for her CLRA claim, for which she seeks injunctive and equitable relief

11   (Compl. ¶¶ 141, 142), and her unjust enrichment claim, which is considered "under a quasi-

12   contract, restitution-based theory."  *Young v. Mophie*, No. SACV 19-827 JVS (DFMx), 2019 WL

13   5173770, at \*9 (C.D. Cal. Oct. 9, 2019); *See In re MacBook Keyboard Litig.*, 2020 WL 6047253,

14   at \*4 (relying on *Sonner* and dismissing UCL claim in its entirety as well as remaining claims "to

15   the extent they seek an injunction, restitution, or other equitable relief").

16              **G.       Plaintiff's Class Claims Are Facially Overbroad and Should Be**
                 **Dismissed.**

17              Finally, because this Court would lack personal jurisdiction over the non-California class

18   members Plaintiff purports to represent, the Court should dismiss Plaintiff's national class claims.

19   Personal jurisdiction can be established in only two ways — general jurisdiction or specific

20   jurisdiction.  *See Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th

21   Cir. 2018).  Plaintiff cannot meet her burden to establish either as to the claims of the non-

22   California putative class members, requiring dismissal of her nationwide class claims under

23   Rule 12(b)(2).

24              The Court lacks general jurisdiction over SC Johnson because SC Johnson is at home in

25   Wisconsin, not California.  Absent "exceptional" circumstances not present here, courts have

26   general jurisdiction over corporations only in:  (1) the corporation's state of incorporation; or

27   (2) the state where the corporation has its principal place of business.  *Daimler AG v. Bauman*,

28

571 U.S. 117, 136–39 & n.19 (2014).  A corporation is not subject to general jurisdiction in a state simply because it "engages in a substantial, continuous, and systematic course of business" there.  *Id*. at 137–38.  Here, Plaintiff acknowledges that SC Johnson is a Wisconsin corporation with its principal place of business in Wisconsin.  (Compl. ¶ 10.)  Thus, the Court lacks general jurisdiction over SC Johnson.

The Court also lacks specific jurisdiction over SC Johnson with respect to the claims of putative class members residing outside of California.  In *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), the United States Supreme Court found that, for a court to exercise specific jurisdiction over a defendant there must be an "affiliation between the forum and the underlying controversy." *Id.* at 1780 (citation omitted). The Supreme Court concluded that claims brought by out-of-state plaintiffs against an out-of-state defendant in a California state court must be dismissed because the California court could not exercise personal jurisdiction over the company as to the out-of-state plaintiffs' claims when those plaintiffs did not purchase, use, or suffer injuries from the product at issue in California.  *Id*. at 1781–82. The Supreme Court explained, "[w]hat is needed — and what is missing here — is a connection between the forum and the specific claims at issue." *Id*. at 1781.  Absent an "adequate link" "between the forum and the specific claims" asserted by a nonresident plaintiff, a court may not exercise specific personal jurisdiction over a defendant, "even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; [and] even if the forum State is the most convenient location for litigation." *Id*. at 1780–81 (citation and alterations omitted).  In other words, nonresident plaintiffs cannot establish "personal jurisdiction-by-proxy" based on the allegations of one resident plaintiff.  Personal jurisdiction must be independently established with respect to each plaintiff's claims.

Although the Supreme Court left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court," *id.* at 1784, federal courts interpreting *Bristol-Myers* have concluded that it precludes nationwide class actions in forums where general jurisdiction does not exist over the defendant.  *See, e.g., Gazillo*

1   *v. Ply Gem Indus., Inc.*, No. 1:17-CV-1077 (MAD/CFH), 2018 WL 5253050, at *7 (N.D.N.Y.

2   Oct. 22, 2018) (The Complaint contains neither (1) facts demonstrating Defendants' contacts with

3   New York, nor (2) facts showing a connection between New York and the out-of-state Plaintiffs'

4   claims.); *see also Maclin v. Reliable Reports of Tex., Inc.*, 314 F.Supp.3d 845, 851 (N.D. Ohio

5   2018) ("[T]his district court will not limit the holding in *Bristol-Myers* to mass tort claims or state

6   courts."); *but see Simon v. Ultimate Fitness Grp., LLC*, No. 19 Civ. 890 (CM), 2019 WL

7   4382204, at *4 (S.D.N.Y. Aug. 19, 2019) (explaining the diverging views among federal courts

8   over *Bristol-Myers* and its applicability in federal class actions).

9        As in *Bristol-Myers*, the putative out-of-state class members claims have no alleged nexus

10   to California.  Plaintiff has failed to establish any facts to show that these class members suffered

11   any injury in California, or that their claims have any connection to SC Johnson's conduct within

12   California.  The mere fact that Plaintiff has alleged injury in California does not permit the Court

13   to assert specific jurisdiction over the claims of nonresidents who were not injured in California.

14   *See Bristol-Myers*, 137 S. Ct. at 1781.

15        **V.     CONCLUSION**

16        For the reasons set forth above, SC Johnson respectfully requests that the Court dismiss

17   the Complaint in its entirety.

18   Dated:  March 3, 2021

19                                          MORRISON & FOERSTER LLP

20

21                                          By:  /s/ *David McDowell*
                                                      David F. McDowell

22                                          ***Attorneys for Defendant***
                                            ***S.C. Johnson & Son, Inc.***

23

24

25

26

27

28