1  DAVID F. MCDOWELL (CA SBN 125806)
   DMcDowell@mofo.com
2  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
3  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
4  Facsimile: 213.892.5454

5  Attorneys for Defendant
   S.C. JOHNSON & SON, INC.

6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

| | |
|---|---|
| 12  ELIZABETH MAISEL, individually and on behalf of all others similarly situated, | Case No.     3:21-cv-00413-TSH |
| 13                    Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P 12(B)(1), 12(B)(2), 12(B)(6), AND 9(B); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 14            v. | |
| 15  S.C. JOHNSON & SON, INC., a Wisconsin Corporation, | |
| 16 | |
| 17                    Defendant. | Date:    May 27, 2021 |
| 18 | Time:    10:00 am<br>Ctrm:    G |
| 19 | Judge: Hon. Thomas S. Hixson |
| 20 | Complaint Filed:  January 15, 2021<br>Trial Date:  None Set |

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 27, 2021 at 10:00 am, or as soon therafter as the matter may be heard, Defendant S.C. Johnson & Son, Inc.("SC Johnson") will move this Court, before the Honorable Thomas S. Hixson, United States Magistrate Judge, at the San Francisco Courthouse, Courtroom G, 450 Golden Gate Avenue, San Francisco, CA 94102, for an order dismissing Plaintiff Elizabeth Maisel's First Amended Complaint ("FAC") in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6) and 9(b).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of David F. McDowell, the Request for Judicial Notice and the exhibits attached thereto, the pleadings, records, and papers on file in this action, and such other written and oral argument as may be presented to the Court.

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ........................................................................................... 9

II.    FACTUAL BACKGROUND ......................................................................... 10

III.   LEGAL STANDARD .................................................................................... 11

IV.    ARGUMENT ................................................................................................. 12

       A.     Plaintiff Fails to Allege Fraud With Particularity. ............................... 12

       B.     No Reasonable Consumer Would Be Misled by the Accurate Claim That
              the Products Contain Plant-Based and Mineral Ingredients. ................ 13

       C.     Plaintiff Lacks Standing. ..................................................................... 17

              1.     Plaintiff Cannot Challenge Labels of Products She Never
                     Purchased. ................................................................................. 17

              2.     Plaintiff Cannot Seek Injunctive Relief Where She Does Not Plan
                     To Purchase the Products in the Future. ...................................... 19

       D.     Plaintiff's Express Warranty Claim Fails Because The FAC Does Not
              Plead Facts Supporting a Breach. ......................................................... 21

       E.     Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law. ............ 22

       F.     Plaintiff's UCL, FAL, CLRA and Unjust Enrichment Claims Fail Because
              She Alleges An Adequate Remedy At Law. .......................................... 22

       G.     Plaintiff's Class Claims Are Facially Overbroad and Should Be Dismissed ........ 24

V.     CONCLUSION .............................................................................................. 26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Ang v. Bimbo Bakeries USA, Inc.*,
  No. 13-CV-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014) ...............................18

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...........................................................................................................12

*Becerra v. Dr Pepper/Seven Up, Inc.*,
  No. 17-cv-05921, 2018 WL 3995832 (N.D. Cal. Aug. 21, 2018) ...........................................21

*Bova v. City of Medford*,
  564 F.3d 1093 (9th Cir. 2009) ...............................................................................................19

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*,
  137 S. Ct. 1773 (2017) ...................................................................................................25, 26

*Cahill v. Liberty Mut. Ins. Co.*,
  80 F.3d 336 (9th Cir. 1996) ...................................................................................................11

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
  No. C 10-01044 JSW, 2011 WL 159380 (N.D. Cal. Jan. 10, 2011), <u>aff'd</u>, 475
  F. App'x 113 (9th Cir. 2012) ................................................................................................18

*Chowning v. Kohl's Dep't Stores, Inc.*,
  No. CV 15-08673 RGK, 2016 WL 1072129 (C.D. Cal. Mar. 15, 2016) ...............................23

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,
  No. CV17-01875-MWF-(MRWx), 2017 WL 4286577 (C.D. Cal. Sept. 20,
  2017) ....................................................................................................................... *passim*

*Cordes v. Boulder Brands USA, Inc.*,
  No. CV 18-6534 PSG (JCX), 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) .........................20

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ............................................................................................................25

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) ................................................................................................19

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ................................................................................................14

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*,
  905 F.3d 597 (9th Cir. 2018) ................................................................................................24

*Gasser v. Kiss My Face, LLC*,
No. 17-CV-01675-JSC, 2017 WL 4773426 (N.D. Cal. Oct. 23, 2017)....................................19

*Gazillo v. Ply Gem Indus., Inc.*,
No. 1:17-CV-1077, 2018 WL 5253050 (N.D.N.Y. Oct. 22, 2018) .........................................26

*Hadley v. Kellogg Sales Co.*,
243 F. Supp. 3d 1074 (N.D. Cal. 2017) ............................................................................15, 16

*Henderson v. Gruma Corp.*,
No. CV 10-04173 AHM, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ...............................15

*Ivie v. Kraft Foods Glob., Inc.*,
No. C–12–02554–RMW, 2013 WL 685372 (N.D. Cal. Feb. 25, 2013)..................................18

*Johns v. Bayer Corp.*,
No. 09CV1935 DMS (JMA), 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ..............................17

*Joslin v. Clif Bar & Co.*,
No. 4:18-CV-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019)..............................20

*Jou v. Kimberly-Clark Corporation*,
Case No. C-13-03075 JSC, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013)............................15

*Khasin v. R.C. Bigelow, Inc.*,
No. 12-cv-02204-WHO, 2016 WL 1213767 (N.D. Cal. Mar. 29, 2016)................................20

*Lanovaz v. Twinings N. Am., Inc.*,
726 F. App'x 590 (9th Cir. 2018) .........................................................................................19

*Lanovaz v. Twinings N. Am., Inc.*,
No. C–12–02646–RMW, 2013 WL 675929 (N.D. Cal. Feb. 25, 2013)............................17, 19

*Larsen v. Trader Joe's Co.*,
No. C 11–05188 SI, 2012 WL 5458396 (N.D. Cal. June 14, 2012)........................................18

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992).............................................................................................................17

*In re MacBook Keyboard Litig.*,
No. 5:18-cv-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ..........................23, 24

*Maclin v. Reliable Reports of Tex., Inc.*,
314 F.Supp.3d 845 (N.D. Ohio 2018)..................................................................................26

*Manchouck v. Mondelez Int'l Inc.*,
No. C 13-02148 WHA, 2013 WL 5400285 (N.D. Cal. Sept. 26, 2013), aff'd,
603 F. App'x 632 (9th Cir. 2015) ........................................................................................16

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008), <u>aff'd,</u> 322 F. App'x 489 (9th Cir. 2009) ...................22

*Prescott v. Nestle USA, Inc.*,
    No. 19-CV-07471-BLF, 2020 WL 3035798 (N.D. Cal. June 4, 2020) ...................................20

*Red v. Kraft*,
    No. 10–1028, 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012)....................................................14

*Rugg v. Johnson & Johnson*,
    No. 17-cv-05010-BLF, 2018 WL 3023493 (N.D. Cal. June 18, 2018) ...................................21

*Shaker v. Nature's Path Foods, Inc.*,
    No. 13-cv-1138-GW(OPx), 2013 WL 6729802 ......................................................................14

*Simon v. Ultimate Fitness Grp., LLC*,
    No. 19 Civ. 890 (CM), 2019 WL 4382204 (S.D.N.Y. Aug. 19, 2019) ...................................26

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020).....................................................................................22, 23, 24

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016) ...........................................................................................................17

*Tabler v. Panera LLC*,
    No. 19-CV-01646-LHK, 2019 WL 5579529 (N.D. Cal. Oct. 29, 2019) ..........................12, 20

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)..................................................................................................12

*Viggiano v. Hansen Natural Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013).....................................................................................21

*Werbel ex rel. v. Pepsico, Inc.*,
    No. C 09-04456 SBA, 2010 WL 2673860 (N.D. Cal. July 2, 2010) ..................................14, 22

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008)....................................................................................................13

*Wilson v. Frito-Lay N. Am., Inc.*,
    961 F. Supp. 2d 1134 (N.D. Cal. 2013) ...................................................................................19

*Young v. Mophie*,
    No. SACV 19-827 JVS (DFMx), 2019 WL 5173770 (C.D. Cal. Oct. 9, 2019) .....................24

*Zucco Partners LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009).....................................................................................................12

**Statutes**

Cal. Bus. & Prof. Code § 17200, *et seq.* ......................................................................11

Cal. Bus. & Prof. Code §§ 17203 ...............................................................................23

Cal. Bus. & Prof. Code § 17500, *et seq.* ......................................................................11

Cal. Civ. Code § 1750, *et seq.* ....................................................................................11

**Other Authorities**

Fed. R. Civ. P 8 ..............................................................................................................8

Fed. R. Civ. P 9(b) ....................................................................................................8, 12

Fed. R. Civ. P 12(b)(2) ...............................................................................................8, 24

## STATEMENT OF THE ISSUES TO BE DECIDED

This motion raises the following issues:

1.     **Rule 8 Plausibility:** Are Plaintiff's claims implausible when they are based on an idiosyncratic definition of "with plant-based ingredients," "plant-based ingredients," "with plant-based and mineral ingredients," and "plant-based and mineral ingredients"?

2.     **Rule 9(b) Particularity:** Does Plaintiff plead her claims sounding in fraud with the requisite particularity when she do not identify any false statements on the product labels?

3.     **Article III/Standing:** Can Plaintiff challenge the labels of products she never purchased?  Does Plaintiff have standing to seek injunctive relief when she does not have concrete plans to purchase the product(s) in the future?

4.     **Express Warranty:** Does Plaintiff state a claim for breach of express warranty when she do not allege facts establishing an express warranty or a breach of any express warranty?

5.     **Unjust Enrichment:** Can Plaintiff bring a claim for unjust enrichment when she received the benefit of the bargain?

6.     **Requests for Equitable Relief**: Can Plaintiff seek equitable relief for her UCL, FAL, CLRA, and unjust enrichment claims when she asserts claims for damages and does not lack an adequate remedy at law?

7.     **Rule 12(b)(2) Personal Jurisdiction:** Does the Court lack personal jurisdiction over the claims of non-California class members Plaintiff purports to represent?

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

## I.   INTRODUCTION

3      Plaintiff's First Amended Complaint does not identify a single false statement on the

4  Ecover product labels.  The Ecover products' "with plant-based ingredients," "plant-based

5  ingredients," "with plant-based and mineral ingredients," and "plant-based and mineral

6  ingredients" labels truthfully advertise that the products contain plant-based or plant-based and

7  mineral ingredients and Plaintiff **does not allege** otherwise.  Instead, to try to frame a claim,

8  Plaintiff's Complaint is a study in tortured definition interpretation and supposition.  She asserts

9  the "with plant-based ingredients," "plant-based ingredients," "with plant-based and mineral

10 ingredients," and "plant-based and mineral ingredients" labels indicate that products (1) *only*

11 contain plant-based and/or mineral ingredients that have not been chemically modified or

12 processed; (2) only contain natural ingredients; and (3) do not contain synthetic, non-natural, or

13 highly processed ingredients.  That leap is unsupported by *any* statements on the Ecover product

14 labels that support her tortured view that "plant-based ingredients" has such an expansive

15 meaning.  Nor does she plausibly allege facts that would support the conclusion that reasonable

16 consumers interpret the "with plant-based ingredients," "plant-based ingredients," "with plant-

17 based and mineral ingredients," and "plant-based and mineral ingredients" labels to mean *any* of

18 those things.

19      Plaintiff got what she paid for – Ecover Dishwasher Tablets that contain plant-based and

20 mineral ingredients.  Her claims stem from implausible interpretations of the Ecover product

21 labels, and the Court should dismiss them for seven separate and independent reasons.

22      First, Plaintiff does not identify any false claims on the Ecover product labels.  The

23 products contain plant-based and/or mineral ingredients, as advertised.  True statements about the

24 products cannot form the basis of a fraud claim.

25      Second, Plaintiff's personal interpretation of "with plant-based ingredients," "plant-based

26 ingredients," "with plant-based and mineral ingredients," and "plant-based and mineral

27 ingredients" does not reflect a reasonable consumer's understanding of the terms.  The product

28 labels do not claim the products contain a specific amount of plant-based or mineral ingredients,

and the vast majority clearly state the products contain water, which consumers know is neither a plant nor a mineral.

Third, Plaintiff cannot challenge the labels on thirteen Ecover products she did not purchase because she did not suffer any injury by them.  Nor can she cannot seek injunctive relieve when she does not plan to purchase the products again, and can easily ascertain if the products meet her understanding of "with plant-based ingredients," "plant-based ingredients," "with plant-based and mineral ingredients," and "plant-based and mineral ingredients"  by reading the product labels.

Fourth, Plaintiff's express warranty claim fails because the Product Labels are true, and Plaintiff' implausible interpretation of "with plant-based ingredients," "plant-based ingredients," "with plant-based and mineral ingredients," and "plant-based and mineral ingredients" cannot form the basis of an express warranty.

Fifth, Plaintiff's unjust enrichment claim fails because she received the benefit of the bargain – a Product that contains plant-based and mineral ingredients – and it duplicates her other claims.

Sixth, because Plaintiff asserts claims for damages, she does not lack an adequate remedy at law, and her UCL, FAL, CLRA, and unjust enrichment claims fail.

Finally, Plaintiff's national class claims should be dismissed because this Court would lack personal jurisdiction over the non-California class members Plaintiff purports to represent.

## II.    FACTUAL BACKGROUND

Ecover develops and sells fourteen cleaning products.[1]  The Products bear labels stating "plant-based ingredients," "plant-based and mineral ingredients," "with plant-based ingredients", and "with plant-based and mineral ingredients" (the "Product Labels").  (FAC ¶ 1.)  Plaintiff does

---

[1] The products include: Ecover All Purpose Cleaner, Ecover Cream Scrub, Ecover Delicate Wash, Ecover Dishwasher Powder, Ecover Dishwasher Tablets, Ecover Dishwasher Tablets Zero, Ecover Fabric Softener (Morning Fresh), Ecover Fabric Softener (Sunny Day), Ecover Floor Soap, Ecover Laundry Detergent (Alpine Mint), Ecover Laundry Detergent (Lavender Field), Ecover Rinse Aid, Ecover Stain Remover, and Ecover Toilet Cleaner (collectively the "Products"). (FAC. ¶ 4.)

not allege the Products lack plant-based or mineral ingredients.  In fact, she concedes that the Products *do* include plant-based ingredients.  *See* FAC ¶¶ 35-48 (listing citric acid, lactic acid, glycerin, xanthan gum, and amylase as ingredients in various Products).  The Product Labels do not advertise that the Products have a specific amount of plant-based or mineral ingredients, and each Product's back label clearly lists the Product's ingredients, including those that are not plant-based or mineral, such as water.  (*Id.* ¶¶ 19-32, 35-48; RJN Exs. A-E.)  Although the Products have similar Product Labels, they have distinct formulas, different ingredients, and unique uses. (FAC ¶¶ 34-47.)

Despite the fact that the Product Labels truthfully advertise the presence of plant-based and mineral ingredients in the Products, Plaintiff claims the labels are false and misleading.  (*Id.* ¶ 1.)  She asserts the Product Labels indicate that Products (1) *only* contain plant-based and/or mineral ingredients that have not been chemically modified or processed; (2) *only* contain natural ingredients; and (3) do not contain synthetic, non-natural, or highly processed ingredients.  (*Id.* ¶¶ 2, 12, 14, 32.)  She does not, however, identify *any* statements on the Ecover product labels that assert the amount of plant-based or mineral ingredients in the products, that the ingredients are not chemically modified or processed, that the ingredients are all-natural, or that the products contain no ingredients that are synthetic, non-natural, or highly-processed.  *See id.* ¶ 1 (identifying the "plant-based representations").

Plaintiff asserts five causes of action against SC Johnson for: (1) violation of the Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); (2) violation of Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"); (3) violation of the Cal. Civ. Code § 1750, *et seq.* ("CLRA"); (4) breach of express warranty; and (5) unjust enrichment.  (*Id.* ¶¶ 66-146.)  She seeks damages and injunctive and other equitable relief on behalf of a putative class of "all residents of the United States who, within the applicable statute of limitations period, purchased the Products," as well as a California subclass.  (*Id.* ¶ 55.)

### III.    LEGAL STANDARD

A court must accept all factual allegations pled in the complaint as true, *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996), but need not accept unreasonable inferences

1   or legal conclusions cast in the form of factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662,

2   681 (2009) ("[B]are assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the

3   elements' of a constitutional discrimination claim" are not entitled to an assumption of truth.

4   (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Because Plaintiff's claims sound

5   in fraud (*e.g.* FAC ¶ 1), the entire complaint must be pled with particularity under Rule 9(b).

6   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105-06 (9th Cir. 2003); *Tabler v. Panera LLC*,

7   No. 19-CV-01646-LHK, 2019 WL 5579529, at *11 (N.D. Cal. Oct. 29, 2019)(finding CLRA,

8   FAL, and UCL claims based on alleged product misrepresentations must be pled with

9   particularity and dismissing the claims).

10          The Court may consider the facts alleged in the complaint, documents attached to the

11   complaint, documents relied upon but not attached to the complaint (when the authenticity of

12   such documents is not questioned), and other matters of which the Court can take judicial notice.

13   *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).

14       **IV.     ARGUMENT**

15           **A.     Plaintiff Fails to Allege Fraud With Particularity.**

16          Plaintiff's fraud claims necessarily fail because she does not allege the Products lack

17   plant-based or mineral ingredients.  In challenging the allegedly false and misleading Product

18   Labels, Plaintiffs must assert the "who, what, when, where, and how of the misconduct charged."

19   *Vess*, 317 F.3d at 1006 (internal quotation marks and citation omitted).  "The plaintiff must set

20   forth what is false or misleading about a statement, and why it is false."  *Id.*  Plaintiff's allegations

21   do not meet Rule 9(b) because she fails to assert that the Products lack plant-based and mineral

22   ingredients.  In fact, she concedes that the Products *do* include plant-based ingredients.  *See* FAC

23   ¶¶ 34-47 (identifying citric acid, lactic acid, glycerin, xanthan gum, and amylase as plant-based

24   ingredient in various Products).  Given this fact, the Court should dismiss Plaintiff's fraud claims

25   because the Product Labels are accurate.

26          In *Chuang v. Dr. Pepper Snapple Grp., Inc.,* the court dismissed nearly identical claims as

27   inadequate.  There, Plaintiff alleged the "Made with Real FRUIT!" and "Made with Real FRUIT

28   & VEGETABLE [or "VEGGIE"] Juice" labels on fruit snacks were false and misleading because

they conveyed to a reasonable consumer that the fruit snacks contain significant amounts of fruit and are nutritious and healthful, when in fact the products were mostly sugar and juice. *Chuang v. Dr. Pepper Snapple Grp., Inc.,* No. CV17-01875-MWF-(MRWx), 2017 WL 4286577, at *4 (C.D. Cal. Sept. 20, 2017). The court found plaintiffs "fail to point to any false statements on the part of [d]efendants regarding the fruit snacks….because an independent review of the product labels reveals that the statements are *not* false, as the products do contain the fruits and vegetables depicted [and] are made with fruit and vegetable juice." *Id*. at *4. The court explained "[w]here statements or depictions of ingredients on packaging are truthful, as demonstrated by a review of the packaging at issue here, courts may dismiss claims that those statements or depictions are misleading." Here, like in *Chuang*, an independent review of the Products' ingredients reveals they do in fact contain plant-based or plant-based and mineral ingredients, and Plaintiff does not assert otherwise. *See* FAC ¶¶ 34-47 (identifying plant-based ingredients in the Products). Accordingly, because the Label Statements are accurate, the Court should dismiss Plaintiff's claims.[2]

> **B.      No Reasonable Consumer Would Be Misled by the Accurate Claim That the Products Contain Plant-Based and Mineral Ingredients.**

Plaintiff also fails adequately to allege the Product Labels are misleading because Plaintiff's interpretations of "with plant-based ingredients," "plant-based ingredients," "with plant-based and mineral ingredients," and "plant-based and mineral ingredients" do not reflect a reasonable consumer's understanding of the terms. A statement is actionable only if it is likely to deceive a reasonable consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (California consumer protection statutes, including the UCL, FAL, and CLRA, are governed by the "reasonable consumer" test). Likely to deceive implies "more than a mere

---

[2] Plaintiff asserts the Product Labels are false and misleading because the Products contain allegedly "synthetic, non-natural, and highly processed ingredients." (FAC ¶¶ 35-48.) But Plaintiff does not point to any language on the Product labels advertising the Products as free of synthetic, non-natural, or highly processed ingredients, and the Product labels make no such claims. The presence of allegedly synthetic, non-natural, or highly processed ingredients in the Products does not change the fact that Products *also* contain plant-based and mineral ingredients, as advertised.

1   possibility" that a statement "might conceivably be misunderstood by some few consumers

2   viewing it in an unreasonable manner." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016)

3   (internal quotations omitted). "[T]he term 'likely' [to deceive] indicates that deception must be

4   probable, not just possible." *Shaker v. Nature's Path Foods, Inc.*, No. 13-cv-1138-GW(OPx),

5   2013 WL 6729802, at *3 (internal quotations omitted). "Thus, where a court can conclude as a

6   matter of law that members of the public are not likely to be deceived by the product packaging,

7   dismissal is appropriate." *Werbel ex rel. v. Pepsico, Inc.*, No. C 09-04456 SBA, 2010 WL

8   2673860, at *3 (N.D. Cal. July 2, 2010). Plaintiff's claims fail to meet the reasonable consumer

9   standard.

10          Plaintiff premises her claim on the implausible theory that a reasonable consumer believes

11   the Product Labels imply a product *only* contains ingredients that (1) come from plants or plants

12   and minerals; and (2) "are not subject to chemical modification nor processing, which materially

13   alters the ingredients' original plant-based or mineral composition." (FAC ¶ 2.) This

14   understanding of "with plant-based ingredients," "plant-based ingredients," "with plant-based and

15   mineral ingredients," and "plant-based and mineral ingredients" is unreasonable and contradicted

16   by the Product Labels' plain language.

17          As demonstrated by the FAC, the Product Labels do not advertise that the Products

18   include a specific amount of plant-based on mineral ingredients. Plaintiff's idiosyncratic

19   interpretation that everything in them must be plant or mineral based is particularly unreasonable

20   because most of the Product's back labels also clearly state the Products contain water, which all

21   consumers know is neither a plant nor a mineral. *See e.g.* RJN Exs. A-E. Courts in the Ninth

22   Circuit dismiss as unreasonable claims that a true statement about the presence of an ingredient

23   conveys to consumers that the product contains a significant amount of that ingredient. *See e.g.*

24   *Chuang,* 2017 WL 4286577, at *4 (dismissing claim that "made with real fruit and vegetable

25   juice" label suggests the product contains significant amounts of fruits and vegetables when "the

26   statements are not false, as the products… are made with fruit and vegetable juice"); *Red v.*

27   *Kraft,* No. 10–1028, 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012) (dismissing plaintiff's

28   claim that "made with real vegetables" label implies a product contains a significant amount of

vegetables because a reasonable consumer knows "that a cracker is not composed of primarily fresh vegetables"); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1093 (N.D. Cal. 2017) (dismissing claims that "Made with Real Fruit" is misleading and holding that "[i]t is not misleading for a product to state it is made with real fruit when that statement accurately represents that the product contains real fruit and does not misrepresent the type of fruit the product contains").  When faced with a label that advertises that the Product contains plant-based ingredients, mineral ingredients, and water, a reasonable consumer does not believe the Product *only* contains plants or minerals because the plain language of the label clearly states that the Product does not.

     *Henderson* is on all fours here.  In *Henderson,* plaintiff alleged the label "with garden vegetables" is misleading because it implies the product contained significant vegetable content when it did not.  *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *12 (C.D. Cal. Apr. 11, 2011).  The court dismissed plaintiff's claims because "the product does in fact contain vegetables that can be grown in a garden."  *Id*.  Therefore, "the phrase 'with garden vegetables' is accurate in the context of the label as a whole, and unlikely to deceive a reasonable consumer."  *Id*.  The court explained, "the labeling statement does not claim a specific *amount* of vegetables in the product, but rather speaks to their presence in the product, which is not misleading."  *Id*.  Here, the Product Labels are also unlikely to deceive a reasonable consumer because the Products *do* contain plant-based and/or mineral ingredients, and Plaintiff does not allege otherwise.  The Product Labels truthfully indicate that plant-based and mineral ingredients are present in the Products, which is not misleading.  *See also Jou v. Kimberly-Clark Corporation,* Case No. C-13-03075 JSC, 2013 WL 6491158, at *10 (N.D. Cal. Dec. 10, 2013) (granting motion to dismiss UCL, FAL, and CLRA claims based on "soft organic cotton" label because the phrase "does not in any way connote that the entire diaper is made of only that material; the phrase simply communicates the presence of that ingredient, which is true").

     Plaintiff also does not plausibly allege that reasonable consumers interpret the Product Labels to mean the Products "only contain ingredients that are not subjected to chemical modification or processing, which materially altered the ingredients' original plant-based or

1    mineral composition."  (FAC ¶ 51.)  Contrary to Plaintiff's claims, "plant-*based* ingredients"

2    implies to a reasonable consumer that the ingredients are not in their original plant form.

3    Otherwise, the Product Labels would advertise the ingredients as "plants."  The word "based"

4    alerts reasonable consumers that a plant is an element of the ingredient, but not the entire

5    ingredient.  *See Manchouck v. Mondelez Int'l Inc.*, No. C 13-02148 WHA, 2013 WL 5400285, at

6    *3 (N.D. Cal. Sept. 26, 2013), aff'd, 603 F. App'x 632 (9th Cir. 2015) (implausible that accurate

7    "made with real fruit" statement does not include mechanically processed fruit because "[i]t is

8    ridiculous to say that consumers would expect snack food 'made with real fruit' to contain only

9    'actual strawberries or raspberries,' rather than these fruits in a form amenable to being squeezed

10   inside a Newton.")

11         Plaintiff's interpretation of the Product Labels is also implausible because the Product

12   labels do not reference chemically modified or processed ingredients.  *Hadley* is instructive.

13   There, plaintiff alleged that a product's "MADE WITH Real Fruit" label was misleading because

14   the product contained trans-fat.  *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1092 (N.D.

15   Cal. 2017).  Plaintiff did not dispute that the product contained real fruit.  *Id*. at 1093.  The court

16   dismissed plaintiff's claims because the true statement "MADE WITH Real Fruit" "does not

17   reference the presence, or lack thereof, of trans fat" and the label did "not mention trans fat at

18   all."  *Id*.  "Defendant's factually true statement would not cause a reasonable consumer to believe

19   that the Nutri-Grain Bars are free of trans fat."  *Id*.  Like in *Hadley*, it is unreasonable for Plaintiff

20   to assert the Product Labels imply the Product's ingredients are not chemically modified or

21   processed because the Product Labels do not advertise them as such.  The words "chemical

22   modification" and "processing" do not appear anywhere on the Product Labels.  The Products'

23   true "plant-based ingredients," "with plant-based ingredients," "plant-based and mineral

24   ingredients," or "with plant-based and mineral ingredients" statement does not cause a reasonable

25   consumer to believe that the Product's ingredients are free of chemical modification or

26   processing.

27         Because the Product Labels accurately advertise that the Products contain plant-based,

28   mineral, and other ingredients like water, reasonable consumers do not believe the Products *only*

1    contain plants and minerals that are not chemically altered or processed.  Common sense dictates

2    the Court dismiss Plaintiff's claims as implausible.

3                    **C.      Plaintiff Lacks Standing.**

4          Plaintiff also lacks standing to bring this action because she challenges Products she never

5    purchased and alleges far too speculative an injury to seek injunctive relief.  To establish Article

6    III standing, a plaintiff must plead and prove "injury in fact," causation, and redressability.

7    "[I]njury in fact" requires damage to "a legally protected interest which is (a) concrete and

8    particularized, and (b) 'actual or imminent', not 'conjectural or hypothetical.'"  *Lujan v. Defs. of*

9    *Wildlife*, 504 U.S. 555, 560 (1992) (internal citations omitted).  "For an injury to be

10   'particularized,' it 'must affect the plaintiff in a personal and individual way.'"  *Spokeo, Inc. v.*

11   *Robins*, 136 S. Ct. 1540, 1548 (2016) (citation omitted).  "The UCL and FAL incorporate the

12   Article III standing requirements, but additionally require that the plaintiff plead an economic

13   injury."  *Smedt v. Hain Celestial Grp.*, Inc, No. 5:12-CV-03029-EJD, 2014 WL 2466881, at *5

14   (N.D. Cal. May 30, 2014).

15         The FAC fails to establish the requisite standing because Plaintiff was not injured by

16   Products she did not buy, and she will not be misled by the Product Labels in the future.

17                    **1.      Plaintiff Cannot Challenge Labels of Products She Never**
18                            **Purchased.**

19         Plaintiff cannot challenge the Product Labels on the Non-Purchased Products[3] because she

20   did not buy them.  She admits that she only purchased Ecover Dishwasher Tablets (FAC ¶ 55),

21   and she "cannot expand the scope of [her] claims to include a product not purchased" because

22   "there can be no requisite *pecuniary* injury" as to those products.  *Lanovaz v. Twinings N. Am.,*

23   *Inc.*, No. C–12–02646–RMW, 2013 WL 675929, at *2 (N.D. Cal. Feb. 25, 2013); *Johns v. Bayer*

24   *Corp.*, No. 09CV1935 DMS (JMA), 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010).  District

25         [3] Plaintiff concedes that she did not buy thirteen of the Products whose labels she seeks to
26   challenge: Ecover All Purpose Cleaner, Ecover Cream Scrub, Ecover Delicate Wash, Ecover
     Dishwasher Powder, Ecover Dishwasher Tablets Zero, Ecover Fabric Softener (Morning Fresh),
27   Ecover Fabric Softener (Sunny Day), Ecover Floor Soap, Ecover Laundry Detergent (Alpine
     Mint), Ecover Laundry Detergent (Lavender Field), Ecover Rinse Aid, Ecover Stain Remover, or
28   Ecover Toilet Cleaner (the "Non-Purchased Products). (FAC ¶ 54.)

courts throughout the Ninth Circuit prohibit plaintiffs from challenging products they never purchased because they suffer no injury as to those products. *See e.g. Carrea v. Dreyer's Grand Ice Cream, Inc.,* No. C 10-01044 JSW, 2011 WL 159380, at *3 (N.D. Cal. Jan. 10, 2011), aff'd, 475 F. App'x 113 (9th Cir. 2012) (dismissing Plaintiff's claims against product he did not purchase for lack of standing); *Larsen v. Trader Joe's Co.*, No. C 11–05188 SI, 2012 WL 5458396, at *5 (N.D. Cal. June 14, 2012) (plaintiffs could not have suffered a particularized injury for products they did not purchase); *Ivie v. Kraft Foods Glob., Inc.*, No. C–12–02554–RMW, 2013 WL 685372, at *5 (N.D. Cal. Feb. 25, 2013) (no requisite pecuniary injury where plaintiff did not purchase the product at issue). Plaintiff cannot challenge the Non-Purchased Products because she did not buy them, and thus, did not suffer an economic injury by them.

Nor is this a case where courts have allowed plaintiffs to pursue claims against "substantially similar" products. Where "the actual composition or appearance of the [Products are] legally significant to the claim at issue," courts have concluded that plaintiffs can only "pursue claims for products with identical product composition and/or appearance." *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014) (plaintiffs lack standing to challenge identical "fresh" and "baked daily" labels on unpurchased products when fact-specific analysis will be required "to determine whether each is in fact 'processed and preserved' to such a level that the use of the term 'fresh' becomes misleading.") The composition of each Product is critical to Plaintiff's claims because she argues that each Product contains ingredients that do not come from plants or from plants and minerals, which renders its label false and misleading. (FAC ¶¶ 2-3.) Plaintiff cannot challenge the Non-Purchased Products because she concedes that the Products' compositions are not identical. She acknowledges the substantial dissimilarities between the Non-Purchased Products by highlighting the different ingredients in each Product. (*Id.* ¶¶ 34-47.) None of the complained of ingredients are found in all the Products. (*Id.*) And Ecover Dishwasher Tablets only share ten percent of the ingredients Plaintiff identifies with some of the other Products. (*Id.*) A fact-specific analysis will be required to determine whether each of the Products' Labels are false and misleading. Accordingly, Plaintiff does not have standing to challenge the Non-Purchased Products, and her

1   claims should be dismissed.  *See Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1141

2   (N.D. Cal. 2013) (plaintiffs' claim "that all the Products are made by the same manufacturer, and,

3   with the exception of flavors, contain the same ingredients and implicate the same concerns" is

4   insufficient to confer standing for products they did not buy); *Lanovaz*, 2013 WL 2285221, at *3

5   (plaintiff lacks standing to challenge "natural source of antioxidants" labels of products he did not

6   purchased when unpurchased products are "made from a different plant and [are] thus a

7   significantly different product").

8               2.      **Plaintiff Cannot Seek Injunctive Relief Where She Does Not**
                        **Plan To Purchase the Products in the Future.**
9

10          Plaintiff also lacks standing to seek injunctive relief because she does not plan to purchase

11  the Product, as formulated, in the future.  Injunctive relief requires plaintiffs to plead a threat of

12  injury that is "actual and imminent, not conjectural or hypothetical."  *Davidson v. Kimberly-Clark*

13  *Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (internal citations omitted).  The threatened injury must

14  be certainly impending to constitute injury in fact and allegations of *possible* future injury are not

15  sufficient.  *Id.*  "A some day intention – without any description of concrete plans, or indeed even

16  any specification of *when* the some day will be – does not support a finding of the actual or

17  imminent injury that Article III requires."  *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590,

18  591 (9th Cir. 2018) (internal quotations omitted).  A plaintiff does not have Article III standing to

19  seek injunctive relief where her claims rest "upon contingent future events that may not occur as

20  anticipated, or indeed may not occur at all." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th

21  Cir. 2009) (citation omitted).  This is because "if the contingent events do not occur, the plaintiff

22  likely will not have suffered an injury that is concrete and particularized enough to establish the

23  first element of standing." *Id.*; *see Gasser v. Kiss My Face, LLC*, No. 17-CV-01675-JSC, 2017

24  WL 4773426, at *4 (N.D. Cal. Oct. 23, 2017) (allegation that plaintiffs "would purchase the

25  Products again if [defendant] changed the composition so that they conformed to their 'natural'

26  labeling and marketing" is insufficient to establish standing for injunctive relief).

27          Plaintiff does not allege that she intends to purchase the Products, as formulated, in the

28  future.  She asserts that she would purchase the Products again, *only if* they contain ingredients

that only come from plants or minerals and are not materially altered through chemical modification and processing.  (FAC ¶ 9.)   This hypothetical plan is not an actual or imminent injury because Plaintiff will potentially buy the Products only if Ecover reformulates them.  *See e.g. See Khasin v. R.C. Bigelow, Inc.*, No. 12-cv-02204-WHO, 2016 WL 1213767, at *4 (N.D. Cal. Mar. 29, 2016) (finding plaintiff's assertion that he "would consider buying Bigelow tea again if the antioxidant claims were removed from the packages" does not establish Article III standing; *Tabler*, 2019 WL 5579529, at *8 (finding plaintiff failed to allege any future injury that is certainly impending when she alleged that she "may" purchase the products again in the future); *Prescott v. Nestle USA, Inc.,* No. 19-CV-07471-BLF, 2020 WL 3035798, at *6 (N.D. Cal. June 4, 2020) (dismissing plaintiffs' claims for injunctive relief when they alleged the "would purchase the Product again in the future if they could be sure that the Product was white chocolate").

And, because the Products' Labels identify the Product's ingredients, the Product Labels cannot mislead Plaintiff in the future.  Plaintiff's claim that she is "at risk" of "assuming that Defendant fixed the formulation of the Products such that Plaintiff may buy them again, believing they were no longer falsely advertised" rings hollow.  (FAC ¶ 9.)  She can easily ascertain if the Products satisfy her understanding of "plant-based ingredients," "with plant-based ingredients," "plant-based and mineral ingredients," or "with plant-based and mineral ingredients" by looking at the ingredient lists on the back of the Products.  *See Joslin v. Clif Bar & Co.*, No. 4:18-CV-04941-JSW, 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019) (finding plaintiffs lack standing to seek injunctive relief when they allege they would like to purchase the product again but cannot trust the accuracy of the label where the label lists the product ingredients); *See also Cordes v. Boulder Brands USA, Inc.,* No. CV 18-6534 PSG (JCX), 2018 WL 6714323, at *4 (C.D. Cal. Oct. 17, 2018) (finding plaintiff can easily determine if a defendant has cured previous misrepresentations without purchasing the product by reading the label).  Plaintiff will not suffer a future injury sufficient to establish Article III standing, and the Court should dismiss her request for injunctive relief.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**D.      Plaintiff's Express Warranty Claim Fails Because The FAC Does Not Plead Facts Supporting a Breach.**

The accurate "plant-based ingredients," "with plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and mineral ingredients" statements cannot form the basis of an express warranty claim, and it should be dismissed.  "To prevail on a breach of express warranty claim, a plaintiff must prove that the seller '(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff.'"  *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 893 (C.D. Cal. 2013) (citation omitted).  Plaintiff fails to state a claim for breach of express warranty for two reasons.

First, "plant-based ingredients," "with plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and mineral ingredients" are true statements about the Products, as the Products contain plant-based or plant-based and mineral ingredients.  Plaintiff does not allege otherwise.  Plaintiff got what she paid for—dishwasher tablets that contain plant-based and mineral ingredients.  (FAC ¶¶ 8, 22, 38).  Because the Product included plant-based and mineral ingredients, as advertised, Plaintiff does not plead facts supporting a breach.  *See Chuang,* 2017 WL 4286577, at *7 (no breach of express warranty when statements that the products are "made with real fruit and vegetable juice" are true).

Second, Plaintiff's unreasonable interpretation of the Product Labels cannot form the basis of any express warranty.  Courts dismiss breach of warranty claims where the challenged phrase does not actually create the warranty alleged.  *See Becerra v. Dr Pepper/Seven Up, Inc.*, No. 17-cv-05921, 2018 WL 3995832, at *9 (N.D. Cal. Aug. 21, 2018) (the term diet on label "does not create an express or implied warranty to consumers that the product will lead to weight loss or healthy weight management" and the product "conform[s] to ... the affirmation of fact made on the ... label"); *Rugg v. Johnson & Johnson*, No. 17-cv-05010-BLF, 2018 WL 3023493 at *3 (N.D. Cal. June 18, 2018) (dismissing breach of express warranty claim "because it depends on Plaintiff's implausible definition of "hypoallergenic").  The "plant-based ingredients," "with plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and

1   mineral ingredients" statements do not warrant to consumers that the Products *only* contain

2   ingredients that (1) come from plants and/or from plants and animals; and (2) are not subject to

3   chemical modification or processing, which materially alters the ingredients' original plant-based

4   or mineral composition.  The Product Labels do not claim a specific *amount* of plant-based or

5   mineral ingredients are in the product, and the term "chemical modification or processing" does

6   not appear on the labels.  *See, e.g.*, *Werbel*, 2010 WL 2673860, at *5 (dismissing breach of

7   express warranty claim when the alleged warranties "contains berries" and "substantially fruit-

8   based product deriving nutritional value from fruit" were not on product packaging).

9   Accordingly, the Court should dismiss Plaintiff's breach of warranty claim.

10            **E.      Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law.**

11          Plaintiff also cannot state a claim for unjust enrichment because she received the benefit

12   of the bargain – a Product that contains plant-based and mineral ingredients.  "A claim for unjust

13   enrichment, restitution and/or quasi-contract cannot lie where the plaintiff has received the benefit

14   of the alleged bargain."  *Chuang*, 2017 WL 4286577, at *8.  Ecover Dishwasher Tablets

15   truthfully advertise that the Product contains "plant-based and mineral ingredients." Plaintiff does

16   not allege the Dishwasher Tablets lack plant-based or mineral ingredients.  Because Plaintiff

17   received the Product as advertised, she cannot state a claim for unjust enrichment.  And, because

18   Plaintiff's other claims fail, her unjust enrichment claim fails as well.  *Oestreicher v. Alienware*

19   *Corp.*, 544 F. Supp. 2d 964, 975 (N.D. Cal. 2008), aff'd, 322 F. App'x 489 (9th Cir. 2009)

20   (finding plaintiff has no basis for unjust enrichment claim when its fraud-based claims are

21   dismissed).

22            **F.      Plaintiff's UCL, FAL, CLRA and Unjust Enrichment Claims Fail**
                        **Because She Alleges An Adequate Remedy At Law.**

23
            Plaintiff's UCL, FAL, and unjust enrichment claims must be dismissed in their entirety

24   under *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020), because they provide

25   exclusively equitable relief, not damages, and Plaintiff does not and cannot establish she lacks an

26

27

28

1   adequate remedy at law.[4]   *See* Cal. Bus. & Prof. Code §§ 17203 (UCL remedies), 17535 (FAL

2   remedies); *Chowning v. Kohl's Dep't Stores, Inc.*, No. CV 15-08673 RGK (SPx), 2016 WL

3   1072129, at *5 (C.D. Cal. Mar. 15, 2016) ("[D]amages . . . are not available under the UCL [or

4   FAL]" (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1148 (2003)

5   (alteration in original).).   *Sonner* further requires dismissal of Plaintiff's CLRA claim to the

6   extent it seeks injunctive and other equitable relief. *See, e.g., In re MacBook Keyboard Litig.*, No.

7   5:18-cv-02813-EJD, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020) ("[N]othing about the

8   Ninth Circuit's reasoning [in *Sonner*] indicates that the decision is limited to claims for

9   restitution.  In fact, numerous courts in this circuit have applied *Sonner* to injunctive relief

10   claims.")

11        *Sonner* concluded that notwithstanding what state law may permit, the Supreme Court has

12   consistently made clear that federal courts are bound by the "rigid restrictions" on a their

13   equitable powers explicitly enumerated in *Guaranty Trust Co. of New York v. York*, including the

14   requisite inadequacy of legal remedies.  *Sonner,* 971 F.3d at 842 (citing *Guaranty Tr. Co. of N.Y.

15   v. York*, 326 U.S. 99, 105-06 (1945)).  Thus, traditional federal equitable principles, not state law,

16   govern the determination whether to award equitable relief in a diversity action:  "[S]tate law can

17   neither broaden nor restrain a federal court's power to issue equitable relief."  *Id.* at 841.

18   Accordingly, *Sonner* affirmed dismissal of plaintiff's UCL and CLRA claims for equitable

19   restitution because plaintiff's complaint did not plead "the inadequacy of remedies at law," and

20   because plaintiff sought money damages under the CLRA.  *Id*. at 844 (quoting *O'Shea v.

21   Littleton*, 414 U.S. 488, 502 1974)).

22        Here, as in *Sonner*, Plaintiff does not provide a basis for any argument that damages will

23   not make her whole.  In response to SC Johnson's earlier challenge to her claims, Plaintiff merely

24   amended her complaint to include a conclusory assertion that "no adequate remedy at law exists"

25   while, at the same time, adding a claim for damages.  (FAC ¶¶ 78, 113, 128, 130, 146.)  The

26

27        [4] To the extent Plaintiff purports to seek equitable remedies for her breach of express
28   warranty claim, those should be dismissed as well.  (*See* FAC ¶ 136.)

1    Court need not accept Plaintiff's unsupported legal conclusion that no adequate remedy at law

2    exists, especially when the only facts Plaintiff alleges in the FAC establish the opposite.  (*See*

3    FAC ¶ 136.)  Indeed, Plaintiff admits that damages are a viable remedy.  She seeks "damages

4    including, but not limited to, the amounts paid for the Product, and any interest that would have

5    accrued on those monies, in an amount to be proved at trial" for her CLRA and breach of express

6    warranty claims.  (FAC ¶¶ 128, 136.)  Nor is injunctive relief an appropriate remedy because

7    Plaintiff is not at risk of any future injury as she alleges that she will not buy the Product again

8    unless Ecover reformulates it.  (FAC ¶ 9.)  Thus, as the claims in the FAC establish, damages will

9    remedy her alleged injuries.

10   Because Plaintiff cannot plead that she lacks an adequate remedy at law, the Court should

11   dismiss her UCL and FAL claims.  The same is true for the portion of her CLRA claim seeking

12   injunctive and equitable relief (FAC ¶¶ 141, 142), and her unjust enrichment claim, which is

13   considered "under a quasi-contract, restitution-based theory."  *Young v. Mophie*, No. SACV 19-

14   827 JVS (DFMx), 2019 WL 5173770, at *9 (C.D. Cal. Oct. 9, 2019); *See In re MacBook*

15   *Keyboard Litig.*, 2020 WL 6047253, at *4 (relying on *Sonner* and dismissing UCL claim in its

16   entirety as well as remaining claims "to the extent they seek an injunction, restitution, or other

17   equitable relief").

18   **G.    Plaintiff's Class Claims Are Facially Overbroad and Should Be Dismissed.**

19

20   Finally, because this Court would lack personal jurisdiction over the non-California class

21   members Plaintiff purports to represent, the Court should dismiss Plaintiff's national class claims.

22   Personal jurisdiction can be established in only two ways — general jurisdiction or specific

23   jurisdiction.  *See Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th

24   Cir. 2018).  Plaintiff cannot meet her burden to establish either as to the claims of the non-

25   California putative class members, requiring dismissal of her nationwide class claims under

26   Rule 12(b)(2).

27   The Court lacks general jurisdiction over SC Johnson because SC Johnson is at home in

28   Wisconsin, not California.  Absent "exceptional" circumstances not present here, courts have

general jurisdiction over corporations only in:  (1) the corporation's state of incorporation; or (2) the state where the corporation has its principal place of business.  *Daimler AG v. Bauman*, 571 U.S. 117, 136–39 & n.19 (2014).  A corporation is not subject to general jurisdiction in a state simply because it "engages in a substantial, continuous, and systematic course of business" there.  *Id.* at 137–38.  Here, Plaintiff acknowledges that SC Johnson is a Wisconsin corporation with its principal place of business in Wisconsin.  (FAC ¶ 10.)  Thus, the Court lacks general jurisdiction over SC Johnson.

The Court also lacks specific jurisdiction over SC Johnson with respect to the claims of putative class members residing outside of California.  In *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017), the United States Supreme Court found that, for a court to exercise specific jurisdiction over a defendant there must be an "affiliation between the forum and the underlying controversy."  *Id.* at 1780 (citation omitted). The Supreme Court concluded that claims brought by out-of-state plaintiffs against an out-of-state defendant in a California state court must be dismissed because the California court could not exercise personal jurisdiction over the company as to the out-of-state plaintiffs' claims when those plaintiffs did not purchase, use, or suffer injuries from the product at issue in California.  *Id.* at 1781–82. The Supreme Court explained, "[w]hat is needed — and what is missing here — is a connection between the forum and the specific claims at issue."  *Id.* at 1781.  Absent an "adequate link" "between the forum and the specific claims" asserted by a nonresident plaintiff, a court may not exercise specific personal jurisdiction over a defendant, "even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; [and] even if the forum State is the most convenient location for litigation."  *Id.* at 1780–81 (citation and alterations omitted).  In other words, nonresident plaintiffs cannot establish "personal jurisdiction-by-proxy" based on the allegations of one resident plaintiff.  Personal jurisdiction must be independently established with respect to each plaintiff's claims.

Although the Supreme Court left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court," *id.* at

1784, federal courts interpreting *Bristol-Myers* have concluded that it precludes nationwide class actions in forums where general jurisdiction does not exist over the defendant.  *See, e.g., Gazillo v. Ply Gem Indus., Inc.*, No. 1:17-CV-1077 (MAD/CFH), 2018 WL 5253050, at *7 (N.D.N.Y. Oct. 22, 2018) (The Complaint contains neither (1) facts demonstrating Defendants' contacts with New York, nor (2) facts showing a connection between New York and the out-of-state Plaintiffs' claims.); *see also Maclin v. Reliable Reports of Tex., Inc.*, 314 F.Supp.3d 845, 851 (N.D. Ohio 2018) ("[T]his district court will not limit the holding in *Bristol-Myers* to mass tort claims or state courts."); *but see Simon v. Ultimate Fitness Grp., LLC*, No. 19 Civ. 890 (CM), 2019 WL 4382204, at *4 (S.D.N.Y. Aug. 19, 2019) (explaining the diverging views among federal courts over *Bristol-Myers* and its applicability in federal class actions).

As in *Bristol-Myers*, the putative out-of-state class members claims have no alleged nexus to California.  Plaintiff has failed to establish any facts to show that these class members suffered any injury in California, or that their claims have any connection to SC Johnson's conduct within California.  The mere fact that Plaintiff has alleged injury in California does not permit the Court to assert specific jurisdiction over the claims of nonresidents who were not injured in California. *See Bristol-Myers*, 137 S. Ct. at 1781.

## V.     CONCLUSION

For the reasons set forth above, SC Johnson respectfully requests that the Court dismiss the First Amended Complaint in its entirety.

Dated:  April 7, 2021

MORRISON & FOERSTER LLP

By:  /s/ David F. McDowell
David F. McDowell
***Attorneys for Defendant***
***S.C. Johnson & Son, Inc.***
