1   DAVID F. MCDOWELL (CA SBN 125806)
    DMcDowell@mofo.com
2   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard, Suite 6000
3   Los Angeles, California  90017-3543
    Telephone: 213.892.5200
4   Facsimile: 213.892.5454

5   Attorneys for Defendant
    S.C. JOHNSON & SON, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCIO DIVISION

11

| 12 | ELIZABETH MAISEL, individually and on behalf of all others similarly situated, | Case No.      3:21-cv-00413-TSH |
|----|----|----|
| 13 | | **REPLY IN SUPPORT OF** |
| | Plaintiff, | **DEFENDANT S.C. JOHNSON &** |
| 14 | | **SON, INC.'S MOTION TO DISMISS** |
| | v. | **PLAINTIFF'S FIRST AMENDED** |
| 15 | | **COMPLAINT** |
| 16 | S.C. JOHNSON & SON, INC., a Wisconsin Corporation, | Date:      May 27, 2021 |
| 17 | | Time:      10:00 am |
| | Defendant. | Ctrm:      G |
| 18 | | Judge: Hon. Thomas Hixson |
| 19 | | Complaint Filed:  January 15, 2021 |
| 20 | | Trial Date:  None Set |

21

22

23

24

25

26

27

28

DEFENDANT S.C. JOHNSON & SON, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
Case No. 3:21-cv-00413
sf-4475816

1

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................ 6

II.    ARGUMENT .................................................................................................. 6

    A.    Plaintiff Fails to Allege Fraud with Particularity. .................................... 6

    B.    No Reasonable Consumer Would Be Misled by the Accurate Claim That The Products Contain Plant-Based and Mineral Ingredients. ............................... 7

    C.    Plaintiff Lacks Standing to Challenge The Labels of Products She Never Purchased. ............................................................................................. 11

    D.    Plaintiff Cannot Seek Injunctive Relief Where She Does Not Plan To Purchase The Products In The Future. .................................................... 13

    E.    Plaintiff's Breach of Warranty Claim Fails Because She Does Not Identify Any False Statements On The Product Labels. ........................................ 15

    F.    Plaintiff Was Not Unjustly Enriched Because She Received The Benefit of The Bargain. ......................................................................................... 16

    G.    Plaintiff's UCL, FAL, CLRA, and Unjust Enrichment Claims Also Fail Because She Alleges An Adequate Remedy At Law. ............................... 16

    H.    Plaintiff's Class Claims Are Facially Overbroad And Should Be Dismissed. ............................................................................................. 17

III.   CONCLUSION ............................................................................................ 19

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ang v. Bimbo Bakeries USA, Inc.*,
5
    No. 13-CV-01196-WHO, 2014 WL 1024182 (N.D. Cal. Mar. 13, 2014)................................12

6

*Becerra v. Dr Pepper/Seven Up, Inc.*,
7
    No. 17-CV-05921-WHO, 2018 WL 3995832 (N.D. Cal. Aug. 21, 2018), *aff'd*,
    945 F.3d 1225 (9th Cir. 2019)........................................................................................15, 16

8

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty.*,
9
    137 S. Ct. 1773 (2017) ....................................................................................................18, 19

10

*Campen v. Frito-Lay N. Am., Inc.*,
    No. 12-1586 SC, 2013 WL 1320468 (N.D. Cal. Apr. 1, 2013) ............................................8, 9

11

12

*Carpenter v. PetSmart, Inc.*,
    441 F. Supp. 3d 1028 (S.D. Cal. 2020) ..............................................................................18, 19

13

14

*Cheslow v. Ghirardelli Chocolate Company*,
    445 F.Supp.3d 8 (N.D. Cal. 2020) ...........................................................................................10

15

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,
16
    No. CV17-01875-MWF-(MRWx), 2017 WL 4286577 (C.D. Cal. Sept. 20,
    2017) ....................................................................................................................7, 8, 15, 16

17

*Clark v. Perfect Bar, LLC*,
18
    No. C 18-06006 WHA, 2018 WL 7048788 (N.D. Cal. Dec. 21, 2018)..................................10

19

*Cordes v. Boulder Brands USA, Inc.*,
    No. CV 18-6534 PSG (JCX), 2018 WL 6714323 (C.D. Cal. Oct. 17, 2018) .........................14

20

21

*Davidson v. Kimberley-Clark*,
    889 F.3d 956 (9th Cir. 2018)........................................................................................13, 14, 15

22

*Gibson v. Jaguar Land Rover N. Am., LLC*,
23
    No. CV2000769CJCGJSX, 2020 WL 5492990 (C.D. Cal. Sept. 9, 2020).............................17

24

*Goldstein v. Gen. Motors LLC*,
    445 F. Supp. 3d 1000 (S.D. Cal. 2020) ...................................................................................18

25

26

*Gregorio v. Clorox Co.*,
    No. 17-cv-03824-PJH, 2018 WL 732673 (N.D. Cal. Feb. 6, 2018) .......................................11

27

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ...............................................................................8, 10

28

*Henderson v. Gruma Corp.*,
No. CV 10-04173 AHM, 2011 WL 1362188 (C.D. Cal. Apr. 11, 2011) ..................................8

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) ........................................................................................................19

*Jones v. Nutiva, Inc.*,
No. 16-CV-00711-HSG, 2016 WL 5210935 (N.D. Cal. Sept. 22, 2016) .........................15, 16

*Joslin v. Clif Bar & Co.*,
No. 4:18-CV-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) .........................14, 15

*Jou v. Kimberly-Clark Corporation*,
Case No. C-13-03075 JSC, 2013 WL 6491158 (N.D. Cal. Dec. 10, 2013) ............................7

*Kutza v. Williams-Sonoma, Inc.*,
No. 18-cv-03534-RS, 2018 WL 5886611 (N.D. Cal. Nov. 9, 2018) .......................................11

*Lanovaz v. Twinings N. Am., Inc.*,
No. C–12–02646–RMW, 2013 WL 675929 (N.D. Cal. Feb. 25, 2013) ...........................11, 12

*Lanovaz v. Twinings N. Am., Inc*,
No. C-12-02646-RMW, 2013 WL 2285221 (N.D. Cal. May 23, 2013) .................................12

*In re MacBook Keyboard Litig.*,
No. 5:18-CV-02813-EJD, 2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) ...............................17

*Mattero v. Costco Wholesale Corp.*,
336 F. Supp. 3d 1109 (N.D. Cal. 2018) ...........................................................................15, 16

*Morales v. Unilever U.S., Inc.*,
No. 2:13-2213 WBS EFB, 2014 WL 1389613 (E.D. Cal. Apr. 9, 2014) ...............................12

*Peterson v. Cellco P'ship*,
164 Cal. App. 4th 1583, 80 Cal. Rptr. 3d 316 (2008) ........................................................16

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015) .............................................................................................18

*Prescott v. Bayer HealthCare LLC*,
No. 20-CV-00102-NC, 2020 WL 4430958 (N.D. Cal. July 31, 2020) ...................................14

*Przybylak v. Bissell Better Life LLC*,
No. CV 19-2038 PA, 2019 WL 8060076 (C.D. Cal. July 19, 2019) .....................................8, 9

*Reitman v. Champion Petfoods USA, Inc.*,
2018 WL 4945645 (C.D. Cal. Oct. 10, 2018) .......................................................................18

*Rivera v. Invitation Homes, Inc.*,
No. 18-CV-03158-JSW, 2020 WL 8910882 (N.D. Cal. Oct. 29, 2020) .................................18

*Romero v. Flower Bakeries, LLC*,
  No. 14–CV–05189–BLF, 2016 WL 469370 (N.D. Cal. Feb. 8, 2016)........................................8

*In re Samsung Galaxy Smartphone Mktg. & Sales Practices Litig.*,
  No. 16-CV-06391-BLF, 2018 WL 1576457 (N.D. Cal. Mar. 30, 2018) ................................18

*Shank v. Presidio Brands, Inc.*,
  No. 17-cv-00232-DMR, 2018 WL 510169 (N.D. Cal. Jan. 23, 2018) .................................8, 9

*Silver v. BA Sports Nutrition, LLC*,
  No. 20-CV-00633-SI, 2020 WL 2992873 (N.D. Cal. June 4, 2020) ........................................10

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020)...........................................................................................16, 17

*Victorino v. FCA US Ltd. Liab. Co.*,
  No. 16cv1617-GPC (JLB), 2018 WL 2455432 (S.D. Cal. June 1, 2018)...............................17

**Other Authorities**

Fed. R. Civ. P 23 ............................................................................................................................19

I.      INTRODUCTION

Plaintiff's Opposition to S.C. Johnson & Son, Inc.'s ("SC Johnson") Motion to Dismiss (ECF 25) ("Opp.") confirms the defects in her claims as she cannot avoid clear Ninth Circuit authority that a plaintiff cannot frame a claim for fraud based on a true statement on the Product Labels.  Instead, she attempts to advance her facially unreasonable view that the "with plant-based ingredients," "plant-based ingredients," "with plant-based and mineral ingredients," and "plant-based and mineral ingredients" labels (the "Product Labels") indicate that Products (1) only contain plant-based and/or mineral ingredients that have not been chemically modified or processed; (2) only contain natural ingredients; and (3) do not contain synthetic, non-natural, or highly processed ingredients.  In fact, the labels say nothing of the sort and expressly represent to consumers that the Products contain ingredients in addition to the advertised plant-based or plant-based and mineral ones (e.g. water).

The other claims fail as well.  Controlling authority also establishes that Plaintiff does not have standing to seek injunctive relief.  Because she alleges that she will not purchase the Product again unless SC Johnson reformulates it to meet her understanding of "plant-based ingredients" or "plant-based and mineral ingredients" she lacks a basis for injunctive relief.  She cannot pursue claims for Products she did not purchase that are substantially different from the one she did buy.  Plaintiff's requests for equitable relief under the UCL, FAL, CLRA as well as her unjust enrichment claims necessarily fail under controlling Ninth Circuit law because she has no need for equitable relief as she has asserted claims for damages.  Finally, the Court should dismiss Plaintiff's national class claims because this Court lacks personal jurisdiction over the non-California class members Plaintiff purports to represent.

II.     ARGUMENT

A.      Plaintiff Fails to Allege Fraud with Particularity.

Plaintiff's Opposition does not identify a single false statement on any Product Label.  Although Plaintiff identifies ingredients in the Products that she believes are "synthetic, non-natural, or highlight processed" (Opp. at 10; First Amended Complaint (ECF 16) ("FAC") ¶¶ 34-47), she fails to allege *any* of the Products lack plant-based or plant-based and mineral

ingredients. To state the obvious, the two descriptions are not mutually exclusive. A Product can have plant-based and mineral ingredients while, at the same time also containing synthetic, non-natural, and highly-processed ingredients.

In her attempt to save her claim, Plaintiff ignores *Chuang,* and its uncontroversial holding that "[w]here statements or depictions of ingredients on packaging are truthful… courts may dismiss claims that those statements or depictions are misleading." *Chuang v. Dr. Pepper Snapple Grp., Inc.,* No. CV17-01875-MWF-(MRWx), 2017 WL 4286577, at *4 (C.D. Cal. Sept. 20, 2017) (Plaintiff did not adequately plead "Made with Real FRUIT!" labels on fruit snacks were false and misleading when the products contained fruits depicted on the label). SC Johnson submits that this court should dismiss Plaintiff's claims for the same reason; the "plant-based ingredients" and "plant-based and mineral ingredients" labels accurately convey to consumers that the Products contain plant-based or plant-based and mineral ingredients, and cannot form the basis of a fraud claim, regardless of how those ingredients might be manufactured.

### B.  No Reasonable Consumer Would Be Misled by the Accurate Claim That The Products Contain Plant-Based and Mineral Ingredients.

Plaintiff's arguments in defense of the plausibility of her claim demonstrate that her idiosyncratic definition of "plant-based and mineral ingredients" that is unsupported by common sense or *any* statements on the Product labels. Try as she might, she has not refuted any of the three independent bases requiring dismissal of her claims as unreasonable.

First, Plaintiff asserts that reasonable consumers interpret the Product Labels to mean the Products (1) *only* contain plant-based and/or mineral ingredients that have not been chemically modified or processed; (2) only contain natural ingredients; and (3) do not contain synthetic, non-natural, or highly processed ingredients. (FAC ¶¶ 2, 12, 14, 32.) Yet, her Opposition fails to identify *any* language on the Product Labels that advertises the Products as *only* containing plant-based or mineral ingredients because none exists. She provides no reason to ignore clear authority establishing that a true statement about the presence of an ingredient in a product does not convey to a reasonable consumer that the product contains a significant amount of that ingredient. *See Jou v. Kimberly-Clark Corporation,* Case No. C-13-03075 JSC, 2013 WL 6491158, at *10 (N.D.

1   Cal. Dec. 10, 2013); *Chuang*, 2017 WL 4286577, at \*4; *Hadley v. Kellogg Sales Co.*, 243 F.

2   Supp. 3d 1074, 1093 (N.D. Cal. 2017); *Romero v. Flower Bakeries, LLC*, No. 14–CV–05189–

3   BLF, 2016 WL 469370, at \*6–7 (N.D. Cal. Feb. 8, 2016) ("[T]he Court cannot agree with

4   Plaintiff that the word 'wheat' combined with 'wholesome wheat' and 'healthy grains' or

5   'Healthy White' alongside images of wheat stalks and honey pots could lead a reasonable

6   consumer to conclude that the breads 'contain a significant amount of whole wheat and are thus

7   healthier than other white breads.'").

8       *Henderson*, discussed in SC Johnson's opening brief, is particularly instructive, and

9   Plaintiff's attempt to distinguish the case because it analyzes the label on a food product instead

10  of a cleaning product is entirely disingenuous given her reliance on food-labeling cases

11  throughout her brief.  There, the court dismissed the complaint, holding that the phrase "with

12  garden vegetables" does not imply to a reasonable consumer that the product contains a

13  significant amount of vegetables.  *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx),

14  2011 WL 1362188, at \*12 (C.D. Cal. Apr. 11, 2011).[1]   The court in *Henderson* did not base its

15  reasoning on whether consumers recognize the ingredients in food products.  The court reasoned

16  that plaintiffs' proffered interpretation of "with garden vegetables" was unreasonable because the

17  statement "does not claim a specific *amount* of vegetables in the product, but rather speaks to

18  their presence in the product." *Id.*  The same straightforward analysis is applicable here.  The

19  Product Labels convey to a reasonable consumer that plant-based and mineral ingredients are

20  present in the Products, a claim that Plaintiff does not dispute.

21      In the face of *Henderson*, Plaintiff asserts her complaint is consistent with "a legion of

22  cases" that concern "similar plant-based representations." (Opp. at 4.)  A review of the cases cited

23  for this proposition show that those cases all differ from this action in fundamental ways.  In

24  *Przybylak*, *Shank*, and *Campen* the plaintiffs challenged product labels that expressly advertised

---

26      [1] Trying to distinguish *Henderson* by arguing that consumers have a "deeper and more
27  fundamental understanding of food products and their ingredients than they do cleaning products"
    is logically flawed as consumer would certainly be more concerned about what they eat than what
28  they use to clean.

the **amount** of certain ingredients in the products and alleged the labels were misleading **because they lacked the advertised ingredients**.  For example:

- In *Przybylak*, the complaint alleged "100% plant-derived cleaning agents" labels were false because the cleaning agents were not, in fact, plant based.  *Przybylak v. Bissell Better Life LLC*, No. CV 19-2038 PA (GJSx), 2019 WL 8060076, at *1 (C.D. Cal. July 19, 2019);

- In *Shank*, plaintiffs alleged "only naturally derived ingredients" product label was misleading when products contain artificially derived and unnatural ingredients. *Shank v. Presidio Brands, Inc.*, No. 17-cv-00232-DMR, 2018 WL 510169, *1 (N.D. Cal. Jan. 23, 2018);

- In *Campen*, plaintiffs claimed "Made with ALL NATURAL Ingredients" labels were false because the ingredients were not all natural.  *Campen v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2013 WL 1320468, at *12 (N.D. Cal. Apr. 1, 2013).

If this case were similar to the "legion" of cases Plaintiff cites, she would point to language on the Product Labels that advertises the Products only contain plant-based and mineral ingredients as well as an allegation in the FAC that the Products did not contain any plant-based or mineral ingredients.  She cannot do either.  The Product Labels do not represent that the Products exclusively consist of plant-based or mineral ingredients.  (FAC ¶¶ 18-31.)  Nor does her FAC allege the Products lack plant-based or mineral ingredients.[2]  As such, this "legion" of cases do not support her complaint.

Second, Plaintiff's machinations in the Opposition to save her claim cause her to contradict her purported interpretation of "plant-based and mineral ingredients" and "with plant-based and mineral ingredients."  Plaintiff does not dispute that the vast majority of the Product labels represent that the Products contain water, which is not, and could not reasonably be interpreted as plant-based or a mineral.  To get past this issue, she argues, "water is not a 'synthetic, non-natural, or highly processed' ingredient."  (Opp. at 10.)  While true, it utterly undermines her claim that "plant-based or mineral ingredients" means, as she also argues, the

---

[2] The laundry list of ingredients that Plaintiff takes issue with in her FAC is not an allegation that the Products do not contain plant-based or mineral ingredients. (FAC ¶¶ 34-47.) The presence of allegedly synthetic, non-natural, or highly processed ingredients in the Products does not establish the Products do not also include plant-based or plant-based and mineral ingredients.

1    Products "only contain ingredients that come from plants and/or from plants and minerals."

2    (Opp. at 3).  Accordingly, reasonable consumers understand the Products contain more than just

3    plant-based or plant-based and mineral ingredients when they read the Product Labels.

4          Plaintiff also argues the Court must set aside common sense, ignore controlling precedent,

5    and allow Plaintiff utterly to disregard the ingredient list on the back of the label.  Not so.  Where,

6    as is here, there is no deceptive act to be dispelled, Plaintiff "may not ignore the ingredient list"

7    when interpreting the Product Label.  *Cheslow v. Ghirardelli Chocolate Compan*y, 445 F.Supp.3d

8    8, 20 (N.D. Cal. 2020).  Because the Product labels clearly indicate the Products contain water,

9    and thus do not contain *exclusively* plant-based and mineral ingredients, "it is not plausible that a

10   reasonable consumer would be deceived by the product's packaging."  *Id*. (reasonable consumers

11   do not interpret "classic white chips" to mean a product contains white chocolate when the

12   ingredient list does not include chocolate or cocoa); *see also Silver v. BA Sports Nutrition, LLC*,

13   No. 20-CV-00633-SI, 2020 WL 2992873, at *8 (N.D. Cal. June 4, 2020) (implausible for

14   reasonable consumer to believe "superior hydration" implies drink is beneficial to one's health

15   and overall well-being when nutrition facts and ingredient list disclose the presence and amount

16   of sugar); *Clark v. Perfect Bar, LLC,* No. C 18-06006 WHA, 2018 WL 7048788, at *1 (N.D.

17   Cal. Dec. 21, 2018) (no reasonable consumer could believe food product is "healthy"— even

18   though the packaging refers to it as a health bar — when the ingredient list discloses the amount

19   of sugar and honey present in the bar).

20         Finally, Plaintiff fails to distinguish *Hadley*, which found it is unreasonable for a plaintiff

21   to believe a product has characteristics not advertised on the label.  *Hadley*, 243 F. Supp. 3d 1074,

22   1093.  The *Hadley* court found that the true statement "MADE WITH Real Fruit" would not

23   cause a reasonable consumer to believe the product lacked trans fat because the label "does not

24   reference the presence, or lack thereof, of trans fat."  *Id*.  ("In fact, the product packaging for the

25   [product] does not mention trans fat at all").  At issue was not whether plaintiffs alleged the

26   product had trans fat, but rather that the challenged product labels did not mention trans fat, and

27   thus could not mislead a reasonable consumer to believe it was not present in the product.  *Id*.

28   Here, like in *Hadley*, the "plant-based and mineral ingredients" label does not cause a reasonable

consumer to believe the Products "do not contain any synthetic, non-natural, or highly processed ingredients" because Plaintiff does not claim the labels reference non-synthetic, natural, or un-processed ingredients.  (*See* FAC ¶ 2.)

Kutza and *Gregorio* do not help Plaintiff because in those cases, plaintiffs alleged product labels that explicitly advertised the Products as "natural" were false or misleading because the products contained unnatural and/or synthetic ingredients.  *See Kutza v. Williams-Sonoma, Inc.*, No. 18-cv-03534-RS, 2018 WL 5886611, at *1 (N.D. Cal. Nov. 9, 2018) (challenging the "Active Ingredients Derived from Natural Sources," "naturally derived," and "natural," labels when the products contained unnatural ingredients); *Gregorio v. Clorox Co.*, No. 17-cv-03824-PJH, 2018 WL 732673, at *1 (N.D. Cal. Feb. 6, 2018) (alleging "naturally derived" product labels are misleading when products have synthetic or non-natural ingredients).  There, it was reasonable for plaintiffs to assert the products contained natural ingredients because the labels advertised them as such.  The *Kutza* and *Gregorio* plaintiffs also clearly alleged the products lacked the advertised qualities, unlike Plaintiff here.

Because the Product Labels accurately advertise that the Products contain plant-based, mineral, and other ingredients (like water), reasonable consumers cannot and do not believe the Products *only* contain plants and minerals that are not chemically altered or processed.  Common sense dictates the Court dismiss Plaintiff's claims as implausible.

### C.    Plaintiff Lacks Standing to Challenge The Labels of Products She Never Purchased.

Plaintiff cannot challenge the Non-Purchased Products[3] because she did not buy them, and thus, did not suffer an economic injury by their labelling.  *Lanovaz v. Twinings N. Am., Inc.*, No. C–12–02646–RMW, 2013 WL 675929, at *2 (N.D. Cal. Feb. 25, 2013).  As SC Johnson established in its opening brief, because "the actual composition or appearance of the [Products

---

[3] Plaintiff concedes that she did not buy thirteen of the Products whose labels she seeks to challenge: Ecover All Purpose Cleaner, Ecover Cream Scrub, Ecover Delicate Wash, Ecover Dishwasher Powder, Ecover Dishwasher Tablets Zero, Ecover Fabric Softener (Morning Fresh), Ecover Fabric Softener (Sunny Day), Ecover Floor Soap, Ecover Laundry Detergent (Alpine Mint), Ecover Laundry Detergent (Lavender Field), Ecover Rinse Aid, Ecover Stain Remover, or Ecover Toilet Cleaner (the "Non-Purchased Products). (FAC ¶ 54.)

are] legally significant to the claim at issue," Plaintiffs can only "pursue claims for products with identical product composition and/or appearance." *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-CV-01196-WHO, 2014 WL 1024182, at *8 (N.D. Cal. Mar. 13, 2014) (plaintiffs lack standing to challenge identical "fresh" and "baked daily" labels on unpurchased products when fact-specific analysis will be required "to determine whether each is in fact 'processed and preserved' to such a level that the use of the term 'fresh' becomes misleading.").

The gravamen of Plaintiff's claims is that the Product Labels are false and misleading because the Products contain ingredients that do not come from plants and/or from plants and minerals.  (FAC ¶¶ 2-3.)  That claim requires a review of the ingredients of each individual product.  By highlighting the different ingredients in each Product, however, the FAC establishes that the Non-Purchased Products are not "comprised of largely the same ingredients" as ecover Dishwasher Tablets.  *Morales v. Unilever U.S., Inc.*, No. 2:13-2213 WBS EFB, 2014 WL 1389613, at *4 (E.D. Cal. Apr. 9, 2014).  The Opposition does not dispute that all fourteen Products do not even share a single ingredient referenced in the FAC nor does it explain how Plaintiff will prove the Product Labels on the ecover Dishwasher Tablets and Non-Purchased Products are false and misleading without introducing unique evidence for each Product.

*Lanovaz* is on point, and Plaintiff attempts to distinguish the wrong opinion.[4]  There, the court held that the plaintiff had standing to challenge the "natural source of antioxidants" labels on 51 tea products that came from the same plant as the teas the plaintiff purchased, but lacked standing to challenge the same labels on the two products made from a different plant.  *Lanovaz*, 2013 WL 2285221, at *3.  The court dismissed plaintiffs' claims for the two products made from a different plant because the products "are not sufficiently identical."  *Id*. SC Johnson submits the Court should reach the same conclusion here.  Like in *Lanovaz* where the veracity of the label

---

[4] Plaintiff cites to the *Lanovaz* court's opinion denying in part Twining's motion to dismiss the Amended Complaint.  *Lanovaz v. Twinings N. Am., Inc.*, No. C–12–02646–RMW, 2013 WL 675929, at *2 (N.D. Cal. Feb. 25, 2013).  After the plaintiff amended her complaint a second time to add numerous products she did not purchase, the court dismissed her claims for products that were not "sufficiently identical." *Lanovaz v. Twinings N. Am., Inc*, No. C-12-02646-RMW, 2013 WL 2285221, at *3 (N.D. Cal. May 23, 2013).

necessarily depended on the type of plant because the antioxidant properties of tea vary by plant, here the veracity of the "plant-based ingredients" and "plant-based and mineral ingredients" labels necessarily depends on the Products' individual ingredient lists because no two Products contain the exact same ingredients.

Plaintiff's arguments reinforce that the Products do not all have the same challenged plant-based and/or plant-based and mineral ingredients and that a fact-specific analysis will be required to determine whether each Product's "plant-based ingredients," "plant-based and mineral ingredients," "with plant-based ingredients," or "with plant-based and mineral ingredients" labels are false and misleading.  Accordingly, Plaintiff does not have standing to challenge the Non-Purchased Products, and the Court should dismiss her claims as to the Non-Purchased Products.

### D.  Plaintiff Cannot Seek Injunctive Relief Where She Does Not Plan To Purchase The Products In The Future.

As demonstrated in the opening papers, Plaintiff faces no risk of imminent harm from the alleged mislabeling of the Products because she does not plan to purchase the Products, as currently formulated, again.  (Motion to Dismiss First Amended Complaint (ECF 19) ("Mot.") at 19-20).  Moreover, the labels cannot deceive Plaintiff in the future because each Product's back label clearly lists the Product's ingredients, including those that are not plant-based or mineral, such as water.  (Mot. at 11).

In defending the FAC, Plaintiff ignores that courts in the Ninth Circuit hold plaintiffs do not meet the standard for injunctive relief set forth in *Davidson v. Kimberley-Clark*, 889 F.3d 956, 967 (9th Cir. 2018), when they have the ability to determine the meaning of the alleged mislabeling based on the Product label.  *See e.g. Joslin v. Clif Bar & Co.*, No. 4:18-CV-04941-JSW, 2019 WL 5690632, at *4 (N.D. Cal. Aug. 26, 2019).  Despite the assertion that Plaintiff's allegations **do not** "mirror" those of the plaintiff in *Davidson,* they do not.  There, the plaintiff alleged she: (i) "continues to desire to purchase wipes that are suitable for disposal in a household toilet"; (ii) "would purchase truly flushable wipes manufactured by [Kimberly–Clark] if it were possible"; (iii) "regularly visits stores ... where [Kimberly–Clark's] 'flushable' wipes are sold"; and (iv) is continually presented with Kimberly–Clark's flushable wipes packaging ***but has "no***

1    *way of determining whether the representation 'flushable' is in fact true*."  *Davidson v.*

2    *Kimberly-Clark Corp.*, 889 F.3d 956, 970–71 (9th Cir. 2018) (emphasis added).  Critically, here,

3    unlike in *Davidson*, Plaintiff **can** easily determine whether the Products satisfy her understanding

4    of "plant-based ingredients" or "plant-based and mineral ingredients" by looking at the ingredient

5    list on the Product labels, the vast majority of which state that water is an ingredient.  (Mot. at

6    11.)[5]  This key distinction dooms the claim.

7        Because Plaintiff need only inspect the ingredient list to discover the Product contains

8    ingredients that do not come from plants and/or minerals, *i.e.* water, she cannot avoid the holdings

9    in *Joslin* and *Cordes*.  *See Joslin*, 2019 WL 5690632, at *4 (finding plaintiffs lack standing to

10   seek injunctive relief when they allege they cannot trust the accuracy of the label where they

11   "need only inspect the ingredient list to discover that the Products do not contain [the desired

12   ingredients]"); *Cordes v. Boulder Brands USA, Inc.,* No. CV 18-6534 PSG (JCX), 2018 WL

13   6714323, at *4 (C.D. Cal. Oct. 17, 2018) (finding plaintiff can easily determine if a defendant has

14   cured previous misrepresentations without purchasing the product by reading the label).

15   Plaintiff's claim that *Joslin* and *Cordes* do not apply because consumers cannot "be expected to

16   decipher to nature, origin, or composition of obscure cleaning product ingredients, which are not

17   a matter of common knowledge or common sense" rings hollow because average consumers

18   know that water is neither a plant nor mineral.  (Opp. at 18).

19       Plaintiff's claim that if she lacks standing to seek injunctive relief then "the California

20   Legislature's objective in enacting California consumer protection laws" would be thwarted if the

21   Court dismissed the request for relief is a red herring.  In *Davidson* the Ninth Circuit focused on

22   standing, concluding that a plaintiff meets the "irreducible constitutional minim[um] of standing"

23   under Article III to seek injunctive relief when she alleges she wants to purchase a product, but

24

25       [5] For the same reasons, *Prescott* is also inapposite.  There, the court found that reviewing
     the label would not necessarily "clear all misunderstanding" because plaintiffs may not know
26   looking at the ingredient list if the product still contained the allegedly misleading composition of
     ingredients.  *Prescott v. Bayer HealthCare LLC*, No. 20-CV-00102-NC, 2020 WL 4430958, at *7
27   (N.D. Cal. July 31, 2020).  Here, however, consumers can easily determine if ingredients like
     water come from plants or minerals.
28

does not have sufficient information to evaluate the alleged label misrepresentation. *Davidson*, 889 F.3d at 970.  Federal court standing cannot be manufactured by the alleged objectives of California's consumer protection laws.  *Id.*  What matters is that Plaintiff does not allege a threat of imminent future harm because she can rely on the Products' labels to determine if the Products contain ingredients that do not come from plants and/or plants and minerals when making future purchases.  Accordingly, the Court should dismiss her request for injunctive relief.

### E.    Plaintiff's Breach of Warranty Claim Fails Because She Does Not Identify Any False Statements On The Product Labels.

Plaintiff does not dispute that there "is no breach" of any alleged express warranty when – like here – the challenged product label is true. *See Chuang*, 2017 WL 4286577, at *7.  She also provides no reason for the Court to depart from *Becerra* and binding Ninth Circuit precedent that a plaintiff cannot sue over a warranty the defendant did not make.  *Becerra v. Dr Pepper/Seven Up, Inc.*, No. 17-CV-05921-WHO, 2018 WL 3995832, at *9 (N.D. Cal. Aug. 21, 2018), *aff'd*, 945 F.3d 1225 (9th Cir. 2019).  In *Becerra*, the court found that it was unreasonable for a plaintiff to believe the "diet" label claim warranted to consumers that the product "will lead to weight loss or health weight management."  *Id.*  The unreasonable gap in *Becerra* between "diet" and "weight loss" is no different from the unreasonable gap here between "with plant-based and mineral ingredients" or "plant-based and mineral ingredients" and "no synthetic, non-natural or highly processed ingredients."  *Becerra v. Dr Pepper/Seven Up, Inc.*, No. 17-CV-05921-WHO, 2018 WL 3995832, at *9 (N.D. Cal. Aug. 21, 2018), *aff'd*, 945 F.3d 1225 (9th Cir. 2019).  The alleged warranty is nowhere to be found in plain language of the Product Labels, and Plaintiff points to no statements claiming the Products "do not contain synthetic, non-natural or highly processed ingredients." (Opp. at 19.)  *See also Chuang*, 2017 WL 4286577, at *7 (no express warranty that products are "nutritious" or "healthful to consume" when "[p]laintiff points to no statement on the fruit snacks' packaging or in the marketing of the [products]" that advertise them as such).

In an attempt to save her claim, Plaintiff points the Court to inapplicable cases where plaintiffs alleged that a statement on the packaging was false.  *Mattero* and *Jones* are not persuasive because there the plaintiffs alleged specific statements on the product labels created

1   express warranties.  For example, in *Mattero*, the plaintiffs alleged the statement

2   "environmentally responsible" on the product labels created an express warranty.  *Mattero v.*

3   *Costco Wholesale Corp.*, 336 F. Supp. 3d 1109, 1116 (N.D. Cal. 2018).  In *Jones*, plaintiff

4   claimed the "Superfood," "Coconut is one of the world's most nourishing foods," "is 'better than

5   butter,' " and "A nutritious substitute in baking" product labels constituted an express warranty.

6   *Jones v. Nutiva, Inc.*, No. 16-CV-00711-HSG, 2016 WL 5210935, at *9 (N.D. Cal. Sept. 22,

7   2016).  In those cases, the courts allowed plaintiffs' claims because the product labels actually

8   referenced the alleged warranty pursued, unlike the Product Labels Plaintiff challenges.  Here, in

9   contrast, the alleged warranty *does not appear* on the Product Label.  Like in *Becerra* and

10  *Chuang*, the Court should reject Plaintiff's breach of express warranty claim.

11          **F.      Plaintiff Was Not Unjustly Enriched Because She Received The**
                      **Benefit of The Bargain.**
12

13          As SC Johnson's opening brief established, Plaintiff cannot pursue her unjust enrichment

14  claim because she received the Product as advertised – dishwasher tablets that contain plant-based

15  and mineral ingredients.  (Mot. at 22).  Plaintiff cites no case law that allows her to pursue an

16  unjust enrichment claim based on a true statement about the Products, and the weight of authority

17  prohibits it.  *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593, 80 Cal. Rptr. 3d 316, 323

18  (2008) ("There is no equitable reason for invoking restitution when the plaintiff gets the exchange

19  which he expected"); *Chuang*, 2017 WL 4286577, at *8 ("A claim for unjust enrichment,

20  restitution and/or quasi-contract cannot lie where the plaintiff has received the benefit of the

21  alleged bargain").  Because Plaintiff received the Product as advertised, she cannot state a claim

22  for unjust enrichment.

23          **G.      Plaintiff's UCL, FAL, CLRA, and Unjust Enrichment Claims Also**
                      **Fail Because She Alleges An Adequate Remedy At Law.**

24          Despite Plaintiffs assertions otherwise, controlling authority bars a plaintiff from seeking

25  equitable relief under the UCL, FAL, CLRA, and unjust enrichment because she admits damages

26  are a viable remedy.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841 (9th Cir. 2020).  Her

27  efforts to avoid this holding fail for two fundamental reasons.

28          First, Plaintiff argues, "damages are not adequate under the CLRA" because the CLRA

1    has a shorter statute of limitations than the UCL and only applies to certain conduct.  (Opp. at 20-

2    21.)  While a potential theoretical argument, it is a red herring here because none of those

3    considerations applies to the Plaintiff's CLRA claim.  Plaintiff alleges she bought ecover

4    Dishwasher Tablets in 2020, within the statute of limitations for the CLRA.  (FAC ¶ 8.)  She also

5    alleges that the CLRA applies to her purchase of the Product.  (FAC ¶¶ 117-127.)  Accordingly,

6    the FAC admits that the CLRA provides Plaintiff with an adequate damages remedy.

7         The question under *Sonner* is whether Plaintiff has an adequate remedy at law.  Although

8    SC Johnson denies that Plaintiff is entitled to any relief, Plaintiff has pled an adequate remedy at

9    law for her claims; CLRA damages would remedy Plaintiff's alleged injury based on the "price

10   premium" she paid for the Product.  (FAC ¶ 88); *see also Victorino v. FCA US Ltd. Liab. Co.*, No.

11   16cv1617-GPC (JLB), 2018 WL 2455432, at *20 (S.D. Cal. June 1, 2018) ("monetary damages is

12   the appropriate form of damages" where plaintiffs' claimed injury was the "overpayment of the

13   purchase price of their Class Vehicles").  Moreover, district courts in the Ninth Circuit applying

14   *Sonner* agree that plaintiffs who seek damages under the CLRA have an adequate remedy at law

15   and dismiss UCL claims.  *See Gibson v. Jaguar Land Rover N. Am., LLC*, No.

16   CV2000769CJCGJSX, 2020 WL 5492990, at *4 (C.D. Cal. Sept. 9, 2020) (dismissing UCL and

17   CLRA claims for equitable relief with prejudice and allowing CLRA damages claim to proceed);

18   *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2020 WL 6047253, at *4 (N.D. Cal.

19   Oct. 13, 2020) (dismissing UCL claims when plaintiff seeks damages under the CLRA).

20        Second, as SC Johnson already established, Plaintiff cannot seek injunctive relief because

21   she is not at risk of future injury from the Products.  (Mot. at 24.)  Because Plaintiff pleads an

22   adequate remedy at law, the Court should dismiss her requests for equitable relief under the UCL,

23   FAL, CLRA and unjust enrichment.  *See In re MacBook Keyboard Litig.*, 2020 WL 6047253, at

24   *4 (relying on *Sonner* and dismissing UCL claim in its entirety as well as remaining claims "to

25   the extent they seek an injunction, restitution, or other equitable relief").

26        **H.    Plaintiff's Class Claims Are Facially Overbroad And Should Be
              Dismissed.**

27

28        Finally, in its Opening Memorandum, SC Johnson established that under *Bristol-Myers,*

1   this Court lacks personal jurisdiction over the claims of out-of-state putative class members

2   because there is no connection between their claims and California.  (Mot. at 25-26.)  In her

3   Opposition, Plaintiff does not dispute that this Court lacks general personal jurisdiction, but

4   argues SC Johnson is subject to specific personal jurisdiction because *Bristol-Myers* does not

5   apply to class actions.  Plaintiff is wrong.

6        First, the personal jurisdiction requirement reflects both due process and federalism

7   concerns.  *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cty* 137 S. Ct.

8   1773, 1780-81 (2017).  In assessing the fairness of subjecting a defendant to a court's jurisdiction,

9   courts must determine the burden on a defendant being forced to litigate in a state "that may have

10  little legitimate interest in the claims in question."  *Id*. at 1780. Applying these principles, *Bristol-

11  Myers* found that *each* plaintiff in a mass tort action must establish that her claim is advanced in

12  the proper forum.  *Id*. at 1784.  These same principles apply in diversity cases.  *See Picot v.

13  Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

14       Accordingly, Plaintiff's putative nationwide class action—which is based on diversity

15  jurisdiction—must comply with the same constitutional limitations.  District courts in the Ninth

16  Circuit agree. *See Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1037 (S.D. Cal. 2020)

17  (finding court lacked personal jurisdiction over putative class members who purchased the

18  product outside of California); *Rivera v. Invitation Homes, Inc.,* No. 18-CV-03158-JSW, 2020

19  WL 8910882, at *8 (N.D. Cal. Oct. 29, 2020) (declining to exercise personal jurisdiction over the

20  claims of the non-resident named plaintiffs); *In re Samsung Galaxy Smartphone Mktg. & Sales

21  Practices Litig.*, No. 16-CV-06391-BLF, 2018 WL 1576457, at *2 (N.D. Cal. Mar. 30, 2018);

22  *Goldstein v. Gen. Motors LLC*, 445 F. Supp. 3d 1000, 1012–13 (S.D. Cal. 2020).; *Reitman v.

23  Champion Petfoods USA, Inc*., 2018 WL 4945645, at *6 (C.D. Cal. Oct. 10, 2018) ("The mere

24  fact that other plaintiffs [purchased Champion pet foods] in California—and allegedly sustained

25  the same injuries as did the nonresidents' does not allow this Court to assert specific jurisdiction

26  over the nonresidents' claims.") (citation omitted).

27       Plaintiff's argument that *Bristol-Myers* does not apply to class actions because Federal

28  Rule of Civil Procedure 23 provides due process safeguards to SC Johnson is unavailing.  Rule 23

is "meant primarily to protect the absent class members and create criteria for binding the absent class members to whatever settlement or judgment results from a class action." *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1037 (S.D. Cal. 2020) ("that the creation of the class actions and the requirements of Rule 23 are not meant to favor or protect defendants is reflected in the fact that defendants almost always vigorously oppose class certification").  It does not replace the Due Process Clause, which protects defendants from being subjected to personal jurisdiction in a state where it does not have sufficient minimum contacts. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Like in *Bristol-Myers*, this Court lacks specific jurisdiction to adjudicate claims of out-of-state putative class members because Plaintiff does not allege that the non-California residents saw the challenged Product Labels in California, relied on the Product Labels in California or purchased the Products in California. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1776.  The mere fact that *other* putative class members saw, relied on and purchased the Products in California "does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* Moreover, Plaintiff has not explained how California would have a legitimate interest in out-of-state class members who will not claim suffering any injury in or arising out of California.  Nor does Plaintiff address authority in the Ninth Circuit holding that *Bristol-Myers* applies to class actions and dismissing claims of putative out-of-state class members. Thus, SC Johnson requests the Court dismiss for lack of personal jurisdiction the claims of non-California putative class members.

## III.   CONCLUSION

For the reasons set forth above, SC Johnson respectfully requests that the Court dismiss the First Amended Complaint in its entirety.

Dated:  April 28, 2021

MORRISON & FOERSTER LLP

By:  /s/ *David F. McDowell*
David F. McDowell

***Attorneys for Defendant***
***S.C. Johnson & Son, Inc.***