# Exhibit B

*Defendant's Responses to Plaintiff's Requests for Documents (Set One)*

Plaintiff's Motion for Class Certification

1    DAVID F. MCDOWELL (CA SBN 125806)
     DMcDowell@mofo.com
2    KELSEY HARRISON (CA SBN 328621)
     KHarrison@mofo.com
3    MORRISON & FOERSTER LLP
     707 Wilshire Boulevard, Suite 6000
4    Los Angeles, California  90017-3543
     Telephone: 213.892.5200
5    Facsimile: 213.892.5454

6    THOMAS P. SCHULT (*PRO HAC VICE*)
     TSchult@berkowitzoliver.com
7    BERKOWITZ OLIVER LLP
     2600 Grand Boulevard, Suite 1200
8    Kansas City, Missouri  64108
     Telephone: 816.561.7007
9    Facsimile: 816.561.1888

10   Attorneys for Defendant
     S.C. JOHNSON & SON, INC.
11

12                  UNITED STATES DISTRICT COURT

13                 NORTHERN DISTRICT OF CALIFORNIA

14                   SAN FRANCISCO DIVISION

15

16   ELIZABETH MAISEL, individually and on      Case No.    3:21-cv-00413-TSH
     behalf of all others similarly situated,
17                                               **DEFENDANT S.C. JOHNSON &
                        Plaintiff,               SON, INC.'S RESPONSES TO
18                                               PLAINTIFF ELIZABETH
           v.                                    MAISEL'S REQUESTS FOR
19                                               DOCUMENTS (SET ONE)**
     S.C. JOHNSON & SON, INC., a Wisconsin
20   Corporation,                               Judge: Hon. Thomas Hixson
                                                Complaint Filed:  January 15, 2021
21                      Defendant.               Trial Date:  None Set

22

23
     PROPOUNDING PARTY:     PLAINTIFF ELIZABETH MAISEL
24
     RESPONDING PARTY:      DEFENDANT S.C. JOHNSON & SON, INC.
25
     SET NO.:               ONE
26

27

28

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant S.C. Johnson & Son, Inc. ("SC Johnson"), by its attorneys, Morrison & Foerster LLP, hereby responds to Plaintiff Elizabeth Maisel's First Set of Requests for Production of Documents ("Requests").

The following responses to the Requests are based upon facts and information presently known and available to SC Johnson.  Discovery, investigation, research, and analysis in this case are ongoing, and may disclose the existence of additional facts, add meaning to known facts, establish entirely new factual or legal contentions, or possibly lead to additions, variations or changes to these responses.  Without obligating itself to do so, SC Johnson reserves the right to change or supplement these responses as additional facts are discovered, revealed, recalled, or otherwise ascertained, and as further analysis and research disclose additional facts, contentions, or legal theories that may well apply.

SC Johnson reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding of its response to the Requests.  SC Johnson states that, except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from its response to the Requests.  The fact that SC Johnson has responded to a Request should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by such Request, or that such response constitutes evidence of any fact thus set forth or assumed.  SC Johnson reserves the right to object on any ground at any time to such other or supplemental requests for production as Plaintiff may at any time propound involving or relating to the subject matter of the Requests.

## I.    OBJECTION TO THE TIME AND PLACE OF PRODUCTION

SC Johnson generally objects to Plaintiff's Requests on the grounds that they seek to impose obligations upon Defendant beyond the scope of Rule 34(b) of the Federal Rules of Civil Procedure in that they fail to specify a reasonable, time, place, and manner of making the inspection and performing the related acts, and to the extent they seek to require the production of documents "within 30 days after service" of the Requests.  The Requests seek to require SC Johnson to produce documents at the offices of Clarkson Law Firm, P.C., 9255 Sunset Blvd., Suite 804, Los Angeles, CA 90069, although none of the requested documents and things are

maintained in or near Los Angeles, California.  Absent an agreement to the contrary, to the extent

Defendant produces documents, they will be made available at the offices of Morrison & Foerster

LLP, 707 Wilshire Blvd., Suite 6000, Los Angeles, California, at a mutually convenient time.

## II.    GENERAL OBJECTIONS

SC Johnson incorporates the following general objections into each specific objection and

response as if fully set forth in such objection and response:

1.      SC Johnson objects to the Requests on the grounds they are overbroad, impose

undue burden and expense on SC Johnson, and/or to the extent they seek information that is

neither relevant to any claim or defense asserted in the litigation nor reasonably calculated to lead

to the discovery of admissible evidence.

2.      SC Johnson objects to the Requests to the extent they are vague, ambiguous and/or

do not specify the information sought with sufficient particularity.

3.      SC Johnson objects to these Requests on the grounds that they seek information

not relevant to any claim or defense in this litigation.

4.      SC Johnson objects to the Requests to the extent they purport to require

SC Johnson to provide documents not in its possession, custody, or control.

5.      SC Johnson objects to the Requests to the extent they seek documents that are

publicly available or already within Plaintiff's possession, custody or control.

6.      SC Johnson objects to the Requests to the extent they seek information that is

protected from disclosure by the attorney-client privilege, work product protection and/or other

applicable protections.  In responding to the Requests, SC Johnson does not waive, and intends to

preserve, any and all applicable privileges and protections.  Any inadvertent disclosure of

privileged or protected information shall not constitute a waiver, in whole or in part, of any

otherwise valid claim of privilege or protection.  Any failure to assert a privilege or protection

shall not be deemed to constitute a waiver of the privilege or protection as to any other

information so protected.

7.      SC Johnson objects to the Requests to the extent they seek confidential,

proprietary, trade secret or sensitive business information of SC Johnson, including without

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

3

1   limitation financial data, the disclosure of which would be harmful to SC Johnson's legitimate

2   business interests.  SC Johnson will not provide any such documents except pursuant to the

3   Protective Order entered in this case.

4          8.      SC Johnson objects to each Request to the extent that it seeks discovery of

5   information received by SC Johnson from a third party under a non-disclosure agreement or the

6   content of any part of any agreement between SC Johnson and a third party that by the terms of

7   said agreement may not be disclosed by SC Johnson, its Customer and other non-parties.

8          9.      SC Johnson objects to the Requests to the extent they seek information outside of

9   the relevant time period.

10         10.     SC Johnson objects to the Requests to the extent that they are duplicative of any

11  other Requests for discovery sought by Plaintiff including interrogatories.

12         11.     SC Johnson objects to the Requests to the extent they attempt to impose

13  obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure,

14  the Local Rules of the United States District Court for the Northern District of California and/or

15  other applicable rules.

16         12.     SC Johnson objects to the definition of "DOCUMENTS" as overbroad, unduly

17  burdensome, to the extent that it seeks documents that are neither relevant to, nor reasonably

18  calculated to lead to the discovery of admissible evidence relevant to, any claim or defense in the

19  action.  SC Johnson further objects to this definition to the extent it seeks information protected

20  from discovery by the attorney-client privilege and the work product doctrine.  SC Johnson

21  further objects to this definition to the extent it seek information protected from discovery by the

22  right of privacy under the California Constitution and other applicable law, as to which right SC

23  Johnson has a duty to protect.

24         13.     SC Johnson objects to the definition of "YOU" and "YOUR" as overbroad, unduly

25  burdensome, to the extent that it seeks documents outside of SC Johnson's possession, custody,

26  or control, and seeks documents that are neither relevant to, nor reasonably calculated to lead to

27  the discovery of admissible evidence relevant to, any claim or defense in the action.

28

1    14.    SC Johnson objects to the definition of "SYNTHETIC INGREDIENTS" on

2  grounds that it is vague and ambiguous, overbroad, unduly burdensome, and to the extent that it

3  seeks information that is neither relevant to the subject matter of this action nor reasonably

4  calculated to lead to the discovery of admissible evidence.

5    15.    SC Johnson objects to the definition of "PRODUCT" and "PRODUCTS" as

6  overbroad, and unduly burdensome to the extent it purports to include products that Plaintiff did

7  not purchase and information outside of the relevant time period.

8  ### III.    SPECIFIC OBJECTIONS AND RESPONSES

9  **REQUEST FOR PRODUCTION NO. 1:**

10    All DOCUMENTS sufficient to identify each PRODUCT's formulation, including the

11  specific ingredients contained therein, each ingredient's respective quantity, amount, or

12  percentage within the PRODUCT's formulation, each ingredient's source and supplier, and any

13  processing or alteration of the ingredient from its naturally occurring state to its final inclusion in

14  the PRODUCT.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

16    SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

17  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

18  burdensome, and seeks documents that are neither relevant to the subject of this action nor

19  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

20  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

21  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

22  to the discovery of admissible evidence because it does not identify a time period and seeks

23  documents outside the relevant time period.  SC Johnson further objects to the terms

24  "formulation," "source and supplier," "processing," "alteration," "naturally occurring state," and

25  "final inclusion" as vague and ambiguous.  SC Johnson further objects to this Request to the

26  extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson

27  further objects to this Request on the grounds that it seeks disclosure of business confidential,

28  proprietary, or trade secret documents.

1     Subject to and without waiving the foregoing objections, SC Johnson further responds as

2  follows:  SC Johnson will produce the formula(s) for each PRODUCT sold in the United States

3  between January 15, 2017, and the present.  SC Johnson will also conduct a reasonably diligent

4  search for and produce non-privileged documents, if any, relating to the PRODUCTS' U.S.

5  formulations between January 15, 2017, and the present.

6  **REQUEST FOR PRODUCTION NO. 2:**

7     All DOCUMENTS identifying any variation of the PRODUCTS' formulations, including

8  variations that were proposed, rejected, or approved.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

10    SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

11  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

12  burdensome, and seeks documents that are neither relevant to the subject of this action nor

13  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

14  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

15  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

16  to the discovery of admissible evidence because it does not identify a time period and seeks

17  documents outside the relevant time period.  SC Johnson further objects to the terms "variations,"

18  "proposed," "rejected," and "approved" as vague and ambiguous.  SC Johnson further objects to

19  this Request to the extent that it seeks documents that are not in its possession, custody, or

20  control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of

21  business confidential, proprietary, or trade secret documents.

22    Subject to and without waiving the foregoing objections, SC Johnson further responds as

23  follows:  SC Johnson will produce the formula(s) for each PRODUCT sold in the United States

24  between January 15, 2017, and the present.  SC Johnson will also conduct a reasonably diligent

25  search for and produce non-privileged documents, if any, relating to the PRODUCTS' U.S.

26  formulations between January 15, 2017, and the present.

27  **REQUEST FOR PRODUCTION NO. 3:**

28    All DOCUMENTS concerning each ingredient that is or was used in the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the term "used" as vague and ambiguous.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  SC Johnson will produce the formula(s) for each PRODUCT sold in the United States between January 15, 2017, and the present.  SC Johnson will also produce the technical data sheets (TDS) and safety data sheets (SDS) for the ingredients in the PRODUCTS sold in the United States from January 15, 2017 – present.  SC Johnson will also conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to the PRODUCTS' ingredients between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS concerning how each ingredient that is or was used in the PRODUCTS was sourced, supplied, and manufactured, including, but not limited to, any specifications defining the manner of manufacture, quality of materials, and/or characteristics of the final product; evaluation of whether the final product meets all specifications; and any

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

7

1    processing or alteration of the ingredient its naturally occurring state to its final inclusion in the

2    PRODUCT.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

4         SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

5    objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

6    burdensome, and seeks documents that are neither relevant to the subject of this action nor

7    reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

8    Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

9    documents that are neither relevant to the subject of this action nor reasonably calculated to lead

10   to the discovery of admissible evidence because it does not identify a time period and seeks

11   documents outside the relevant time period.  SC Johnson further objects to the terms "used,"

12   "sourced," "supplied," "manufactured," "manner of manufacture," "quality of materials,"

13   "characteristics of the final product," "evaluation," "final product," "specification," "processing,"

14   "alteration," "naturally occurring state," and "final inclusion in the PRODUCT" as vague and

15   ambiguous.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

16   overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.

17   SC Johnson further objects to this Request to the extent that it seeks documents that are not in its

18   possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it

19   seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson

20   further objects to this Request to the extent it seeks documents protected from discovery by the

21   attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request

22   is improperly compound.

23         Subject to and without waiving the foregoing objections, SC Johnson further responds as

24   follows:  SC Johnson will also produce the TDS and SDS for the ingredients in the PRODUCTS

25   sold in the United States between January 15, 2017, and the present.  SC Johnson will also

26   conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to

27   the PRODUCTS' ingredients between January 15, 2017, and the present.

28

1    **REQUEST FOR PRODUCTION NO. 5:**

2         All DOCUMENTS concerning the decision to use the SYNTHETIC INGREDIENTS in

3    the PRODUCTS' formulations.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5         SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

6    objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

7    burdensome, and seeks documents that are neither relevant to the subject of this action nor

8    reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

9    Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

10   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

11   to the discovery of admissible evidence because it does not identify a time period and seeks

12   documents outside the relevant time period.  SC Johnson further objects to the terms "decision"

13   as vague and ambiguous.  SC Johnson objects to the Request on the ground that it is vague and

14   ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose

15   documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks

16   documents that are not in its possession, custody, or control.  SC Johnson further objects to this

17   Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade

18   secret documents.  SC Johnson further objects to this Request to the extent it seeks documents

19   protected from discovery by the attorney-client privilege and work product doctrine.

20        Subject to and without waiving the foregoing objections, SC Johnson further responds as

21   follows:  SC Johnson will produce the TDS and SDS for the ingredients in the PRODUCTS sold

22   in the United States between January 15, 2017, and the present.  SC Johnson will also conduct a

23   reasonably diligent search for and produce non-privileged documents, if any, relating to the

24   PRODUCTS' ingredients between January 15, 2017, and the present.

25   **REQUEST FOR PRODUCTION NO. 6:**

26        All DOCUMENTS concerning the costs (in U.S. Dollars) incurred by YOU concerning

27   each ingredient used in the PRODUCTS.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period. SC Johnson further objects to the terms "costs," "concerning," and "used" as vague and ambiguous. SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules, or DOCUMENTS incorporated by reference) governing a third-party's handling or participation in formulating, sourcing, and supplying ingredients for, and manufacturing the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period. SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the terms

"identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring

to." SC Johnson further objects to the terms "amendments," "attachments," "exhibits,"

"schedules," "governing," "handling," "participating," "formulating," "sourcing," "supplying,"

and "manufacturing" as vague and ambiguous. SC Johnson objects to the Request on the ground

that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not

identify whose documents it seeks. SC Johnson further objects to this Request to the extent that it

seeks documents that are not in its possession, custody, or control. SC Johnson further objects to

this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade

secret documents. SC Johnson further objects to this Request to the extent it seeks documents

protected from discovery by the attorney-client privilege and work product doctrine. SC Johnson

further objects that this Request is improperly compound.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, including written communications, identifying, naming, discussing,

describing, referencing, relating to, or referring to any guidelines, policies, procedures, or

practices governing the formulation, sourcing, and supplying ingredients for, and manufacturing

the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson

objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

burdensome, and seeks documents that are neither relevant to the subject of this action nor

reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the

Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

documents that are neither relevant to the subject of this action nor reasonably calculated to lead

to the discovery of admissible evidence because it does not identify a time period and seeks

documents outside the relevant time period. SC Johnson objects to the Request on the ground

that it is vague, ambiguous, overbroad, and unduly burdensome with regard to the terms

"identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring

to." SC Johnson further objects to the terms "guidelines," "policies," "procedures," "practices,"

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

11

1    "governing," "formulation," "sourcing," "supplying," and "manufacturing" as vague and

2    ambiguous.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

3    overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.

4    SC Johnson further objects to this Request to the extent that it seeks documents that are not in its

5    possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it

6    seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson

7    further objects to this Request to the extent it seeks documents protected from discovery by the

8    attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request

9    is improperly compound.

10        Subject to and without waiving the foregoing objections, SC Johnson further responds as

11   follows:  SC Johnson will conduct a reasonably diligent search for and produce non-privileged

12   documents, if any, relating to SC Johnson's policies or procedures for formulating the

13   PRODUCTS and sourcing ingredients for the PRODUCTS that were sold in the United States

14   between January 15, 2017, and the present.

15   **REQUEST FOR PRODUCTION NO. 9:**

16        All DOCUMENTS that reflect the manner in which YOU generate, maintain, store,

17   organize, and/or record information concerning each PRODUCT formulation, including directory

18   trees for any electronically stored information.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

20        SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

21   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

22   burdensome, and seeks documents that are neither relevant to the subject of this action nor

23   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

24   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

25   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

26   to the discovery of admissible evidence because it does not identify a time period and seeks

27   documents outside the relevant time period.  SC Johnson further objects to the terms "generate,"

28   "maintain," "store," "organize," "record," "information," and "directory trees" as vague and

ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects that this Request is improperly compound.

## ADVERTISING

### REQUEST FOR PRODUCTION NO. 10:

All DOCUMENTS, including written communications, naming, discussing, describing, referencing, relating to, referring to,  or consisting of advertisements for the PRODUCTS, including statements about or depictions of the PRODUCTS made in print, radio, television, movies, online, in person, or through any other means.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the terms "naming," "discussing," "describing," "referencing," "relating to," "referring to," and "consisting of."  SC Johnson further objects to the terms "advertisements," "statements about," and "depictions of" as vague and ambiguous.  SC Johnson further objects to the terms "print," "radio," "television," "movies," "online," "in person," and "through any other means" as vague and ambiguous.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected

1    from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further

2    objects that this Request is improperly compound.

3        Subject to and without waiving the foregoing objections, SC Johnson further responds as

4    follows:  SC Johnson will conduct a reasonably diligent search for and produce non-privileged

5    documents, if any, relating to SC Johnson's advertisements and marketing materials regarding the

6    "with plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients,"

7    and "with plant-based and mineral ingredients" representations for the PRODUCTS that were

8    sold in the United States between January 15, 2017, and the present.

9    **REQUEST FOR PRODUCTION NO. 11:**

10       All DOCUMENTS, including written communications, naming, discussing, describing,

11   referencing, relating to, referring to, or otherwise consisting of drafts and iterations of the

12   PRODUCTS' advertising, including any changes in advertising, mock-ups, blueprints, and

13   schematics, substantiation of the advertising claims, budget, and analysis of the advertisement's

14   performance in generating consumer interest and sales, whether the draft or iteration was

15   proposed, rejected, not ultimately used, or approved.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

17       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

18   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

19   burdensome, and seeks documents that are neither relevant to the subject of this action nor

20   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

21   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

22   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

23   to the discovery of admissible evidence because it does not identify a time period and seeks

24   documents outside the relevant time period.  SC Johnson objects to the Request on the ground

25   that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the term "any

26   changes."  SC Johnson further objects to the terms "naming," "discussing," "describing,"

27   "referencing," "relating to," "referring to," and "otherwise consisting of" as vague and

28   ambiguous.  SC Johnson further objects to the terms "drafts" and "iterations" as vague and

1    ambiguous.  SC Johnson further objects to the terms "advertising," "changes," "mock-ups,"

2    "blueprints," "schematics," "substantiation of the advertising claims," "budget," and "analysis" as

3    vague and ambiguous.  SC Johnson further objects to the phrase "of the advertisement's

4    performance in generating consumer interest and sales" as vague and ambiguous.  SC Johnson

5    further objects to the terms "proposed," "rejected," "not ultimately used," and "approved" as

6    vague and ambiguous.  SC Johnson further objects to this Request to the extent that it seeks

7    documents that are not in its possession, custody, or control.  SC Johnson further objects to this

8    Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade

9    secret documents.  SC Johnson further objects to this Request to the extent it seeks documents

10   protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson

11   further objects that this Request is improperly compound.

12   **REQUEST FOR PRODUCTION NO. 12:**

13          All DOCUMENTS, including written communications, naming, discussing, describing,

14   referencing, relating to, referring to, or consisting of any audio or visual recordings of all

15   advertisements for the PRODUCTS.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

17          SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

18   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

19   burdensome, and seeks documents that are neither relevant to the subject of this action nor

20   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

21   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

22   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

23   to the discovery of admissible evidence because it does not identify a time period and seeks

24   documents outside the relevant time period.  SC Johnson further objects to the terms "naming,"

25   "discussing," "describing," "referencing," "relating to," "referring to," and "consisting of" as

26   vague and ambiguous.  SC Johnson objects to the Request on the ground that it is vague and

27   ambiguous, overbroad, and unduly burdensome with regard to the phrase "any audio or visual

28   recordings of all advertisements for the PRODUCTS."  SC Johnson objects to the Request on the

ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose audio or visual recordings it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  SC Johnson will conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to SC Johnson's advertisements and marketing materials regarding the "with plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and mineral ingredients" representations for the PRODUCTS that were sold in the United States between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS naming, discussing, describing, referencing, relating to, or referring to any individuals responsible for creating, approving, reviewing, or overseeing the advertising of the PRODUCTS, or who made any changes to said advertising, including names, positions, email addresses, and telephone numbers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the phrase "any

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

16

1  individuals." SC Johnson further objects to the terms "naming," "discussing," "describing,"

2  "referencing," "relating to," and "referring to" as vague and ambiguous. SC Johnson further

3  objects to the terms "responsible for," "creating," "approving," "reviewing," and "overseeing" as

4  vague and ambiguous. SC Johnson further objects to the term "advertising" as vague and

5  ambiguous. SC Johnson further objects to this Request to the extent that it seeks the confidential

6  or private information of SC Johnson's employees.

7       Subject to and without waiving the foregoing objections, SC Johnson further responds as

8  follows: SC Johnson directs Plaintiff to its Initial Disclosures, which identify certain individuals

9  who may have discoverable information related to this litigation.

10  **REQUEST FOR PRODUCTION NO. 14:**

11       All DOCUMENTS, including written communications, evidencing all other advertising of

12  the PRODUCTS not otherwise produced in response to Nos. 10 through 13 above, including

13  published articles, blogs, press releases, scripts, retailer promotional materials, product

14  ambassadors, social media influencers, and in-store displays.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

16       SC Johnson incorporates each of the General Objections set forth above. SC Johnson

17  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

18  burdensome, and seeks documents that are neither relevant to the subject of this action nor

19  reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the

20  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

21  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

22  to the discovery of admissible evidence because it does not identify a time period and seeks

23  documents outside the relevant time period. SC Johnson further objects to the terms

24  "evidencing," "advertising," "product ambassadors," and "social media influencers" as vague and

25  ambiguous. SC Johnson further objects to this Request to the extent that it seeks documents that

26  are not in its possession, custody, or control. SC Johnson further objects to this Request on the

27  grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

28

SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  SC Johnson will conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to SC Johnson's advertisements and marketing materials regarding the "with plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and mineral ingredients" representations for the PRODUCTS that were sold in the United States between January 15, 2017, and the present

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules or DOCUMENTS incorporated by reference) governing a third-party's handling or participation in designing, reviewing, producing, substantiating, budgeting, and analyzing the performance in generating consumer interest and sales for the advertising of the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "handling," "participation in," "designing," "reviewing," "producing," "substantiating," "budgeting," and "analyzing" as vague and ambiguous.  SC Johnson further objects to the phrase "performance in generating

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

18

1   consumer interest and sales for the advertising of the PRODUCTS" as vague and ambiguous.  SC

2   Johnson further objects to this Request to the extent that it seeks documents that are not in its

3   possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it

4   seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson

5   further objects to this Request to the extent it seeks documents protected from discovery by the

6   attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request

7   is improperly compound.

8   **REQUEST FOR PRODUCTION NO. 16:**

9        All DOCUMENTS, including written communications, identifying, naming, discussing,

10  describing, referencing, relating to, or referring to any guidelines, policies, procedures, or

11  practices governing the content, design, review, production, substantiation, budget, and analysis

12  of generating consumer interest and sales for the advertising of the PRODUCTS.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

14       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

15  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

16  burdensome, and seeks documents that are neither relevant to the subject of this action nor

17  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

18  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

19  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

20  to the discovery of admissible evidence because it does not identify a time period and seeks

21  documents outside the relevant time period.  SC Johnson further objects to the terms

22  "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring

23  to" as vague and ambiguous.  SC Johnson further objects to the terms "guidelines," "policies,"

24  "procedures," and "practices" as vague and ambiguous.  SC Johnson further objects to the terms

25  "governing," "content," "design," "review," "production," "substantiation," "budget," and

26  "analysis" as vague and ambiguous.  SC Johnson further objects to the phrase "generating

27  consumer interest and sales for the advertising" as vague and ambiguous.  SC Johnson further

28  objects to this Request to the extent that it seeks documents that are not in its possession, custody,

or control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS that reflect the manner in which YOU generate, maintain, store, organize, and/or record information concerning PRODUCT advertising (which includes, but is not limited to, advertising, substantiation of advertising claims, budgeting, and analysis of its performance in generating consumer interest and sales), including directory trees for any electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the terms "generate," "maintain," "store," "organize," and "record" as vague and ambiguous.  SC Johnson further objects to the terms "advertising," "substantiation of advertising claims," "budget," and "analysis" as vague and ambiguous.  SC Johnson further objects to the phrases "performance in generating consumer interest and sales" and "directory trees" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects that this Request is improperly compound.

**PRODUCT PACKAGING/ LABELING**

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

20

1 **REQUEST FOR PRODUCTION NO. 18:**

2 All DOCUMENTS, including written communications, naming, discussing, describing,

3 referencing, relating to, referring to, or otherwise consisting of the PRODUCTS' labeling and

4 packaging.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

6 SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

7 objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

8 burdensome, and seeks documents that are neither relevant to the subject of this action nor

9 reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

10 Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

11 documents that are neither relevant to the subject of this action nor reasonably calculated to lead

12 to the discovery of admissible evidence because it does not identify a time period and seeks

13 documents outside the relevant time period.  SC Johnson further objects to the terms "naming,"

14 "discussing," "describing," "referencing," "relating to," "referring to" and "otherwise consisting

15 of" as vague and ambiguous.  SC Johnson further objects to the terms "labeling" and "packaging"

16 as vague and ambiguous.  SC Johnson further objects to this Request to the extent that it seeks

17 documents that are not in its possession, custody, or control.  SC Johnson further objects to this

18 Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade

19 secret documents.  SC Johnson further objects to this Request to the extent it seeks documents

20 protected from discovery by the attorney-client privilege and work product doctrine.

21 Subject to and without waiving the foregoing objections, SC Johnson further responds as

22 follows:  SC Johnson will produce the labels for the PRODUCTS sold in the United States

23 between January 15, 2017, and the present.  SC Johnson will conduct a reasonably diligent search

24 for and produce non-privileged documents, if any, relating to the "with plant-based ingredients,"

25 "plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and

26 mineral ingredients" label representations alleged in the operative Complaint for the PRODUCTS

27 that were sold in the United States between January 15, 2017, and the present.

28

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

21

1   **REQUEST FOR PRODUCTION NO. 19:**

2         All DOCUMENTS, including written communications, naming, discussing, describing,

3   referencing, relating to, referring to, or otherwise consisting of drafts and iterations of the

4   PRODUCTS' labeling and packaging, including any changes in the labeling and packaging and

5   reasons therefore, mock-ups, blueprints and schematics, substantiation of the labeling/packaging

6   claims, budget, and analysis of the labels and packaging's performance in generating consumer

7   interest and sales, whether the draft or iteration was proposed, rejected, not ultimately used, or

8   approved.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

10         SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

11   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

12   burdensome, and seeks documents that are neither relevant to the subject of this action nor

13   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

14   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

15   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

16   to the discovery of admissible evidence because it does not identify a time period and seeks

17   documents outside the relevant time period.  SC Johnson further objects to the terms "naming,"

18   "discussing," "describing," "referencing," "relating to," "referring to," and "consisting of" as

19   vague and ambiguous.  SC Johnson further objects to the terms "drafts" and "iterations" as vague

20   and ambiguous.  SC Johnson further objects to the terms "labeling," "packaging," "changes,"

21   "reasons," "mock-ups," "blueprints," "schematics," "substantiation of the labeling/packaging

22   claims," "budget," and "analysis" as vague and ambiguous.  SC Johnson further objects to the

23   phrase "labels and packaging's performance in generating consumer interest and sales" as vague

24   and ambiguous.  SC Johnson further objects to the terms "proposed," "rejected," "not ultimately

25   used," and "approved" as vague and ambiguous.  SC Johnson further objects to this Request to

26   the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson

27   further objects to this Request on the grounds that it seeks disclosure of business confidential,

28   proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it

1   seeks documents protected from discovery by the attorney-client privilege and work product

2   doctrine.  SC Johnson further objects that this Request is improperly compound.

3   **REQUEST FOR PRODUCTION NO. 20:**

4        All DOCUMENTS identifying, naming, describing, referencing, relating to, or referring to

5   any individuals responsible for creating, approving, reviewing, or overseeing the labeling and

6   packaging of the PRODUCTS, and or who made any changes thereto, including names, positions,

7   email addresses, and telephone numbers.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

9        SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

10  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

11  burdensome, and seeks documents that are neither relevant to the subject of this action nor

12  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

13  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

14  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

15  to the discovery of admissible evidence because it does not identify a time period and seeks

16  documents outside the relevant time period.  SC Johnson further objects to the terms

17  "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring

18  to" as vague and ambiguous.  SC Johnson further objects to the terms "responsible for,"

19  "creating," "approving," "reviewing," and "overseeing" as vague and ambiguous.  SC Johnson

20  further objects to the terms "labeling" and "packaging" as vague and ambiguous.  SC Johnson

21  further objects to the terms "who made any changes thereto" as vague and ambiguous.  SC

22  Johnson further objects to this Request to the extent that it seeks documents that are not in its

23  possession, custody, or control.  SC Johnson further objects to this Request to the extent that it

24  seeks the confidential or private information of SC Johnson's employees.  SC Johnson further

25  objects that this Request is improperly compound.

26        Subject to and without waiving the foregoing objections, SC Johnson further responds as

27  follows: SC Johnson directs Plaintiff to its Initial Disclosures, which identify certain individuals

28  who may have discoverable information related to this litigation.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules or DOCUMENTS incorporated by reference) governing a third-party's handling or participation in designing, reviewing, producing, manufacturing, attaching, substantiating, budgeting, and analyzing the performance in generating consumer interest and sales for the labels and packaging for the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period. SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous. SC Johnson further objects to the terms "governing," "handling," "participating," "designing," "reviewing," "producing," "manufacturing," "attaching," "substantiating," "budgeting," and "analyzing" as vague and ambiguous. SC Johnson further objects to the phrase "the performance in generating consumer interest and sales for the labels and packaging for the PRODUCTS" as vague and ambiguous. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control. SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents. SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine. SC Johnson further objects that this Request is improperly compound.

Defendant S.C. Johnson & Son, Inc.s' Responses to Plaintiff's Requests for Documents (Set One)
Case No. 3:21-cv-00413
sf-4428446

24

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to any guidelines, policies, procedures, or practices governing the content, design, review, production, manufacture, attachment, substantiation, budget, and analysis of generating consumer interest and sales for the labels and packaging for the PRODUCTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to."  SC Johnson further objects to the terms "guidelines," "policies," "procedures," "practices," "governing," "content," "design," "review," "production," "manufacture," "attachment," "substantiation," "budget," and "analysis" as vague and ambiguous.  SC Johnson further objects to the phrase "generating consumer interest and sales for the labels and packaging for the PRODUCTS" as vague and ambiguous.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents

1    protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson

2    further objects that this Request is improperly compound.

3          Subject to and without waiving the foregoing objections, SC Johnson further responds as

4    follows:  SC Johnson will conduct a reasonably diligent search for and produce non-privileged

5    documents, if any, relating to SC Johnson's policies or procedures for the design and

6    substantiation of the "with plant-based ingredients," "plant-based ingredients," "plant-based and

7    mineral ingredients," and "with plant-based and mineral ingredients" label representations alleged

8    in the operative Complaint for the PRODUCTS that were sold in the United States between

9    January 15, 2017 and the present.

10   **REQUEST FOR PRODUCTION NO. 23:**

11         All DOCUMENTS that reflect the manner in which YOU generate, maintain, store,

12   organize, and/or record information concerning PRODUCT labeling and packaging (which

13   includes, but is not limited to, labels and packaging, substantiation of labeling/packaging claims,

14   budgeting, and analysis of its performance in generating consumer interest and sales), including

15   directory trees for any electronically stored information.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

17         SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

18   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

19   burdensome, and seeks documents that are neither relevant to the subject of this action nor

20   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

21   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

22   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

23   to the discovery of admissible evidence because it does not identify a time period and seeks

24   documents outside the relevant time period.  SC Johnson further objects to the terms "generate,"

25   "maintain," "store," "organize," and "record" as vague and ambiguous.  SC Johnson further

26   objects to the terms "labeling" and "packaging" as vague and ambiguous.  SC Johnson further

27   objects to the terms "substantiation of labeling/packaging claims," and "analysis of its

28   performance in generating consumer interest and sales" as vague and ambiguous.  SC Johnson

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

26

further objects to the term "directory trees" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects that this Request is improperly compound.

## PLANT-BASED REPRESENTATIONS

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS concerning the PLANT-BASED REPRESENTATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson objects to the term "concerning" as vague and ambiguous.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  SC Johnson will produce responsive, non-privileged documents relating to the "with plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and mineral ingredients" label representations alleged in the operative

Defendant S.C. Johnson & Son, Inc.s' Responses to Plaintiff's Requests for Documents (Set One)
Case No. 3:21-cv-00413
sf-4428446

27

Complaint for the PRODUCTS that were sold in the United States between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS concerning use of the PLANT-BASED REPRESENTATIONS (whether used individually or in connection with other words) in the PRODUCTS' advertisements and/or on the PRODUCTS' labeling and packaging, including the decision, discussion, and underlying reasons for using the PLANT-BASED REPRESENTATIONS, any changes to the PLANT-BASED REPRESENTATIONS, and the dates the PLANT-BASED REPRESENTATIONS were used in the PRODUCTS' advertising, labeling, and packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "concerning," "use," "advertisements," "labeling," and "packaging" as vague and ambiguous.  SC Johnson further objects to the terms "decision," "discussion," and "underlying reasons" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request is improperly compound.

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

28

1        Subject to and without waiving the foregoing objections, SC Johnson further responds as

2    follows:  SC Johnson will produce responsive, non-privileged documents relating to the "with

3    plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," and

4    "with plant-based and mineral ingredients" label representations alleged in the operative

5    Complaint for the PRODUCTS that were sold in the United States between January 15, 2017, and

6    the present.

7    **REQUEST FOR PRODUCTION NO. 26:**

8        All DOCUMENTS concerning how YOU understand, interpret, and/or intended

9    consumers to interpret the PLANT-BASED REPRESENTATIONS.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

11       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

12   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

13   burdensome, and seeks documents that are neither relevant to the subject of this action nor

14   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

15   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

16   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

17   to the discovery of admissible evidence because it does not identify a time period and seeks

18   documents outside the relevant time period.  SC Johnson further objects to the terms

19   "understand," "interpret," and "intended" as vague and ambiguous.  SC Johnson further objects to

20   this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade

21   secret documents.  SC Johnson further objects to this Request to the extent it seeks documents

22   protected from discovery by the attorney-client privilege and work product doctrine.

23       Subject to and without waiving the foregoing objections, SC Johnson further responds as

24   follows:  SC Johnson will produce responsive, non-privileged documents relating to the "with

25   plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," and

26   "with plant-based and mineral ingredients" label representations alleged in the operative

27   Complaint for the PRODUCTS that were sold in the United States between January 15, 2017, and

28   the present

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS concerning how consumers interpret the PLANT-BASED REPRESENTATIONS generally, on the PRODUCTS, and on cleaning products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "concerning," "interpret," and "cleaning products" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request is improperly compound.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS identifying the individuals responsible for creating, approving, reviewing, or overseeing the use of the PLANT-BASED REPRESENTATIONS (whether used individually or in connection with other words), or who made any changes thereto, in the PRODUCTS' advertising, labeling, and packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

DEFENDANT S.C. JOHNSON & SON, INC.s' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

30

burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the terms "responsible," "creating," "approving," "reviewing," "overseeing," and "use" as vague and ambiguous.  SC Johnson further objects to the terms "advertising," "labeling," and "packaging" as vague and ambiguous.  SC Johnson further objects to this Request to the extent that it seeks the confidential or private information of SC Johnson's employees.  SC Johnson further objects that this Request is improperly compound.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows: SC Johnson directs Plaintiff to its Initial Disclosures, which identify certain individuals who may have discoverable information related to this litigation.

**REQUEST FOR PRODUCTION NO. 29:**

If the PLANT-BASED REPRESENTATIONS are no longer used on a PRODUCT, all DOCUMENTS concerning when and why the PLANT-BASED REPRESENTATIONS (whether used individually or in connection with other words) were discontinued for any period of time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the terms "used," "concerning," and "discontinued" as vague and ambiguous.  SC Johnson further objects to this

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

31

Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request is improperly compound.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  After a diligent search, SC Johnson identified no responsive, non-privileged documents.  The PRODUCTS currently sold in the United States are labeled "with plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," or "with plant-based and mineral ingredients."

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules, or DOCUMENTS incorporated by reference) governing a third-party's creation, review, approval, or modification of the PLANT-BASED REPRESENTATIONS in the PRODUCTS' advertising, labeling, and/or packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "governing," "creation," "reviewing," "approval," and "modification" as vague and ambiguous.  SC Johnson further objects to the terms "advertising," "labeling," and "packaging" as vague and ambiguous.  SC

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

32

1   Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and

2   unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson

3   further objects to this Request to the extent that it seeks documents that are not in its possession,

4   custody, or control.  SC Johnson further objects to this Request on the grounds that it seeks

5   disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further

6   objects to this Request to the extent it seeks documents protected from discovery by the

7   attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request

8   is improperly compound.

9   **REQUEST FOR PRODUCTION NO. 31:**

10          All DOCUMENTS, including written communications, identifying, naming, discussing,

11   describing, referencing, relating to, or referring to any guidelines, policies, procedures, or

12   practices governing the creation, review, approval, or modification of the PLANT-BASED

13   REPRESENTATIONS in the PRODUCTS' advertising, labeling, and/or packaging.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15          SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

16   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

17   burdensome, and seeks documents that are neither relevant to the subject of this action nor

18   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

19   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

20   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

21   to the discovery of admissible evidence because it does not identify a time period and seeks

22   documents outside the relevant time period.  SC Johnson further objects to the terms

23   "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring

24   to" as vague and ambiguous.  SC Johnson further objects to the terms "guidelines," "policies,"

25   "procedures," "practices," "governing," "creation," "review," "approval," and "modification" as

26   vague and ambiguous.  SC Johnson further objects to the terms "advertising," "labeling," and

27   "packaging" as vague and ambiguous.

28

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  SC Johnson will conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to SC Johnson's policies or procedures relating to "with plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and mineral ingredients" label representations alleged in the operative Complaint for the PRODUCTS that were sold in the United States between January 15, 2017 and the present.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that reflect the manner in which YOU generate, maintain, store, organize, and/or record information concerning the PLANT-BASED REPRESENTATIONS, including directory trees for any electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the terms "generate," "maintain," "store," "organize," and "record" as vague and ambiguous.  SC Johnson further objects to the term "directory trees" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects that this Request is improperly compound.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that support YOUR contention that the PLANT-BASED REPRESENTATIONS are not false, misleading, or deceptive to reasonable consumers who buy the PRODUCTS.

Defendant S.C. Johnson & Son, Inc.s' Responses to Plaintiff's Requests for Documents (Set One)
Case No. 3:21-cv-00413
sf-4428446

34

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the terms "false," "misleading," and "deceptive to reasonable consumers who buy the PRODUCTS" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  SC Johnson will produce responsive, non-privileged documents relating to the "with plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and mineral ingredients" label representations alleged in the operative Complaint for the PRODUCTS that were sold in the United States between January 15, 2017, and the present.

## MARKETING RESEARCH

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to any marketing research conducted by YOU or by a third party related to the PRODUCTS and/or the use of PLANT-BASED REPRESENTATIONS, including consumer surveys, focus groups, marketing studies or analyses, target market or intended consumer demographics, and all hypotheses, theories, research

Defendant S.C. Johnson & Son, Inc.s' Responses to Plaintiff's Requests for Documents (Set One)
Case No. 3:21-cv-00413
sf-4428446

35

1   parameters, protocols, methodology, surveys, tests, underlying data, findings, conclusions,

2   recommendations, background research, reviewed materials and literature, remuneration/invoices

3   for work performed, as well as any publications or correspondence with publishers regarding the

4   research.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

6        SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

7   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

8   burdensome, and seeks documents that are neither relevant to the subject of this action nor

9   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

10  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

11  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

12  to the discovery of admissible evidence because it does not identify a time period and seeks

13  documents outside the relevant time period.  SC Johnson further objects to the terms

14  "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring

15  to" as vague and ambiguous.  SC Johnson further objects to the terms "marketing research,"

16  "consumer surveys," "focus groups," "marketing studies or analyses," and "target market or

17  intended consumer demographics" as vague and ambiguous.  SC Johnson further objects to the

18  terms "hypotheses," "theories," "research parameters," "protocols," "methodology," "surveys,"

19  "tests," "underlying data," "findings," "conclusions," "recommendations," "background

20  research," "reviewed materials and literature," "remuneration/invoices for work performed," and

21  "publications or correspondence with publishers" as vague and ambiguous.  SC Johnson further

22  objects to this Request to the extent that it seeks documents that are not in its possession, custody,

23  or control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of

24  business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this

25  Request to the extent it seeks documents protected from discovery by the attorney-client privilege

26  and work product doctrine.  SC Johnson further objects that this Request is improperly

27  compound.

28

1    Subject to and without waiving the foregoing objections, SC Johnson further responds as

2    follows:  SC Johnson will conduct a reasonably diligent search for and produce non-privileged

3    documents, if any, relating to marketing research regarding the "with plant-based ingredients,"

4    "plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and

5    mineral ingredients" representations alleged in the operative Complaint for the PRODUCTS that

6    were sold in the United States between January 15, 2017, and the present.

7    **REQUEST FOR PRODUCTION NO. 35:**

8    All DOCUMENTS, including written communications, identifying, naming, discussing,

9    describing, referencing, relating to, or referring to any business analytic data for the PRODUCTS

10   regarding the effectiveness of advertisements to reach consumers or third-party sellers, attract

11   consumer or third-party sellers' attention and engagement, and/or generate sales to consumers

12   and/or third-party sellers.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

14   SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

15   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

16   burdensome, and seeks documents that are neither relevant to the subject of this action nor

17   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

18   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

19   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

20   to the discovery of admissible evidence because it does not identify a time period and seeks

21   documents outside the relevant time period.  SC Johnson objects to the Request on the ground

22   that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not

23   identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it

24   seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to

25   the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and

26   "referring to" as vague and ambiguous.  SC Johnson further objects to the phrases "business

27   analytic data" "effectiveness of advertisements," and "attract consumer or third-party sellers'

28   attention and engagement" as vague and ambiguous.  SC Johnson further objects to this Request

on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request is improperly compound.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules, or DOCUMENTS incorporated by reference) governing a third-party's handling or participation in market research and business analytic data for the PRODUCTS and/or the use of the PLANT-BASED REPRESENTATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "governing," "handling," "participation," "market research," and "business analytic data" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

38

1  and work product doctrine.  SC Johnson further objects that this Request is improperly

2  compound.

3  **REQUEST FOR PRODUCTION NO. 37:**

4      All DOCUMENTS, including written communications, identifying, naming, discussing,

5  describing, referencing, relating to, or referring to any guidelines, policies, procedures, or

6  practices governing marketing research and business analytic data for the PRODUCTS and/or the

7  use of the PLANT-BASED REPRESENTATIONS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

9      SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

10  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

11  burdensome, and seeks documents that are neither relevant to the subject of this action nor

12  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

13  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

14  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

15  to the discovery of admissible evidence because it does not identify a time period and seeks

16  documents outside the relevant time period.  SC Johnson objects to the Request on the ground

17  that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not

18  identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it

19  seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to

20  the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and

21  "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "guidelines,"

22  "policies," "procedures," or "practices" as vague and ambiguous.  SC Johnson further objects to

23  the terms "marketing research" and "business analytic data" as vague and ambiguous.

24  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business

25  confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to

26  the extent it seeks documents protected from discovery by the attorney-client privilege and work

27  product doctrine.  SC Johnson further objects that this Request is improperly compound.

28

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that reflect the manner in which YOU generate, maintain, store, organize, and/or record information concerning marketing research and business analytics data regarding the PRODUCTS and/or PLANT-BASED REPRESENTATIONS, including directory trees for any electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period. SC Johnson further objects to the terms "generate," "maintain," "store," "organize," and "record" as vague and ambiguous. SC Johnson further objects to the terms "marketing research," "business analytics data," and "directory trees" as vague and ambiguous. SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents. SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine. SC Johnson further objects that this Request is improperly compound.

## COMPLAINTS

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS, including written communications, discussing, describing, referencing, regarding, relating to, or referring to objections, concerns, complaints, or criticisms to the use of the PLANT-BASED REPRESENTATIONS in connection with the PRODUCTS, or

DEFENDANT S.C. JOHNSON & SON, INC.s' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

40

1    cleaning products, including, but not limited to, consumer complaints, pre-suit notice letters,

2    settlement demands, complaints filed in any court of law, and threatened claims or lawsuits.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

4          SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

5    objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

6    burdensome, and seeks documents that are neither relevant to the subject of this action nor

7    reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

8    Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

9    documents that are neither relevant to the subject of this action nor reasonably calculated to lead

10   to the discovery of admissible evidence because it does not identify a time period and seeks

11   documents outside the relevant time period.  SC Johnson further objects to this Request to the

12   extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson

13   further objects to the terms "discussing," "describing," "referencing," "regarding," "relating to,"

14   and "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "objections,"

15   "concerns," "complaints," "criticisms," "use," and "cleaning products" as vague and ambiguous.

16   SC Johnson further objects to this Request to the extent it seeks documents protected from

17   discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects

18   that this Request is improperly compound.

19         Subject to and without waiving the foregoing objections, SC Johnson further responds as

20   follows:  SC Johnson will produce consumer complaints made in the United States between

21   January 15, 2017, and the present regarding the PRODUCTS' "with plant-based ingredients,"

22   "plant-based ingredients," "plant-based and mineral ingredients," and/or "with plant-based and

23   mineral ingredients" representation(s).

24   **REQUEST FOR PRODUCTION NO. 40:**

25         All DOCUMENTS regarding any investigation, enforcement action, or inquiry by the

26   Federal Trade Commission related to the PRODUCTS and/or YOUR use of the PLANT-BASED

27   REPRESENTATIONS in any advertising, including labels or packaging, of any cleaning product.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "investigation," "enforcement action," and "inquiry" as vague and ambiguous.  SC Johnson further objects to the terms "advertising," "labels," "packaging," and "cleaning product" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  After a diligent search, SC Johnson identified no responsive, non-privileged documents. SC Johnson is not aware of any Federal Trade Commission investigation, enforcement action or inquiry related to the "with plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and mineral ingredients" label representations for the PRODUCTS that were sold in the United States between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS regarding any Better Business Bureau National Advertising Division, National Advertising Review Board, or Children's Advertising Review Unit investigation,

DEFENDANT S.C. JOHNSON & SON, INC.s' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

42

1    inquiry, or proceeding related to the PRODUCTS and/or YOUR use of the PLANT-BASED

2    REPRESENTATIONS in any advertising, including labels or packaging, of any cleaning product.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

4        SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

5    objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

6    burdensome, and seeks documents that are neither relevant to the subject of this action nor

7    reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

8    Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

9    documents that are neither relevant to the subject of this action nor reasonably calculated to lead

10   to the discovery of admissible evidence because it does not identify a time period and seeks

11   documents outside the relevant time period.  SC Johnson objects to the Request on the ground

12   that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not

13   identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it

14   seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to

15   the terms "investigation," "inquiry," and "proceeding" as vague and ambiguous.  SC Johnson

16   further objects to the terms "advertising," "labels," "packaging," and "cleaning product" as vague

17   and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks

18   disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further

19   objects to this Request to the extent it seeks documents protected from discovery by the

20   attorney-client privilege and work product doctrine.

21       Subject to and without waiving the foregoing objections, SC Johnson further responds as

22   follows:  After a diligent search, SC Johnson identified no responsive, non-privileged documents.

23   SC Johnson is not aware of any Better Business Bureau National Advertising Division, National

24   Advertising Review Board, or Children's Advertising Review Unit investigation, inquiry, or

25   proceeding related to the "with plant-based ingredients," "plant-based ingredients," "plant-based

26   and mineral ingredients," and "with plant-based and mineral ingredients" label representations for

27   the PRODUCTS that were sold in the United States between January 15, 2017, and the present.

28

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules and DOCUMENTS incorporated by reference) governing a third-party's handling or participation in third-party complaints, investigations, inquiries, pre-lawsuit demands, or lawsuits regarding the PRODUCTS and/or YOUR use of the PLANT-BASED REPRESENTATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "governing," "handling," "participation," "third-party complaints," "investigations," and "inquiries" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request is improperly compound.

DEFENDANT S.C. JOHNSON & SON, INC.s' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

44

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to any guidelines, policies, procedures, or practices governing the handling or participation in third-party complaints, investigations, inquiries, pre- lawsuit demands, or lawsuits regarding the PRODUCTS and/or YOUR use of the PLANT-BASED REPRESENTATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period. SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control. SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous. SC Johnson further objects to the terms "guidelines," "policies," "procedures," and "practices" as vague and ambiguous. SC Johnson further objects to the terms "governing," "handling," and "participation" as vague and ambiguous. SC Johnson further objects to the terms "third-party complaints," "investigations," and "inquiries" as vague and ambiguous. SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents. SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

DEFENDANT S.C. JOHNSON & SON, INC.s' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

45

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that reflect the manner in which YOU generate, maintain, store, organize, and/or record information concerning third-party complaints, investigations, inquiries, pre-lawsuit demands, or lawsuits regarding the PRODUCTS and/or YOUR use of PLANT-BASED REPRESENTATIONS, including directory trees for any electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the terms "generate," "maintain," "store," "organize," and "record" as vague and ambiguous.  SC Johnson further objects to the terms "third-party complaints," "investigations," "inquiries," and "directory trees" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

## PRODUCT RETAILERS

**REQUEST FOR PRODUCTION NO. 45:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to the sellers that sell or sold the PRODUCTS in the United States, including in-store retailers, internet retailers, telephone retailers, and by-mail retailers, as well as any others.

DEFENDANT S.C. JOHNSON & SON, INC.s' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

46

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "sellers," "in-store retailers," "internet retailers," "telephone retailers," and "by-mail retailers" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  SC Johnson will conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to entities who sell or sold the PRODUCTS in the United States between January 15, 2017, and the present

**REQUEST FOR PRODUCTION NO. 46:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to the terms and conditions (such as a contract including all amendments, attachments, exhibits, schedules, and DOCUMENTS incorporated by reference) governing any sellers' marketing, advertising, or sale of the PRODUCTS in the United

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

47

1  States, including in-store retailers, internet retailers, telephone retailers, and by-mail retailers, as

2  well as any others.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

4      SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

5  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

6  burdensome, and seeks documents that are neither relevant to the subject of this action nor

7  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

8  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

9  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

10  to the discovery of admissible evidence because it does not identify a time period and seeks

11  documents outside the relevant time period.  SC Johnson objects to the Request on the ground

12  that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not

13  identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it

14  seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to

15  the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and

16  "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "sellers,"

17  "marketing," "advertising," and "sale" as vague and ambiguous.  SC Johnson further objects to

18  the terms "in-store retailers," "internet retailers," "telephone retailers," and "by-mail retailers" as

19  vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks

20  disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further

21  objects to this Request to the extent it seeks documents protected from discovery by the

22  attorney-client privilege and work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 47:**

24      All DOCUMENTS, including written communications, identifying, naming, discussing,

25  describing, referencing, relating to, or referring to any policies, procedures, or practices governing

26  any sellers' marketing, advertising, or sale of the PRODUCTS in the United States, including in-

27  store retailers, internet retailers, telephone retailers, and by-mail retailers, as well as any others.

28

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

48

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

2         SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

3   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

4   burdensome, and seeks documents that are neither relevant to the subject of this action nor

5   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

6   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

7   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

8   to the discovery of admissible evidence because it does not identify a time period and seeks

9   documents outside the relevant time period.  SC Johnson objects to the Request on the ground

10  that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not

11  identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it

12  seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to

13  the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and

14  "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "policies,"

15  "procedures," and "practices" as vague and ambiguous.  SC Johnson further objects to the terms

16  "governing," "sellers," "marketing," and "advertising" as vague and ambiguous.  SC Johnson

17  further objects to the terms "in-store retailers," "internet retailers," "telephone retailers," and

18  "by-mail retailers" as vague and ambiguous.  SC Johnson further objects to this Request on the

19  grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

20  SC Johnson further objects to this Request to the extent it seeks documents protected from

21  discovery by the attorney-client privilege and work product doctrine.

22        Subject to and without waiving the foregoing objections, SC Johnson further responds as

23  follows:  SC Johnson will conduct a reasonably diligent search for and produce non-privileged

24  documents, if any, relating to SC Johnson's policies or procedures for entities that sell or sold the

25  PRODUCTS in the United States between January 15, 2017 and the present regarding the

26  marketing and advertising of the PRODUCTS in the United States.

27

28

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS that reflect the manner in which YOU generate, maintain, store, organize, and/or record information concerning third party sellers of the PRODUCTS, including directory trees for any electronically stored information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson further objects to the terms "generate," "maintain," "store," "organize," and "record" as vague and ambiguous.  SC Johnson further objects to the phrases "information concerning third party sellers" and "directory trees" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

## SALES AND RECORD KEEPING

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS regarding sales data for each PRODUCT, which shall be produced in a CSV (comma-separated values) file (such as excel) for each PRODUCT and states the following information in separate columns, and chronologically organizes the rows, for each sale of the PRODUCTS in the United States from January 1, 2010 to present: (1) the PRODUCT name; (2) size; (3) scent or flavor variation; (4) unique product identifiers (such as a Universal Product Code or Stock Keeping Unit); (5) buyer name; (6) buyer contact information (address,

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

50

telephone number, email); (7) buyer billing address; (8) buyer shipping address; (9) the date the unit was sold; (10) the number of units sold; (11) the dollar amount charged for each unit sold, including any related charges separately identified (such as taxes, shipping, or interest); (12) whether the sale was direct to consumer or intended for resale; and (13) the manufacturer suggested retail price for the unit sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it requires SC Johnson to produce documents in a format other than as they are kept in the ordinary course of business.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the term "buyer" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects that this Request is improperly compound.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS sufficient to identify the number of units of each of the PRODUCTS sold in the United States on a daily, weekly, monthly, quarterly, and annual basis from January 1, 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

Defendant S.C. Johnson & Son, Inc.s' Responses to Plaintiff's Requests for Documents (Set One)
Case No. 3:21-cv-00413
sf-4428446

51

1    burdensome, and seeks documents that are neither relevant to the subject of this action nor

2    reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

3    Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

4    documents that are neither relevant to the subject of this action nor reasonably calculated to lead

5    to the discovery of admissible evidence because it seeks documents outside the relevant time

6    period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

7    overbroad, and unduly burdensome to the extent it does not identify whose sales or documents it

8    seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are

9    not in its possession, custody, or control.  SC Johnson further objects to the terms "sold" as vague

10   and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks

11   disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further

12   objects that this Request is improperly compound.

13        Subject to and without waiving the foregoing objections, SC Johnson further responds as

14   follows:  SC Johnson will produce the total dollar and unit sales of the PRODUCTS SC Johnson

15   sold in the United States between January 15, 2017, and the present.

16   **REQUEST FOR PRODUCTION NO. 51:**

17        All DOCUMENTS, including written communications, naming, discussing, describing,

18   referencing, relating to, or referring to the number of units of each of the PRODUCTS sold in the

19   United States from January 1, 2010 through the present.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

21        SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

22   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

23   burdensome, and seeks documents that are neither relevant to the subject of this action nor

24   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

25   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

26   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

27   to the discovery of admissible evidence because it seeks documents outside the relevant time

28   period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

overbroad, and unduly burdensome to the extent it does not identify whose sales or documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows: SC Johnson will conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to the unit sales of the PRODUCTS SC Johnson sold in the United States between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS sufficient to identify the total dollar amount of the PRODUCTS sold in the United States on a daily, weekly, monthly, quarterly, and annual basis from January 10, 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose sales or documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "total dollar

amount" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  SC Johnson will produce the total dollar and unit sales of the PRODUCTS SC Johnson sold in the United States between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS, including written communications, naming, discussing, describing, referencing, relating to, or referring to the total dollar amount of the PRODUCTS sold in the United States from January 10, 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose written communications it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the term "total dollar amount" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

DEFENDANT S.C. JOHNSON & SON, INC.s' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

54

1    Subject to and without waiving the foregoing objections, SC Johnson further responds as

2    follows: SC Johnson will conduct a reasonably diligent search for and produce non-privileged

3    documents, if any, relating to the total dollar sales of the PRODUCTS SC Johnson sold in the

4    United States between January 15, 2017, and the present.

5    **REQUEST FOR PRODUCTION NO. 54:**

6    All DOCUMENTS sufficient to identify the total revenue generated by the PRODUCTS

7    sold in the United States on a daily, weekly, monthly, quarterly, and annual basis from January

8    10, 2010 through the present.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

10    SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

11    objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

12    burdensome, and seeks documents that are neither relevant to the subject of this action nor

13    reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

14    Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

15    documents that are neither relevant to the subject of this action nor reasonably calculated to lead

16    to the discovery of admissible evidence because it seeks documents outside the relevant time

17    period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

18    overbroad, and unduly burdensome to the extent it does not identify whose total revenue it seeks.

19    SC Johnson further objects to this Request to the extent that it seeks documents that are not in its

20    possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it

21    seeks disclosure of business confidential, proprietary, or trade secret documents.

22    **REQUEST FOR PRODUCTION NO. 55:**

23    All DOCUMENTS, including written communications, naming, discussing, describing,

24    referencing, relating to, or referring to YOUR total revenues generated by the PRODUCTS sold

25    in the United States from January 10, 2010 through the present.

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

27    SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

28    objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period. SC Johnson further objects to the terms "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous. SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents. SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows: SC Johnson will conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to the total revenues SC Johnson generated by the PRODUCTS it sold in the United States between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 56:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to YOUR methods of recording sales and revenues from January 10, 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period. SC Johnson further objects to the terms "identifying," "naming," "discussing,"

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

56

"describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the phrase "methods of recording sales and revenues" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 57:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to invoice level or accounting data quantifying unit sales on a daily, weekly, monthly, and quarterly basis for the PRODUCTS sold from January 10, 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "invoice level" and "accounting data" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

57

1  objects to this Request to the extent it seeks documents protected from discovery by the

2  attorney-client privilege and work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 58:**

4        All DOCUMENTS, including written communications, identifying, naming, discussing,

5  describing, referencing, relating to or referring to financial and accounting profitability analyses

6  and forecasts, conducted from January 10, 2010 through the present, in connection with the

7  PRODUCTS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

9        SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

10  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

11  burdensome, and seeks documents that are neither relevant to the subject of this action nor

12  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

13  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

14  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

15  to the discovery of admissible evidence because it seeks documents outside the relevant time

16  period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

17  overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.

18  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its

19  possession, custody, or control.  SC Johnson further objects to the terms "identifying," "naming,"

20  "discussing," "describing," "referencing," "relating to," and "referring to" as vague and

21  ambiguous.  SC Johnson further objects to the phrase "financial and accounting profitability

22  analyses and forecasts" as vague and ambiguous.  SC Johnson further objects to this Request on

23  the grounds that it seeks disclosure of business confidential, proprietary, or trade secret

24  documents.  SC Johnson further objects to this Request to the extent it seeks documents protected

25  from discovery by the attorney-client privilege and work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 59:**

27        All DOCUMENTS identifying the actual and suggested retail price(s) for the

28  PRODUCTS paid by wholesale and retail customers in the United States, including mean,

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

58

median, and range of list price(s) and invoiced sale price(s), on a daily, weekly, monthly,

quarterly, and annual basis from January 1, 2010 through the present, including from third-party

vendors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

burdensome, and seeks documents that are neither relevant to the subject of this action nor

reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

documents that are neither relevant to the subject of this action nor reasonably calculated to lead

to the discovery of admissible evidence because it seeks documents outside the relevant time

period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.

SC Johnson further objects to this Request to the extent that it seeks documents that are not in its

possession, custody, or control.  SC Johnson further objects to the terms "actual and suggested

retail price(s)" as vague and ambiguous.  SC Johnson further objects to this Request on the

grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS regarding or reflecting repeat purchaser rates for each PRODUCT

between January 1, 2010 and present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

burdensome, and seeks documents that are neither relevant to the subject of this action nor

reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

documents that are neither relevant to the subject of this action nor reasonably calculated to lead

to the discovery of admissible evidence because it seeks documents outside the relevant time

Defendant S.C. Johnson & Son, Inc.s' Responses to Plaintiff's Requests for Documents (Set One)
Case No. 3:21-cv-00413
sf-4428446

59

period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the terms "repeat purchaser rates" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS regarding or reflecting unique product identifiers (such as a Universal Product Code or Stock Keeping Unit) for each PRODUCT between January 1, 2010 and present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  SC Johnson produced the Universal Product Codes for the PRODUCTS sold in the United States between January 15, 2017 and the present in response to Requests for Production Nos. 50 and 52.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS regarding, reflecting, or tracking the movement, storage, and sale of PRODUCTS once they are ready for sale, including the date each PRODUCT is ready for sale, sold to each reseller, shipped to resellers, sold to consumers, and shipped to consumers, between January 1, 2010 and present.

DEFENDANT S.C. JOHNSON & SON, INC.s' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

60

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62**:

2       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

3  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

4  burdensome, and seeks documents that are neither relevant to the subject of this action nor

5  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

6  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

7  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

8  to the discovery of admissible evidence because it seeks documents outside the relevant time

9  period.  SC Johnson further objects to this Request to the extent that it seeks documents that are

10  not in its possession, custody, or control.  SC Johnson further objects to the terms "movement,"

11  "storage," and "sale" as vague and ambiguous.  SC Johnson further objects to the term "ready for

12  sale" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it

13  seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson

14  further objects that this Request is improperly compound.

15  **REQUEST FOR PRODUCTION NO. 63**:

16       All DOCUMENTS regarding or reflecting refunds, returns, and exchanges of the

17  PRODUCTS between January 1, 2010 and present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63**:

19       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

20  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

21  burdensome, and seeks documents that are neither relevant to the subject of this action nor

22  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

23  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

24  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

25  to the discovery of admissible evidence because it seeks documents outside the relevant time

26  period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

27  overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.

28  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

61

1    possession, custody, or control.  SC Johnson further objects to the terms "refunds," "returns," and

2    "exchanges" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds

3    that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC

4    Johnson further objects to this Request to the extent it seeks documents protected from discovery

5    by the attorney-client privilege and work product doctrine.  SC Johnson further objects that this

6    Request is improperly compound.

7    **REQUEST FOR PRODUCTION NO. 64:**

8         All DOCUMENTS that reflect the manner in which YOU generate, maintain, store,

9    organize, and/or record information concerning the revenues, costs, profits, profit margins, sales,

10   pricing, repeat purchaser rates, refunds, returns, exchanges, unique product identifiers, and

11   inventory tracking for the PRODUCTS, including directory trees for any electronically stored

12   information.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

14        SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

15   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

16   burdensome, and seeks documents that are neither relevant to the subject of this action nor

17   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

18   Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

19   documents that are neither relevant to the subject of this action nor reasonably calculated to lead

20   to the discovery of admissible evidence because it does not identify a time period and seeks

21   documents outside the relevant time period.  SC Johnson further objects to the terms "generate,"

22   "maintain," "store," "organize," and "record" as vague and ambiguous.  SC Johnson further

23   objects to the terms "revenues," "costs," "profits," "profit margins," "sales," "pricing," "repeat

24   purchaser rates," "refunds," "returns," "exchanges," "inventory tracking," and "directory trees" as

25   vague and ambiguous.  SC Johnson further objects to this Request to the extent that it seeks

26   documents that are not in its possession, custody, or control.  SC Johnson further objects to this

27   Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade

28   secret documents.  SC Johnson further objects that this Request is improperly compound.

1

**CONSUMERS OF THE PRODUCTS**

2

**REQUEST FOR PRODUCTION NO. 65:**

3
    All DOCUMENTS sufficient to identify all individuals or entities that purchased the

4
PRODUCTS in the United States from January 15, 2015 through the present, including by name,

5
address, phone number, and/or email address.

6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

7
    SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

8
objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

9
burdensome, and seeks documents that are neither relevant to the subject of this action nor

10
reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

11
Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

12
documents that are neither relevant to the subject of this action nor reasonably calculated to lead

13
to the discovery of admissible evidence because it seeks documents outside the relevant time

14
period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

15
overbroad, and unduly burdensome to the extent it does not identify from where and/or who the

16
"individuals and entities" purchased the PRODUCTS.  SC Johnson further objects to this Request

17
to the extent that it seeks documents that are not in its possession, custody, or control.  SC

18
Johnson further objects to the phrase "all individuals or entities that purchased the PRODUCTS"

19
as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks

20
disclosure of business confidential, proprietary, or trade secret documents.

21
    Subject to and without waiving the foregoing objections, SC Johnson further responds as

22
follows:  SC Johnson does not and did not sell the PRODUCTS in the United States directly to

23
consumers between January 15, 2017 and the present and does not have documents in its

24
possession, custody or control sufficient to identify all individuals or entities who purchased the

25
PRODUCTS during that time period.

26

**REQUEST FOR PRODUCTION NO. 66:**

27
    All DOCUMENTS, including written communications, identifying, naming, discussing,

28
describing, referencing, relating to, or referring to YOUR data management, including software

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

63

development kits (SDK) and consumer relationship management (CRM) data, which can be used to identify United States individuals or entities that purchased the PRODUCTS between January 15, 2015 and present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the term "data management" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to any warranty, customer rewards, discount, or loyalty programs that track or record purchase information of individuals or entities that purchased the PRODUCTS in the United States from January 15, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead

Defendant S.C. Johnson & Son, Inc.s' Responses to Plaintiff's Requests for Documents (Set One)
Case No. 3:21-cv-00413
sf-4428446

64

to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "warranty," "customer rewards," "discount," and "loyalty programs" as vague and ambiguous.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  After a diligent search, SC Johnson identified no responsive, non-privileged documents.  SC Johnson does not and did not sell the PRODUCTS in the United States directly to consumers between January 15, 2017 and the present.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS, including written communications, identifying, naming, discussing, describing, referencing, relating to, or referring to YOUR social media (Facebook, Instagram, Twitter, Snapchat, etc.) contact with individuals or entities that purchased the PRODUCTS in the United States from January 15, 2015 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson further objects to the terms "identifying," "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous.  SC Johnson further objects to the terms "contact" as vague and ambiguous.  SC Johnson further

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

65

1  objects to this Request to the extent it seeks documents protected from discovery by the

2  attorney-client privilege and work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 69:**

4      All DOCUMENTS that reflect the manner in which YOU generate, maintain, store,

5  organize, and/or record information concerning the identification of consumers that purchased the

6  PRODUCTS, including directory trees for any electronically stored information.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

8      SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

9  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

10  burdensome, and seeks documents that are neither relevant to the subject of this action nor

11  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the

12  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks

13  documents that are neither relevant to the subject of this action nor reasonably calculated to lead

14  to the discovery of admissible evidence because it does not identify a time period and seeks

15  documents outside the relevant time period.  SC Johnson further objects to the terms "generate,"

16  "maintain," "store," "organize," "record" and "directory trees" as vague and ambiguous.  SC

17  Johnson further objects to the phrase "identification of consumers that purchased the

18  PRODUCTS" as vague and ambiguous.  SC Johnson further objects to this Request on the

19  grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

20  **INSURANCE/INDEMNITY**

21  **REQUEST FOR PRODUCTION NO. 70:**

22      A copy of each insurance policy, including all declarations of coverage, riders, schedules,

23  amendments, endorsements, and exhibits thereto, providing coverage for the claims asserted in

24  this case.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

26      SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

27  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

28

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

66

1  burdensome, and seeks documents that are neither relevant to the subject of this action nor

2  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects

3  to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or

4  trade secret documents.

5       Subject to and without waiving the foregoing objections, SC Johnson further responds as

6  follows:  After a diligent search, SC Johnson identified no responsive, non-privileged documents.

7  **REQUEST FOR PRODUCTION NO. 71:**

8       All DOCUMENTS, including written communications, discussing, relating to, referring

9  to, or referencing any insurance coverage for the claims asserted in this case.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

11       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

12  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

13  burdensome, and seeks documents that are neither relevant to the subject of this action nor

14  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects

15  to the terms "discussing," "relating to," "referring to" and "referencing" as vague and ambiguous.

16  SC Johnson further objects to the term "insurance coverage" as vague and ambiguous.

17  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business

18  confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to

19  the extent it seeks documents protected from discovery by the attorney-client privilege and work

20  product doctrine.

21       Subject to and without waiving the foregoing objections, SC Johnson further responds as

22  follows:  After a diligent search, SC Johnson identified no responsive, non-privileged documents.

23  **REQUEST FOR PRODUCTION NO. 72:**

24       A copy of each agreement, including all attachments, schedules, exhibits and amendments

25  thereto, as well as each and every DOCUMENT incorporated by reference therein, that obligates

26  YOU or another person or entity to indemnify, defend, and/or hold harmless YOU or another

27  person or entity for claims related to the PRODUCTS' marketing, advertising, and/or sale at any

28  time between January 15, 2015 and present.

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

67

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72**:

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson further objects to the terms "marketing," "advertising," and "sale" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

**REQUEST FOR PRODUCTION NO. 73:**

All DOCUMENTS, including written communications, discussing, relating to, referring to, or referencing any indemnity agreement related to the marketing, advertising, and/or sale of the PRODUCTS at any time between January 15, 2015 and present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson further objects to the terms "discussing," "relating to," "referring to" and "referencing" as vague and ambiguous.  SC Johnson further objects to the terms "marketing," "advertising," and "sale" as vague and ambiguous.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential,

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

68

proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

**REQUEST FOR PRODUCTION NO. 74:**

All DOCUMENTS, including written communications, discussing, relating to, referring to, or referencing any agreement (such as a contract, which includes all amendments, attachments, exhibits, schedules, and DOCUMENTS incorporated by reference thereto), between YOU, any other party to this action, and/or any other witness in this action, that pertains to this litigation, the claims asserted in this action, and/or the formulation, manufacture, marketing, advertising, and/or sale of the PRODUCTS at any time between January 15, 2015 and present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson further objects to the terms "discussing," "relating to," "referring to" and "referencing" as vague and ambiguous.  SC Johnson further objects to the terms "formulation," "manufacture," "marketing," "advertising," and "sale" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request is improperly compound.

**COMMUNICATIONS RE: LAWSUIT**

**REQUEST FOR PRODUCTION NO. 75:**

All DOCUMENTS reflecting, regarding, relating to, referencing, discussing, or describing communications, exchanged between or among YOU and any third party, including experts or consultants, regarding the claims asserted in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects to the terms "reflecting," "regarding," "relating to," "referencing," "discussing," and "describing" as vague and ambiguous.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  After a diligent search, SC Johnson identified no responsive, non-privileged documents.

**PLAINTIFF**

**REQUEST FOR PRODUCTION NO. 76:**

All DOCUMENTS that concern, refer to, relate to, mention, identify, name, or otherwise have anything whatsoever to do with any plaintiff in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose documents it seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

70

Johnson further objects to the phrase "have anything whatsoever to do with any plaintiff in this action" as vague and ambiguous.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  After a diligent search, SC Johnson identified no responsive, non-privileged documents.  Discovery and investigation are ongoing, and SC Johnson will produce non-privileged documents, if any, relating to Plaintiff that SC Johnson identifies.

## PRESERVATION OF EVIDENCE

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS concerning or related to any policy, procedure, practice, or act of preserving DOCUMENTS regarding the PRODUCTS, including their formulation and manufacture; advertising, labeling, packaging, budgets, marketing research, and business analytic data; revenues, costs, profits, profit margins, sales, pricing, repeat purchaser rates, refunds, returns, exchanges, unique product identifiers, and inventory tracking for the PRODUCTS; third-party complaints, investigations, inquiries, pre-lawsuit demands, and lawsuits; consumers; and internal/external communications, such as emails, text messages, instant messaging, voicemails, and any other recorded communication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects to the terms "policy," "procedure," "practice," and "act" as vague and ambiguous.  SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects that this Request is improperly compound

## DEFENSES TO CERTIFICATION

Defendant S.C. Johnson & Son, Inc.s' Responses to Plaintiff's Requests for Documents (Set One)
Case No. 3:21-cv-00413
sf-4428446

71

1   **REQUEST FOR PRODUCTION NO. 78:**

2       All DOCUMENTS that support YOUR defenses to class certification, if any, and/or

3   support YOUR position that this case is not appropriate for class certification.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

5       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

6   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

7   burdensome, and seeks documents that are neither relevant to the subject of this action nor

8   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects

9   to this Request to the extent that it seeks documents that are not in its possession, custody, or

10  control.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of

11  business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this

12  Request to the extent it seeks documents protected from discovery by the attorney-client privilege

13  and work product doctrine.

14      Subject to and without waiving the foregoing objections, SC Johnson further responds as

15  follows:  SC Johnson will produce non-privileged documents SC Johnson intends to use in

16  support of its affirmative defenses to class certification.  Discovery and investigation are ongoing.

17  **REQUEST FOR PRODUCTION NO. 79:**

18      If YOU contend that Plaintiff will not fairly and adequately represent the interests of

19  either CLASS, produce all DOCUMENTS that support that position.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

21      SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

22  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

23  burdensome, and seeks documents that are neither relevant to the subject of this action nor

24  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects

25  to this Request to the extent that it seeks documents that are not in its possession, custody, or

26  control.  SC Johnson further objects to this Request to the extent it seeks documents protected

27  from discovery by the attorney-client privilege and work product doctrine.

28

1   Subject to and without waiving the foregoing objections, SC Johnson further responds as

2   follows:  SC Johnson will produce non-privileged documents SC Johnson intends to use in

3   support of its position that Plaintiff cannot fairly and adequately represent the interests of any

4   class she purports to represent.  Discovery and investigation are ongoing.

5   **REQUEST FOR PRODUCTION NO. 80:**

6   If YOU contend that either CLASS is not ascertainable, produce all DOCUMENTS that

7   support that position.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

9   SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

10  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

11  burdensome, and seeks documents that are neither relevant to the subject of this action nor

12  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects

13  to this Request to the extent that it seeks documents that are not in its possession, custody, or

14  control.  SC Johnson further objects to this Request to the extent it seeks documents protected

15  from discovery by the attorney-client privilege and work product doctrine.

16  Subject to and without waiving the foregoing objections, SC Johnson further responds as

17  follows:  SC Johnson will produce non-privileged documents SC Johnson intends to use in

18  support of its position that Plaintiff's proposed classes are not ascertainable.  Discovery and

19  investigation are ongoing.

20  **REQUEST FOR PRODUCTION NO. 81:**

21  If YOU contend that either CLASS is not sufficiently numerous to make joinder of all

22  class members impracticable, produce all DOCUMENTS that support that position.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

24  SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

25  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

26  burdensome, and seeks documents that are neither relevant to the subject of this action nor

27  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects

28  to this Request to the extent that it seeks documents that are not in its possession, custody, or

1  control.  SC Johnson further objects to this Request to the extent it seeks documents protected

2  from discovery by the attorney-client privilege and work product doctrine.

3       Subject to and without waiving the foregoing objections, SC Johnson further responds as

4  follows:  SC Johnson will produce non-privileged documents SC Johnson intends to use in

5  support of its position that Plaintiff's proposed classes are not sufficiently numerous.  Discovery

6  and investigation are ongoing.

7  **REQUEST FOR PRODUCTION NO. 82:**

8       If YOU contend that there are no questions of law or fact common to the either CLASS,

9  produce all DOCUMENTS that support that position.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

11       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

12  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

13  burdensome, and seeks documents that are neither relevant to the subject of this action nor

14  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects

15  to this Request to the extent that it seeks documents that are not in its possession, custody, or

16  control.  SC Johnson further objects to this Request to the extent it seeks documents protected

17  from discovery by the attorney-client privilege and work product doctrine.

18       Subject to and without waiving the foregoing objections, SC Johnson further responds as

19  follows:  SC Johnson will produce non-privileged documents SC Johnson intends to use in

20  support of its position that there are no questions of law or fact common to any class Plaintiff

21  purports to represent.  Discovery and investigation are ongoing.

22  **REQUEST FOR PRODUCTION NO. 83:**

23       If YOU contend that Plaintiff's claims are not typical of either CLASS, produce all

24  DOCUMENTS that support that position.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

26       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

27  objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

28  burdensome, and seeks documents that are neither relevant to the subject of this action nor

1   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects

2   to this Request to the extent that it seeks documents that are not in its possession, custody, or

3   control.  SC Johnson further objects to this Request to the extent it seeks documents protected

4   from discovery by the attorney-client privilege and work product doctrine.

5        Subject to and without waiving the foregoing objections, SC Johnson further responds as

6   follows:  SC Johnson will produce non-privileged documents SC Johnson intends to use in

7   support of its position that Plaintiff's claims are not typical of the any class she purports to

8   represent.  Discovery and investigation are ongoing.

9   **REQUEST FOR PRODUCTION NO. 84:**

10        If YOU contend that any questions of law or fact common to either CLASS do not

11   predominate over any questions affecting individual members, produce all DOCUMENTS that

12   support that position.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

14        SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

15   objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

16   burdensome, and seeks documents that are neither relevant to the subject of this action nor

17   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson further objects

18   to this Request to the extent that it seeks documents that are not in its possession, custody, or

19   control.  SC Johnson further objects to this Request to the extent it seeks documents protected

20   from discovery by the attorney-client privilege and work product doctrine.

21        Subject to and without waiving the foregoing objections, SC Johnson further responds as

22   follows:  SC Johnson will produce non-privileged documents SC Johnson intends to use in

23   support of its position that there are no questions of law or common fact predominate over

24   questions affecting individual members for any of the classes Plaintiff purports to represent.

25   Discovery and investigation are ongoing.

26

27

28

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

75

**REQUEST FOR PRODUCTION NO. 85:**

If YOU contend that a class action is not superior to other available methods to fairly and efficiently adjudicate the claims or defenses asserted in this lawsuit, produce all DOCUMENTS that support that position.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control. SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows: SC Johnson will produce non-privileged documents SC Johnson intends to use in support of its position that a class action is not the superior method to fairly and efficiently adjudicate the claims and defenses in this lawsuit. Discovery and investigation are ongoing.

**REQUEST FOR PRODUCTION NO. 86:**

If YOU contend that YOU have not acted or refused to act on grounds that apply generally to either CLASS, so that injunctive relief or corresponding declaratory relief is not appropriate respecting either CLASS as a whole, produce all DOCUMENTS that support that position.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or

DEFENDANT S.C. JOHNSON & SON, INC.s' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

76

control.  SC Johnson further objects to this Request to the extent it seeks documents protected

from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as

follows:  SC Johnson will produce non-privileged documents SC Johnson intends to use in

support of its position that injunctive and declaratory relief are not appropriate in this action.

Discovery and investigation are ongoing.

Dated:  July 26, 2021                                    MORRISON & FOERSTER LLP


By: _____
David McDowell

*Attorneys for Defendant*
*S.C. Johnson & Son, Inc.*

1

**CERTIFICATE OF SERVICE**

2       I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
3   is 707 Wilshire Boulevard, Suite 6000, Los Angeles, California  90017-3543.  I am not a party to
the within cause, and I am over the age of eighteen years.

4       I further declare that on July 26, 2021, I served a copy of:

5       **DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF
        ELIZABETH MAISEL'S REQUESTS FOR DOCUMENTS (SET ONE)**

6

7   ☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically
8       mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail
        system from KHarrison@mofo.com to the e-mail address(es) set forth below, or as
9       stated on the attached service list per agreement in accordance with Federal Rules of
        Civil Procedure rule 5(b).

10

11      **MOON LAW APC**                          **CLARKSON LAW FIRM, P.C.**
        Christopher D. Moon                        Ryan J. Clarkson
12      chris@moonlawapc.com                       rclarkson@clarksonlawfirm.com
        Kevin O. Moon                              Shireen M. Clarkson
13      kevin@moonlawapc.com                       sclarkson@clarksonlawfirm.com
        228 Hamilton Avenue, 3rd Floor             Katherine A. Bruce
14      Palo Alto, California 94301                kbruce@clarksonlawfirm.com
        Tel: (415) 730-0387                        9255 Sunset Blvd., Suite 804
15      Fax: (650) 618-0478                        Los Angeles, CA 90069
                                                   Tel: (213) 788-4050
16                                                 Fax: (213) 788-4070

17

18                          *Attorneys for Plaintiff*
                            ELIZABETH MAISEL

19
        I declare under penalty of perjury that the foregoing is true and correct.
20
        Executed at Los Angeles, California, this 26th day of July, 2021.
21

22

23

24      _____          _____
            Kelsey Harrison
25             (typed)                               (signature)

26

27

28

Certificate of Service
sf-4535770