# Exhibit C

*Defendant's Responses to Plaintiff's Interrogatories (Set One)*

Plaintiff's Motion for Class Certification

DAVID F. MCDOWELL (CA SBN 125806)
DMcDowell@mofo.com
KELSEY HARRISON (CA SBN 328621)
KHarrison@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

THOMAS P. SCHULT (*PRO HAC VICE*)
TSchult@berkowitzoliver.com
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri  64108
Telephone: 816.561.7007
Facsimile: 816.561.1888

Attorneys for Defendant
S.C. JOHNSON & SON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIZABETH MAISEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S.C. JOHNSON & SON, INC., a Wisconsin corporation,<br><br>Defendant. | Case No. 3:21-cv-00413-TSH<br><br>**DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF ELIZABETH MAISEL'S INTERROGATORIES (SET ONE)**<br><br>Judge: Hon. Thomas Hixson<br>Complaint Filed: January 15, 2021<br>Trial Date: None Set |

PROPOUNDING PARTY:    PLAINTIFF ELIZABETH MAISEL

RESPONDING PARTY:    DEFENDANT S.C. JOHNSON & SON, INC.

SET NO.:              ONE

1    Pursuant to Federal Rule of Civil Procedure 33, Defendant S.C. Johnson & Son, Inc. ("SC

2    Johnson") submits the following responses and objections to Plaintiff Elizabeth Maisel's First Set

3    of Interrogatories, dated June 24, 2021 ("Interrogatories").

4    The following responses to the Interrogatories are based upon facts and information

5    presently known and available to SC Johnson.  Discovery, investigation, research, and analysis in

6    this case are ongoing, and may disclose the existence of additional facts, add meaning to known

7    facts, establish entirely new factual or legal contentions, or possibly lead to additions, variations,

8    or changes to these responses.  Without obligating itself to do so, SC Johnson reserves the right to

9    change or supplement these responses as additional facts are discovered, revealed, recalled, or

10   otherwise ascertained, and as further analysis and research disclose additional facts, contentions,

11   or legal theories which may well apply.

12   SC Johnson reserves all objections or other questions as to the competency, relevance,

13   materiality, privilege, or admissibility as evidence in any subsequent proceeding of its response to

14   the Interrogatories.  SC Johnson states that, except for facts explicitly admitted herein, no

15   admission of any nature whatsoever is to be implied or inferred from its response to the

16   Interrogatories.  The fact that SC Johnson has responded to an Interrogatory should not be taken

17   as an admission, or a concession of the existence, of any fact set forth or assumed by such

18   Interrogatory, or that such response constitutes evidence of any fact thus set forth or assumed.  SC

19   Johnson reserves the right to object on any ground at any time to such other or supplemental

20   interrogatories as Plaintiff may at any time propound involving or relating to the subject matter of

21   the Interrogatories.

22   **I.    GENERAL OBJECTIONS**

23   SC Johnson incorporates the following general objections into each specific objection and

24   response as if fully set forth in such objection and response:

25   1.    SC Johnson objects to the Interrogatories on the grounds that they are overbroad

26   and impose undue burden and expense on SC Johnson, and/or to the extent they seek information

27   that is neither relevant to any claim or defense asserted in the litigation nor reasonably calculated

28   to lead to the discovery of admissible evidence.

1    2.    SC Johnson objects to the Interrogatories to the extent they are vague, ambiguous,

2    and/or do not specify the information sought with sufficient particularity.

3    3.    SC Johnson objects to these Interrogatories on the grounds that they seek

4    information that is not relevant to any claim or defense in this litigation.

5    4.    SC Johnson objects to the Interrogatories to the extent they purport to require

6    SC Johnson to provide information that is not in its possession, custody, or control.

7    5.    SC Johnson objects to the Interrogatories to the extent they seek information that is

8    publicly available or already within Plaintiff's possession, custody, or control.

9    6.    SC Johnson objects to the Interrogatories to the extent they seek information that is

10   protected from disclosure by the attorney-client privilege, work product protection, and/or other

11   applicable protections.  In responding to the Interrogatories, SC Johnson does not waive, and

12   intends to preserve, any and all applicable privileges and protections.  Any inadvertent disclosure

13   of privileged or protected information shall not constitute a waiver, in whole or in part, of any

14   otherwise valid claim of privilege or protection.  Any failure to assert a privilege or protection

15   shall not be deemed to constitute a waiver of the privilege or protection as to any other

16   information so protected.

17   7.    SC Johnson objects to the Interrogatories to the extent they seek confidential,

18   proprietary, trade secret, or sensitive business information of SC Johnson, including, without

19   limitation, financial data, the disclosure of which would be harmful to SC Johnson's legitimate

20   business interests.  SC Johnson will not provide any such documents except pursuant to the

21   Protective Order entered in this case.

22   8.    SC Johnson objects to each Interrogatory to the extent it seeks discovery of

23   information received by SC Johnson from a third party under a non-disclosure agreement or the

24   content of any part of any agreement between SC Johnson and a third party that by the terms of

25   said agreement may not be disclosed by SC Johnson, and other non-parties.

26   9.    SC Johnson objects to the Interrogatories to the extent they seek information

27   outside the relevant time period.

28

10.     SC Johnson objects to the Interrogatories to the extent they are duplicative of any other requests for discovery sought by Plaintiff including requests for production of documents.

11.     SC Johnson objects to the Interrogatories to the extent they attempt to impose obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of California, and/or other applicable rules.

12.     SC Johnson objects to the definition of "DOCUMENTS" as overbroad and unduly burdensome to the extent it seeks documents that are neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence relevant to, any claim or defense in the action. SC Johnson further objects to this definition to the extent it seeks information protected from discovery by the attorney-client privilege and the work product doctrine.  SC Johnson further objects to this definition to the extent it seeks information protected from discovery by the right of privacy under the California Constitution and other applicable law, as to which right SC Johnson has a duty to protect.

13.     SC Johnson objects to the definition of "YOU" and "YOUR" as overbroad and unduly burdensome to the extent it seeks documents outside SC Johnson's possession, custody, or control, and seeks documents that are neither relevant to, nor reasonably calculated to lead to the discovery of admissible evidence relevant to, any claim or defense in the action.

14.     SC Johnson objects to the definition of "SYNTHETIC INGREDIENTS" on grounds that it is vague and ambiguous, overbroad, and unduly burdensome, and to the extent it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

15.     SC Johnson objects to the definition of "PRODUCT" and "PRODUCTS" as overbroad and unduly burdensome to the extent it purports to include products that Plaintiff did not purchase and information outside the relevant time period.

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

4

## II.    SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

For each PRODUCT, identify each labeling and packaging iteration and the time period it was in use, between the time the Product was first sold until present, by identifying the name of the PRODUCT; the size; corresponding unique product identifiers, such as a Universal Product Code or Stock Keeping Unit; the dates in use; and the bates number of each corresponding label and package.

**RESPONSE TO INTERROGATORY NO. 1:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information outside the relevant time period.  SC Johnson further objects to the terms "labeling," "packaging," and "use" as vague and ambiguous.  SC Johnson objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requires Defendant to identify documents by Bates number.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining the PRODUCT labels, which SC Johnson has agreed to produce in response to Request for Production No. 18.  The burden and expense of ascertaining the answer to this Interrogatory would be substantially the same for SC Johnson as for Plaintiff.  Accordingly, SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

**INTERROGATORY NO. 2:**

Describe in detail Defendant's system(s) for keeping records, including its system for: advertisements and labels and packaging schematics; formulations, ingredient sourcing, and

manufacturing specifications; production costs; customer relations management; implementation,

performance, and efficacy of advertising and marketing campaigns, including business analytics

data; inventory and warehousing; and sales, for the PRODUCTS, in effect at any time between

January 15, 2015 and the present.

**RESPONSE TO INTERROGATORY NO. 2:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

burdensome, and seeks information that is neither relevant to the subject of this action nor

reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

of admissible evidence because it seeks information outside the relevant time period.  SC Johnson

further objects to the terms "system(s)" and "records" as vague and ambiguous.  SC Johnson

further objects to the terms "advertisements and labels and packaging schematics,"

"formulations," "ingredient sourcing," "manufacturing specifications," "production costs,"

"customer relations management," "implementation, performance, and efficacy of advertising and

marketing campaigns, including business analytics data," "inventory and warehousing," and

"sales" as vague and ambiguous.  SC Johnson further objects to this Interrogatory on the grounds

that it seeks disclosure of confidential business, proprietary, or trade secret documents.

SC Johnson further objects to this Interrogatory to the extent it seeks documents protected from

discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects

to this Interrogatory because it is improperly compound.

**INTERROGATORY NO. 3:**

For each sale of each PRODUCT in the United States during January 15, 2015 to present,

describe the sale by identifying: the PRODUCT, including the name, size, and unique product

identifiers (such as a Universal Product Code or Stock Keeping Unit), the number of units of each

PRODUCT sold, the state in which the purchase order originated, the state in which the

PRODUCT was destined to be delivered, the sales price for each unit sold, the manufacturer

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

6

1   suggested retail price for each unit sold, the sales channel (online, by-phone, in-store, direct to

2   consumer, third-party seller), and the identity (name, phone number, email address, employer or

3   affiliated company, and address) of each buyer.

4   **RESPONSE TO INTERROGATORY NO. 3:**

5        SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

6   objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

7   burdensome, and seeks documents that are neither relevant to the subject of this action nor

8   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

9   Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

10  is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

11  of admissible evidence because it seeks information outside the relevant time period.  SC Johnson

12  further objects to this Interrogatory to the extent it seeks information that is not in its possession,

13  custody, or control.  SC Johnson objects to this Interrogatory on the grounds that it is vague and

14  ambiguous, overbroad, and unduly burdensome because it does not identify whose sales it seeks.

15  SC Johnson objects to this Interrogatory as overbroad and unduly burdensome because it seeks

16  the product name and size, unique product identifier(s), number of units sold, sales price,

17  "suggested retail price for each unit sold," the "state in which the purchase order originated," the

18  "state in which the PRODUCT was destined to be delivered," the sales channel, and the identity

19  of each buyer for "each sale."  SC Johnson further objects to the terms "state," "originated,"

20  "destined to be delivered," "manufacturer," "sales channel," "third-party seller," "employer,"

21  "affiliated company," and "buyer" as vague and ambiguous.  SC Johnson further objects to this

22  Interrogatory because it is improperly compound.  SC Johnson further objects to this

23  Interrogatory on the grounds that it seeks disclosure of confidential business, proprietary, or trade

24  secret documents.

25       Subject to and without waiving the foregoing objections, SC Johnson further responds as

26  follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the number of units of each

27  PRODUCT sold between January 15, 2017 and the present may be determined by examining the

28  PRODUCT sales data, which SC Johnson has agreed to produce in response to Requests for

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

7

1  Production Nos. 50 and 52.  The burden and expense of ascertaining the answer to this

2  Interrogatory would be substantially the same for SC Johnson as for Plaintiff.  Accordingly,

3  SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

4  **INTERROGATORY NO. 4:**

5      State the gross revenue (in U.S. dollars), the net profits (in U.S. dollars), the profit

6  margins (in U.S. dollars), and the costs (in U.S. dollars) associated with the sales of each

7  PRODUCT in the United States, for the period of time beginning January 15, 2015 to present.

8  **RESPONSE TO INTERROGATORY NO. 4:**

9      SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

10  objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

11  burdensome, and seeks documents that are neither relevant to the subject of this action nor

12  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

13  Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

14  is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

15  of admissible evidence because it seeks information outside the relevant time period.  SC Johnson

16  objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly

17  burdensome to the extent it does not identify whose sales it seeks.  SC Johnson further objects to

18  this Interrogatory to the extent it seeks information that is not in its possession, custody, or

19  control.  SC Johnson further objects to the terms "gross revenue," "net profits," "profit margins,"

20  and "costs" as vague and ambiguous.  SC Johnson further objects to this Interrogatory on the

21  grounds that it seeks disclosure of confidential business, proprietary, or trade secret documents.

22  SC Johnson further objects to this Interrogatory because it is improperly compound.

23      Subject to and without waiving the foregoing objections, SC Johnson further responds as

24  follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the gross revenue (in U.S. dollars)

25  associated with the sale of each PRODUCT in the United States from January 15, 2017 – present

26  may be determined by examining the PRODUCT sales data, which SC Johnson has agreed to

27  produce in response to Requests for Production Nos. 50 and 52.  The burden and expense of

28  ascertaining the answer to this Interrogatory would be substantially the same for SC Johnson as

1   for Plaintiff.  Accordingly, SC Johnson is producing documents from which Plaintiff can

2   ascertain the requested information.

3   **INTERROGATORY NO. 5:**

4   For each PRODUCT, identify the PRODUCT, including the name, size, and unique

5   product identifiers (such as a Universal Product Code or Stock Keeping Unit), and describe its

6   formulation (including all specific ingredients contained therein), including: each ingredient's

7   respective quantity, amount, or percentage within the PRODUCT'S formulation, the source for

8   each ingredient (including the supplier name, its contact information, and the time period it

9   supplied said ingredient), any processing the ingredients underwent from their naturally occurring

10  state to their final inclusion in the PRODUCT, and specify the dates each formulation was used,

11  for the period of time beginning when the PRODUCT was first sold until present.

12  **RESPONSE TO INTERROGATORY NO. 5:**

13  SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

14  objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

15  burdensome, and seeks documents that are neither relevant to the subject of this action nor

16  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

17  Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

18  is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

19  of admissible evidence because it seeks information outside the relevant time period.   SC

20  Johnson further objects to the terms "formulation," "source," "supplier," "processing," "naturally

21  occurring state," and "final inclusion" as vague and ambiguous.  SC Johnson further objects to

22  this Interrogatory to the extent it seeks information that is not in its possession, custody, or

23  control.  SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of

24  confidential business, proprietary, or trade secret documents.  SC Johnson further objects to this

25  Interrogatory because it is improperly compound.

26  Subject to and without waiving the foregoing objections, SC Johnson further responds as

27  follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the PRODUCT formulas, including

28  the date of each formulation from January 15, 2017 – present may be determined by examining

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

9

the PRODUCT formulas, which SC Johnson has agreed to produce in response to Requests for Production Nos. 1 and 2.  The burden and expense of ascertaining the answer to this Interrogatory would be substantially the same for SC Johnson as for Plaintiff.  Accordingly, SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

**INTERROGATORY NO. 6:**

Describe each and every change in the formulation of a PRODUCT (including changes in ingredients, quantities, and/or percentages; source/supplier; and/or processing), by stating: the PRODUCT by name, size, and its unique product identifiers (such as a Universal Product Code or Stock Keeping Unit), the date of the change and corresponding periods the formulation was in use, the change in formulation with specificity, any and all reasons for the change, each person who directly participated in authorizing or ratifying the change, and each person responsible for overseeing the change (by stating their name, employer, job title, and last known contact information), for the period of time beginning when Defendant first sold the PRODUCT until present.

**RESPONSE TO INTERROGATORY NO. 6:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information outside the relevant time period.  SC Johnson objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the terms "each and every" and "any and all."  SC Johnson further objects to the terms "change," "formulation," "source/supplier," "processing," and "responsible for overseeing" as vague and ambiguous.  SC Johnson further objects to this Interrogatory to the extent it seeks information that is not in its possession, custody, or control.  SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of confidential business,

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

10

proprietary, or trade secret documents.  SC Johnson further objects to this Interrogatory to the extent it seeks the confidential or private information of SC Johnson's employees.  SC Johnson further objects to this Interrogatory because it is improperly compound.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the PRODUCT formulas, including the date of each formulation from January 15, 2017 – present may be determined by examining the documents that SC Johnson has agreed to produce in response to Requests for Production Nos. 1 and 2.  The burden and expense of ascertaining the answer to this Interrogatory would be substantially the same for SC Johnson as for Plaintiff.  Accordingly, SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

**INTERROGATORY NO. 7:**

Describe in detail all reasons underlying Defendant's decision to include each ingredient in the PRODUCTS, including but not limited to the SYNTHETIC INGREDIENTS.

**RESPONSE TO INTERROGATORY NO. 7:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this Interrogatory as vague and ambiguous because it does not identify a specific time period.  SC Johnson objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the term "all reasons."  SC Johnson further objects to the terms "underlying" and "decision" as vague and ambiguous.  SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of confidential business, proprietary, or trade secret documents.

**INTERROGATORY NO. 8:**

State all facts and identify all documents that support your contention that each PRODUCT'S labels and packaging claims are not likely to mislead reasonable consumers into believing that the PRODUCT contains only ingredients that come from plants and/or from plants

and minerals, and that are not subject to chemical modification or processing, which materially alters the ingredients' original plant-based or mineral composition.

**RESPONSE TO INTERROGATORY NO. 8:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome with regard to the terms "all facts" and "all documents."  SC Johnson further objects to the terms "contention," "labels," "packaging," "claims," "chemical modification," "processing," "materially alters," and "original plant-based or mineral composition"  as vague and ambiguous.  SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of confidential business, proprietary, or trade secret documents.  SC Johnson further objects to this Interrogatory to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine. SC Johnson further objects to this Interrogatory because it is improperly compound.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory would require SC Johnson to compile information from its business records, which SC Johnson has agreed to produce in response to Requests for Production Nos. 1, 2, 3, 4, 5, 10, 12, 18, 24, 25, 26, 29, 33, 34, 39, 40, and 41.  The burden and expense of creating this summary would be substantially the same for SC Johnson as for Plaintiff.  Accordingly, SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

**INTERROGATORY NO. 9:**

Identify (by stating the name, address, phone number, email address, last known address, employer, job title, and dates of employment) each individual involved in the PRODUCTS' packaging and labeling, including those: who directly participated in creating or approving the packaging and labeling of the PRODUCTS, or who were responsible for overseeing the creation and approval of the PRODUCTS' packaging and labeling, and/or any changes to the content of

the packaging and labeling of the PRODUCTS, between the time Defendant first sold the

PRODUCT until present.

**RESPONSE TO INTERROGATORY NO. 9:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

burdensome, and seeks documents that are neither relevant to the subject of this action nor

reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

of admissible evidence because it seeks information outside the relevant time period. SC Johnson

further objects to the terms "packaging," "labeling," "directly participated," "creating or

approving," "responsible for overseeing," "creation," "approval," "changes," and "content" as

vague and ambiguous.  SC Johnson further objects to this Interrogatory to the extent it seeks

information that is not in its possession, custody, or control.  SC Johnson further objects to this

Interrogatory to the extent it seeks the confidential or private information of SC Johnson's

employees.

Subject to and without waiving the foregoing objections, SC Johnson further responds as

follows: SC Johnson directs Plaintiff to its Initial Disclosures, which identify certain individuals

who may have discoverable information related to this litigation.

**INTERROGATORY NO. 10:**

Describe in detail all reasons for every change made to the labeling and packaging of each

PRODUCT, between the time Defendant first sold the PRODUCT until present, including but not

limited to, the inclusion, modification, and/or elimination of the PLANT-BASED

REPRESENTATIONS (whether used individually or in connection with other words), by

identifying the PRODUCT name, size, and its unique product identifiers (such as a Universal

Product Code or Stock Keeping Unit), the corresponding bates numbers for the label/packaging

of the PRODUCT, identifying the date of the change, describing the change and reasons for the

change with specificity, and identifying each person who directly participated in authorizing or

ratifying the change and/or who was responsible for overseeing the change (including their name, employer, job title, and last known contact information).

**RESPONSE TO INTERROGATORY NO. 10:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information outside the relevant time period.  SC Johnson objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome with regard to the terms "all reasons" and "every change."  SC Johnson further objects to the terms "change," "labeling," "packaging," "inclusion," "modification," "elimination," "directly participated," "authorizing," "ratifying," and "responsible for overseeing" as vague and ambiguous.  SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of confidential business, proprietary, or trade secret documents.  SC Johnson further objects to this Interrogatory to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects to this Interrogatory to the extent it seeks the confidential or private information of SC Johnson's employees.  SC Johnson further objects to this Interrogatory as unduly burdensome and not proportional to the needs of the case to the extent it requires Defendant to identify documents by Bates number.

**INTERROGATORY NO. 11:**

Describe in detail all reasons underlying Defendant's decision to use the PLANT-BASED REPRESENTATIONS (whether used individually or in connection with other words) on the labeling and packaging of the PRODUCTS.

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

14

**RESPONSE TO INTERROGATORY NO. 11:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information outside the relevant time period.  SC Johnson objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the term "all reasons."  SC Johnson further objects to the terms "underlying," "labeling," and "packaging" as vague and ambiguous. SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of confidential business, proprietary, or trade secret documents.  SC Johnson further objects to this Interrogatory to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory would require SC Johnson to summarize business records, which SC Johnson has agreed to produce in response to Requests for Production No. 1 and 2.  The burden and expense of ascertaining this summary would be substantially the same for SC Johnson as for Plaintiff. Accordingly, SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

**INTERROGATORY NO. 12:**

Identify each ingredient in each PRODUCT that does not come from plants or minerals.

**RESPONSE TO INTERROGATORY NO. 12:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this Interrogatory as vague and ambiguous because it does not identify a specific time period.  SC Johnson further objects to the term "come from" as vague and ambiguous.

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

15

1    Subject to and without waiving the foregoing objections, SC Johnson further responds as

2    follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory

3    would require SC Johnson to summarize business records, which SC Johnson has agreed to

4    produce in response to Request for Production No. 3.  The burden and expense of ascertaining

5    this summary would be substantially the same for SC Johnson as for Plaintiff.  Accordingly,

6    SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

7    **INTERROGATORY NO. 13:**

8    For each ingredient in the PRODUCTS that Defendant currently describes, or has

9    described in the past, as "synthetic"—either on its website or on the PRODUCT packaging—

10   describe in detail all reasons why the ingredient is synthetic.

11   **RESPONSE TO INTERROGATORY NO. 13:**

12   SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

13   objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

14   burdensome, and seeks documents that are neither relevant to the subject of this action nor

15   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

16   Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

17   is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

18   of admissible evidence because it seeks information outside the relevant time period.  SC Johnson

19   further objects to the terms "synthetic" and "packaging" as vague and ambiguous.  SC Johnson

20   further objects to this Interrogatory to the extent it seeks information that is not in its possession,

21   custody, or control.  SC Johnson further objects to this Interrogatory on the grounds that it seeks

22   disclosure of confidential business, proprietary, or trade secret documents.

23   Subject to and without waiving the foregoing objections, SC Johnson further responds as

24   follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory

25   would require SC Johnson to summarize business records, which SC Johnson has agreed to

26   produce in response to Request for Production No. 3.  The burden and expense of ascertaining

27   this summary would be substantially the same for SC Johnson as for Plaintiff.  Accordingly,

28   SC Johnson is producing documents from which Plaintiff can ascertain the requested information

1    **INTERROGATORY NO. 14:**

2          Identify each company (by name, state of incorporation, principal place of business, and

3    relevant branch address) who participated in the formulation and manufacturing; advertising,

4    labeling, packaging, marketing (including without limitation marketing/advertising/public

5    relations companies, market researchers, and legal compliance); and/or distribution and sale of

6    the PRODUCTS, at any time between January 1, 2010 and present.

7    **RESPONSE TO INTERROGATORY NO. 14:**

8          SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

9    objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

10   burdensome, and seeks documents that are neither relevant to the subject of this action nor

11   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

12   Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

13   is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

14   of admissible evidence because it seeks information outside the relevant time period.  SC Johnson

15   objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly

16   burdensome with regard to the term "each company."  SC Johnson further objects to the terms

17   "participated," "formulation," "manufacturing," "advertising," "labeling," "packaging,"

18   "marketing," and "distribution" as vague and ambiguous.  SC Johnson further objects to this

19   Interrogatory to the extent it seeks information that is not in its possession, custody, or control.

20   SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of

21   confidential business, proprietary, or trade secret documents.  SC Johnson further objects to this

22   Interrogatory to the extent it seeks documents protected from discovery by the attorney-client

23   privilege and work product doctrine.

24

25

26

27

28

1   Dated:  July 26, 2021                    MORRISON & FOERSTER LLP

2

3                                            By: _____

4                                                David McDowell

5                                            **Attorneys for Defendant**
                                             **S.C. Johnson & Son, Inc.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2
      I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 707 Wilshire Boulevard, Suite 6000, Los Angeles, California  90017-3543.  I am not a party to

3
the within cause, and I am over the age of eighteen years.

4
      I further declare that on July 26, 2021, I served a copy of:

5
**DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF
ELIZABETH MAISEL'S INTERROGATORIES (SET ONE)**

6

7
☒    **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically

8
    mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail
system from KHarrison@mofo.com to the e-mail address(es) set forth below, or as

9
stated on the attached service list per agreement in accordance with Federal Rules of
Civil Procedure rule 5(b).

10

11
**MOON LAW APC**         **CLARKSON LAW FIRM, P.C.**
Christopher D. Moon         Ryan J. Clarkson

12
chris@moonlawapc.com      rclarkson@clarksonlawfirm.com
Kevin O. Moon         Shireen M. Clarkson

13
kevin@moonlawapc.com      sclarkson@clarksonlawfirm.com
228 Hamilton Avenue, 3rd Floor  Katherine A. Bruce

14
Palo Alto, California 94301     kbruce@clarksonlawfirm.com
Tel: (415) 730-0387        9255 Sunset Blvd., Suite 804

15
Fax: (650) 618-0478        Los Angeles, CA 90069
Tel: (213) 788-4050

16
Fax: (213) 788-4070

17

18
*Attorneys for Plaintiff*
ELIZABETH MAISEL

19

20
I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, this 26th day of July, 2021.

21

22

23

24
Kelsey Harrison
_____    _____

25
(typed)          (signature)

26

27

28

Certificate of Service
sf-4535770