PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
KELSEY HARRISON (CA SBN 328621)
KHarrison@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California  90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

THOMAS P. SCHULT (*PRO HAC VICE*)
TSchult@berkowitzoliver.com
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri  64108
Telephone: 816.561.7007
Facsimile: 816.561.1888

***Attorneys for Defendant S. C. Johnson & Son, Inc***.
(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIZABETH MAISEL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>S.C. JOHNSON & SON, INC., a Wisconsin Corporation,<br><br>        Defendant. | Case No.   3:21-cv-00413-TSH<br><br>**DEFENDANT S. C. JOHNSON & SON, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVE, AND APPOINTMENT OF CLASS COUNSEL**<br><br>Date:     May 19, 2022<br>Time:    10:00 am<br>Ctrm:    G<br><br>Judge: Hon. Thomas Hixson<br>Complaint Filed:  January 15, 2021<br>Trial Date:  None Set |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  CAMILA A. TAPERNOUX (CA SBN 299289)
   CTapernoux@mofo.com
2  MORRISON & FOERSTER LLP
   425 Market Street
3  San Francisco, California  94105
   Telephone: 415.268.7000
4  Facsimile: 415.268.7522
   ***Attorneys for Defendant S. C. Johnson & Son, Inc***.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ........................................................................................... 1

II.  RELEVANT FACTUAL BACKGROUND ..................................................... 2

III. LEGAL STANDARD ..................................................................................... 3

IV.  ARGUMENT .................................................................................................. 4

    A.   Class Certification Must be Denied Because Plaintiff Does Not Meet the Requirements of Rule 23(b)(2) .............................................................. 4

        1.   Plaintiff does not have standing for injunctive relief ........................... 4

            a.   Plaintiff has not suffered a concrete legal harm and is not likely to be wronged again ...................................................... 4

            b.   Plaintiff cannot show future harm for discontinued products or products lacking the alleged representations.................................. 6

        2.   The proposed nationwide class is not cohesive.................................... 7

    B.   Class Certification Must be Denied Because Plaintiff Does Not Meet the Requirements of Rule 23(a) ................................................................ 9

        1.   Plaintiff fails to show commonality ..................................................... 9

            a.   Whether the challenged representations are likely to mislead consumers is not susceptible to common proof because they have no fixed meaning.............................................................. 10

            b.   Materiality, reliance, and causation are not susceptible to common proof .......................................................................... 14

        2.   Plaintiff's claims are atypical............................................................. 17

            a.   Plaintiff is subject to a unique defense......................................... 18

            b.   Evidence needed to prove her Dishwasher Tablets claim is not probative of absent class members' claims over other products................. 18

        3.   Plaintiff fails to show she or her counsel are adequate ...................... 19

        4.   Plaintiff does not establish numerosity ............................................. 23

    C.   Certification Must Be Denied as to Plaintiff's Nationwide Class................................ 24

V.   CONCLUSION ............................................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 5-Hour Energy Mktg. and Sales Practices Litig.*,
   No. 13-2438 PSG, 2017 WL 2559615 (C.D. Cal. June 7, 2017)...........................................15

*In re 5-Hour Energy Mktg. & Sales Practices Litig.*,
   No. 13-2438 PSG, 2017 WL 385042 (C.D. Cal. Jan. 24, 2017).............................................19

*Algarin v. Maybelline, LLC*,
   300 F.R.D. 444 (S.D. Cal. 2014)..............................................................................13, 17

*Angelina Almanzar v. The Proctor & Gamble Comp.*,
   No 1:21-cv-09196 (S.D.N.Y Nov. 7, 2021), ECF No. 1 ..........................................................14

*Astiana v. Kashi Co.*,
   291 F.R.D. 493 (S.D. Cal. 2013)..............................................................................10, 17

*Azoiani v. Love's Travel Stops & Country Stores, Inc.*,
   No. EDCV0790ODWOPX, 2007 WL 4811627 (C.D. Cal. Dec. 18, 2007),
   *abrogated on other grounds by Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d
   708 (9th Cir. 2010)............................................................................................20

*Bailey v. Rite Aid Corp.*
   338 F.R.D. 390 (2011) ........................................................................................6

*Barnes v. Am. Tobacco Co.*,
   161 F.3d 127 (3d Cir. 1998)................................................................................4, 7

*Bruno v. Quten Research Inst., LLC*,
   280 F.R.D. 524 (C.D. Cal. 2011) .............................................................................17

*Bruton v. Gerber Prod. Co.*,
   No. 12-CV-02412-LHK, 2018 WL 1009257 (N.D. Cal. Feb. 13, 2018)..............................4, 6

*Celano v. Marriott Int'l. Inc.*,
   242 F.R.D. 544 (N.D. Cal. 2007) .............................................................................24

*Darisse v. Nest Labs, Inc.*,
   No. 5:14-CV-01363-BLF, 2016 WL 4385849 (N.D. Cal. Aug. 15, 2016)..............................8

*Davidson. Spacone v. Sanford, L.P.*,
   No. 2:17-CV-02419-AB-MRW, 2018 WL 4139057 (C.D. Cal. Aug. 9, 2018) .........5, 6, 18, 23

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018)..................................................................................4

*Davis v. Astrue*,
 250 F.R.D. 476 (2008) .......................................................................................................23

*People ex rel. Dep't of Motor Vehicles v. Cars 4 Causes*,
 139 Cal. App. 4th 1006 (2006)..........................................................................................13

*Diacakis v. Comcast Corp.*,
 No. C 11-3002, 2013 WL 1878921 (N.D. Cal. May 3, 2013) .................................................23

*Dunn v. Costco Wholesale Corp.*,
 No. CV 21-1751-JFW(AGRX), 2021 WL 4205620 (C.D. Cal. July 30, 2021) ......................15

*Ellis v. Costco Wholesale Corp.*,
 657 F.3d 970 (9th Cir. 2011).........................................................................................3, 18

*Frezza v. Google Inc.*,
 No. 5:12-CV-00237-RMW, 2013 WL 1736788 (N.D. Cal. Apr. 22, 2013)............................25

*Gest v. Bradbury*,
 443 F.3d 1177 (9th Cir. 2006)...............................................................................................4

*Gianino v. Alacer Corp.*,
 846 F. Supp. 2d 1096 (C.D. Cal. 2012) .................................................................................9

*Grayson v. 7-Eleven, Inc.*,
 No. 09-CV-1353 MMA, 2011 WL 2414378 (S.D. Cal. June 10, 2011)...............................7, 8

*Guido v. L'Oreal, USA, Inc.*,
 284 F.R.D. 468 (C.D. Cal. 2012) ........................................................................................10

*Hadley v. Kellogg Sales Co.*,
 324 F. Supp. 3d 1084 (N.D. Cal. 2018) ...............................................................................10

*Hamilton v. TBC Corp.*,
 328 F.R.D. 359 (C.D. Cal. Aug. 24, 2018), *class decertified in part*,
 2018 WL 6118601 (C.D. Cal. Oct. 12, 2018) .......................................................................24

*Hanon v. Dataproducts Corp.*,
 976 F.2d 497 (9th Cir. 1992)...........................................................................................17, 18

*Harris v. Vector Mktg. Corp.*,
 753 F.Supp.2d 996 (N.D. Cal. 2010) ...................................................................................22

*Hataishi v. First Am. Home Buyers Prot. Corp.*,
 223 Cal. App. 4th 1454 (2014)............................................................................................13

*Herron v. Best Buy Stores, LP*,
 No. 212CV02103TLNCKD, 2016 WL 1572909 (E.D. Cal. Apr. 19, 2016) ..........................19

*Hodgers-Durgin v. de la Vina*,
    199 F.3d 1037 (9th Cir. 1999).................................................................................4

*In re HP Inkjet Printer Litig.*,
    No. C 05-3580 JF, 2008 WL 2949265 (N.D. Cal. July 25, 2008) ............................24

*Johns v. Bayer Corp.*,
    280 F.R.D. 551 (S.D. Cal. 2012)..............................................................................17

*Jones v. ConAgra Foods, Inc.*,
    No. C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014) .....................11

*Jovel v. Boiron, Inc.*,
    No. 11-CV-10803-SVW-SHX, 2014 WL 1027874 (C.D. Cal. Feb. 27, 2014) .................19, 22

*Karim v. Hewlett-Packard Co.*,
    No. C 12-5240 PJH, 2014 WL 555934 (N.D. Cal. Feb. 10, 2014) ..........................25

*Lanovaz v. Twinings N. Am., Inc.*,
    726 F. App'x 590 (9th Cir. 2018) ..............................................................................6

*Larsen v. Vizio, Inc.*,
    No. SACV1401865 CJC, 2015 WL 13655757 (C.D. Cal. Apr. 21, 2015) ..............25

*Lilly v. Jamba Juice Co.*,
    308 F.R.D. 231 (N.D. Cal. 2014) .............................................................................17

*Major v. Ocean Spray Cranberries, Inc.*,
    No. 5:12-CV-03067 EJD, 2013 WL 2558125 (N.D. Cal. June 10, 2013) ..........18, 19

*Martin v. Monsanto Co.*,
    No. ED CV 16-2168-JFW, 2017 WL 1115167 (C.D. Cal. Mar. 24, 2017) .............17

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012)...................................................................4, 8, 24, 25

*Minkler v. Kramer Lab'ys, Inc.*,
    No. CV 12-9421-JFW, 2013 WL 3185552 (C.D. Cal. Mar. 1, 2013) .....................17

*Moheb v. Nutramax Lab'ys Inc.*,
    No. CV 12-3633-JFW JCX, 2012 WL 6951904 (C.D. Cal. Sept. 4, 2012).............6

*Moser v. Benefytt, Inc.*,
    8 F.4th 872 (9th Cir. 2021).......................................................................................24

*Rahman v. Mott's LLP*,
    No. CV 13-3482 SI, 2014 WL 5282106 (N.D. Cal. Oct. 15, 2014) ........................13

*Ries v. Arizona Beverages USA LLC*,
    No. 10-01139 RS, 2013 WL 1287416 (N.D. Cal. Mar. 28, 2013)...........................11

*San Pedro-Salcedo v. Haagen-Dazs Shoppe Co., Inc.,*
No. 5:17-CV-03504-EJD, 2019 WL 6493978 (N.D. Cal. Dec. 3, 2019).................................22

*Sanchez v. Wal Mart Stores, Inc.,*
No. CIV 206CV02573JAMKJM, 2009 WL 1514435 (E.D. Cal. May 28, 2009) ...................20

*Stearns v. Ticketmaster Corp.,*
655 F.3d 1013 (9th Cir. 2011), *abrogated on other grounds,*
569 U.S. 27 (2013) ........................................................................................................17

*Stitt v. Citibank,*
No. 12-CV-03892- YGR, 2015 WL 9177662 (N.D. Cal. Dec. 17, 2015) ...............................8

*Stockwell v. City & Cty. of San Fran.,*
749 F.3d 1107 (9th Cir. 2014)...............................................................................................9

*Sweet v. Pfizer,*
232 F.R.D. 360 (C.D. Cal. 2005) .........................................................................................10

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.,*
308 F.R.D. 630 (N.D. Cal. 2015) ...........................................................................................8

*Testone v. Barlean's Organic Oils, LLC,*
No. 19-CV-169 JLS (BGS), 2021 WL 4438391 (S.D. Cal. Sept. 28, 2021) ...........................10

*In re Toyota RAV4 Hybrid Fuel Tank Litig.,*
534 F. Supp. 3d 1067 (N.D. Cal. 2021) ..................................................................................8

*Tran v. Sioux Honey Ass'n, Coop.,*
No. 8:17-cv-00110-JLS-SS, 2020 WL 905571 (C.D. Cal. Feb. 24, 2020)..............................10

*Tsonev v. Kia Motors Am., Inc.,*
No. SACV1601020CJCDFMX, 2016 WL 10000244 (C.D. Cal. Nov. 9, 2016)...................8, 9

*In re Vioxx Class Cases,*
180 Cal. App. 4th 116 (2009).................................................................................................14

*Vizcarra v. Unilever United States, Inc.,*
339 F.R.D. 530 (N.D. Cal. 2021) ...............................................................11, 13, 14, 15

*Wal-Mart Stores, Inc. v. Dukes,*
564 U.S. 338 (2011) ..............................................................................................3, 4, 9, 10

*Welling v. Axley,*
155 F.R.D. 654 (N.D. Cal. 1994) .........................................................................................20

*Wiener v. Dannon Co.,*
255 F.R.D. 658 (C.D. Cal. 2009) ...............................................................................18, 19

1

*Williams v. Gerber*,
  552 F.3d 934 (9th Cir. 2008)...........................................................................14

2

**Statutes**

3

Cal. Bus. & Prof. Code

4

  §§ 17200, *et seq.*............................................................................................7

5

  §§ 17500, *et seq.*............................................................................................7
  §§ 1750, *et seq.*.............................................................................................7

6

**Other Authorities**

7

Fed. R. Civ. P.

8

  23(a)(1)........................................................................................................23

9

  23(a)(2)........................................................................................................10
  23(a)(3)........................................................................................................18

10

  23(b)...............................................................................................................3
  23(b)(2)...............................................................................................3, 4, 7, 9

11

  23(b)(3).................................................................................................7, 9

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF THE ISSUES TO BE DECIDED

Plaintiff's motion for class certification raises the following issues:

1. **Rule 23(b)(2) Class**.  Has Plaintiff shown by a preponderance of the evidence (i) that she has standing to seek injunctive relief when she testified she is only suing about her purchase of the Ecover Dishwasher Tablets, has not been harmed by that purchase, and she does not definitively state she will buy the product again; and (ii) that the proposed nationwide class is cohesive?

2. **Commonality**.  Has Plaintiff shown by a preponderance of the evidence that her claims are based on a common contention that can be answered with common evidence given consumers (i) do not attribute a fixed meaning to "plant-based ingredients" and (ii) do not believe that "plant-based ingredients" are an important product characteristic?

3. **Typicality**. Has Plaintiff shown by a preponderance of the evidence that her claims are typical of absent class members given (i) she lacks standing and is therefore subject to a unique defense; and (ii) the evidence necessary to prove her Dishwasher Tablets claim is not probative of absent class members' claims over the other thirteen products identified in the First Amended Complaint?

4. **Adequacy**. Has Plaintiff shown by a preponderance of the evidence that she is an adequate class representative given she (i) had and has no meaningful involvement in or oversight of the litigation; and (ii) lacks credibility?

5. **Numerosity**. Has Plaintiff shown by a preponderance of the evidence that the class is sufficiently numerous given she does not provide any evidence showing how many consumers in California and the United States purchased the Ecover products at issue and/or were allegedly misled by the "plant-based ingredients" representations?

6. **Application of California Law to Nationwide Class**.  Can Plaintiff certify a nationwide class where (i) she has not met her burden under *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) to show California has significant contact to the claims of each class member and (ii) there are material differences in the breach of warranty and unjust enrichment laws of the fifty states?

1

## I.      INTRODUCTION

Though Elizabeth Maisel is the named plaintiff in this case, it is clear that the real plaintiff in this lawyer-driven lawsuit is Plaintiff's counsel.  Plaintiff was recruited to participate in this case by her counsel, Clarkson Law Firm, who represents her in another, unrelated earlier-filed class action.[1]  She has done little more than lend her name to the lawsuit, and does not believe that she has any obligation to supervise the attorneys who recruited her to support a theory only lawyers could concoct.

SC Johnson argued at the outset of this case that no reasonable consumer would interpret the "with plant-based & mineral ingredients" statement on the Ecover Dishwasher Tablets Plaintiff purchased[2] in the same way advanced in the First Amended Complaint[3]: as purportedly conveying that the Tablets (and 13 other Ecover cleaning products) *only* contain ingredients that (i) come from plants or plants and minerals; and (ii) have not been materially altered from their original form.  Plaintiff's motion demonstrates that SC Johnson was right.

Plaintiff offers no evidence that consumers ascribe a fixed meaning to "plant-based ingredients," demonstrating that the question of whether the challenged representations are likely to mislead consumers is not susceptible to common proof.  Indeed, Plaintiff could not articulate what the term meant, answering "I don't know," "I'm not quite sure," and "I'm not able to answer that" when asked to expand on her superficial answer that "plant-based ingredients" was misleading because the Dishwasher Tablets had ingredients that were "overly processed."[4]  Plaintiff's inability to champion the theory underpinning the FAC is not surprising given SC Johnson's expert evidence shows a mere ***eight percent*** of consumer survey respondents believed that the "plant-based ingredients" statement was important and meant the product ***only***

---

[1] Notice of Removal of Civil Action from State Court, *Maisel v. Tootsie Roll Industries, LLC*, No. 3:20-cv-05204, (N.D. Cal. Jul. 29, 2020). (ECF 1); Declaration of Camila A. Tapernoux filed herewith (Tapernoux Decl.) Ex. 1 at 40:8-11.  All references to numerical exhibits herein refer to exhibits to the Tapernoux Declaration.

[2] Plaintiff also challenges two additional representations—"plant-based ingredients" and "with plant-based ingredients"— subsumed in the Dishwasher Tablet representation.  (Mot. at 1.)

[3] (Motion to Dismiss, ECF No. 19 at 13-17.)

[4] (Ex. 1 at 16:7-17:2, 18:13-21:5.)

contains plant-based ingredients that are not synthesized and/or processed in any way.[5]

On this record, Plaintiff cannot certify a class of Dishwasher Tablets purchasers, much less the other thirteen products she did not purchase and she testified were not a part of this case (only six of these other products are still sold in the United States with one of the "plant-based ingredients" representations on the label).  Plaintiff is atypical; she lacks standing and the evidence needed to prove Plaintiff's claims as to the Dishwasher Tablets will not be probative of the claims of the absent class members as to the other products.  Nor has Plaintiff met her burden to show that California has significant contact to the claims of out-of-state class members such that California law should apply to the unjust enrichment and breach of warranty claims she brings on behalf of the proposed nationwide class.  She does not attempt to, nor can she, show that material differences do not exist among state laws applicable to these claims.

In short, Plaintiff cannot satisfy any of the requirements of Federal Rules of Civil Procedure 23(a) or 23(b)(2).  The Court should deny her motion for certification.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff brings this class action based on a single purchase of Ecover Dishwasher Tablets in "early 2020," which she used until depleted without complaint.  (FAC ¶ 8; Ex. 1 at 63:3-13.)  The FAC, however, identifies fourteen different Ecover products (FAC ¶ 4), for which she seeks to certify a nationwide class and California subclass (Mot. at 1).  For various reasons, however, this case is limited at most to seven products, and, if Plaintiff's sworn deposition testimony is to be credited, one product.  At her deposition, Plaintiff confirmed that she is suing about the Dishwasher Tablets only (Ex. 1 at 21:7-10; 78:9-15), effectively abandoning her claims as to products she did not purchase.  Further, as shown below, five of the products are no longer sold in the United States and two no longer include the challenged representations.

| Product | Still Sold in US? | Challenged Statement |
| --- | --- | --- |
| All-Purpose Cleaner | No | Plant-based ingredients |
| Delicate Wash | No | Plant-based ingredients |
| Floor Soap | No | Plant-based ingredients |

[5] (Declaration of Sarah Butler (Butler Decl.) ¶ 13.)

| Product | Still Sold in US? | Challenged Statement |
|---|---|---|
| Rinse Aid | Yes | Plant-based ingredients |
| Toilet Cleaner | Yes | Plant-based ingredients |
| Laundry Detergent (Lavender Field) | Yes | With plant-based ingredients |
| Laundry Detergent (Alpine Mint) | No | With plant-based ingredients |
| Cream Scrub | No | With plant-based & mineral ingredients |
| Dishwasher Powder | Yes | With plant-based & mineral ingredients |
| **Dishwasher Tablets** | **Yes** | **With plant-based & mineral ingredients** |
| Dishwasher Tablets Zero | Yes | With plant-based & mineral ingredients |
| Stain Remover | Yes | With plant-based & mineral ingredients |
| Fabric Softener (Sunny Day) | Yes | None |
| Fabric Softener (Morning Fresh) | Yes | None |

At most, seven products are potentially at issue. Each has a unique formula with different percentages of plant-based ingredients, as well as the absence or presence of water. The products range from ▉% to ▉% plant-based ingredients (excluding water) (Mot., Ex. H), and the only product Plaintiff purchased—Dishwasher Tablets—contains nearly ▉% plant-based ingredients (*id.*). Some products do not have any mineral ingredients (and are not represented as such). (*Id.*) All of these differences impact how consumers interpret "plant-based ingredients" and "mineral ingredients" and whether those attributes are important to their purchasing decision.

## III.   LEGAL STANDARD

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348, (2011) (citations omitted). "Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). Plaintiff must demonstrate, by a preponderance of the evidence, that the class meets Rule 23(a)'s numerosity, commonality, typicality, and adequacy requirements. *Dukes*, 564 U.S. at 349-50. In addition, Plaintiff must satisfy Rule 23(b)(2), which requires that "final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a

whole." *Id.* at 345. "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful ***only as to all of the class members or as to none of them***.'" *Id.* at 360 (emphasis added). "Before certifying a class, the trial court must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 588 (9th Cir. 2012) (citation omitted).

## IV.   ARGUMENT

### A.   Class Certification Must be Denied Because Plaintiff Does Not Meet the Requirements of Rule 23(b)(2)

To certify a class under Rule 23(b)(2), Plaintiff must have standing and must show cohesiveness. *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999); *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 142-43 (3d Cir. 1998). Plaintiff fails on both counts.

#### 1.   Plaintiff does not have standing for injunctive relief

"A Rule 23(b)(2) class can only be certified if the named plaintiff shows that she herself is subject to a likelihood of future injury." *Bruton v. Gerber Prod. Co.*, No. 12-CV-02412-LHK, 2018 WL 1009257, at *5 (N.D. Cal. Feb. 13, 2018). Plaintiff herself "must demonstrate that '[s]he has suffered or is threatened with a 'concrete and particularized' legal harm ... coupled with 'a sufficient likelihood that [s]he will again be wronged in a similar way.'" *Id.* She "must demonstrate that [she] is 'realistically threatened by a *repetition* of the violation.'" *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (citation omitted). The "threatened injury must be *certainly impending* to constitute injury in fact, and allegations of possible future injury are not sufficient.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 972 (9th Cir. 2018) (quoting *Clapper v. Amnesty Int'l USA 1138*, 133 S. Ct. at 1141 (2013)).

##### a.   Plaintiff has not suffered a concrete legal harm and is not likely to be wronged again

Plaintiff falsely asserts this case "mirrors" *Davidson* and that she has standing because she "want[s] to, again, purchase ecover brand cleaning products with [the] representations [at issue] on the front of the labels" and that if she "could rely upon the truthfulness of those representations, [she] would continue to buy ecover brand cleaning products, including the

1  [Dishwasher Tablets]." (Mot. at 20; Maisel Decl. ¶ 6.)[6]  At her deposition, however, it became

2  apparent that her declaration—the only purported evidence Plaintiff submitted in support of

3  standing—is a sham, drafted by her attorneys to superficially track *Davidson*.  *Spacone v.*

4  *Sanford, L.P.*, No. 2:17-CV-02419-AB-MRW, 2018 WL 4139057, at *5 (C.D. Cal. Aug. 9, 2018)

5  (disregarding declaration contradicted by deposition testimony as sham) (citing *Kennedy v. Allied*

6  *Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)).

7       Plaintiff admitted that she neither drafted nor provided any edits to the declaration filed on

8  her behalf, ten days past its filing deadline.[7]  (Ex. 1 at 109:16-24; 134:15-135:3.)  Further, her

9  testimony demonstrated that she does not have personal knowledge of basic assertions in the

10  declaration, admitting that she would be "guesstimating," "speculating," and "do[esn't] know

11  exactly" in testifying to what she meant.  (*See, e.g.*, Ex. 1 at 115:17-21, 117:2-15, 118:7-10,

12  118:20-119:7, 121:10-20, 130:10-131:7.)  On the critical issue of standing, Plaintiff's deposition

13  testimony contradicts and undermines her sham declaration.

14       When asked straightforwardly "Do you believe you've been harmed by your purchase of

15  the Ecover Dishwasher Tablets," Plaintiff responded "***Not to my knowledge.***"  (Ex. 1 at 67:13-

16  14.)  When asked "if the Dishwasher Tablet label didn't say 'with plant-based & mineral

17  ingredients' would you buy them," Plaintiff first responded "***I don't know***," and then that she

18  "would have to rely on my attorneys to answer that."[8]  She then failed to definitively state she

19  would purchase them again, saying "If the -- yeah. If the representation on the label was truthful,

20  ***potentially*** I would buy the product again."  (Ex. 1 at 125:23-25; 126:4-12, 19-21.)  She further

21

22       [6] Given Plaintiff testified that she is only suing about the Dishwasher Tablets, these broad
assertions in her declaration—drafted by her counsel—should be limited to the Dishwasher

23  Tablets.  (*See* Ex. 1 at 21:7-10; 78:9-15, 125:4-19.)  In any event, it is unlikely Plaintiff intends to

24  buy any other Ecover products given that she (i) could not testify as to other plant-based products
she currently uses (*id*. 64:21-65:1); and (ii) "believes" she uses bleach—which is nothing like

25  Ecover's plant-based Toilet Cleaner—to clean her toilet bowl (*id*. 64:4-8).

       [7] Plaintiff neither explained why she filed late nor sought leave of Court.  (*See* ECF No. 43.)

26       [8] Plaintiff's objections to these questions should be overruled.  Plaintiff herself uses the word
"harm" in her declaration (Maisel Decl. ¶ 6 (labeling paragraph as "Ongoing/Future Harm")), and

27  asserts that she would "continue to buy ecover brand cleaning products" under certain
circumstances (*id*.).  There is no ambiguity or call for speculation, and SC Johnson is entitled to

28  question Plaintiff about her assertions, particularly given their relevance to standing.

testified that she did not know what label changes would be sufficient for her to purchase the product again in the future, and that she would "potentially" purchase the Dishwasher Tablets if "plant-based ingredients" was removed.  (Ex. 1 at 68:18-19, 22, 127:8-21.)[9]

Such testimony is woefully insufficient to establish standing.  "Potentially" is not the same thing as "definitely."[10]  *See Lanovaz v. Twinings N. Am., Inc*., 726 F. App'x 590, 591 (9th Cir. 2018) (plaintiff's statement that she would "consider buying" the product again does not confer standing to seek injunctive relief).  In addition, Plaintiff testified that she has been using dish soap instead of dishwasher tablets since her "early 2020" purchase of the Dishwasher Tablets and she does "more dishes in the sink at this juncture," further undermining her testimony that she would even "potentially" purchase the Dishwasher Tablets again.  (Ex. 1 at 60:5-10, 63:18-21.)  As in *Bailey v. Rite Aid Corp.*, Plaintiff's "testimony suggests that there is no likelihood that [s]he will purchase the [challenged product] in the future," defeating standing.  338 F.R.D. 390, 405 (2011) (denying certification of 23(b)(2) class where plaintiff testified he replaced the challenged product with a competitor's product, and thus could not establish standing).

### b.    Plaintiff cannot show future harm for discontinued products or products lacking the alleged representations

To have standing to seek changes to product labels, the products with the labels at issue must still be available for purchase.  *Bruton*, 2018 WL 1009257, at *6 (no standing for injunctive relief where defendant ceased using challenged statements); *Moheb v. Nutramax Lab'ys Inc*., No. CV 12-3633-JFW JCX, 2012 WL 6951904, at *6 (C.D. Cal. Sept. 4, 2012) (denying injunctive relief class for lack of standing when products no longer available).  Here, SC Johnson **no longer sells** five of the products purportedly at issue in the United States:  (1) All-Purpose Cleaner, (2) Delicate Wash, (3) Floor Soap, (4) Laundry Detergent (Alpine Mint), and (5) Cream Scrub.  (*See*

---

[9] Plaintiff's testimony that she would buy the dishwasher tablets again "if they were properly representing the ingredients" cannot support standing, as she contradicted this statement several times.  (Ex. 1 at 63:14-17); *see Spacone,* 2018 WL 4139057, at *5 (plaintiff's contradictory statements about future purchase intent did not establish standing).

[10] *See* https://www.merriam-webster.com/dictionary/potentially ("in a potential or possible state or condition —used to describe the possible results or effects of something"); https://www.merriam-webster.com/dictionary/definitely ("in a way free of all ambiguity, uncertainty, or obscurity").

Arellano Decl. ¶ 4; Mot., Ex. J Product Sales (showing no sales since FY 2019 for any of these products, and no sales since FY 2018 for four of the five products).)  Moreover, two additional products **no longer contain the "plant-based ingredient" representation**:  Ecover Fabric Softener in Sunny Day and Morning Fresh.  (*See* Arellano Decl. ¶ 5, Ex. A.)  Accordingly, Plaintiff has no standing for injunctive relief as to these seven products, and cannot certify a class that includes purchasers of these products.

### 2.      The proposed nationwide class is not cohesive

Plaintiff's motion is notably silent on cohesiveness.  "Rule 23(b)(2) requires that a common legal ground be generally applicable to the class."  *Grayson v. 7-Eleven, Inc.*, No. 09-CV-1353 MMA (WMc), 2011 WL 2414378, at *3 (S.D. Cal. June 10, 2011).  Further, the Rule requires even greater cohesiveness than Rule 23(b)(3) because "unnamed members are bound by the [23(b)] action without the opportunity to opt out."  *Barnes*, 161 F.3d at 142-43 (3d Cir. 1998).  Plaintiff has the burden to show that variations in the unjust enrichment and breach of contract laws of the fifty states do not render the nationwide class incohesive.  Courts routinely deny class certification where the laws of multiple states must be applied because variations in the states' laws would preclude class claims from meeting Rule 23(b)(2)'s cohesiveness requirement.  *Grayson*, 2011 WL 2414378, at *3 (decertifying Rule 23(b)(2) class for lack of cohesiveness, explaining "[w]here the laws of multiple states must be applied, a party seeking class certification under Rule 23(b)(2) must 'creditably demonstrate, through an extensive analysis of state law variances, that class certification does not present insuperable obstacles.'").  Here, Plaintiff does not assert, much less meet her burden to show, that the proposed nationwide class is cohesive given state-law variations in her claims for breach of warranty and unjust enrichment.[11]

*Grayson v. 7-Eleven, Inc.* is instructive.  There, the parties stipulated to certify a class for the purpose of adjudicating their summary judgment motions.  *Grayson*, 2011 WL 2414378, at *1.  After reviewing those motions, which analyzed the plaintiffs' claims under California law,

---

[11] Plaintiff separately seeks to certify a California subclass for her claims for violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*. (UCL), Cal. Bus. & Prof. Code §§ 17500, *et seq*. (FAL), and Cal. Civ. Code §§ 1750, *et seq*. (CLRA).

the court *sua sponte* decertified the class. *Id*. at *1, 6.  In so doing, the court rejected arguments

that "California law can serve as the ground generally applicable to the nationwide class

members' claims." *Id*. at *3.  The court found this argument insufficient because the parties:

- provided no legal authority supporting the contention that "California law does not conflict with the laws of other states,"

- did not discuss "the elements required to establish [p]laintiffs' common law and equitable claims . . . across the fifty states," and

- did not provide "any comparison of the variances in state law elements for the claims . . . , let alone an "extensive analysis of state law variations to show such variations would not present "insuperable obstacles."

*Id*. (quotations and citations omitted).  Plaintiff here falls short of her burden on cohesiveness too.

Even if she had tried, Plaintiff cannot show cohesiveness given the material differences in

the unjust enrichment and breach of warranty laws of the fifty states.  First, "[t]he elements

necessary to establish a claim for unjust enrichment…vary materially from state to state." *Mazza*,

666 F.3d at 591.  The law varies as to, for example, the type of benefit a plaintiff must confer on a

defendant, a defendant's level of culpability, whether plaintiff has an adequate remedy of law,

and what constitutes "unjust."  (*See* Appendix A.)  As a result, "[n]o court in [the Ninth Circuit]

has certified a nationwide unjust enrichment class since *Mazza*." *Stitt v. Citibank*, No. 12-CV-

03892- YGR, 2015 WL 9177662, at *4 n.4 (N.D. Cal. Dec. 17, 2015); *see also In re Toyota

RAV4 Hybrid Fuel Tank Litig*., 534 F. Supp. 3d 1067, 1122 (N.D. Cal. 2021) (plaintiffs "cannot

assert a nationwide claim for unjust enrichment").

Likewise, courts do not certify nationwide breach of warranty classes because the law

varies across the fifty states, including with respect to reliance, privity, and pre-suit notice.

*See, e.g. Darisse v. Nest Labs, Inc.*, No. 5:14-CV-01363-BLF, 2016 WL 4385849, at *11-12

(N.D. Cal. Aug. 15, 2016) (denying certification of nationwide breach of warranty class due to

material differences in state law); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc*., 308 F.R.D.

630, 638 (N.D. Cal. 2015) (same); *Tsonev v. Kia Motors Am., Inc.*, No.

SACV1601020CJCDFMX, 2016 WL 10000244, at *5 (C.D. Cal. Nov. 9, 2016) (striking

nationwide breach of warranty class because of material differences in state law).  These

differences are summarized in the chart below and in Appendix A:

| Element | Examples of States That Require | Examples of States That Do Not Require |
|---------|--------------------------------|----------------------------------------|
| Reliance | AK, AZ, CA, MS, MT, NE, NH, NC, OK, OR, PA, RI, SD, TN, TX, WY | AL, CO, DE, DC, HI, ID, IL, KS, MA, MN, MO, VA |
| Privity | AL, AZ, FL, GA, NJ, ND | AK, AR, CA, CO, CT, DE, HI, ID, IL, MN, MS, NE, NY, NC, OH, TX, WA, WV, WY |
| Pre-Suit Notice | AL, AK, DE, DC, KS, MA, MS, MT, NE, NH, OR, RI, TN, WY | AZ, CA, CO, CT, IL, MD, MN, MO, NJ, NC |

These differences are material: "They involve the essential requirements to establish a claim. . . . Many of them will mean the difference between success and failure." *See, e.g., Gianino v. Alacer Corp.*, 846 F. Supp. 2d 1096, 1102 (C.D. Cal. 2012).

Moreover, as discussed below (Section B.1), questions of whether the challenged "plant-based ingredients" representations were misleading and whether materiality, reliance, and causation can be established are individualized inquiries that cannot be answered with common evidence. Thus, Plaintiff does not show that she "seek[s] uniform relief from a practice applicable to all [class members]" (Mot. at 21), as injunctive relief is inapplicable to class members who have not been misled.

### B.     Class Certification Must be Denied Because Plaintiff Does Not Meet the Requirements of Rule 23(a)

Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Dukes*, 564 U.S. at 349. Its requirements of commonality, typicality, adequacy, and numerosity "effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Id.* Plaintiff fails to meet these requirements.

### 1.     Plaintiff fails to show commonality

To satisfy commonality, Plaintiff must show that her claims depend on a common contention "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Stockwell v. City & Cty. of San Fran.*, 749 F.3d 1107, 1112 (9th Cir. 2014) (quoting *Dukes*, 564 U.S. at 350). "[E]ven though Rule 23(b)(2), unlike Rule 23(b)(3), does not specifically contain predominance and superiority requirements, a class under Rule 23(b)(2) must not be overrun with

1  individual issues." *Sweet v. Pfizer*, 232 F.R.D. 360, 374 (C.D. Cal. 2005).  "Dissimilarities within

2  the proposed class are what have the potential to impede the generation of common answers."

3  *Dukes*, 564 U.S. at 350.

4  The Supreme Court explained in *Dukes* that although only one common question is

5  required, not just any "common" question will do.  564 U.S. at 350.  What matters is a common

6  question that will "drive the resolution of the litigation."  *Id.*  Though the *Dukes* plaintiffs

7  identified numerous "common" questions that would be raised in an employment discrimination

8  case (such as "do our managers have discretion over pay?" and "is that an unlawful employment

9  practice?"), the "crucial question" identified by the Supreme Court for purposes of satisfying

10  23(a)(2) was "why was I disfavored?"  Commonality was not satisfied because this question

11  could not be answered with common evidence for each class member.  *Id.* at 359.

12  Similarly here, while Plaintiff identifies a number of purportedly "common questions"

13  similar to those raised in *Dukes* (Mot. at 12), none is a "crucial question" that will "drive the

14  resolution of the litigation."  Rather, the crucial questions for purposes of satisfying Rule 23(a)(2)

15  are: (i) what do the "plant-based ingredients" representations mean to consumers (are they

16  misleading); and (ii) what importance (if any) do consumers attach to the representations (are

17  they material).  Neither of these questions is capable of resolution by common evidence.[12]

18           **a.**    **Whether the challenged representations are likely to mislead**

19                    **consumers is not susceptible to common proof because they**
                  **have no fixed meaning**

20  At the core of Plaintiff's case is her allegation that the challenged "plant-based

21  ingredients" labels are misleading to consumers.  To prevail on any of her claims, Plaintiff must

22

23  [12] Plaintiff's cases are inapposite.  *Astiana v. Kashi Co.*, 291 F.R.D. 493, 501 (S.D. Cal. 2013) (neither considered whether challenged claim had fixed meaning nor complied with *Dukes* in

24  identifying common "crucial" question); *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1115 (N.D. Cal. 2018) (defendant did not contest commonality; court did not analyze whether it

25  was satisfied under *Dukes*); *Guido v. L'Oreal, USA, Inc.*, 284 F.R.D. 468, 477 (C.D. Cal. 2012), on reconsideration, Nos. CV 11-1067 CAS (JCx), CV 11-5465 CAS (JCx), 2012 WL 2458118

26  (C.D. Cal. June 25, 2012) (omissions case that did not implicate question of whether challenged claim had fixed meaning); *Tran v. Sioux Honey Ass'n, Coop.*, No. 8:17-cv-00110-JLS-SS, 2020

27  WL 905571, at *4 (C.D. Cal. Feb. 24, 2020) (no evidence that putative class not misled by challenged claims); *Testone v. Barlean's Organic Oils, LLC*, No. 19-CV-169 JLS (BGS), 2021

28  WL 4438391, at *8 (S.D. Cal. Sept. 28, 2021) (defendant did not dispute commonality).

prove "that a significant portion of the consuming public could be confused by" these representations, in the same way Plaintiff alleges she was confused. *Vizcarra v. Unilever United States, Inc.*, 339 F.R.D. 530, 543 (N.D. Cal. 2021) (no commonality because the "two questions central to" UCL, FAL, and CLRA claims—likelihood of deception and materiality—were not susceptible to common proof). Plaintiff asserts that an answer to whether the challenged representations are misleading will resolve "an issue that is central to the validity of each Class Member's claim" (Mot. at 12), but fails to present any common evidence to prove that consumers are misled by the "plant-based ingredients" labels. *See Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS, 2013 WL 1287416, at *7 (N.D. Cal. Mar. 28, 2013) (decertifying class because plaintiffs failed to meet "evidentiary burden" to prove a reasonable consumer was likely to be deceived by "natural" labels on beverages).

*Vizcarra* is instructive. There, plaintiff sought to certify a UCL, CLRA, and FAL class, alleging the statement "Natural Vanilla," accompanied by pictures of vanilla beans, flowers, and an ice cream scoop "with noticeable specks purporting to be actual vanilla beans," was misleading. *Vizcarra*, 339 F.R.D. at 537-38. The court found no commonality because plaintiff "pointed to no common evidence showing that consumers understood the Vanilla Representations" as she did: "that the ice cream at issue would be flavored exclusively with vanilla from the vanilla plant." *Id.* at 537-38, 547 (explaining "[i]n the absence of evidence or authority to the contrary, it appears that the Vanilla Representations have no fixed meaning.") The same outcome is warranted here. *See Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726, at *16-17 (N.D. Cal. June 13, 2014) (denying certification where "natural" has no "fixed meaning" and plaintiff did not show it had any particular meaning in the minds of consumers).

**Plaintiff Provides No Evidence Showing Fixed Meaning.** Plaintiff's motion is devoid of evidence showing that the challenged statements have a fixed meaning, let alone that consumers understand "plant-based ingredients" to convey that the products *only* contain ingredients that (i) come from plants or plants and minerals; and (ii) have not been materially altered from their original form. (FAC ¶ 2.) Plaintiff's conclusory statement that "Defendant's formulations and

admissions" demonstrate the challenged representations are false and misleading because not every ingredient in the products is plant-based or a mineral (Mot. at 13) assumes the very point Plaintiff needs, yet fails, to prove.  Neither the product formulations nor SC Johnson's ingredient disclosures establish anything about how **consumers** understand the challenged terms, much less that they understand the terms in the same way Plaintiff alleges that she does.

*Plaintiff's Testimony Demonstrates No Fixed Meaning.*  Plaintiff herself does not attribute a fixed meaning to "with plant-based & mineral ingredients."  She testified that she ***does not know*** if the representation means that the product contains only ingredients that come from plants or minerals, which ***directly contradicts and undermines*** the FAC, her class certification motion, and her sworn declaration:

> Q.    …in looking at the front label [of the Ecover Laundry Detergent (Lavender Field)], do you interpret that to mean it includes only plant-based ingredients or that it has some plant-based ingredients?
> A.    I don't know.
>
> Q.    So you don't have a sense of what "with plant-based ingredients" means in the context of the ingredients as a whole in this product?
> A.    That is correct.

(*Compare* Ex. 1 at 73:7-12, 14-18; 73:23-74:3[13] with FAC ¶ 2, Mot. at 6, and Maisel Decl. at ¶ 5.) Plaintiff also answered "I don't know how to answer that question" when asked "what do you mean by 'overly processed,'" despite using that term to describe why she believes the challenged representation is misleading.  (Ex. 1 at 16:7-10, 16:24-17:2; 18:24-25; 19:5-8.)  Nor did she testify that the "mineral ingredients" representation was misleading.  (Ex. 1 at 15:17-18; 16:4-10) ("with plant-based & mineral ingredients" is deceiving because "it says it's plant-based and it is in fact not").[14]  Plaintiff cannot expect reasonable consumers to share her idiosyncratic understanding of the challenged terms when she herself does not understand either the terms themselves or her own definition of why they are supposedly misleading.

*Expert Evidence Demonstrates No Fixed Meaning*.  Plaintiff must, but failed to, present

---

[13] Plaintiff's objections to these questions have no merit.  SC Johnson is entitled to ask Plaintiff about her own lay opinion of how she understands the label statement she alleges is false and misleading; there is no vagueness, ambiguity, or call for speculation or a legal conclusion.

[14] In fact, she could not even identify a single mineral.  (Ex. 1 at 53:4-6.)

admissible, common evidence that the "plant-based ingredients" representation is likely to mislead consumers. *Vizcarra,* 339 F.R.D. at 544-46; *Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 5282106, at *9 (N.D. Cal. Oct. 15, 2014) (plaintiff's allegations that he was deceived by statement were "not sufficient to draw a conclusion as to whether a reasonable consumer would have been similarly misled").[15]  Nor can she, as the consumer survey conducted by SC Johnson's expert Sarah Butler confirms that consumers "interpret 'plant-based ingredients' in a wide variety of ways." (Butler Decl. ¶ 41.)  When choosing from a list of options, a mere **8%** of respondents believed that the "plant-based ingredients" statement was important and meant the product ***only*** contains plant-based ingredients that are not synthesized and/or processed, as Plaintiff alleges (but does not believe herself). (*Id.* ¶ 46.)  When asked to describe in their own words what "plant-based ingredients" means to them, respondents stated the phrase means everything from "green vegetable item" to "vegan" to "not using any form of animal or insect by-product ingredients" to "manufactured with plants as the main ingredients in the product." (*Id.* ¶ 41.)  Even fewer respondents—***3.4%***—believe that mineral-based ingredients are an important characteristic and believe it means the product only contains mineral-based ingredients that have not been processed. (*Id.* ¶ 51.)  Based on respondents' varied perceptions, it would be necessary to ask each individual consumer what the "plant-based ingredients" and "mineral ingredients" statements meant in the context of an Ecover product. (*Id.* ¶ 43.)  This evidence further confirms that Plaintiff fails to meet the commonality requirement. *See Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 454 (S.D. Cal. 2014) (whether statement was likely to deceive a reasonable consumer not subject to common proof when survey showed 32% of purchasers were not misled by the statement).

***

Finally, the commonality showing Plaintiff needs to make is further complicated by the

---

[15] Likelihood of deception requires "a probability that 'a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *People ex rel. Dep't of Motor Vehicles v. Cars 4 Causes*, 139 Cal. App. 4th 1006, 1016 (2006); *Hataishi v. First Am. Home Buyers Prot. Corp.*, 223 Cal. App. 4th 1454, 1460 (2014) (claims of deception negated by consumer survey showing 61.6% of respondents not deceived).

fact that whether any of the three "plant-based ingredients" representations at issue are misleading may also vary widely based on which product(s) any given consumer purchased.  Plaintiff presents no evidence that consumer expectations are uniform across the products, and plaintiffs in other cases challenging "plant-based" representations disagree.  In a case involving diapers, for example, the plaintiff alleges that consumers understand "plant-based" as denoting "a significant amount of plant-based materials compared to fossil fuel-based materials."  Compl. ¶ 14, *Angelina Almanzar v. The Proctor & Gamble Comp.,* No 1:21-cv-09196 (S.D.N.Y Nov. 7, 2021), ECF No. 1.  That interpretation too begs the question of what "a significant amount" means.  Here, the fourteen products identified in the FAC range from ██% to ██% plant-based ingredients excluding water (Mot., Ex. H), and the Dishwasher Tablets Plaintiff purchased contain ██% plant-based ingredients.  Moreover, a reasonable consumer would understand that products include different amounts of plant-based ingredients depending on whether the products are liquid (Laundry Detergent) or dry (Dishwasher Tablets), and also would implicitly understand that liquid products cannot be made only of plant-based ingredients as those products are mostly made of water.  That same reasonable consumer would look at the back label of the products to confirm their understanding of the ingredients.  *See Williams v. Gerber*, 552 F.3d 934, 939-40 (9th Cir. 2008) ("reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging").  Plaintiff, of course, remains out of step with the reasonable consumer in this regard too, given that she did not look at the back label of the Dishwasher Tablets and that she "generally [doesn't] as a consumer."  (Ex. 1 at 57:25-58:3.)

     **b.**  **Materiality, reliance, and causation are not susceptible to common proof**

    The critical questions of materiality, reliance, and causation are also not susceptible to common proof, defeating certification.  *See In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 133 (2009) (class certification requires "common evidence as to what consumers perceived or what they would find material.").  Plaintiff bears the burden of showing that the challenged representations were material to all class members (*Vizcarra*, 339 F.R.D. at 548-549), meaning "a

1  reasonable [person] would attach importance to its existence or nonexistence in determining his

2  choice of action in the transaction in question." (quoting *Kwikset*, 51 Cal. 4th at 332, 120

3  Cal.Rptr.3d 741, 246 P.3d 877).  She does not meet this burden.

4         ***Plaintiff Provides No Evidence of Materiality.***  Plaintiff asserts that materiality can "be

5  demonstrated by class-wide, common proof" (Mot. at 13), but fails to support that assertion with

6  ***any*** evidence, much less common evidence.  *Dunn v. Costco Wholesale Corp*., No. CV 21-1751-

7  JFW(AGRX), 2021 WL 4205620, at *5 (C.D. Cal. July 30, 2021) (certification denied for no

8  commonality where Plaintiff presented no survey or market research to demonstrate that the

9  "100% Arabica Coffee" representation was material).[16]  Plaintiff makes only the conclusory claim

10  that "market research" demonstrates that consumers value "natural products" and, as a result,

11  materiality can be shown by common proof.  (Mot. at 7.)  This unsupported conclusion fails.

12         **First**, the representations at issue do not include the word "natural."  Plaintiff presents no

13  evidence showing that consumers equate any of the three challenged representations with

14  "natural," *a term that does not appear on any of the product labels*.  She herself did not draw that

15  connection when asked what plant-based ingredients means, testifying circularly that it means

16  "that it's plant based."  (Ex. 1 at 50:2-3, 13-20.)[17]  When asked if she could provide a description

17  "that doesn't use the words already in the phrase," Plaintiff responded "no."  (*Id.* at 50:15-17.)

18  **Second**, Plaintiff does not in fact point to any actual "market research"; she merely repeats

19  unsupported allegations from the FAC and references unspecified "admissions."  (Mot. at 13; *see*

20  *also* FAC ¶ 11.)  To the extent Plaintiff is referring to the products' ingredient disclosures, those

21  are not "market research."  The same is true if Plaintiff is referring to Ecover and SC Johnson

22

23      [16] *See also In re 5-Hour Energy Marketing and Sales Practices Litigation*, No. 13-2438 PSG,
24  2017 WL 2559615, at *8 (C.D. Cal. June 7, 2017) ("Absent a consumer survey or other market
   research to indicate how consumers reacted to the [challenged] statements, and how they valued
25  these statements compared to other attributes of the product and the energy supplement market
   generally, [p]laintiffs have not offered sufficient evidence of materiality across the class");
26  *Vizcarra*, 39 F.R.D. at 547 (no common evidence that challenged statements were material to
   consumers).

27      [17] Plaintiff's passing reference to "natural ingredients" later in her deposition does not change
   matters, as she never asserts that "plant-based ingredients" is the same as "natural" ingredients.
28  (Ex. 1 at 100:12-19.)

websites.  The "Science Inspired By Nature," "Our Mission," "This We Believe," "Global Transparency," "Industry Transparency," and "Negative Perceptions Synthetic Chemicals" webpages that Plaintiff references (Mot. at 4-5) all provide consumers with additional information about how Ecover formulates the products; they provide no information or research regarding whether consumers purchase the products because of the challenged representations.

*Expert Testimony Establishes No Materiality.*  Plaintiff's failure to show any common evidence of materiality is not surprising given that SC Johnson's expert found that the "plant-based ingredients" statements would "not impact consumers' likelihood of purchasing" the products.  (Butler Decl. ¶ 14.)  Consumers are *just as likely* to purchase an Ecover cleaning product whether or not the label states "with plant-based & mineral ingredients."  (*Id.* ¶ 13.) When shown the product packaging and provided a list of characteristics that includes the challenged "plant-based ingredients" statement, less than 33% of survey respondents indicated "plant-based ingredients" are important when choosing to purchase the Dishwasher Tablets. Larger percentages of respondents value other product attributes (of which respondents could select multiple):

- 47.9% say "non-toxic" is important;
- 47.1% say "biodegradable ingredients" is important;
- 42.4% say "recyclable packaging" is important; and
- 33.8% say "anti-bacterial" is important.

(*Id.* ¶ 39.)  No respondent selected *only* "plant-based ingredients" as an important characteristic, indicating it is not the only feature consumers consider when purchasing.  (*Id.* ¶ 40.)  Contrary to Plaintiff's unsupported allegations, the small photos of a leaf and flower on the label do not affect how consumers interpret the packaging.  (Mot. at 2.)  Less than 28% of survey respondents who saw the Dishwasher Tablets label without the statement "with plant-based & mineral ingredients" thought that plant-based ingredients are an important product characteristic.  (Butler Decl. ¶ 39.)

*Plaintiff Also Cannot Establish Reliance or Causation.*  Plaintiff argues that the elements of reliance and causation can be presumed by a showing of materiality, and thus also satisfy commonality.  Plaintiff includes two lengthy paragraphs citing, with no analysis or

1    application to this matter, a string of cases for this general proposition.  (Mot. at 14-16.)  But,

2    because Plaintiff has not and cannot show materiality, she also cannot presume reliance or

3    causation on a classwide basis.[18]  She makes no other argument to support a finding of reliance or

4    causation.  *See, e.g. Minkler v. Kramer Lab'ys, Inc.,* No. CV 12-9421-JFW FFMX, 2013 WL

5    3185552, at *4 (C.D. Cal. Mar. 1, 2013) (no commonality when the proposed class included

6    individuals who did not rely on the representations); *Algarin*, 300 F.R.D. at 457 (materiality and

7    reliance not subject to common proof when expert evidence shows that both vary from consumer

8    to consumer).

9                        **2.       Plaintiff's claims are atypical**

10         "The test of typicality is whether other members have the same or similar injury, whether

11   the action is based on conduct which is not unique to the named plaintiffs, and whether other

12   class members have been injured by the same source of conduct."  *Hanon v. Dataproducts Corp.*,

13   976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  Plaintiff argues only that "typicality, like

14   commonality, is satisfied because Plaintiff and Class Members all purchased Products bearing the

15   same material and deceptive [Representations]."  (Mot. at 17.)  First, this assumes what Plaintiff

16   has failed to show can be established through common proof (*i.e.*, that the "plant-based

17   ingredients" labels are material and deceptive).  Therefore, she fails typicality for the same

18   reasons she fails commonality.  In addition, she is atypical of the putative class because (1) she is

19   subject to a unique defense and (2) the evidence needed to prove her claim is different from that

20   needed to prove claims of class members who purchased different products.[19]

21   _____

22         [18] As noted above, SC Johnson's consumer survey shows that over 67% percent of
     respondents do not think that "plant-based ingredients" is important, confirming that Plaintiff can
23   establish neither materiality nor reliance with common evidence.  *See Stearns v. Ticketmaster
     Corp.*, 655 F.3d 1013, 1022-23 (9th Cir. 2011), *abrogated on other grounds*, 569 U.S. 27 (2013)
24   ("If the misrepresentation . . . is not material as to all class members, the issue of reliance 'would
     vary from consumer to consumer' and the class should not be certified.")

25         [19] Plaintiff's cases do not hold otherwise.  *Martin v. Monsanto Co.*, No. ED CV 16-2168-JFW
     (SPx), 2017 WL 1115167 (C.D. Cal. Mar. 24, 2017) (no consideration of whether typicality is
26   satisfied where the named plaintiff lacks standing); *Johns v. Bayer Corp.*, 280 F.R.D. 551, 557
     (S.D. Cal. 2012) (same); *Astiana*, 291 F.R.D. at 502 (N.D. Cal. 2005) (same); *Hilsley*, 2018 WL
27   6300479 (same); *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 534 (C.D. Cal. 2011)
     (same, and finding no typicality for putative class members exposed to similar but not the same
28   representations); *Lilly v. Jamba Juice Co.*, 308 F.R.D. 231,  240 (N.D. Cal. 2014) (no

### a.     Plaintiff is subject to a unique defense

A plaintiff fails to satisfy typicality where his "unique background and factual situation require[s] him to prepare to meet defenses that [are] not typical of the defenses which may be raised against other members of the proposed class." *Ellis,* 657 F3d at 984 (citing *Hanon,* 976 F.2d at 508).  Here, Plaintiff is not typical because, as discussed above, she lacks standing.  (*See* Section IV.A.1.)  Class certification should be denied "if there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to [her]." *Hanon*, 976 F.2d at 508; *see also Spacone*, 2018 WL 4139057, at *3 (plaintiff failed to satisfy typicality where he lacked standing, which would "impose[] atypical defense preparations" on him).

### b.     Evidence needed to prove her Dishwasher Tablets claim is not probative of absent class members' claims over other products

Typicality cannot be satisfied "where the evidence needed to prove at least one of the named plaintiff's claims is not probative of the other class members' claims." *Major v. Ocean Spray Cranberries, Inc.,* No. 5:12-CV-03067 EJD, 2013 WL 2558125, at *3 (N.D. Cal. June 10, 2013).  "In cases involving a variety of products, courts, emphasizing that different products have different functions and different consumers, have held that a named plaintiff that purchased a different product than that purchased by unnamed plaintiffs fails to satisfy the typicality requirement of Rule 23(a)(3)." *Wiener v. Dannon Co.*, 255 F.R.D. 658, 666 (C.D. Cal. 2009).

Plaintiff fails to satisfy typicality because she did not purchase thirteen of the fourteen challenged products, and specifically testified that she is suing ***only*** about the Dishwasher Tablets and not any other Ecover cleaning product.  (Ex. 1 at 21:7-10, 11-13; 78:9-15.)  Due to the wide variations between the challenged products (only seven of which continue to be sold in the United States with the representations at issue), the evidence needed to prove Plaintiff's claims as to the product she purchased will not be probative of the claims of the absent class members.

As shown in the product formulations and ingredient disclosures Plaintiff submitted, the Dishwasher Tablets have as little as 10% of the ingredients Plaintiff takes issue with in common

consideration of whether evidence needed to prove plaintiff's claim would be probative as to all putative class members' claims).

with the other products, and none of the complained of ingredients are found in all of the

products.  (*See* FAC ¶¶ 34-47; Ex. 2 (chart depicting ingredients Plaintiff challenges in FAC ¶¶

34-47 by product).)  The composition of each product is critical to Plaintiff's claims because she

vaguely testified that the "with plant-based & mineral ingredients" representation on the

Dishwasher Tablets is false and misleading because the plant-based ingredients are "overly

processed." (Ex. 1 at 18:24-25; 19:5-8.)[20]  Even if Plaintiff could show that reasonable consumers

share her vague interpretation (she cannot), she would need to present evidence showing that the

Dishwasher Tablets contain plant-based ingredients that have been "overly processed" to prove

her claim.  That evidence will rely on the ingredients and formulation process unique to the

Dishwasher Tablets, including testing of those unique ingredients.  It will not be probative of the

challenged statements as to any of the other products at issue.  *See Wiener*, 255 F.R.D. at 666 (no

typicality because evidence needed to prove falsity of representation about one probiotic in one

yogurt not probative of falsity of representations about another probiotic in a different yogurt);

*Major*, 2013 WL 2558125, at *4 (no typicality because evidence needed to prove falsity of

statements on a blueberry-flavored drink not probative of falsity of statements on other flavors).[21]

### 3.    Plaintiff fails to show she or her counsel are adequate

"Because absent class members will be bound by a judgment, constitutional due process

requires that [they] be adequately represented."  *Jovel v. Boiron, Inc.*, No. 11-CV-10803-SVW-

---

[20] As discussed, this testimony is at odds with the theory Plaintiff's counsel advances in the FAC, namely that the representation is misleading because it suggests the product contains plant-based and mineral ingredients only, which Plaintiff has disavowed.  (Ex. 1 at 73:7-12, 14-18, 73:23-74:3.) (Plaintiff does not know if she interprets "with plant-based ingredients" to mean the product includes plant-based ingredients only).  Regardless, a finding as to the Dishwasher Tablets will not be dispositive as to other products, which contain different ingredients.  *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. 13-2438 PSG (PLAX), 2017 WL 385042, at *13 (C.D. Cal. Jan. 24, 2017) (granting defendant summary judgment because the "products' ingredients differ significantly" and the evidence needed to prove deception will therefore differ).

[21] *See also Herron v. Best Buy Stores, LP*, No. 212CV02103TLNCKD, 2016 WL 1572909, at *6 (E.D. Cal. Apr. 19, 2016) (plaintiff not typical of unnamed class members who purchased different products); *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, 2017 WL 385042, at *13 (granting summary judgment as to unpurchased products even though alleged misstatements across all accused products were identical, because the products' ingredients differ significantly, the composition of the product is material, and the plaintiffs could not testify at trial about the products they did not purchase).

1   SHX, 2014 WL 1027874, at *1 (C.D. Cal. Feb. 27, 2014).  As Plaintiff correctly acknowledges,

2   the adequacy inquiry requires the Court to assess whether Plaintiff and Plaintiff's counsel will

3   prosecute the action vigorously on behalf of the class.  (Mot. at 18 (citing *Hanlon*, 150 F.3d at

4   1020).)  Her testimony and the showing her counsel made in support of class certification

5   demonstrates the answer to that inquiry is "no."

6        ***No meaningful involvement or oversight.***  Plaintiff here is merely an extension of

7   Plaintiff's counsel.  Being an adequate class representative requires more than simply agreeing to

8   have a lawsuit filed in one's name.  To be adequate, a plaintiff must also "understand[] and

9   control[] the major decisions of the case … for to proceed with [an unknowledgeable] plaintiff as

10  class representative would risk a denial of due process to the absent class members."  *Sanchez v.*

11  *Wal Mart Stores, Inc.*, No. CIV 206CV02573JAMKJM, 2009 WL 1514435, at *3 (E.D. Cal. May

12  28, 2009) (citations omitted).  A plaintiff is inadequate where she is "so unfamiliar with the case

13  [that she] will not serve the necessary role of check[ing] the otherwise unfettered discretion of

14  counsel in prosecuting the suit."  *Welling v. Axley,* 155 F.R.D. 654, 659 (N.D. Cal. 1994); *see also*

15  *Azoiani v. Love's Travel Stops & Country Stores, Inc.*, No. EDCV0790ODWOPX, 2007 WL

16  4811627, at *2 (C.D. Cal. Dec. 18, 2007), *abrogated on other grounds by Bateman v. Am. Multi-*

17  *Cinema, Inc.*, 623 F.3d 708, 714 (9th Cir. 2010) (plaintiff is inadequate when he "has done

18  nothing to monitor this lawyer-driven litigation").

19       Here, Plaintiff has ceded ***all*** control to Plaintiff's counsel.  She does not believe that she

20  has any obligation to "supervise" or "guide, overlook, or oversee" the attorneys who filed this

21  lawsuit in her name.  (Ex. 1 at 79:22-24; 80:1-2.)  Her lack of engagement shows.  Rather than

22  having answers or opinions on the following issues, Plaintiff "defers to her attorneys" on:

- how she knows that the plant-based representations are false and misleading (Ex. 1 at 96:8-19);
- if she would buy the Ecover Dishwasher Tablets again (*id*. 126:6-12);
- whether she is seeking monetary damages (*id*. 105:16-21); and
- what her primary litigation objectives are (*id*. 86:19-87:3).

27  Where she did not defer to her attorneys, Plaintiff answered "I don't know" at least 90 times in

28  her deposition.  She does not know, for example:

- that this case is about more than the Dishwasher Tablets she purchased and that the proposed class includes purchasers of Ecover products other than Dishwasher Tablets (despite asserting otherwise in her declaration) (See Ex. 1 at 21:7-10; 78:9-15; Maisel Decl. ¶ 2);

- which court this case is pending in, despite claiming to have reviewed various court documents (Ex. 1 at 80:15-17; 84:22-24; 89:20-23);

- that Plaintiff's counsel filed Plaintiff's declaration 10 days after the deadline, containing inaccuracies as well as statements for which Plaintiff does not have personal knowledge or that she contradicted in her deposition (*id.* 134:15-135:11 (testifying, among other things, that it was "of no concern" to her whether her counsel met court deadlines); and

- what her responsibilities are as a class representative (*Id.* 77:22-23; 78:1-4 (stating she did not know how to answer the question after incoherently testifying "[m]y responsibilities? I -- yeah, I don't -- I don't -- it is a little out of my scope of expertise, which I'm not, representing this class action -- action to –")).

The assertion that Plaintiff has "participated in this litigation" and "expended considerable time supervising this litigation" (Mot. at 18-19) is also contradicted by Plaintiff's testimony.  Indeed, she thought the question of whether she would supervise her attorneys was ***"strange."***  (Ex. 1 at 79:22-80:2.)  Plaintiff "guesstimated"—because she has no records of her meetings with her counsel or copies of emails—that she spent 8 to 10 hours on this case, which, even if true, is a far cry from "considerable time."  (Ex. 1 at 42:3-5; 115:6-21; 140:13-16.)  Nor could she explain what she meant when she said she spent time "maintaining regular contact" with her attorneys. (Maisel Decl. ¶ 3; Ex. 1 at 118:7-9.)

As for Plaintiff's counsel, the assertion that they have "gathered the class-wide proof necessary to certify this action as a class" (Mot. at 19) is belied by their failure to make any evidentiary showing of classwide proof (*see* Section IV.B.1).  Moreover, Plaintiff's failure to maintain records of relevant documents is her counsel's failure, and has resulted in a violation of Plaintiff's duty to preserve evidence under Rule 37(e).  (Ex. 1 at 42:15-19; 43:23-44:4; 103:21-25; 121:21-23; 140:13-16.)  These records could, for example, assist the Court in assessing Plaintiff's assertions of adequacy.  This is far from what is expected of "adequate" counsel.

Moreover, it is evident that this lawsuit was invented by Plaintiff's counsel, who recruited Plaintiff to be a named plaintiff because she was already providing that service in connection with

another class action filed by Plaintiff's counsel.  (Ex. 1 at 40:1-11.)[22]  Plaintiff could not answer straightforward questions about how she became involved in this case, including the circumstances that led to her initial conversation with Clarkson Law Firm.  (Ex. 1 at 25:13-19; 26:3-24, 27:1-9.)  She testified that it was not her idea to file this lawsuit, and that she does not know whose idea it was.  (*Id*. 21:20-22:23.)  As Plaintiff admits, the Court must determine that she maintains "a sufficient interest in, and nexus with, the class so as to ensure vigorous representation." (Mot. at 18 (quoting *Resnick v. Frank (In re Online DVD-Rental Antitrust Litig.)*, 779 F.3d 934, 943 (9th Cir. 2015).)  It is clear from the record that the representation by Plaintiff and her counsel has been far from vigorous.

**No credibility.**  Finally, and critically, Plaintiff lacks credibility regarding material issues in the case.  "The honesty and credibility of a class representative is" relevant to adequacy "because an untrustworthy plaintiff could reduce the likelihood of prevailing on the class claims." *Harris v. Vector Mktg. Corp.*, 753 F.Supp.2d 996, 1015 (N.D. Cal. 2010) (citations omitted).  "Inconsistent testimony relate[d] to a material issue in the case" and that "amounts to more than a minor inconsistency" renders a class representative inadequate.  *Jovel*, 2014 WL 1027874, at *4; *see also San Pedro-Salcedo v. Haagen-Dazs Shoppe Co., Inc*., No. 5:17-CV-03504-EJD, 2019 WL 6493978, at *5 (N.D. Cal. Dec. 3, 2019) (named plaintiff "disqualifie[d]" when she "provided "erroneous testimony as to the basic factual allegations of her claim").  As discussed throughout this brief, Plaintiff's deposition testimony directly contradicts and undermines key allegations in the FAC and assertions in her supposedly sworn declaration, including topics as central to this case as *how she understands the challenged representations*:

- She testified that she is only suing about the Dishwasher Tablets and that the class she seeks to represent are "consumers who purchased the dishwasher tabs," which contradicts her declaration stating she "understands she represents a proposed class of consumers who have purchased one or more Ecover household cleaning products."  (*Compare* Maisel Decl. ¶ 2 *with* Ex. 1 at 21:7-10; 78:9-15.)

---

[22] Plaintiff initially testified this lawsuit is her first, but after a break with her attorneys "clarified" that she is also a named plaintiff in another putative class action brought by Clarkson Law Firm.  (Ex. 1 at 15:7-11, 34:18-35:8; 48:4-21.)  Plaintiff's counsel instructed Plaintiff not to answer questions regarding whether she had discussed the subject matter of her testimony with them during the break.  (*Id*. 35:21-36:14.)

- She abandoned the portion of the theory that "with plant-based ingredients" is misleading because it "only contain[s] plant-based ingredients." (*Compare* Maisel Decl. ¶ 5 and FAC ¶ 2 *with* Ex. 1 at 73:7-12, 14-18, 73:23-74:3; *see also* Section IV.B.1.A.)

- She admitted she was not harmed by her purchase of the Dishwasher Tablets, despite asserting otherwise. (*Compare* FAC ¶ 76 *with* Ex. 1 at 66:16-17; 67:13-14; *see also* Section IV.A.1.)

- She backtracked from the conclusory assertion in her declaration that she wants "to, again, purchase ecover brand cleaning products with" the alleged misrepresentation, confirming she only purchased the Dishwasher Tablets and stating "I don't know," "I would have to rely on my attorneys," and that "potentially" she "would buy the product again." (*Compare* Maisel Decl. ¶ 6 *with* Ex. 1 at 125:23-25; 126:4-12; *see also* Section IV.A.1.)

These contradictions undermine key elements of Plaintiff's claims, including standing (*see* Section IV.A.1) as well as deception and materiality (*see* Section IV.B.1), and render her inadequate. *See Spacone*, 2018 WL 4139057, at *10 (plaintiff inadequate when his contradictory testimony raised "serious questions" about his standing and credibility).

### 4.      Plaintiff does not establish numerosity

To demonstrate "the class is so numerous that joinder of all members is impracticable," Fed. R. Civ. P. 23(a)(1), Plaintiff "must proffer evidence of the number of members in the purported class, or at least a reasonable estimate of that number." *Davis v. Astrue*, 250 F.R.D. 476, 485-86 (2008). "Mere speculation" about class size is insufficient. *Id.* at 485. As with Rule 23's other requirements, Plaintiff falls short of carrying her burden.

Plaintiff asserts there are "hundreds of thousands (if not millions) of purchasers" of the fourteen products identified in the FAC based on SC Johnson's sales data. (Mot. at. 11.) Yet that data shows units SC Johnson shipped to distributors and retailers in the United States (there is no California-specific information in there). (Arellano Decl. ¶ 3.) It does not show how many consumers actually purchased each product and, with respect to her proposed California subclass, whether each product was actually purchased in California. (*Id.*; Mot. Ex. J.) Moreover, given that Plaintiff seeks to certify an injunctive relief class only, products that have been discontinued or no longer include the alleged misrepresentation must be excluded from Plaintiff's numerosity "calculation." And given Plaintiff's challenges with commonality and typicality (*see* Sections IV.B.1 and 2), she has not shown that her purported class is larger than a class of one. *Diacakis v.*

1   *Comcast Corp.*, No. C 11-3002 SBA, 2013 WL 1878921, at *5 (N.D. Cal. May 3, 2013) (plaintiff

2   who did not offer evidence regarding how many of 649,576 total subscribers were allegedly

3   misled by defendant failed to meet numerosity); *Celano v. Marriott Int'l. Inc.*, 242 F.R.D. 544,

4   549-50 (N.D. Cal. 2007) (finding statistical and census data alone insufficient to establish

5   numerosity; plaintiffs must link population data to alleged violation and injury).

6       **C.**     **Certification Must Be Denied as to Plaintiff's Nationwide Class**[23]

7         Plaintiff's presumed choice of California law violates *Mazza*. Under *Mazza*, Plaintiff

8   "bears the initial burden to show that California has significant contact or significant aggregation

9   of contacts to the claims of each class member" to ensure that application of California law is

10  constitutional. *Mazza*, 666 F.3d at 589-90 (citation omitted). SC Johnson is a Wisconsin

11  corporation with its principal place of business in Wisconsin. Plaintiff has made no argument

12  whatsoever to justify application of California law to residents of any other state. The fact that

13  Plaintiff purchased the Ecover Dishwasher Tablets from a third-party retailer in California (FAC

14  ¶ 8) is not enough. *See Hamilton v. TBC Corp.*, 328 F.R.D. 359, 385 (C.D. Cal. Aug. 24, 2018)

15  ("that some class members purchased the [product] in California" insufficient to apply California

16  law to nationwide class claims against non-resident defendant), *class decertified in part*, No. CV

17  17-1060-DMG (JEMx), 2018 WL 6118601 (C.D. Cal. Oct. 12, 2018). Plaintiff thus fails her

18  burden on the first prong of *Mazza*.

19        Even if Plaintiff did meet her initial burden, "California law may only be used on a

20  classwide basis if the interests of other states are not found to outweigh California's interest in

21  having its law applied." *Mazza*, 666 F.3d at 590 (setting forth three-step "governmental interest"

22  test) (citation omitted).[24] Plaintiff does not even reference other state laws or "discuss any of the

23  potential jurisdictional and due process limitations upon the application of California law to the

---

[23] In light of the Court's May 5, 2021 order (ECF No. 29) and the Ninth Circuit's opinion in *Moser v. Benefytt, Inc.*, 8 F.4th 872, 877-78 (9th Cir. 2021), SC Johnson reserves all rights regarding this Court's personal jurisdiction as to non-California putative class members.

[24] In applying the three-step governmental interest test, courts ask: (1) is the relevant law of each jurisdiction different; (2) if there is a difference, is it material; and (3) which state's interest would be more impaired if its policy were subordinated to the policy of the other state. *Mazza*, 666 F.3d at 591.

1   claims of non-resident class members." *In re HP Inkjet Printer Litig.*, No. C 05-3580 JF, 2008

2   WL 2949265, at *6 (N.D. Cal. July 25, 2008).

3          Nor could Plaintiff justify applying California (or any single state's) law for these

4   claims. *See Karim v. Hewlett-Packard Co.*, C 12-5240 PJH, 2014 WL 555934, at *8 (N.D. Cal.

5   Feb. 10, 2014) ("the interests of foreign states in applying their own laws does outweigh

6   California's interest in applying its laws on a nationwide basis"). Material differences do, in fact,

7   exist between the express warranty and unjust enrichment laws of other states and of California.

8   (*See* Section IV.A.2; Appendix A (chart detailing differences).) Further, the state of purchase has

9   a valid interest in "setting the appropriate level of liability for companies conducting business

10  within its territory." *Mazza*, 666 F.3d at 592. Courts routinely hold in cases like this that state

11  law where the transaction took place applies. *See, e.g., Frezza v. Google Inc.*, 5:12-CV-00237-

12  RMW, 2013 WL 1736788, at *7 (N.D. Cal. Apr. 22, 2013) ("As in *Mazza*, the last events

13  necessary for liability—the communication of the advertisements to the plaintiffs and their

14  reliance thereon in signing up for the trial period—took place in North Carolina, not in

15  California.); *see also Larsen v. Vizio, Inc.*, SACV1401865 CJC, 2015 WL 13655757, at *3 (C.D.

16  Cal. Apr. 21, 2015) (recognizing the place of the wrong "has the predominate interest").

17  **V.      CONCLUSION**

18          For the reasons stated herein, SC Johnson respectfully requests that Plaintiff's motion for

19  class certification be denied.

20   Dated: February 18, 2022                    MORRISON & FOERSTER LLP

21

22                                              By:  */s/ Purvi G. Patel*
                                                    _____
23                                                  Purvi G. Patel

24                                                  ***Attorneys for Defendant***
                                                    ***S. C. Johnson & Son, Inc.***
25

26

27

28

**APPENDIX A**
**SC JOHNSON'S OPPOSITION TO PLAINTIFF'S CLASS CERTIFICATION MOTION**

**Examples of Material Differences in State Breach of Warranty Laws**

| Element: Reliance | | |
|---|---|---|
| Alabama | **No.** | *Massey-Ferguson, Inc. v. Laird*, 432 So.2d 1259, 1261-62 (Ala. 1983) ("[I]t is not necessary to show any particular reliance by the buyer to give rise to" a breach of express warranty claim.). |
| Alaska | **Yes.** | *Shooshanian v. Wagner*, 672 P.2d 455, 461 (Alaska 1983) (reversing trial court's dismissal of breach of express warranty claim based on oral representations when the plaintiffs "allege that they relied upon the express representations."). |
| Arizona | **Yes.** | *Nalbandian v. Byron Jackson Pumps, Inc.*, 97 Ariz. 280, 286 (1965) ("The fundamental inquiry must always be whether, under the circumstances of the particular case, the buyer had a right to rely and necessarily relied."). |
| California | **Depends on circumstances.** | *Coleman v. Bos. Sci. Corp.*, 2011 WL 3813173, at *5 (E.D. Cal. Aug. 29, 2011) (requiring reliance where there is no privity of contract); *Weinstat v. Dentsply Intern., Inc.*, 180 Cal. App. 4th 1213 (2010) (finding, where there is privity, that Cal. Comm. Code § 2313 creates a presumption of reliance that can be overcome); *Keith v. Buchanan*, 173 Cal. App. 3d 13, 24 (1985) ("Where the buyer inspects the goods before purchase, he may be deemed to have waived the seller's express warranties."). |
| Colorado | **No.** | C.R.S. 4-2-313, cmt 3. |
| Delaware | **No.** | *Bell Sports, Inc. v. Yarusso*, 759 A.2d 582, 592 (Del. Super. 2000). |
| District of Columbia | **No.** | *Rock Creek Ginger Ale Co., Inc. v. Thermice Corp.*, 352 F. Supp. 522, 526 (D.D.C. 1971). |
| Hawaii | **No.** | *Torres v. Nw. Eng'g Co.*, 949 P.2d 1004, 1013 (Haw. Inter. Ct. 1997). |
| Idaho | **No.** | *Jensen v. Seigel Mobile Homes Grp.*, 668 P.2d 65, 71 (Idaho 1983). |
| Illinois | **No.** | *Alan Wood Steel Co. v. Capital Equipment Enterprises, Inc.*, 349 N.E.2d 627, 635 (Ill. Ct. App. 1976) ("[T]he buyer need not place 'particular reliance' on seller's affirmations. . . . However, significant reliance by the buyer on his examination of the product before the deal is completed has been held by prevailing case law to indicate that buyer's lack of reliance on seller's affirmations or descriptions precluded the creation of an express warranty."). |
| Kansas | **No.** | *Young & Cooper, Inc. v. Vestring*, 521 P.2d 281, 291 (Kan. 1974). |
| Massachusetts | **No.** | Mass. Gen. Laws ch. 106, § 2-313 cmt 3. |
| Minnesota | **No.** | *Krause v. City of Elk River*, No. A14-1575, 2015 WL 3823093, at *3 (Minn. Ct. App. June 22, 2015). |

| Element: Reliance (continued) | | |
|---|---|---|
| Mississippi | **Yes.** | *Global Truck & Equip. Co. v. Palmer Mack. Works, Inc.*, 628 F. Supp. 641, 651 (N.D. Miss. 1986). |
| Missouri | **No.** | Mo. Ann. Stat. § 400.2-313 cmt 3; *Interco, Inc. v. Randustrial Corp.*, 533 S.W.2d 257, 261 (Mo. Ct. App. 1976). |
| Montana | **Yes.** | *Woodahl v. Matthews*, 196 Mont. 445, 450, 639 P.2d 1165, 1168 (1982) ("[T]here can be no express warranty without reliance."). |
| Nebraska | **Yes.** | *Hillcrest Country Club v. N.D. Judds Co.*, 236 Neb. 233, 241, 461 N.W.2d 55, 61 (1990). |
| New Hampshire | **Yes.** | *Kelleher v. Marvin Lumber & Cedar Co.*, 152 N.H. 813, 844, 891 A.2d 477, 502 (2005). |
| North Carolina | **Yes.** | *Harbor Point Homeowners' Ass'n, Inc. ex rel. Bd. of Directors v. DJF Enterprises, Inc.*, 206 N.C. App. 152, 162 (2010). |
| Oklahoma | **Yes.** | *Alexander v. Smith & Nephew, P.L.C.*, 98 F. Supp. 2d 1310, 1321 (N.D. Okla. 2000). |
| Oregon | **Yes.** | *Strawn v. Farmers Ins. Co. of Oregon*, 350 Or. 336, 358, 258 P.3d 1199, 1213, *adhered to on reconsideration*, 350 Or. 521, 256 P.3d 100 (2011) ("[C]lass plaintiff must prove reliance on the part of all class members. Direct evidence of reliance by each of the individual class members is not always necessary, however. Rather, reliance can, in an appropriate case, be inferred from circumstantial evidence."). |
| Pennsylvania | **Rebuttable presumption.** | *Sessa v. Riegle*, 427 F.Supp. 760, 766 (E.D.Pa.1977). |
| Rhode Island | **Yes.** | *Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985) ("The plaintiff who claims breach of express warranty has the burden of proving that the statements or representations made by the seller induced her to purchase that product and that she relied upon such statements or representations."). |
| South Dakota | **Yes.** | *James River Equip. Co. v. Beadle Cty. Equip., Inc.*, 2002 S.D. 61, ¶ 17, 646 N.W.2d 265, 268 (adopting UCC standard). |
| Tennessee | **Yes.** | Tenn. Code Ann. § 47-2-313 (West). |
| Texas | **Yes.** | *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 676 (Tex. 2004) ("Reliance is ... not only relevant to, but an element of proof of, plaintiffs' claims of breach of express warranty."). |
| Virginia | **No.** | *Daughtrey v. Ashe*, 413 S.E.2d 336, 338-39 (Va. 1992). |
| Wyoming | **Yes.** | *Tribe v. Peterson*, 964 P.2d 1238, 1241 (Wyo. 1998). |

| Element: Privity | | |
|---|---|---|
| Alabama | **Depends on circumstances.** | *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1282 (M.D. Ala. 2001) (citing *Johnson v. Anderson Ford, Inc.*, 686 So.2d 224 (1996)) ("[W]here a manufacturer 'intended to extend the express warranty directly to the ultimate purchaser,' there is privity of contract between the manufacturer and the purchaser, and the purchaser can maintain an action on the warranty."). |
| Alaska | **No.** | *Morrow v. New Moon Homes, Inc.*, 548 P.2d 279, 292 (Alaska 1976). |
| Arizona | **Yes.** | *Flory v. Silver Crest Indus. Inc.*, 633 P.2d 383, 387 (Ariz. 1981). |
| Arkansas | **No.** | Ark. Code Ann. § 4-86-101 (West) ("The lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods."). |
| California | **Depends on circumstances.** | *Jones v. ConocoPhillips Co.*, 198 Cal. App. 4th 1187, 1201 (2011) ("As a general rule, a cause of action for breach of implied [or express] warranty requires privity of contract," but "there are, of course, multiple court-created exceptions to the general rule of privity."); *Coleman v. Bos. Sci. Corp.*, 2011 WL 3813173, at *5 (E.D. Cal. Aug. 29, 2011) (finding that where there is no privity a buyer must prove reliance on a statement by the manufacturer); *T&M Solar and Air Conditioning, Inc. v. Lennox Int'l Inc.*, 83 F.Supp.3d 855, 874 (N.D. Cal. 2015). |
| Colorado | **No.** | Colo. Rev. Stat. Ann. § 4-2-318 (West) ("A seller's warranty whether express or implied extends to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured by breach of the warranty."). |
| Connecticut | **No.** | Conn. Gen. Stat. Ann. § 42a-2-318 (West) ("A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of warranty."). |
| Delaware | **No.** | *White v. APP Pharms., LLC*, No. N10C–04–061 CLS, 2011 WL 2176151, at *5 (Del. Super. Ct. Apr. 7, 2011) ("[A]n express warranty "extends to any natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured by breach of the warranty."). |
| Florida | **Depends on circumstances.** | *Hill v. Hoover Co.*, 899 F. Supp. 2d 1259 (N.D. Fla. 2012) (a plaintiff must be "in privity with a defendant in order to recover for breach of express or implied warranty"); *but see Smith v. WM. Wrigley Jr. Co.*, 663 F. Supp. 2d 1336 (S.D. Fla. 2009) (where an express warranty is directed to a plaintiff-purchaser, privity is not required between the manufacturer and the end purchaser). |

| Element: Privity (continued) | | |
|---|---|---|
| Georgia | **Depends on circumstances.** | *Bodymasters Sports Indus. v. Wimberley*, 501 S.E.2d 556, 561 (Ga. Ct. App. 1998); *Morgan v. Dick's Sporting Goods, Inc.*, 359 F. Supp. 3d 1283, 1292 (N.D. Ga. 2019) ("[I]f a defendant is not the seller to the plaintiff-purchaser, the plaintiff as the ultimate purchaser cannot recover on a express warranty, if any, arising out of the prior sale by the defendant to the original purchaser, such as distributor or retailer from whom plaintiff purchased the product. There is an exception to this rule when a manufacturer extends an express warranty to the ultimate consumer, even though the product is purchased through an intermediate seller."). |
| Hawaii | **No.** | *Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1035 (D. Haw. 2006) (finding that manufacturer's lack of privity did not bar plaintiff's claim for breach of express warranty). |
| Idaho | **No.** | *B.B.P. Ass'n, Inc. v. Cessna Aircraft Co.*, 420 P.2d 134, 138-39 (Id. 1966). |
| Illinois | **No.** | *Collins Co., Ltd. v. Carboline Co.*, 532 N.E.2d 834, 834 (Ill. 1988). |
| Minnesota | **No.** | *Church of the Nativity of Our Lord v. WatPro, Inc.*, 474 N.W.2d 605, 609 (Minn. Ct. App. 1991), aff'd, 491 N.W.2d 1 (Minn. 1992) ("a seller's [express or implied] warranty extends to any person who can reasonably be expected to use or to be affected by the goods and who was injured by the breach, irrespective of privity of contract."). |
| Mississippi | **No.** | MS Code § 11-7-20 (2013). |
| Nebraska | **No.** | *Koperski v. Husker Dodge, Inc.*, 208 Neb. 29, 45 (1981) (stating that a plaintiff whose suit is based upon breach of express warranty need not be in privity with the defendant). |
| New Mexico | **Undetermined.** | *Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1151 (D.N.M. 2017) (noting that the New Mexico Supreme Court "has not squarely addressed" the issue of whether vertical privity is required). |
| New York | **No.** | *Brady v. Anker Innovations Ltd.*, No. 18-CV-11396 (NSR), 2020 WL 158760, at *11 (S.D.N.Y. Jan. 13, 2020) ("privity is not required for breach of express warranty claims.") (internal quotations omitted). |
| North Carolina | **No.** | *Tetterton v. Long Mfg. Co.*, 314 N.C. 44, 51, 332 S.E.2d 67, 71 (1985) ("plaintiff [may] bring a direct action against the manufacturer based on a warranty theory absent privity of contract"). |
| North Dakota | **Depends on circumstances.** | *Falcon for Imp. & Trade Co. v. N. Cent. Commodities, Inc.*, No. CIV. A2-01-138, 2004 WL 224676, at *2 (D.N.D. Jan. 30, 2004) (finding that without third-party beneficiary status, a subsequent purchaser without privity could not recover for breach of express warranty); *Stroklund v. Thompson/Ctr. Arms Co.*, No. 4:06 CV-08, 2007 WL 4191740, at *8 (D.N.D. Nov. 21, 2007) ("[T]he question of to whom an express or implied warranty extends is a question of 'who may reasonably be expected to use, consume, or be affected by the goods,' and as such is a question for the jury to resolve at trial."). |
| Ohio | **No.** | *Johnson v. Monsanto Co.*, No. 11–02–02, 2002 WL 2030889, at *3 (Ohio Ct. App. Sept. 6, 2002) ("[Buyer's] claims for breach of express warranty in contract [against manufacturer] survive despite the absence of privity."). |

| Element: Privity (continued) | | |
|---|---|---|
| Texas | No. | *PPG Indus., Inc. v. JMB/Houston Centers Partners Ltd. P'ship*, 146 S.W.3d 79, 88 (Tex. 2004) (stating that lower courts have held that privity is not required for a purchaser to bring express warranty claims). |
| Washington | No. | *Fortune View Condo. Ass'n v. Fortune Star Dev. Co.*, 151 Wash.2d 534, 541 (Wash. 2004) (contractual privity is not required to create express warranties). |
| West Virginia | No. | *Dawson v. Canteen Corp.,* 158 W.Va. 516, 212 S.E.2d 82 (1975). |
| Wyoming | No. | *W. Equip. Co. v. Sheridan Iron Works, Inc.*, 605 P.2d 806, 810 (Wyo. 1980). |

| Element: Pre-Suit Notice to Manufacturer | | |
|---|---|---|
| Alabama | **Yes.** | *Hobbs v. Gen. Motors Corp.*, 134 F. Supp. 2d 1277, 1285 (M.D. Ala. 2001) ("[F]or remote manufacturers to be held liable for an unintentionally created express warranty, . . . remote manufacturers should be afforded the same protections as sellers, either by way of notice provided directly to them, or through notice provided to them by the direct seller from the buyer."). |
| Alaska | **Yes.** | *Morrow v. New Moon Homes, Inc.,* 548 P.2d 279, 292 (Alaska 1976) (although privity between buyer and manufacturer not required, buyer must give notice of breach to manufacturer). |
| Arizona | No. | *Burge v. Freelife Int'l, Inc.,* No. CV09-1159-PHX-JAT, 2009 WL 3872343, at *6 (D. Ariz. Nov. 18, 2009) (finding that for plaintiff's breach of express and implied warranty claims against the developer of nutritional products, "the requirement of providing notice may be fulfilled by the filing of a complaint."). |
| California | **Depends on circumstances.** | *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817 (N.D. Cal. 2014) ("[A] buyer must, within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy. . . . An exception is that timely notice of a breach of an express warranty is not required where the action is brought by injured consumers against manufacturers with whom they have not dealt."); *see also* Cal. Com. Code § 2607(3)(A); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128,1142-43 (N.D. Cal. 2010). |
| Colorado | No. | Colo. Rev. Stat. § 4-2-607(3)(a); *see also Cooley v. Big Horn Harvestore Sys., Inc.*, 813 P.2d 736, 742 (Colo. 1991) (notice to a remote manufacturer" not required, but "remote manufacturer may raise as its own defense the buyer's failure to give timely notice to the immediate seller."). |
| Connecticut | No. | *Spencer v. Star Steel Structures, Inc.*, 96 Conn. App. 142, 148 (2006) ("The only party entitled to notice under the statute is 'the seller' of the goods [not the remote manufacturer]."). |
| District of Columbia | **Yes.** | *Quality Air Servs., LLC v. Milwaukee Valve Co.*, 671 F. Supp. 2d 36, 47 (D.D.C. 2009) (discussing adequacy of notice to a defendant manufacturer with whom the plaintiff had no privity); *Witherspoon v. Philip Morris, Inc.*, 964 F. Supp. 455, 464 (D.D.C. 1997) (notice is required, but if a seller willfully fails to disclose a defect, lack of notice cannot be raised as a defense). |

| Element: Pre-Suit Notice to Manufacturer (continued) | | |
|---|---|---|
| Hawaii | **Undetermined.** | Notice to the seller is required, but notice to a remote manufacturer has not been addressed under Hawaii law. Haw. Rev. Stat. Ann. § 490:2-607. |
| Idaho | **Undetermined.** | Notice to the seller is required, but notice to a remote manufacturer has not been addressed under Idaho law. Idaho Code Ann. § 28-2-607 (West). |
| Illinois | **No.** | *Goldstein v. G. D. Searle & Co.*, 378 N.E.2d 1083, 1087-88 (Ill. 1978) ("[T]he remote manufacturer may raise as a defense to the maintenance of suit . . . for breach of implied warranty the [plaintiff's] failure to reasonably notify his immediate seller of the breach" unless "the manufacturer has actually been given notice of breach by the [plaintiff]."). |
| Kansas | **Depends on circumstances.** | *Carson v. Chevron Chem. Co.*, 6 Kan. App. 2d 776, 785, 635 P.2d 1248, 1256 (1981) (finding that notice to the manufacturer of breach of warranty is required "where the buyer and the other parties to the manufacture, distribution and sale of the product are closely related, or where the other parties actively participate in the consummation of the actual sale of the product."). |
| Maryland | **No.** | *Firestone Tire & Rubber Co. v. Cannon,* 53 Md. App. 106, 452 A.2d 192 (1982), *aff'd on opinion below,* 295 Md. 528, 456 A.2d 930 (1983) (notice to immediate seller constitutes sufficient notice to the manufacturer). |
| Massachusetts | **Yes.** | *P & F Constr. Corp. v. Friend Lumber Corp.*, 575 N.E.2d 61, 64 (Mass. App. Ct. 1991). |
| Minnesota | **No.** | *Church of the Nativity of Our Lord v. WatPro, Inc.,* 474 N.W.2d 605, 610 (Minn. Ct. App. 1991), aff'd, 491 N.W.2d 1 (Minn. 1992) (Notice only required to a buyer's immediate seller and not a manufacturer or to other sellers in the chain of distribution). |
| Mississippi | **Yes.** | *In re: Ford Motor Co. Ignition Switch Products Liab. Litig.*, No. 96- 1814(JBS), 2001 WL 1266317, at *14 (D.N.J. Sept. 30, 1997) (dismissing breach of warranty claims against remote manufacturers for lack of notice; applying Mississippi, New York, and California law). |
| Missouri | **No.** | *Ragland Mills, Inc. v. Gen. Motors Corp.*, 763 S.W.2d 357, 361 (Mo. Ct. App. 1989) ("[A] buyer is required to give notice only to his immediate seller. Such notice, it is held, inures to the benefit of the manufacturer and is sufficient to serve the policy of the notice requirement."). |
| Montana | **Yes.** | *Kaparich v. Ethicon, Inc.*, No. CV 20-77-M-DWM, 2020 WL 4784687, at *2 (D. Mont. Aug. 18, 2020) (finding that notice was required for express and implied breach of warranty claims against a manufacturer). |
| Nebraska | **Yes.** | *Moore v. Puget Sound Plywood, Inc.*, 214 Neb. 14, 18-19 (1983) (discussing proper notice from subsequent purchaser to manufacturer on a claim that the court interpreted as breach of express warranty). |
| New Hampshire | **Yes.** | *Cheshire Med. Ctr. v. W.R. Grace & Co.*, 767 F. Supp. 396, 397 (D.N.H. 1991) (noting that state law required the plaintiff to have given notice to the defendant asbestos manufacturer prior to bringing suit). |

| Element: Pre-Suit Notice to Manufacturer (continued) | | |
|---|---|---|
| New Jersey | **No.** | *Cipollone v. Liggett Grp., Inc.*, 683 F. Supp. 1487, 1497-98 (D.N.J. 1988) ("New Jersey courts have not yet applied [notice requirement] in the context of an express warranty claim against a remote manufacturer who was not the immediate seller of the product."). |
| North Carolina | **No.** | *Seaside Resorts, Inc. v. Club Car, Inc.*, 308 S.C. 47, 59, 416 S.E.2d 655, 663 (Ct. App. 1992) (stating that a buyer is only required to notify the immediate seller who tendered the goods to him, not wholesalers, distributors, manufacturers, or others who sold the goods further up the chain of commerce) (apply North Carolina law). |
| Oklahoma | **Undetermined.** | Notice to the seller is required, but notice to a remote manufacturer has not been addressed under Oklahoma law. Okla. Stat. Ann. tit. 12A, § 2-607. |
| Oregon | **Yes.** | ORS 72.6070(3); *see also Redfield v. Mead, Johnson & Co.*, 266 Or. 273, 284 (1973) (finding, in a case against a manufacturer, that "notice is an essential element of plaintiff's [breach of warranty] case."). |
| Rhode Island | **Yes.** | *Parrillo v. Giroux Co.*, 426 A.2d 1313, 1317 (R.I. 1981) (affirming dismissal of claims against both seller and manufacturer for failure to provide notice). |
| Tennessee | **Yes.** | *See Jackie Scott, Carol Scott v. Noland Co., Aqua Glass Corp.*, No. 03A01-9502-CV-00072, 1995 WL 440375, at *4 (Tenn. Ct. App. July 26, 1995) (discussing whether adequate notice was provided to a remote manufacturer). |
| Texas | **Maybe.** | *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 202 (Tex. App. 2003) ("A buyer is required to give notice of an alleged breach of warranty to a remote manufacturer."); *but see Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 674 (Tex. 2004) (Texas has not decided whether buyer must notify a remote seller-manufacturer of an alleged breach of warranty within a reasonable time). |
| Wyoming | **Yes.** | *Western Equipment Co. v. Sheridan Iron Works, Inc.*, 605 P.2d 806, 810-11 (Wyo.1980) (Where privity requirement is eliminated, notice to manufacturer is necessary). |

**Examples of Material Differences in Unjust Enrichment Law**

| Whether Unjust Enrichment Is a Cause of Action | | |
|---|---|---|
| California | **Depends on circumstances.** | *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 756 (9th Cir. 2015) ("There is not a standalone claim for relief for unjust enrichment, which is synonymous with 'restitution," but "[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution"); *Freedline v. O Organics LLC*, 445 F. Supp. 3d 85, 92 (N.D. Cal. 2020) (dismissing claim with prejudice because "California treats unjust enrichment as a remedy and not an independent claim."). |
| Minnesota | **Yes.** | *Zinter v. Univ. of Minn.,* 799 N.W.2d 243, 247 (Minn.App.2011). |
| New Hampshire | **No.** | *Gen. Insulation Co. v. Eckman Const.*, 159 N.H. 601, 611 (2010) ("[U]njust enrichment generally does not form an independent basis for a cause of action."). |
| New York | **Yes.** | *Mandarin Trading Ltd. v. Wildenstein,* 944 N.E.2d 1104, 1111 (2011). |
| Texas | **No.** | *Hancock v. Chicago Title Ins. Co.*, 635 F. Supp. 2d 539, 561 (N.D. Tex. 2009) (Texas "does not afford an independent cause of action for unjust enrichment."). |

| Element: Benefit Conferred on Defendant | | |
|---|---|---|
| California | **Indirect.** | *Pro. Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238 (2018) ("[T]he benefit that is the basis of a restitution claim may take any form, direct or indirect."). |
| Florida | **Direct only.** | *Tilton v. Playboy Ent. Grp., Inc.*, No. 8:05CV692 T30TGW, 2007 WL 80858, at *3 (M.D. Fla. Jan. 8, 2007) (citing *Peoples Natl. Bank of Commerce v. First Union Natl. Bank of Fla.*, 667 So. 2d 876, 879 (Fla. App. 1996)) ("The benefit conferred must be a direct benefit… An indirect benefit is not sufficient to support a claim for unjust enrichment."). |
| Iowa | **Indirect.** | *State, Dep't of Hum. Servs. ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 155 (Iowa 2001) ("We have never limited [unjust enrichment] to require the benefits to be conferred directly by the plaintiff…Instead, benefits can be direct or indirect, and can involve benefits conferred by third parties."). |
| Mississippi | **Other.** | *Davis v. ING Fin. Advisers, LLC*, No. 3:06-CV-34BS, 2006 WL 8454341, at *4 (S.D. Miss. Apr. 26, 2006) ("[T]he plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff."). |
| New York | **Other.** | *Mandarin Trading Ltd. v. Wildenstein*, 944 N.E.2d 1104, 1111 (2011) ("Although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated."). |
| Wisconsin | **Direct only.** | *Loeb v. Champion Petfoods USA Inc.*, 359 F. Supp. 3d 597, 605 (E.D. Wis. 2019) ("[T]he benefit in question must be conferred *directly* to the defendant and not, for instance, a third-party retailer."). |

| Element: Defendant's Wrongful Conduct | | |
|---|---|---|
| Alabama | **Unconscionable conduct.** | *Mantiply v. Mantiply*, 951 So. 2d 638, 654-55 (Ala. 2006) ("The retention of a benefit is unjust if (1) the donor of the benefit acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship.") (internal citations omitted). |
| Arkansas | **None.** | *Thompson v. Bayer Corp.*, 2009 WL 362982, at *4-5 (E.D. Ark. Feb. 12, 2009) ("Courts in Arkansas do not require a tortious, illegal or fraudulent act by the defendant to prove unjust enrichment…Even an innocent defendant is subject to an unjust enrichment claim brought by a more deserving party."). |
| California | **Fraud, coercion, or request.** | *Prakashpalan v. Engstrom, Lipscomb & Lack*, 223 Cal. App. 4th 1105, 1132 (2014), *as modified on denial of reh'g* (Feb. 27, 2014) ("[R]estitution is required only if the benefits were conferred by mistake, fraud, coercion or request."). |
| Illinois | **None.** | *Firemen's Annuity & Benefit Fund of City of Chicago v. Mun. Employees', Officers', & Officials' Annuity & Ben. Fund of Chicago*, 219 Ill. App. 3d 707, 712 (1991) ("The cause of action based on unjust enrichment, however, does not require fault or illegality on the part of the defendant."). |
| Minnesota | **Illegal or unlawful conduct.** | *ServiceMaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) ("[I]t must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully."). |
| Montana | **Defendant took advantage of Plaintiff.** | *Randolph V. Peterson, Inc. v. J.R. Simplot Co.*, 778 P.2d 879, 883 (Mont. 1989) ("[P]laintiff must show some element of misconduct or fault on the part of defendant, or that the defendant somehow took advantage of the plaintiff."). |

| Element: Adequacy of Remedy of Law | | |
|---|---|---|
| Arizona | **No adequate remedy at law.** | *Freeman v. Sorchych*, 226 Ariz. 242, 251, 245 P.3d 927, 936 (Ct. App. 2011) ("To recover under a theory of unjust enrichment, a plaintiff must demonstrate…the absence of a remedy provided by law."). |
| California | **Other.** | *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) (An unjust enrichment action cannot lie where there exists between the parties a valid express contract covering the same subject matter. A party to an express contract can assert a claim for restitution based on unjust enrichment by "alleg[ing in that cause of action] that the express contract is void or was rescinded") (citations omitted). |
| Colorado | **No adequate remedy in contract.** | *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1205 (Colo. App. 2009) ("[A] party cannot recover for unjust enrichment by asserting a quasi-contract when an express contract covers the same subject matter because the express contract precludes any implied-in-law contract."). |
| Connecticut | **No adequate remedy in contract.** | *United Coastal Indus., Inc. v. Clearheart Const. Co.*, 71 Conn. App. 506, 512, 802 A.2d 901, 905 (2002) ("Unjust enrichment is a legal doctrine to be applied when no remedy is available pursuant to a contract… The lack of a remedy under a contract is a precondition to recovery based on unjust enrichment."). |
| Florida | **No adequate remedy at law.** | *Bowleg v. Bowe*, 502 So. 2d 71, 72 (Fla. Dist. Ct. App. 1987) ("[U]njust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy."). |

11

| Element: Standard for Unjust | | |
|---|---|---|
| Alaska | **Defendant receives windfall.** | *Alaska Sales & Serv., Inc. v. Millet,* 735 P.2d 743, 746 (Alaska 1987) (The "defendant must receive a true windfall or something for nothing."). |
| California | **Unjust.** | *Durell v. Sharp Healthcare,* 183 Cal. App. 4th 1350, 1370 (2010) ("[T]he fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it."). |
| Colorado | **Other.** | *Melat, Pressman & Higbie, LLP v. Hannon Law Firm, LLC,* 287 P.3d 842, 847 (Colo. 2012) ("Whether retention of the benefit is unjust is a fact-intensive inquiry in which courts look to, among other things, the intentions, expectations, and behavior of the parties."). |
| Illinois | **Principles of justice, equity, and good conscience.** | *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,* 131 Ill.2d 145 (1989) ("[D]efendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience."). |
| New York | **Equity and good conscience.** | *Mandarin Trading Ltd. v. Wildenstein,* 944 N.E.2d 1104, 1111 (2011) (Enrichment "unjust" when it is "against equity and good conscience to permit the defendant to retain what is sought to be recovered."). |