**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Katherine A. Bruce (SBN 288694)
*kbruce@clarksonlawfirm.com*
Kelsey J. Elling (SBN: 337915)
*kelling@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

**MOON LAW APC**
Christopher D. Moon (SBN 246622)
*chris@moonlawapc.com*
Kevin O. Moon (SBN 246792)
*kevin@moonlawapc.com*
228 Hamilton Avenue, 3rd Floor
Palo Alto, California 94301
Tel: (415) 730-0387
Fax: (650) 618-0478

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAISEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S.C. JOHNSON & SON, INC., a Wisconsin Corporation,<br><br>Defendant. | Case No. 3:21-cv-00413-TSH<br>Case Filed: 1/15/2021<br>FAC Filed: 3/24/2021<br><br>*Assigned to United States Magistrate Judge Thomas S. Hixson for all purposes*<br><br>**SUPPLEMENTAL DECLARATION OF KATHERINE A. BRUCE IN SUPPORT OF PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION; APPOINTMENT OF CLASS REPRESENTATIVE; AND APPOINTMENT OF CLASS COUNSEL** |

**SUPPLEMENTAL DECLARATION OF KATHERINE A. BRUCE**

I, Katherine A. Bruce, declare as follows:

1. I am a partner at Clarkson Law Firm, P.C. ("**CLF**" or "**Clarkson**") and co-counsel of record with Moon Law APC ("**ML**" and/or "**Moon**") for the named Plaintiff Elizabeth Maisel ("**Plaintiff**") in this putative class action. I make this declaration in support of Plaintiff's motion for class certification and the appointment of Plaintiff as class representative and Clarkson and Moon as class counsel. I am licensed to practice in all state and federal courts in the State of California, and I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. **Exhibits:** I have caused to be concurrently filed herewith as exhibits true and correct copies of the following documents:

   a. **Exhibit Q [Transcript of Plaintiff]:** Transcript of the Deposition of Plaintiff Elizabeth Maisel, dated January 18, 2022;

   b. **Exhibit R [SCJ's RFP Resp.]:** Defendant's Responses to Plaintiff Elizabeth Maisel's Requests for Documents (Set One) ("**RFP**"), served July 26, 2021;

   c. **Exhibit S [SCJ's ROG Resp.]:** Defendant's Responses to Plaintiff Elizabeth Maisel's Interrogatories (Set One) ("**ROG**"), served July 26, 2021;

   d. **Exhibit T [Plaintiff's ROG Resp]:** Plaintiff Elizabeth Maisel's Responses to Defendant's Interrogatories (Set One), served January 24, 2022;

   e. **Exhibit U [Product Images and Webpages]:** Photos of purportedly "discontinued" Ecover products purchased in, and delivered to, the State of California, on April 15, 2022 and April 17, 2022, respectively, which Plaintiff's counsel purchased online from Amazon, including screenshots taken on April 18, 2022, of the corresponding webpages from which said products were ordered, for: (1) All Purpose Cleaner and (2) Delicate Wash;

   f. **Exhibit V [Ingredient Comparison Chart]:** Chart comparing (1) ingredients Plaintiff identified in the First Amended Class Action Complaint (ECF 16)

and/or identified in Exhibit I (ECF 40-8)—from Defendant's production of formulations (Ex. H, ECF 40-6) in response to discovery requests (Ex. R and Ex. S) and Plaintiff's review of Defendant's archived online ingredient disclosures (Ex. F, ECF 39-8)—*and* (2) Defendant's Exhibit 2 to the Declaration of Camila Tapernoux (ECF 46-2), noting the identification of ingredients Defendant omitted or newly disclosed in Exhibit 2 and ingredients that Defendant has admitted are synthetic (Ex. G, ECF 39-9) or that Plaintiff's research reveals such (FAC, ECF 16); and

g. **Exhibit W [US Census]:** Printout on April 19, 2022, from the government website, located at the following URL, which is the subject of Plaintiff's Request for Judicial Notice filed concurrently herewith:

https://www.census.gov/quickfacts/fact/table/CA,US/POP010220#POP010220.

3. **Discovery to Defendant.** On June 24, 2021, Plaintiff served Plaintiff Elizabeth Maisel's Requests for Documents to Defendant S.C. Johnson & Son, Inc. (Set One) and Plaintiff Elizabeth Maisel's Interrogatories to Defendant S.C. Johnson & Son, Inc. (Set One). On July 26, 2021, Defendant served its responses and produced some responsive documents (bates numbered SCJ00000001 to SCJ00001635). Ex. R; Ex. S.

4. **Formulation Discovery.** In Plaintiff's interrogatory nos. 5 and 6, Plaintiff requested Defendant's formulations, including, *inter alia*, the identification of each ingredient and its quantity, the dates the formulation was in use, and the reasons for any changes to the formulations, for all products at issue in the operative complaint, throughout the entire class period. Ex. S at ROG 5-6. In Plaintiff's requests for documents nos. 1 and 2, Plaintiff requested production of documents regarding the foregoing matters. Ex. R at RFP 1-2. The only formulations that Defendant produced in response, to identify ingredients and quantities, for each product, including applicable dates, consisted of documents bates numbered SCJ00000003 to SCJ00000016. Ex. H, ECF 40-6. Plaintiff filed these documents, under seal, as Exhibit H in support of Plaintiff's motion for class certification. *Id*. Following July 26, 2021, Defendant did not supplement its discovery responses or document production to provide additional information regarding the formulation of the products at issue,

until the filing of Exhibit 2 to the Declaration of Camila A. Tapernoux in Support of Defendant's Opposition to Plaintiff's Motion for Class Certification, on February 18, 2022, wherein additional ingredients were first disclosed, not previously identified in the operative complaint or Defendant's discovery responses and document production (hereinafter "New Ingredients"). *Compare* Tapernoux Decl., at Ex. 2 (ECF 46-2, at pp. 63-65) *with* FAC, ECF 16, at ¶¶ 25-36; Ex. R; Ex. S; and Ex. H, ECF 40-6. These New Ingredients are denoted in Exhibit V with an asterisk (*).

5. **Discovery re Labels & Packaging.** In Plaintiff's interrogatory nos.1 and 10, and Plaintiff's requests for documents no. 18, Plaintiff requested the identification and production of schematics or exemplar labels and packaging, including, *inter alia*, the dates in use and reasons for changes, for all products at issue in the operative complaint, throughout the entire class period. Ex. S at ROG 1, 10; Ex. R at RFP 18. The only labels or packaging schematics or exemplars that Defendant produced in response, to identify labels or packaging, for each product, including applicable dates, consisted of documents bates numbered SCJ00000017-SCJ00000043. Ex. A, ECF 40-4. Plaintiff filed these unredacted documents, under seal, as Exhibit A in support of Plaintiff's motion for class certification. *Id.* (including additional exemplar labels or packaging obtained from archived webpages from Defendant's dedicated Ecover website). Following July 26, 2021, Defendant did not supplement its discovery responses or document production to provide additional information regarding the labels or packaging schematics in use for the products at issue. Subsequently, in evaluating the veracity of Defendant's averment that it discontinued the sale of certain class products, Plaintiff's counsel purchased two purportedly discontinued products on April 15, 2022, in the State of California. Opp., ECF 46, at 6-7; Arellano Decl., ECF 46-3, at ¶ 4; Treister Decl. ¶ 2-3; Ex. U [Photos of Purch. Prods.]. The purportedly discontinued, but recently purchased, products contain labels that Defendant did not previously produce in its discovery. *Compare* Ex. U *with* Ex. A, ECF 40-4.

6. **Comparison of Plaintiff's Formulation Evidence with Defendant's Formulation Chart ISO Opposition to Class Certification.** Upon receipt of Defendant's Exhibit 2 to the Declaration of Camila A. Tapernoux in Support of Defendant's Opposition to Plaintiff's Motion for Class Certification, which purports to list all ingredients for the products at issue (ECF 46-2),

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Plaintiff's counsel evaluated whether it indeed lists all such ingredients that Plaintiff has identified in the operative First Amended Class Action Complaint (FAC, ECF 16, ¶¶ 34-47) and/or the evidence submitted in support of Plaintiff's motion for class certification (Ex. F, ECF 39-8 (online product ingredient disclosures); Ex. G, ECF 39-9 (synthetic admissions from ingredient glossary); Ex. H, ECF 40-6 (formulations Defendant produced)). It does not. To organize the voluminous and disparate exhibits, including the operative complaint, that identify ingredients in each of the class products, Plaintiff's counsel prepared a chart filed concurrently herewith as Exhibit "V."

    a.    **Product.** Each row in Exhibit V (entitled "NO. & NAME OF PRODUCT") lists ingredients only for the product identified in the far-left column.

    b.    **Plaintiff Evidence.** The second-to-the-left column (entitled "PLTF EVIDENCE") sets forth all ingredients that Plaintiff has identified by review of discovery or through Plaintiff's investigation. *See* FAC, ECF 16, ¶¶ 34-47; Ex. F, ECF 39-8 (online product ingredient disclosures); Ex. R at RFP 1-2; Ex. H, ECF 40-6 (formulations Defendant produced).

    c.    **Defendant Evidence.** The third-to-the-left column (entitled "DEF EVIDENCE") sets for each ingredient listed in Defendant's Exhibit 2 filed in opposition to class certification. Tapernoux Decl. at Ex. 2, ECF 46-2 (publicly disclosing formulations without units of measurements or bio-based percentages).

    d.    **Defendant's Omissions.** The far-right column (entitled "INGREDIENTS OMITTED FROM DEFENDANT'S EX. 2, ECF 46-2") lists all ingredients so omitted when comparing the second and third columns regarding Plaintiff's and Defendant's respective evidence.

Indeed, Defendant's Exhibit 2 omits up to 12 or 13 ingredients in some products, and numerous synthetic ingredients denoted in Exhibit V—specifically: (1) **Blue**—blue highlighted ingredients are those Defendant admits are synthetic (*see* Ex. I, ECF 40-8 (summation); Ex. F, ECF 39-8 (product ingredient disclosures); Ex. G, ECF 39-9 (admissions)); and (2) **Cross**—a cross (†) identifies synthetic ingredients listed in the operative complaint (FAC, ECF 16, ¶¶ 34-47).

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on April 19, 2022, in the County of Los Angeles, State of California.

By: */s/ Katherine A. Bruce*
Katherine A. Bruce, Esq.