# Exhibit R

*Defendant's Responses to Plaintiff's Requests for Production of Documents Nos. 1, 2, 18, 50, and 52*

Plaintiffs' Reply in Support of Motion for Class Certification

1  DAVID F. MCDOWELL (CA SBN 125806)
   DMcDowell@mofo.com
2  KELSEY HARRISON (CA SBN 328621)
   KHarrison@mofo.com
3  MORRISON & FOERSTER LLP
   707 Wilshire Boulevard, Suite 6000
4  Los Angeles, California  90017-3543
   Telephone: 213.892.5200
5  Facsimile: 213.892.5454

6  THOMAS P. SCHULT (*PRO HAC VICE*)
   TSchult@berkowitzoliver.com
7  BERKOWITZ OLIVER LLP
   2600 Grand Boulevard, Suite 1200
8  Kansas City, Missouri  64108
   Telephone: 816.561.7007
9  Facsimile: 816.561.1888

10 Attorneys for Defendant
   S.C. JOHNSON & SON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ELIZABETH MAISEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S.C. JOHNSON & SON, INC., a Wisconsin Corporation,<br><br>Defendant. | Case No.   3:21-cv-00413-TSH<br><br>**DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF ELIZABETH MAISEL'S REQUESTS FOR DOCUMENTS (SET ONE)**<br><br>Judge: Hon. Thomas Hixson<br>Complaint Filed:  January 15, 2021<br>Trial Date:  None Set |
|---|---|

PROPOUNDING PARTY:     PLAINTIFF ELIZABETH MAISEL

RESPONDING PARTY:       DEFENDANT S.C. JOHNSON & SON, INC.

SET NO.:                              ONE

14. SC Johnson objects to the definition of "SYNTHETIC INGREDIENTS" on grounds that it is vague and ambiguous, overbroad, unduly burdensome, and to the extent that it seeks information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

15. SC Johnson objects to the definition of "PRODUCT" and "PRODUCTS" as overbroad, and unduly burdensome to the extent it purports to include products that Plaintiff did not purchase and information outside of the relevant time period.

### III.  SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS sufficient to identify each PRODUCT's formulation, including the specific ingredients contained therein, each ingredient's respective quantity, amount, or percentage within the PRODUCT's formulation, each ingredient's source and supplier, and any processing or alteration of the ingredient from its naturally occurring state to its final inclusion in the PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period. SC Johnson further objects to the terms "formulation," "source and supplier," "processing," "alteration," "naturally occurring state," and "final inclusion" as vague and ambiguous. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control. SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

5

1    Subject to and without waiving the foregoing objections, SC Johnson further responds as
2    follows: SC Johnson will produce the formula(s) for each PRODUCT sold in the United States
3    between January 15, 2017, and the present. SC Johnson will also conduct a reasonably diligent
4    search for and produce non-privileged documents, if any, relating to the PRODUCTS' U.S.
5    formulations between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS identifying any variation of the PRODUCTS' formulations, including variations that were proposed, rejected, or approved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period. SC Johnson further objects to the terms "variations," "proposed," "rejected," and "approved" as vague and ambiguous. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control. SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows: SC Johnson will produce the formula(s) for each PRODUCT sold in the United States between January 15, 2017, and the present. SC Johnson will also conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to the PRODUCTS' U.S. formulations between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS concerning each ingredient that is or was used in the PRODUCTS.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS, including written communications, naming, discussing, describing, referencing, relating to, referring to, or otherwise consisting of the PRODUCTS' labeling and packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it does not identify a time period and seeks documents outside the relevant time period. SC Johnson further objects to the terms "naming," "discussing," "describing," "referencing," "relating to," "referring to" and "otherwise consisting of" as vague and ambiguous. SC Johnson further objects to the terms "labeling" and "packaging" as vague and ambiguous. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control. SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents. SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows: SC Johnson will produce the labels for the PRODUCTS sold in the United States between January 15, 2017, and the present. SC Johnson will conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to the "with plant-based ingredients," "plant-based ingredients," "plant-based and mineral ingredients," and "with plant-based and mineral ingredients" label representations alleged in the operative Complaint for the PRODUCTS that were sold in the United States between January 15, 2017, and the present.

1  telephone number, email); (7) buyer billing address; (8) buyer shipping address; (9) the date the
2  unit was sold; (10) the number of units sold; (11) the dollar amount charged for each unit sold,
3  including any related charges separately identified (such as taxes, shipping, or interest); (12)
4  whether the sale was direct to consumer or intended for resale; and (13) the manufacturer
5  suggested retail price for the unit sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it requires SC Johnson to produce documents in a format other than as they are kept in the ordinary course of business.  SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control.  SC Johnson further objects to the term "buyer" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further objects that this Request is improperly compound.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS sufficient to identify the number of units of each of the PRODUCTS sold in the United States on a daily, weekly, monthly, quarterly, and annual basis from January 1, 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly

1  burdensome, and seeks documents that are neither relevant to the subject of this action nor
2  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the
3  Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks
4  documents that are neither relevant to the subject of this action nor reasonably calculated to lead
5  to the discovery of admissible evidence because it seeks documents outside the relevant time
6  period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,
7  overbroad, and unduly burdensome to the extent it does not identify whose sales or documents it
8  seeks.  SC Johnson further objects to this Request to the extent that it seeks documents that are
9  not in its possession, custody, or control.  SC Johnson further objects to the terms "sold" as vague
10 and ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks
11 disclosure of business confidential, proprietary, or trade secret documents.  SC Johnson further
12 objects that this Request is improperly compound.

13      Subject to and without waiving the foregoing objections, SC Johnson further responds as
14 follows:  SC Johnson will produce the total dollar and unit sales of the PRODUCTS SC Johnson
15 sold in the United States between January 15, 2017, and the present.

16 **REQUEST FOR PRODUCTION NO. 51:**
17      All DOCUMENTS, including written communications, naming, discussing, describing,
18 referencing, relating to, or referring to the number of units of each of the PRODUCTS sold in the
19 United States from January 1, 2010 through the present.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**
21      SC Johnson incorporates each of the General Objections set forth above.  SC Johnson
22 objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly
23 burdensome, and seeks documents that are neither relevant to the subject of this action nor
24 reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the
25 Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks
26 documents that are neither relevant to the subject of this action nor reasonably calculated to lead
27 to the discovery of admissible evidence because it seeks documents outside the relevant time
28 period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,

overbroad, and unduly burdensome to the extent it does not identify whose sales or documents it seeks. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control. SC Johnson further objects to the terms "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as vague and ambiguous. SC Johnson further objects to this Request on the grounds that it seeks disclosure of business confidential, proprietary, or trade secret documents. SC Johnson further objects to this Request to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows: SC Johnson will conduct a reasonably diligent search for and produce non-privileged documents, if any, relating to the unit sales of the PRODUCTS SC Johnson sold in the United States between January 15, 2017, and the present.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS sufficient to identify the total dollar amount of the PRODUCTS sold in the United States on a daily, weekly, monthly, quarterly, and annual basis from January 10, 2010 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

SC Johnson incorporates each of the General Objections set forth above. SC Johnson objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence. SC Johnson objects to the Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks documents outside the relevant time period. SC Johnson objects to the Request on the ground that it is vague and ambiguous, overbroad, and unduly burdensome to the extent it does not identify whose sales or documents it seeks. SC Johnson further objects to this Request to the extent that it seeks documents that are not in its possession, custody, or control. SC Johnson further objects to the terms "total dollar

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

53

1  amount" as vague and ambiguous.  SC Johnson further objects to this Request on the grounds that
2  it seeks disclosure of business confidential, proprietary, or trade secret documents.
3        Subject to and without waiving the foregoing objections, SC Johnson further responds as
4  follows:  SC Johnson will produce the total dollar and unit sales of the PRODUCTS SC Johnson
5  sold in the United States between January 15, 2017, and the present.
6  **REQUEST FOR PRODUCTION NO. 53:**
7        All DOCUMENTS, including written communications, naming, discussing, describing,
8  referencing, relating to, or referring to the total dollar amount of the PRODUCTS sold in the
9  United States from January 10, 2010 through the present.
10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**
11       SC Johnson incorporates each of the General Objections set forth above.  SC Johnson
12 objects to this Request on the grounds that it is vague, ambiguous, overbroad, and unduly
13 burdensome, and seeks documents that are neither relevant to the subject of this action nor
14 reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the
15 Request on the grounds that it is vague and ambiguous, overbroad, unduly burdensome, and seeks
16 documents that are neither relevant to the subject of this action nor reasonably calculated to lead
17 to the discovery of admissible evidence because it seeks documents outside the relevant time
18 period.  SC Johnson objects to the Request on the ground that it is vague and ambiguous,
19 overbroad, and unduly burdensome to the extent it does not identify whose written
20 communications it seeks.  SC Johnson further objects to this Request to the extent that it seeks
21 documents that are not in its possession, custody, or control.  SC Johnson further objects to the
22 terms "naming," "discussing," "describing," "referencing," "relating to," and "referring to" as
23 vague and ambiguous.  SC Johnson further objects to the term "total dollar amount" as vague and
24 ambiguous.  SC Johnson further objects to this Request on the grounds that it seeks disclosure of
25 business confidential, proprietary, or trade secret documents.  SC Johnson further objects to this
26 Request to the extent it seeks documents protected from discovery by the attorney-client privilege
27 and work product doctrine.
28

DEFENDANT S.C. JOHNSON & SON, INC.S' RESPONSES TO PLAINTIFF'S REQUESTS FOR DOCUMENTS (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

54

1  control.  SC Johnson further objects to this Request to the extent it seeks documents protected
2  from discovery by the attorney-client privilege and work product doctrine.
3      Subject to and without waiving the foregoing objections, SC Johnson further responds as
4  follows:  SC Johnson will produce non-privileged documents SC Johnson intends to use in
5  support of its position that injunctive and declaratory relief are not appropriate in this action.
6  Discovery and investigation are ongoing.

Dated:  July 26, 2021                                            MORRISON & FOERSTER LLP

                                                                 By: _____
                                                                       David McDowell

                                                                 *Attorneys for Defendant*
                                                                 *S.C. Johnson & Son, Inc.*

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address is 707 Wilshire Boulevard, Suite 6000, Los Angeles, California 90017-3543. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on July 26, 2021, I served a copy of:

**DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF ELIZABETH MAISEL'S REQUESTS FOR DOCUMENTS (SET ONE)**

[X]  **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Morrison & Foerster LLP's electronic mail system from KHarrison@mofo.com to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

| | |
|---|---|
| **MOON LAW APC** | **CLARKSON LAW FIRM, P.C.** |
| Christopher D. Moon | Ryan J. Clarkson |
| chris@moonlawapc.com | rclarkson@clarksonlawfirm.com |
| Kevin O. Moon | Shireen M. Clarkson |
| kevin@moonlawapc.com | sclarkson@clarksonlawfirm.com |
| 228 Hamilton Avenue, 3rd Floor | Katherine A. Bruce |
| Palo Alto, California 94301 | kbruce@clarksonlawfirm.com |
| Tel: (415) 730-0387 | 9255 Sunset Blvd., Suite 804 |
| Fax: (650) 618-0478 | Los Angeles, CA 90069 |
| | Tel: (213) 788-4050 |
| | Fax: (213) 788-4070 |

*Attorneys for Plaintiff*
ELIZABETH MAISEL

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, California, this 26th day of July, 2021.

Kelsey Harrison
(typed)

(signature)

Certificate of Service
sf-4535770