# Exhibit S

*Defendant's Responses to Plaintiff's Interrogatories Nos. 1, 3, 5, 6, and 10*

Plaintiffs' Reply in Support of Motion for Class Certification

1   DAVID F. MCDOWELL (CA SBN 125806)
    DMcDowell@mofo.com
2   KELSEY HARRISON (CA SBN 328621)
    KHarrison@mofo.com
3   MORRISON & FOERSTER LLP
    707 Wilshire Boulevard, Suite 6000
4   Los Angeles, California  90017-3543
    Telephone: 213.892.5200
5   Facsimile: 213.892.5454

6   THOMAS P. SCHULT (*PRO HAC VICE*)
    TSchult@berkowitzoliver.com
7   BERKOWITZ OLIVER LLP
    2600 Grand Boulevard, Suite 1200
8   Kansas City, Missouri  64108
    Telephone: 816.561.7007
9   Facsimile: 816.561.1888

10  Attorneys for Defendant
    S.C. JOHNSON & SON, INC.
11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15

16  ELIZABETH MAISEL, individually and on       Case No. 3:21-cv-00413-TSH
    behalf of all others similarly situated,
17                                              **DEFENDANT S.C. JOHNSON &
                 Plaintiff,                     SON, INC.'S RESPONSES TO
18                                              PLAINTIFF ELIZABETH
         v.                                     MAISEL'S INTERROGATORIES
19                                              (SET ONE)**
    S.C. JOHNSON & SON, INC., a Wisconsin
20  corporation,                               Judge: Hon. Thomas Hixson
                                               Complaint Filed: January 15, 2021
21               Defendant.                    Trial Date: None Set

22

23
    PROPOUNDING PARTY:     PLAINTIFF ELIZABETH MAISEL
24
    RESPONDING PARTY:      DEFENDANT S.C. JOHNSON & SON, INC.
25
    SET NO.:               ONE
26

27

28

## II.    SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

For each PRODUCT, identify each labeling and packaging iteration and the time period it was in use, between the time the Product was first sold until present, by identifying the name of the PRODUCT; the size; corresponding unique product identifiers, such as a Universal Product Code or Stock Keeping Unit; the dates in use; and the bates number of each corresponding label and package.

**RESPONSE TO INTERROGATORY NO. 1:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to the Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information outside the relevant time period.  SC Johnson further objects to the terms "labeling," "packaging," and "use" as vague and ambiguous.  SC Johnson objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it requires Defendant to identify documents by Bates number.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this Interrogatory may be determined by examining the PRODUCT labels, which SC Johnson has agreed to produce in response to Request for Production No. 18.  The burden and expense of ascertaining the answer to this Interrogatory would be substantially the same for SC Johnson as for Plaintiff.  Accordingly, SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

**INTERROGATORY NO. 2:**

Describe in detail Defendant's system(s) for keeping records, including its system for: advertisements and labels and packaging schematics; formulations, ingredient sourcing, and

manufacturing specifications; production costs; customer relations management; implementation, performance, and efficacy of advertising and marketing campaigns, including business analytics data; inventory and warehousing; and sales, for the PRODUCTS, in effect at any time between January 15, 2015 and the present.

**RESPONSE TO INTERROGATORY NO. 2:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information outside the relevant time period.  SC Johnson further objects to the terms "system(s)" and "records" as vague and ambiguous.  SC Johnson further objects to the terms "advertisements and labels and packaging schematics," "formulations," "ingredient sourcing," "manufacturing specifications," "production costs," "customer relations management," "implementation, performance, and efficacy of advertising and marketing campaigns, including business analytics data," "inventory and warehousing," and "sales" as vague and ambiguous.  SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of confidential business, proprietary, or trade secret documents. SC Johnson further objects to this Interrogatory to the extent it seeks documents protected from discovery by the attorney-client privilege and work product doctrine.  SC Johnson further objects to this Interrogatory because it is improperly compound.

**INTERROGATORY NO. 3:**

For each sale of each PRODUCT in the United States during January 15, 2015 to present, describe the sale by identifying: the PRODUCT, including the name, size, and unique product identifiers (such as a Universal Product Code or Stock Keeping Unit), the number of units of each PRODUCT sold, the state in which the purchase order originated, the state in which the PRODUCT was destined to be delivered, the sales price for each unit sold, the manufacturer

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

6

1   suggested retail price for each unit sold, the sales channel (online, by-phone, in-store, direct to

2   consumer, third-party seller), and the identity (name, phone number, email address, employer or

3   affiliated company, and address) of each buyer.

4   **RESPONSE TO INTERROGATORY NO. 3:**

5           SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

6   objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

7   burdensome, and seeks documents that are neither relevant to the subject of this action nor

8   reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

9   Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

10  is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

11  of admissible evidence because it seeks information outside the relevant time period.  SC Johnson

12  further objects to this Interrogatory to the extent it seeks information that is not in its possession,

13  custody, or control.  SC Johnson objects to this Interrogatory on the grounds that it is vague and

14  ambiguous, overbroad, and unduly burdensome because it does not identify whose sales it seeks.

15  SC Johnson objects to this Interrogatory as overbroad and unduly burdensome because it seeks

16  the product name and size, unique product identifier(s), number of units sold, sales price,

17  "suggested retail price for each unit sold," the "state in which the purchase order originated," the

18  "state in which the PRODUCT was destined to be delivered," the sales channel, and the identity

19  of each buyer for "each sale."  SC Johnson further objects to the terms "state," "originated,"

20  "destined to be delivered," "manufacturer," "sales channel," "third-party seller," "employer,"

21  "affiliated company," and "buyer" as vague and ambiguous.  SC Johnson further objects to this

22  Interrogatory because it is improperly compound.  SC Johnson further objects to this

23  Interrogatory on the grounds that it seeks disclosure of confidential business, proprietary, or trade

24  secret documents.

25          Subject to and without waiving the foregoing objections, SC Johnson further responds as

26  follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the number of units of each

27  PRODUCT sold between January 15, 2017 and the present may be determined by examining the

28  PRODUCT sales data, which SC Johnson has agreed to produce in response to Requests for

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

7

Production Nos. 50 and 52.  The burden and expense of ascertaining the answer to this

Interrogatory would be substantially the same for SC Johnson as for Plaintiff.  Accordingly,

SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

**INTERROGATORY NO. 4:**

State the gross revenue (in U.S. dollars), the net profits (in U.S. dollars), the profit

margins (in U.S. dollars), and the costs (in U.S. dollars) associated with the sales of each

PRODUCT in the United States, for the period of time beginning January 15, 2015 to present.

**RESPONSE TO INTERROGATORY NO. 4:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

burdensome, and seeks documents that are neither relevant to the subject of this action nor

reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

of admissible evidence because it seeks information outside the relevant time period.  SC Johnson

objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly

burdensome to the extent it does not identify whose sales it seeks.  SC Johnson further objects to

this Interrogatory to the extent it seeks information that is not in its possession, custody, or

control.  SC Johnson further objects to the terms "gross revenue," "net profits," "profit margins,"

and "costs" as vague and ambiguous.  SC Johnson further objects to this Interrogatory on the

grounds that it seeks disclosure of confidential business, proprietary, or trade secret documents.

SC Johnson further objects to this Interrogatory because it is improperly compound.

Subject to and without waiving the foregoing objections, SC Johnson further responds as

follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the gross revenue (in U.S. dollars)

associated with the sale of each PRODUCT in the United States from January 15, 2017 – present

may be determined by examining the PRODUCT sales data, which SC Johnson has agreed to

produce in response to Requests for Production Nos. 50 and 52.  The burden and expense of

ascertaining the answer to this Interrogatory would be substantially the same for SC Johnson as

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

8

1  for Plaintiff.  Accordingly, SC Johnson is producing documents from which Plaintiff can

2  ascertain the requested information.

3  **INTERROGATORY NO. 5:**

4      For each PRODUCT, identify the PRODUCT, including the name, size, and unique

5  product identifiers (such as a Universal Product Code or Stock Keeping Unit), and describe its

6  formulation (including all specific ingredients contained therein), including: each ingredient's

7  respective quantity, amount, or percentage within the PRODUCT'S formulation, the source for

8  each ingredient (including the supplier name, its contact information, and the time period it

9  supplied said ingredient), any processing the ingredients underwent from their naturally occurring

10  state to their final inclusion in the PRODUCT, and specify the dates each formulation was used,

11  for the period of time beginning when the PRODUCT was first sold until present.

12  **RESPONSE TO INTERROGATORY NO. 5:**

13      SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

14  objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

15  burdensome, and seeks documents that are neither relevant to the subject of this action nor

16  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

17  Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

18  is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

19  of admissible evidence because it seeks information outside the relevant time period.   SC

20  Johnson further objects to the terms "formulation," "source," "supplier," "processing," "naturally

21  occurring state," and "final inclusion" as vague and ambiguous.  SC Johnson further objects to

22  this Interrogatory to the extent it seeks information that is not in its possession, custody, or

23  control.  SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of

24  confidential business, proprietary, or trade secret documents.  SC Johnson further objects to this

25  Interrogatory because it is improperly compound.

26      Subject to and without waiving the foregoing objections, SC Johnson further responds as

27  follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the PRODUCT formulas, including

28  the date of each formulation from January 15, 2017 – present may be determined by examining

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

9

the PRODUCT formulas, which SC Johnson has agreed to produce in response to Requests for Production Nos. 1 and 2.  The burden and expense of ascertaining the answer to this Interrogatory would be substantially the same for SC Johnson as for Plaintiff.  Accordingly, SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

**INTERROGATORY NO. 6:**

Describe each and every change in the formulation of a PRODUCT (including changes in ingredients, quantities, and/or percentages; source/supplier; and/or processing), by stating: the PRODUCT by name, size, and its unique product identifiers (such as a Universal Product Code or Stock Keeping Unit), the date of the change and corresponding periods the formulation was in use, the change in formulation with specificity, any and all reasons for the change, each person who directly participated in authorizing or ratifying the change, and each person responsible for overseeing the change (by stating their name, employer, job title, and last known contact information), for the period of time beginning when Defendant first sold the PRODUCT until present.

**RESPONSE TO INTERROGATORY NO. 6:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence because it seeks information outside the relevant time period.  SC Johnson objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the terms "each and every" and "any and all."  SC Johnson further objects to the terms "change," "formulation," "source/supplier," "processing," and "responsible for overseeing" as vague and ambiguous.  SC Johnson further objects to this Interrogatory to the extent it seeks information that is not in its possession, custody, or control.  SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of confidential business,

proprietary, or trade secret documents.  SC Johnson further objects to this Interrogatory to the extent it seeks the confidential or private information of SC Johnson's employees.  SC Johnson further objects to this Interrogatory because it is improperly compound.

Subject to and without waiving the foregoing objections, SC Johnson further responds as follows:  Pursuant to Federal Rule of Civil Procedure 33(d), the PRODUCT formulas, including the date of each formulation from January 15, 2017 – present may be determined by examining the documents that SC Johnson has agreed to produce in response to Requests for Production Nos. 1 and 2.  The burden and expense of ascertaining the answer to this Interrogatory would be substantially the same for SC Johnson as for Plaintiff.  Accordingly, SC Johnson is producing documents from which Plaintiff can ascertain the requested information.

**INTERROGATORY NO. 7:**

Describe in detail all reasons underlying Defendant's decision to include each ingredient in the PRODUCTS, including but not limited to the SYNTHETIC INGREDIENTS.

**RESPONSE TO INTERROGATORY NO. 7:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome, and seeks documents that are neither relevant to the subject of this action nor reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this Interrogatory as vague and ambiguous because it does not identify a specific time period.  SC Johnson objects to this Interrogatory on the grounds that it is vague and ambiguous, overbroad, and unduly burdensome with regard to the term "all reasons."  SC Johnson further objects to the terms "underlying" and "decision" as vague and ambiguous.  SC Johnson further objects to this Interrogatory on the grounds that it seeks disclosure of confidential business, proprietary, or trade secret documents.

**INTERROGATORY NO. 8:**

State all facts and identify all documents that support your contention that each PRODUCT'S labels and packaging claims are not likely to mislead reasonable consumers into believing that the PRODUCT contains only ingredients that come from plants and/or from plants

DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF'S INTERROGATORIES (SET ONE)
Case No. 3:21-cv-00413
sf-4428446

11

the packaging and labeling of the PRODUCTS, between the time Defendant first sold the

PRODUCT until present.

**RESPONSE TO INTERROGATORY NO. 9:**

SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

burdensome, and seeks documents that are neither relevant to the subject of this action nor

reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

of admissible evidence because it seeks information outside the relevant time period. SC Johnson

further objects to the terms "packaging," "labeling," "directly participated," "creating or

approving," "responsible for overseeing," "creation," "approval," "changes," and "content" as

vague and ambiguous.  SC Johnson further objects to this Interrogatory to the extent it seeks

information that is not in its possession, custody, or control.  SC Johnson further objects to this

Interrogatory to the extent it seeks the confidential or private information of SC Johnson's

employees.

Subject to and without waiving the foregoing objections, SC Johnson further responds as

follows: SC Johnson directs Plaintiff to its Initial Disclosures, which identify certain individuals

who may have discoverable information related to this litigation.

**INTERROGATORY NO. 10:**

Describe in detail all reasons for every change made to the labeling and packaging of each

PRODUCT, between the time Defendant first sold the PRODUCT until present, including but not

limited to, the inclusion, modification, and/or elimination of the PLANT-BASED

REPRESENTATIONS (whether used individually or in connection with other words), by

identifying the PRODUCT name, size, and its unique product identifiers (such as a Universal

Product Code or Stock Keeping Unit), the corresponding bates numbers for the label/packaging

of the PRODUCT, identifying the date of the change, describing the change and reasons for the

change with specificity, and identifying each person who directly participated in authorizing or

1  ratifying the change and/or who was responsible for overseeing the change (including their name,

2  employer, job title, and last known contact information).

3  **RESPONSE TO INTERROGATORY NO. 10:**

4      SC Johnson incorporates each of the General Objections set forth above.  SC Johnson

5  objects to this Interrogatory on the grounds that it is vague, ambiguous, overbroad, and unduly

6  burdensome, and seeks documents that are neither relevant to the subject of this action nor

7  reasonably calculated to lead to the discovery of admissible evidence.  SC Johnson objects to this

8  Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that

9  is neither relevant to the subject of this action nor reasonably calculated to lead to the discovery

10  of admissible evidence because it seeks information outside the relevant time period.  SC Johnson

11  objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome with

12  regard to the terms "all reasons" and "every change."  SC Johnson further objects to the terms

13  "change," "labeling," "packaging," "inclusion," "modification," "elimination," "directly

14  participated," "authorizing," "ratifying," and "responsible for overseeing" as vague and

15  ambiguous.  SC Johnson further objects to this Interrogatory on the grounds that it seeks

16  disclosure of confidential business, proprietary, or trade secret documents.  SC Johnson further

17  objects to this Interrogatory to the extent it seeks documents protected from discovery by the

18  attorney-client privilege and work product doctrine.  SC Johnson further objects to this

19  Interrogatory to the extent it seeks the confidential or private information of SC Johnson's

20  employees.  SC Johnson further objects to this Interrogatory as unduly burdensome and not

21  proportional to the needs of the case to the extent it requires Defendant to identify documents by

22  Bates number.

23  **INTERROGATORY NO. 11:**

24      Describe in detail all reasons underlying Defendant's decision to use the PLANT-BASED

25  REPRESENTATIONS (whether used individually or in connection with other words) on the

26  labeling and packaging of the PRODUCTS.

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Dated:  July 26, 2021                    MORRISON & FOERSTER LLP


By: _____
    David McDowell

    ***Attorneys for Defendant***
    ***S.C. Johnson & Son, Inc.***

1

## CERTIFICATE OF SERVICE

2
       I declare that I am employed with the law firm of Morrison & Foerster LLP, whose address
is 707 Wilshire Boulevard, Suite 6000, Los Angeles, California  90017-3543.  I am not a party to

3
the within cause, and I am over the age of eighteen years.

4
       I further declare that on July 26, 2021, I served a copy of:

5
**DEFENDANT S.C. JOHNSON & SON, INC.'S RESPONSES TO PLAINTIFF
ELIZABETH MAISEL'S INTERROGATORIES (SET ONE)**

6

7
☒    **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically

8
    mailing a true and correct copy  through Morrison & Foerster LLP's electronic mail
    system from KHarrison@mofo.com to the e-mail address(es) set forth below, or as

9
    stated on the attached service list per agreement in accordance with Federal Rules of
    Civil Procedure rule 5(b).

10

11
**MOON LAW APC**             **CLARKSON LAW FIRM, P.C.**

12
Christopher D. Moon         Ryan J. Clarkson
chris@moonlawapc.com       rclarkson@clarksonlawfirm.com

13
Kevin O. Moon                 Shireen M. Clarkson
kevin@moonlawapc.com       sclarkson@clarksonlawfirm.com

14
228 Hamilton Avenue, 3rd Floor   Katherine A. Bruce
Palo Alto, California 94301      kbruce@clarksonlawfirm.com

15
Tel: (415) 730-0387          9255 Sunset Blvd., Suite 804
Fax: (650) 618-0478         Los Angeles, CA 90069

16
                           Tel: (213) 788-4050

17
                           Fax: (213) 788-4070

18
*Attorneys for Plaintiff*
ELIZABETH MAISEL

19
       I declare under penalty of perjury that the foregoing is true and correct.

20
       Executed at Los Angeles, California, this 26th day of July, 2021.

21

22

23

24
_____      _____
     Kelsey Harrison

25
       (typed)                      (signature)

26

27

28