# Exhibit T

*Plaintiff's Responses to Defendant's Interrogatories (Set One)*

Plaintiffs' Reply in Support of Motion for Class Certification

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Katherine A. Bruce (SBN 288694)
*kbruce@clarksonlawfirm.com*
Kelsey J. Elling (SBN 337915)
*kelling@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, California 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

**MOON LAW APC**
Christopher D. Moon (SBN 246622)
*chris@moonlawapc.com*
Kevin O. Moon (SBN 246792)
*kevin@moonlawapc.com*
228 Hamilton Ave., 3rd Fl
Palo Alto, California 94301
Tel: (619) 915-9432
Fax: (650) 618-0478

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAISEL Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S.C. JOHNSON & SON, INC., a Wisconsin Corporation,<br><br>Defendants. | Case No.  3:21-cv-00413-TSH<br>Case Filed:  January 15, 2021<br>FAC Filed:  March 24, 2021<br><br>*Assigned to United States Magistrate Judge Thomas S. Hixon for all purposes.*<br><br>**PLAINTIFF ELIZABETH MAISEL'S RESPONSES TO DEFENDANT S.C. JOHNSON & SON, INC.'S FIRST SET OF INTERROGATORIES** |

**PROPOUNDING PARTY:**     DEFENDANT S.C. JOHNSON & SON, INC.

**RESPONDING PARTY:**     PLAINTIFF ELIZABETH MAISEL

**SET NO:**          ONE

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff ELIZABETH MAISEL ("**Plaintiff" and/or "Maisel**"), by and through Plaintiff's attorneys, hereby responds to Defendant S.C. JOHNSON & SON, INC.'S ("**Defendan**t" and/or "**SCJ**") Interrogatories (Set One), served December 21, 2021 (the "**Requests**"), as follows:

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**PRELIMINARY STATEMENT**

Plaintiff is presently investigating and analyzing the facts, law, and evidence that relate to this action. Therefore, the responses set forth below are given based on Plaintiff's current investigation and analysis, without prejudice to Plaintiff's right to amend and/or supplement these responses based on any subsequently discovered evidence, developing interpretation of evidence, and/or evidence for which the materiality is subsequently discovered or otherwise becomes apparent. The information set forth herein is further subject to correction for inadvertent oversights, errors, or omissions, if any are subsequently discovered.

**GENERAL OBJECTIONS**

1. **ROG: Meaning of Agreement to Answer.** Plaintiff's agreement to provide any relevant, responsive, non-objectionable, and non-privileged information shall not be deemed or construed as an admission that any such information exists or any information can be located after conducting a reasonable and diligent search for such documents.

2. **Attorney-Client Privilege**. Plaintiff generally objects to these Requests to the extent they seek information protected from disclosure by the attorney-client privilege. Moreover, Plaintiff generally objects to the Requests to the extent they seek confidential and privileged communications between attorney and client during the anticipation of and pendency of this action, e.g., communications between attorney and client regarding these Requests, etc. Plaintiff deems such privileged communications not intended to be within the scope of these Requests, and will not, and does not intend by these responses to waive the privilege afforded such privileged communications.

3. **Attorney Work Product Privilege**. Plaintiff generally objects to these Requests to the extent they seek information protected from disclosure by the attorney work product doctrine. Moreover, Plaintiff generally objects to the Requests to the extent they seek work product during the anticipation of and pendency of this action, e.g., work product relating to these Requests, etc. Plaintiff deems such protected information not intended to be within the scope of these Requests, and will not, and does not intend by these responses to waive the privilege afforded such work product.

4. **Possession, Custody and Control**. Plaintiff objects to the definition, instructions, and

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Requests to the extent that they seek to obtain information not within the possession, custody, or control of Plaintiff. Plaintiff responds to the Requests pursuant to Plaintiff's obligations under applicable law and any order of the Court.

5. **Public Records**. Plaintiff objects to these Requests to the extent they call for information that is in the public record and/or equally available to the requesting party at no greater burden or expense to the requesting party as that of Plaintiff. In this regard, each Request such request is unduly burdensome and oppressive and otherwise exceeds the scope of permissible discovery.

6. **Relevance**. Plaintiff objects to these Requests to the extent they seek information that is neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of relevant evidence, or otherwise exceeds the scope of permissible discovery under applicable law and any order of the Court.

7. **Scope of Response**. Each of Plaintiff's responses to these Requests are made solely for the purpose of discovery in this matter. Plaintiff objects to any use of her responses beyond that limited purpose. Plaintiff further makes these responses subject to all evidentiary objects that may be made in the event that the responses are proffered as evidence at any point in this litigation. All objections on the grounds of hearsay, relevancy, materiality, relevance, and admissibility are therefore expressly reserved.

8. **Expert Discovery.** Plaintiff objects to the Requests to the extent that they purport to require Plaintiff to provide responses on matters which are or may be the subject of expert witness testimony and discovery. All of the following responses are given without prejudice to Plaintiff's right to procure, rely on, and introduce expert witness testimony and evidence, and such expert's right to rely on any documents or information deemed appropriate by that expert in formulating their expert opinion, whether or not identified in these responses.

9. **Definitions**. Plaintiff objects to the following definition in the Requests.

a. "**YOU**" or "**YOUR**" means Plaintiff Elizabeth Maisel.

Plaintiff objects to the definition of "YOU" and "YOUR." The request is vague and ambiguous to the extent it is unclear whether Plaintiff should interpret this term to include

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

acts performed on Plaintiff's behalf, including, but not limited to, acts performed by Plaintiff's counsel. Plaintiff shall interpret ROGs with said term to only exclude acts performed on Plaintiff's behalf, including acts Plaintiff's counsel, unless the ROG expressly states otherwise.

10. **Incorporation into Responses.** Plaintiff incorporates the foregoing General Objections and limitations into each of the following specific responses, which responses are made subject to and without waiver of those General Objections and limitations.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1.**

Identify all PRODUCTS[1] you purchased during the RELEVANT PERIOD[2].

**RESPONSE TO INTERROGATORY NO. 1.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) or violates constitutional rights to privacy.**

---

[1] The "Definitions" of terms set forth in all capitals, at the outset of the discovery at issue in this response, provide, in pertinent part:

"PRODUCTS" means Ecover All Purpose Cleaner, Ecover Cream Scrub, Ecover Delicate Wash, Ecover Dishwasher Powder, Ecover Dishwasher Tablets, Ecover Dishwasher Tablets Zero, Ecover Fabric Softener (Morning Fresh), Ecover Fabric Softener (Sunny Day), Ecover Floor Soap, Ecover Laundry Detergent (Alpine Mint), Ecover Laundry Detergent (Lavender Field), Ecover Rinse Aid, Ecover Stain Remover, Ecover Toilet Cleaner.

[2] The "Definitions" of terms set forth in all capitals, at the outset of the discovery at issue in this response, provide, in pertinent part:

"RELEVANT PERIOD" means January 15, 2017 through the present.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1    Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding

2    of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this

3    matter, Plaintiff responds as follows: ***In or around early 2020, Plaintiff purchased the Dishwasher***

4    ***Tablets.*** Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's

5    investigation and discovery, as well as the materiality of various issues, information, and/or

6    documents in this matter are currently developing, ongoing, and not yet complete.

7    **INTERROGATORY NO. 2.**

8    State all dates (*i.e.,* month, day, year) on which YOU[3] purchased PRODUCTS during the

9    RELEVANT PERIOD.

10   **RESPONSE TO INTERROGATORY NO. 2.**

11   Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth

12   above.

13   Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly**

14   **burdensome, and/or otherwise seeks privileged or private information and/or documents and**

15   **exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) or violates constitutional**

16   **rights to privacy.**

17   Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding

18   of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this

19   matter, Plaintiff responds as follows: ***Plaintiff purchased the Dishwasher Tablets in early 2020.***

20   Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and

21   discovery, as well as the materiality of various issues, information, and/or documents in this matter,

22   are currently developing, ongoing, and not yet complete.

23   **INTERROGATORY NO. 3.**

24   State the name of the retailer from which YOU purchased any PRODUCTS during the

25   RELEVANT PERIOD, and, if the retailer was a brick-and-mortar store, the location of the store.

26   ──────────────

27   [3] The "Definitions" of terms set forth in all capitals, at the outset of the discovery at issue in this
response, provide, in pertinent part:

28   "YOU" or "YOUR" means Plaintiff Elizabeth Maisel.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1  **RESPONSE TO INTERROGATORY NO. 3.**

2      Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth

3  above.

4      Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly**

5  **burdensome, and/or otherwise seeks privileged or private information and/or documents and**

6  **exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) or violates constitutional**

7  **rights to privacy.**

8      Subject to and without waiving the foregoing objections, based upon Plaintiff's

9  understanding of this request, and the status of Plaintiff's currently ongoing investigation and

10  discovery in this matter, Plaintiff responds as follows: ***In or around early 2020, Plaintiff purchased***

11  ***the Dishwasher Tablets from Andronico's Community Market in Berkeley, California.*** Plaintiff

12  reserves the right to amend and/or supplement this response as Plaintiff's investigation and

13  discovery, as well as the materiality of various issues, information, and/or documents in this matter,

14  are currently developing, ongoing, and not yet complete.

15  **INTERROGATORY NO. 4.**

16      For each of the PRODUCTS identified in YOUR response to Interrogatory No. 1, state the

17  amount YOU paid and YOUR method of payment (*e.g.*, cash, credit card, debit card, Apple Pay,

18  PayPal).

19  **RESPONSE TO INTERROGATORY NO. 4.**

20      Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth

21  above.

22      Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly**

23  **burdensome, and/or otherwise seeks privileged or private information and/or documents and**

24  **exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) or violates constitutional**

25  **rights to privacy.**

26      Subject to and without waiving the foregoing objections, based upon Plaintiff's

27  understanding of this request, and the status of Plaintiff's currently ongoing investigation and

28  discovery in this matter, Plaintiff responds as follows: ***In or around early 2020, Plaintiff purchased***

1   ***the Dishwasher Tablets for approximately $5.00 using cash or credit card.*** Plaintiff reserves the

2   right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as

3   the materiality of various issues, information, and/or documents in this matter, are currently

4   developing, ongoing, and not yet complete.

5   **INTERROGATORY NO. 5.**

6       Identify all statements or advertisements on which YOU relied in purchasing the

7   PRODUCTS during the RELEVANT PERIOD.

8   **RESPONSE TO INTERROGATORY NO. 5.**

9       Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth

10  above.

11      Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly**

12  **burdensome, and/or otherwise seeks privileged or private information and/or documents and**

13  **exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) or violates constitutional**

14  **rights to privacy.**

15      Subject to and without waiving the foregoing objections, based upon Plaintiff's

16  understanding of this request, and the status of Plaintiff's currently ongoing investigation and

17  discovery in this matter, Plaintiff responds as follows: ***Plaintiff relied on the "with plant-based &***

18  ***mineral ingredients" label on the Dishwasher Tablets.*** Plaintiff reserves the right to amend and/or

19  supplement this response as Plaintiff's investigation and discovery, as well as the materiality of

20  various issues, information, and/or documents in this matter, are currently developing, ongoing, and

21  not yet complete.

22  **INTERROGATORY NO. 6.**

23      State all facts supporting YOUR allegation in Paragraph 2 of the COMPLAINT[4] that the

24  PRODUCTS' label statements "plant-based ingredients"; "with plant-based ingredients"; "plant-

25  ─────────────

26  [4] The "Definitions" of terms set forth in all capitals, at the outset of the discovery at issue in this
    response, provide, in pertinent part:

27      "COMPLAINT" means the operative complaint on file in the ACTION.

28

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

based and mineral ingredients"; and "with plant-based and mineral ingredients" are false and misleading.

**RESPONSE TO INTERROGATORY NO. 6.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

Plaintiff objects to the extent this request seeks **attorney client privileged communications and/or work product.** Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

Plaintiff objects to the extent this request seeks **premature expert discovery.** Plaintiff will not produce any communications that Plaintiff's counsel had with any consultants and/or expert witnesses, or work product of said consultants and/or experts, not only because they constitute work product and premature expert discovery, but also because they are not discoverable under Rule 26(a)(2).

Plaintiff further objects to this request to the extent it is vague and ambiguous, overly broad as to the meaning of "**supporting**" as it is unclear whether it is limited to facts that primarily and/or expressly discuss the Plant and Mineral Representations on the Products' labels, or more broadly includes facts that evidence facts that, taken together with other facts, evidence said allegations.

Plaintiff objects to the extent that **Defendant has, and/or has equal or greater access to, responsive documents** within Defendant's current possession, custody, and/or control, regarding the subject of this request. This includes, but is not necessarily limited to the following: (1) the

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1    transcript of Plaintiff's deposition, taken by Defendant on January 18, 2022, during which Plaintiff

2    answered Defendant's questions, under oath, at length regarding the subject of this request; (2)

3    documents Defendant's formulations (SCJ 3-16); (3) Defendant's product safety and material data

4    sheets for the Products (SCJ 477-480 and SCJ 941-947); (4) Defendant's safety data sheets from

5    suppliers regarding the ingredients (SCJ 455-476, SCJ 481-940, and SCJ 948-1635); (5)

6    Defendant's admissions published on us.ecover.com that certain ingredients contained in the

7    Products are "synthetic" (Ingredient Glossary, ECF Dkt. 39-9); and (6) the documents that

8    Defendant has or may obtain from its suppliers regarding the processing and/or manufacture of raw

9    materials into the form incorporated in the finished Product.

10          Subject to and without waiving the foregoing objections, based upon Plaintiff's

11   understanding of this request, and the status of Plaintiff's currently ongoing investigation and

12   discovery in this matter, Plaintiff responds as follows: ***Plaintiff is not an expert in the marketing***

13   ***or the manufacture of cleaning products, nor does Plaintiff have any personal knowledge***

14   ***regarding the Products' ingredients or their manufacturing process. Additionally, Plaintiff is not***

15   ***an attorney who can identify all evidence or facts in support of certain propositions, including***

16   ***the one set forth in this interrogatory. Nonetheless, without waiver of the objections set forth***

17   ***above, Plaintiff believes that the Products' Plant & Mineral Representations, outlined in this***

18   ***request, are false and misleading because the Products contain ingredients that are not from***

19   ***plants and/or minerals, and/or underwent substantial processing before their inclusion into the***

20   ***finished Products that materially alters their original plant-based/mineral composition. Plaintiff***

21   ***defers to Plaintiff's attorneys and/or experts to provide additional details.***

22          Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's

23   investigation and discovery, as well as the materiality of various issues, information, and/or

24   documents in this matter, are currently developing, ongoing, and not yet complete.

25   **INTERROGATORY NO. 7.**

26          State all facts supporting YOUR allegation in Paragraph 2 of the COMPLAINT that

27   reasonable consumers believe the "plant-based ingredients"; "with plant-based ingredients"; "plant-

28   based and mineral ingredients"; and "with plant-based and mineral ingredients" label statements

means the PRODUCTS "only contain ingredients that come from plants and/or from plants and minerals, and that are not subject to chemical modification or processing, which materially alters the ingredients' original plant-based or mineral composition" and only contain natural ingredients."

**RESPONSE TO INTERROGATORY NO. 7.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

Plaintiff objects to the extent this request seeks **attorney client privileged communications and/or work product**. Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

Plaintiff objects to the extent this request seeks **premature expert discovery**. Plaintiff will not produce any communications that Plaintiff's counsel had with any consultants and/or expert witnesses, or work product of said consultants and/or experts, not only because they constitute work product and premature expert discovery, but also because they are not discoverable under Rule 26(a)(2).

Plaintiff objects to the extent that **Defendant has, and/or has equal or greater access to, responsive documents** within Defendant's current possession, custody, and/or control, regarding the subject of this request. This includes, but is not necessarily limited to the following: (1) the transcript of Plaintiff's deposition, taken by Defendant on January 18, 2022, during which Plaintiff answered Defendant's questions, under oath, at length regarding the subject of this request; (2) Defendant's labels (SCJ 17-43 ); (3) documents regarding Defendant's labels and advertisement of

**PLAINTIFF ELIZABETH MAISEL'S RESPONSES TO DEFENDANT SCJ'S INTERROGATORIES (SET ONE)**

the Products, including Defendant's websites at us.ecover.com and www.scjohnson.com; (4) documents regarding market research regarding natural-related marketing claims and the Products, including any research conducted or commissioned by Defendant including, among other things, consumer surveys, focus groups, and/or literary reviews in connection with consumers' perception, behavior, trends, purchase decisions, and competitor products; and (5) similar research published by governmental agencies, such as the FTC, and/or third-party researchers.

Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this matter, Plaintiff responds as follows: ***Plaintiff is not an expert in the marketing or the manufacture of cleaning products, nor does Plaintiff have any personal knowledge regarding the consumer perceptions other than her own. Additionally, Plaintiff is not an attorney who can identify all evidence or facts in support of certain propositions, including the one set forth in this interrogatory. Nonetheless, without waiver of the objections set forth above, Plaintiff believes that reasonable consumers believe the Products' Plant & Mineral Representations, outlined in this request, lead consumers to believe that the Products do not contain ingredients that are not from plants and/or minerals, and/or ingredients that underwent substantial processing that materially alters their original plant-based/mineral composition before their inclusion into the finished Products. Plaintiff defers to Plaintiff's attorneys and/or experts to provide additional details.*** Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

## INTERROGATORY NO. 8.

State all facts supporting YOUR allegations in Paragraphs 32 through 47 of the COMPLAINT that the PRODUCTS' ingredients are "synthetic, non-natural, and highly processed."

## RESPONSE TO INTERROGATORY NO. 8.

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

Plaintiff objects to the extent this request seeks **attorney client privileged communications** and/or work product. Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

Plaintiff objects to the extent this request seeks **premature expert discovery**. Plaintiff will not produce any communications that Plaintiff's counsel had with any consultants and/or expert witnesses, or work product of said consultants and/or experts, not only because they constitute work product and premature expert discovery, but also because they are not discoverable under Rule 26(a)(2).

Plaintiff objects to the extent that **Defendant has, and/or has equal or greater access to, responsive documents** within Defendant's current possession, custody, and/or control, regarding the subject of this request. This includes, but is not necessarily limited to the following: (1) the transcript of Plaintiff's deposition, taken by Defendant on January 18, 2022, during which Plaintiff answered Defendant's questions, under oath, at length regarding the subject of this request; (2) documents Defendant's formulations (SCJ 3-16); (3) Defendant's product safety and material data sheets for the Products (SCJ 477-480 and SCJ 941-947); (4) Defendant's safety data sheets from suppliers regarding the ingredients (SCJ 455-476, SCJ 481-940, and SCJ 948-1635); (5) Defendant's admissions published on us.ecover.com that certain ingredients contained in the Products are "synthetic" (Ingredient Glossary, ECF Dkt. 39-9); and (6) the documents that Defendant has or may obtain from its suppliers regarding the processing and/or manufacture of raw materials into the form incorporated in the finished Product.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this matter, Plaintiff responds as follows: ***Plaintiff is not an expert in the marketing or the manufacture of cleaning products, nor does Plaintiff have any personal knowledge regarding the Products' ingredients or their manufacturing process. Additionally, Plaintiff is not an attorney who can identify all evidence or facts in support of certain propositions, including the one set forth in this interrogatory. Nonetheless, without waiver of the objections set forth above, Plaintiff believes that the Products' ingredients specified in paragraphs 32 through 47 of the First Amended Complaint are, as explained in said paragraphs, not from plants and/or minerals, and/or underwent substantial processing before their inclusion into the finished Products that materially alters their original plant-based/mineral composition. Plaintiff defers to Plaintiff's attorneys and/or experts to provide additional details.*** Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

**INTERROGATORY NO. 9.**

Identify by PRODUCT all ingredients in the PRODUCTS that you allege are plant-based or mineral based.

**RESPONSE TO INTERROGATORY NO. 9.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request is vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.

Plaintiff objects to the extent this request seeks **attorney client privileged communications** and/or work product. Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

Plaintiff objects to the extent this request seeks **premature expert discovery**. Plaintiff will not produce any communications that Plaintiff's counsel had with any consultants and/or expert witnesses, or work product of said consultants and/or experts, not only because they constitute work product and premature expert discovery, but also because they are not discoverable under Rule 26(a)(2).

Defendant has within **Defendant's current possession, custody, and/or control, responsive documents regarding the subject of this request**. request. This includes, but is not necessarily limited to the following: (1) the transcript of Plaintiff's deposition, taken by Defendant on January 18, 2022, during which Plaintiff answered Defendant's questions, under oath, at length regarding the subject of this request; (2) documents Defendant's formulations (SCJ 3-16); (3) Defendant's product safety and material data sheets for the Products (SCJ 477-480 and SCJ 941-947); (4) Defendant's safety data sheets from suppliers regarding the ingredients (SCJ 455-476, SCJ 481-940, and SCJ 948-1635); (5) Defendant's admissions published on us.ecover.com that certain ingredients contained in the Products are "synthetic" (Ingredient Glossary, ECF Dkt. 39-9); and (6) the documents that Defendant has or may obtain from its suppliers regarding the processing and/or manufacture of raw materials into the form incorporated in the finished Product. Moreover, the complaint provides citations to materials that upon its drafting. Defendant's own documents and websites provide a multitude of additional documents. Defendant, at no greater burden or expense than that of Plaintiff, may access responsive documents regarding the subject of this request at the foregoing websites.

Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this matter, Plaintiff responds as follows: ***Plaintiff is not an expert in the marketing or the manufacture of cleaning products, nor does Plaintiff have any personal knowledge***

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

*regarding the Products' ingredients or their manufacturing process. Additionally, Plaintiff is not an attorney who can identify all evidence or facts in support of certain propositions, including the one set forth in this request. Nonetheless, without waiver of the objections set forth above, Plaintiff believes that the Products' ingredients specified in paragraphs 32 through 47 of the First Amended Complaint are, as explained in said paragraphs, not from plants and/or minerals, and/or underwent substantial processing before their inclusion into the finished Products that materially alters their original plant-based/mineral composition. Plaintiff defers to Plaintiff's attorneys and/or experts to provide additional details.* Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

**INTERROGATORY NO. 10.**

Identify by PRODUCT all ingredients in the PRODUCTS that you allege are not plant-based or mineral-based.

**RESPONSE TO INTERROGATORY NO. 10.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request **is vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

Plaintiff objects to the extent this request seeks **attorney client privileged communications** and/or work product. Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1   Plaintiff objects to the extent this request seeks **premature expert discovery**. Plaintiff will

2   not produce any communications that Plaintiff's counsel had with any consultants and/or expert

3   witnesses, or work product of said consultants and/or experts, not only because they constitute work

4   product and premature expert discovery, but also because they are not discoverable under Rule

5   26(a)(2).

6   Defendant has within **Defendant's current possession, custody, and/or control,**

7   **responsive documents regarding the subject of this request**. request. This includes, but is not

8   necessarily limited to the following: (1) the transcript of Plaintiff's deposition, taken by Defendant

9   on January 18, 2022, during which Plaintiff answered Defendant's questions, under oath, at length

10  regarding the subject of this request; (2) documents Defendant's formulations (SCJ 3-16); (3)

11  Defendant's product safety and material data sheets for the Products (SCJ 477-480 and SCJ 941-

12  947); (4) Defendant's safety data sheets from suppliers regarding the ingredients (SCJ 455-476, SCJ

13  481-940, and SCJ 948-1635); (5) Defendant's admissions published on us.ecover.com that certain

14  ingredients contained in the Products are "synthetic" (Ingredient Glossary, ECF Dkt. 39-9); and (6)

15  the documents that Defendant has or may obtain from its suppliers regarding the processing and/or

16  manufacture of raw materials into the form incorporated in the finished Product.

17  Subject to and without waiving the foregoing objections, based upon Plaintiff's

18  understanding of this request, and the status of Plaintiff's currently ongoing investigation and

19  discovery in this matter, Plaintiff responds as follows: ***Plaintiff is not an expert in the marketing***

20  ***or the manufacture of cleaning products, nor does Plaintiff have any personal knowledge***

21  ***regarding the Products' ingredients or their manufacturing process. Additionally, Plaintiff is not***

22  ***an attorney who can identify all evidence or facts in support of certain propositions, including***

23  ***the one set forth in this request. Nonetheless, without waiver of the objections set forth above,***

24  ***Plaintiff believes that the Products' ingredients specified in paragraphs 32 through 47 of the First***

25  ***Amended Complaint are, as explained in said paragraphs, not from plants and/or minerals,***

26  ***and/or underwent substantial processing before their inclusion into the finished Products that***

27  ***materially alters their original plant-based/mineral composition. Plaintiff defers to Plaintiff's***

28  ***attorneys and/or experts to provide additional details.*** Plaintiff reserves the right to amend and/or

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

**INTERROGATORY NO. 11.**

Identify by name all dishwasher tablets, dishwasher powder, or dishwasher liquid YOU purchased during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 11.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

To the extent this **request duplicates other/prior requests or documents**, Plaintiff will not duplicate her response.

Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this matter, Plaintiff responds as follows: ***Plaintiff has used Method and Open Nature, but at this time cannot recall the names of the other brands of dishwasher tablets, dishwasher powder, or dishwasher liquid she may have used during the relevant period***. Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

**INTERROGATORY NO. 12.**

Identify all lawsuits in which YOU are or were the plaintiff, named plaintiff, or class representative within the past ten (10) years, including case name, number, and court.

///

///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**RESPONSE TO INTERROGATORY NO. 12.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request **is vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

Plaintiff objects to the extent this request seeks **attorney client privileged communications** and/or work product. Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

To the extent this **request duplicates other/prior requests or documents**, Plaintiff will not duplicate her response.

Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this matter, Plaintiff responds as follows: ***Plaintiff is a putative class representative and/or plaintiff in Maisel v. Tootsie Roll Industries, USDC N.D. Cal. Case No. 3:20-cv-05204-SK.*** Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

**INTERROGATORY NO. 13.**

Identify by first and last name all putative class members, as defined by Paragraph 55 of the COMPLAINT, with whom YOU discussed the allegations in the COMPLAINT, including the PRODUCTS during the RELEVANT PERIOD.

///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**RESPONSE TO INTERROGATORY NO. 13.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

Plaintiff objects to the extent this request seeks **attorney client privileged communications** and/or work product. Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

Plaintiff objects to the extent this request seeks **premature expert discovery**. Plaintiff will not produce any communications that Plaintiff's counsel had with any consultants and/or expert witnesses, or work product of said consultants and/or experts, not only because they constitute work product and premature expert discovery, but also because they are not discoverable under Rule 26(a)(2).

To the extent this **request duplicates other/prior requests or documents**, Plaintiff will not duplicate her response.

Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this matter, Plaintiff responds as follows: ***Plaintiff does not recall any such discussions.*** Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**INTERROGATORY NO. 14.**

Identify by date and subject matter all COMMUNICATIONS[5] YOU had with S.C. Johnson & Son, Inc. or Ecover regarding the allegations in the COMPLAINT, including the PRODUCTS, during the RELEVANT PERIOD.

**RESPONSE TO INTERROGATORY NO. 14.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

Plaintiff objects to the extent this request seeks **attorney client privileged communications and/or work product.** Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

Plaintiff objects to the extent this request seeks **premature expert discovery**. Plaintiff will not produce any communications that Plaintiff's counsel had with any consultants and/or expert witnesses, or work product of said consultants and/or experts, not only because they constitute work product and premature expert discovery, but also because they are not discoverable under Rule 26(a)(2).

---

[5]  The "Definitions" of terms set forth in all capitals, at the outset of the discovery at issue in this response, provide, in pertinent part:

"COMMUNICATION" shall mean any form of written or oral communication.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

To the extent this **request duplicates other/prior requests or documents**, Plaintiff will not duplicate her response.

Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this matter, Plaintiff responds as follows: ***Plaintiff served a Pre-Litigation Demand Letter on January 14, 2021.*** Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

**INTERROGATORY NO. 15.**

Identify the date YOU retained YOUR attorney(s) for this ACTION[6].

**RESPONSE TO INTERROGATORY NO. 15.**

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

Plaintiff objects to the extent this request seeks **attorney client privileged communications and/or work product**. Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any

---

[6] The "Definitions" of terms set forth in all capitals, at the outset of the discovery at issue in this response, provide, in pertinent part:

"ACTION" means the civil action, entitled Maisel v. S.C. Johnson & Son, Inc., Case No. 3:21-cv-00413-TSH, pending in the United States District Court for the Northern District of California.

response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

Plaintiff objects to the extent this request seeks **premature expert discovery**. Plaintiff will not produce any communications that Plaintiff's counsel had with any consultants and/or expert witnesses, or work product of said consultants and/or experts, not only because they constitute work product and premature expert discovery, but also because they are not discoverable under Rule 26(a)(2).

To the extent this request **duplicates other/prior requests or documents**, Plaintiff will not duplicate her response.

Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this matter, Plaintiff responds as follows: ***Plaintiff retained Clarkson Law Firm on December 10, 2020.*** Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

## INTERROGATORY NO. 16.

Identify by date (month, day, and year) and form (*e.g.,* e-mail, telephone, in-person meeting) all COMMUNICATIONS YOU had with YOUR attorney(s) for this ACTION.

## RESPONSE TO INTERROGATORY NO. 16.

Plaintiff incorporates the **Preliminary Statement** above and **General Objections** set forth above.

Plaintiff objects to the extent this request is **vague and ambiguous, overbroad, unduly burdensome, and/or otherwise seeks privileged or private information and/or documents and exceeds the scope of permissible discovery under Fed. R. Civ. P. 26(b) and/or seeks premature expert discovery.**

Plaintiff objects to the extent this request seeks **attorney client privileged communications and/or work product**. Plaintiff will not disclose confidential communications with Plaintiff's attorneys for the purposes of providing or seeking legal advice. Plaintiff will not disclose Plaintiff's

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

attorneys' confidential work product. While legal contention discovery requests are generally permissible under the Fed. R. Civ. Proc., Plaintiff explicitly objects on these grounds and any response contained herein does not constitute a subject matter waiver, nor should it be construed as such, even if it were to implicate privilege.

Plaintiff objects to the extent this request seeks **premature expert discovery**. Plaintiff will not produce any communications that Plaintiff's counsel had with any consultants and/or expert witnesses, or work product of said consultants and/or experts, not only because they constitute work product and premature expert discovery, but also because they are not discoverable under Rule 26(a)(2).

To the extent this **request duplicates other/prior requests or documents**, Plaintiff will not duplicate her response.

Subject to and without waiving the foregoing objections, based upon Plaintiff's understanding of this request, and the status of Plaintiff's currently ongoing investigation and discovery in this matter, Plaintiff responds as follows: ***Plaintiff regularly communicated with one or more members of her attorneys' offices for this action beginning approximately November 2020, including emails and telephone and video calls. Plaintiff does not recall the specific dates at this time, but they typically surrounded different activities that necessitated Plaintiff's review or input.*** Plaintiff reserves the right to amend and/or supplement this response as Plaintiff's investigation and discovery, as well as the materiality of various issues, information, and/or documents in this matter, are currently developing, ongoing, and not yet complete.

DATED: January 24, 2022

**CLARKSON LAW FIRM, P.C.**

 _/s/ Katherine A.  Bruce___
Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Katherine A. Bruce, Esq.
Kelsey J. Elling, Esq.

**MOON LAW, APC**
 _/s/ Kevin O. Moon_____
Christopher D. Moon, Esq.
Kevin O. Moon, Esq.

*Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**VERIFICATION**

    I, Elizabeth Maisel, declare that I have reviewed the following discovery responses and know the contents thereof:

**PLAINTIFF ELIZABETH MAISEL'S RESPONSES
TO DEFENDANT S.C. JOHNSON & SON, INC.'S
FIRST SET OF INTERROGATORIES**

    The factual responses contained in these discovery responses are based on my personal knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters, I believe them to be true.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 24, 2022** in Berkeley, CA.

_Elizabeth Maisel_
Elizabeth Maisel

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Katherine A. Bruce (SBN 288694)
*kbruce@clarksonlawfirm.com*
Kelsey J. Elling (SBN 337915)
*kelling@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, California 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAISEL Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S.C. JOHNSON & SON, INC., a Wisconsin Corporation,<br><br>Defendants. | Case No.      3:21-cv-00413-TSH<br>Case Filed:   January 15, 2021<br>FAC Filed:   March 24, 2021<br><br>*Assigned to United States Magistrate Judge Thomas S. Hixon for all purposes*<br><br>**PROOF OF SERVICE** |

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**PROOF OF SERVICE**

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of Los Angeles.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 22525 Pacific Coast Highway, Malibu, CA 90265.

On **January 24, 2022** (date of service), I served a copy of the following document(s) on the interested party(ies) and/or person(s) identified on the Service List in the manner set forth below.

Documents Served

- **PLAINTIFF ELIZABETH MAISEL'S RESPONSES TO DEFENDANT S.C. JOHNSON & SON, INC.'S FIRST SET OF INTERROGATORIES**
- **PLAINTIFF ELIZABETH MAISEL'S VERIFICATION TO PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Method of Service

☒ **BY EMAIL:**  I caused to be transmitted a true and correct copy of the foregoing document(s) via e-mail addressed to the interested party(ies)/person(s) as set forth on the attached Service List pursuant to law, local rules, court order, and/or agreement amongst said party(ies)/person(s) to accept service thereby.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 24, 2022**                     _/s/ Emily Torromeo_____
                                                        Emily Torromeo

**SERVICE LIST**

PURVI G. PATEL (CA SBN 270702)
PPatel@mofo.com
DAVID F. MCDOWELL (CA SBN 125806)
DMcDowell@mofo.com
KELSEY HARRISON (CA SBN 328621)
KHarrison@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

CAMILA A. TAPERNOUX (CA SBN 299289)
CTapernoux@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Telephone: 415.268.7000
Facsimile: 415.268.7522

THOMAS P. SCHULT (PRO HAC VICE)
TSchult@berkowitzoliver.com
BERKOWITZ OLIVER LLP
2600 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
Telephone: 816.561.7007
Facsimile: 816.561.1888

**Attorneys for Defendant S.C. Johnson & Son, Inc.**

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265